UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

A.N., ET AL.                                                  CIVIL ACTION

VERSUS                                                       NO. 20-837-JWD-RLB

JEFFREY LANDRY, ET AL.

## ORDER

Before the Court is Plaintiffs' Motion to Proceed Anonymously. (R. Doc. 18). The

motion is opposed. (R. Docs. 19, 20, 21). Plaintiff filed a Reply. (R. Doc. 24).

**I.      Background**

On December 20, 2020, Plaintiffs (seven individuals adjudicated delinquent of sex

offenses by Louisiana juvenile courts) commenced this action seeking injunctive and declaratory

relief against the application of the Louisiana sex offender registration and notification law, La.

R.S. 15:540 *et seq*, to them. (R. Doc. 1). Plaintiffs name as Defendants in this action: Jeffrey

Landry, in his official capacity as Attorney General of the State of Louisiana ("Attorney

General") and the State of Louisiana, through the Louisiana Department of Public Safety and

Corrections, the Louisiana State Police, the Louisiana Office of Motor Vehicles, and the

Louisiana Bureau of Criminal Identification and Information (collectively, "DPSC")[1] (R. Doc.

1). Plaintiffs have withheld their identities and are proceeding in this action through their initials

(A.N., P.B., R.R., B.S., S.M., J.C., and H.C.).

In relevant part, the Louisiana sex offender registration and notification law requires

"[a]ny juvenile, who has attained the age of fourteen years at the time of commission of the

offense, who has been adjudicated delinquent based upon the perpetration, attempted

---

[1] The Louisiana Department of Public Safety and Corrections, Corrections Services ("DOC") is represented by
separate counsel from the other DPSC entities.

perpetration, or conspiracy to commit any of the following offenses" to register and provide

notification as a sex offender:

> (a) Aggravated or first degree rape (R.S. 14:42), which shall include those that
> have been adjudicated delinquent based upon the perpetration, attempted
> perpetration, or conspiracy to commit aggravated oral sexual battery (formerly
> R.S. 14:43.4, Repealed by Acts 2001, No. 301, § 2) occurring prior to August 15,
> 2001.
> (b) Forcible or second degree rape (R.S. 14:42.1).
> (c) Second degree sexual battery (R.S. 14:43.2).
> (d) Aggravated kidnapping of a child who has not attained the age of thirteen
> years (R.S. 14:44).
> (e) Second degree kidnapping of a child who has not attained the age of thirteen
> years (R.S. 14:44.1).
> (f) Aggravated crime against nature as defined by R.S. 14:89.1(A)(2) involving
> circumstances defined by R.S. 15:541 as an "aggravated offense".
> (g) Aggravated crime against nature (R.S. 14:89.1(A)(1)).
> (h) An offense under the laws of another state, or military, territorial, foreign,
> tribal, or federal law which is equivalent to the offenses listed in Subparagraphs
> (a) through (g) of this Paragraph.

La. R.S. 15:542(A)(3). These individuals must register with the sheriff of the parishes and the

chief of police or police department of the municipalities in which they reside, work, and attend

school, as well as the campus law enforcement agency if they attend a postsecondary institution,

provide certain identifying information, and pay an annual registration fee. La. R.S. 15:542(B)-

(D). With respect to juveniles adjudicated for the enumerated offenses in R.S. 15:542(A)(3), the

applicable registration and notification requirements are for life, with possible reduction to 25

years. La. R.S. 15:544(B)(2)(b), (E)(2). The public can access a limited set of identifying

information regarding these individuals on an internet-based sex offender registry. La. R.S.

15:542.1.5.[2]

Plaintiffs allege that the Louisiana sex offender registration and notification law "makes

it almost impossible for its registrants to obtain affordable housing, secure suitable employment,

---

[2] In 2008, juvenile offenders were included on the public sex offender registry. 2008 La. Acts, No. 816, § 1.

raise families, and participate as active residents of their own communities" and the law's "severe restrictions and requirements hobble individuals financially, socially, and geographically for their entire lives." (R. Doc. 15 at 3). Plaintiffs allege that, as a result of their registration on the sex offender registry, they have lost job opportunities, have been stigmatized by acquaintances, and have been subjected to physical violence and psychological torment. (R. Doc. 15 at 6-8). In light of the foregoing, Plaintiffs assert that subjecting them to the law's "debilitating lifelong restrictions for offenses they committed as children violates Plaintiffs' rights under the United States Constitution, including the right to be free from cruel and unusual punishment under the Eight Amendment, the right not to suffer additional punishment than what was prescribed at the time of the offense under the Ex Post Facto Clause, the rights to fundamental fairness and due process under the Fourteenth Amendment, the right to trial by jury under the Sixth and Fourteenth Amendments, the rights against compelled speech and the chilling of speech under the First Amendment, and the right to intimate association under the First and Fourteenth Amendments." (R. Doc. 15 at 5).

In their prayer for relief, Plaintiffs seek: "(a) An order and judgment declaring that the application of [the Louisiana sex offender registration and notification law] to Plaintiffs, who committed their offenses as children, violates Plaintiffs' rights under the United States Constitution, as described in this Complaint; (b) An order and judgment enjoining Defendants from continued enforcement of [the Louisiana sex offender registration and notification law] as it applies to Plaintiffs, who committed their offenses as children; (c) An order and judgment that Defendants must return to Plaintiffs any funds expended in order to stay in compliance with [the Louisiana sex offender registration and notification law] throughout their registration period; (d) An order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and (e) Any other relief this Court deems proper." (R. Doc. 15 at 48).

On February 11, 2021, the Court held a telephone conference with the parties to discuss their dispute regarding the withheld identities of the plaintiffs in this matter and Defendants' opposition to Plaintiffs' proposed draft protective order. (R. Doc. 17). The Court ordered Plaintiffs to file a motion for protective order pertaining to the confidentiality of their identities, and stayed the deadline to file a responsive pleading to the Amended Complaint until after resolution of the motion for protective order.

On February 16, 2021, Plaintiffs filed the instant Motion to Proceed Anonymously, which seeks an order allowing them to continue to proceed by their initials in this action and for entry of their proposed protective order ensuring that Plaintiffs' identifying information is protected throughout the litigation. (R. Doc. 18). Plaintiffs argue that the applicable factors weigh in favor of anonymity because (1) they are challenging the constitutional validity of government action; (2) their public identification in this action would disclose information of utmost intimacy; and (3) their public identification would disclose that they have violated state laws. (R. Doc. 18-1 at 4-10). Plaintiffs further argue that requiring them to disclose their identities to the public in this lawsuit would negate the remedy they seek – injunctive relief that would include their removal from the sex offender registry. (R. Doc. 18-1 at 10-12). Finally, Plaintiffs argue that the perceived harm is serious and substantiated because public identification in this lawsuit would exacerbate the issues they face in light of the law. (R. Doc. 18-1 at 12-14).

In opposition, the Attorney General argues that any interest Plaintiffs may have in the non-disclosure of their identities in this litigation is outweighed by the public's interest in disclosure. (R. Doc. 19).[3] The Attorney General argues that the default is public identification of parties under the Federal Rules of Civil Procedure and the public has a specific and heightened

---

[3] DOC adopts this this opposition. (R. Doc. 21).

right to know who wants to deprive the public of their access to the identification of sex offenders. (R. Doc. 19 at 1-3, 6-7). The Attorney General further argues that while Plaintiffs claim that they may face a speculative future interest in the possibility that the Court may grant them a right to confidentiality of their identities and sex offenses, they do not presently enjoy such a right and their claims of threats of violence and embarrassment are based upon access to their identities through the sex offender registry, not the instant lawsuit. (R. Doc. 19 at 7-8). The Attorney General further argues that the specific requirements in the Louisiana sex offender registration and notification law control notwithstanding the general requirement in Louisiana that juvenile records are confidential. (R. Doc. 19 at 8-9). Finally, the Attorney General argues that Plaintiffs failed to satisfy the good cause requirement for entry of their proposed protective order under Rule 26(c), arguing that the proposed protective order would effectively enjoin Defendants from maintaining the Plaintiffs on the sex offender registry and would preclude them from citing publicly known information, including judicial decisions. (R. Doc. 19 at 10-12).

DPSC similarly opposes the motion on the basis that any potential harm to Plaintiffs resulting from their identification in this lawsuit is outweighed by the public's long-standing interest in open and visible litigation. (R. Doc. 20).[4] DPSC argues that while Plaintiffs are challenging government activity, anonymity should be disfavored because they are seeking monetary relief from the State of Louisiana. (R. Doc. 20 at 3). DPSC further argues that the identification of Plaintiffs in this lawsuit would not disclose any information of "utmost intimacy" that has not already been disclosed in light of their registration as sex offenders. (R. Doc. 20 at 4-6). DPSC further argues that anonymity should not be provided because Plaintiffs do not risk criminal prosecution by being named in this action, any harassment or violent

---

[4] DOC adopts this this opposition. (R. Doc. 21).

reprisals are a result of being on the sex offender registry (not the commencement of the instant lawsuit), and Plaintiffs are not currently children. (R. Doc. 20 at 6-7). DPSC further opposes entry of Plaintiffs' proposed protective order. (R. Doc. 20 at 7-8).

In reply, Plaintiffs argue that Defendants overstate the public's interest in their identities and mischaracterize their privacy interests, Defendants inappropriately minimize the harms Plaintiffs face if their identities are made public in this litigation, and Plaintiffs' proposed protective order should be entered because Defendants have had, and still have, ample opportunity to seek modifications to it. (R. Doc. 24).

## II.    Law and Analysis

### A.    Legal Standards Governing Anonymity in Legal Proceedings

In federal court, the title of a complaint "must name all of the parties." Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 4(a)(1)(A) (requiring the parties to be named on a summons); Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."). The requirement that the parties must be identified in the pleadings "protects the public's legitimate interest in knowing all the facts involved in the case, including the parties' identities." *Doe v. Compact Info. Sys., Inc.*, No. 13-5013, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323. Under certain circumstances, however, "a party may proceed anonymously or under a pseudonym." *Doe v. Louisiana State Univ.*, No. 20-379, 2020 WL 6493768, at *1 (M.D. La. June 30, 2020) (quoting *Doe v. Griffon Mgmt. LLC*, No. 14-2626, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014)).

There is "no hard and fast formula for ascertaining whether a party may sue anonymously. The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in

judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (allowing parent and two child litigants to proceed anonymously in constitutional challenge to prayer and Bible reading exercises in public schools). Relevant factors for determining whether to permit a party to proceed anonymously include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiffs to disclose information of the utmost intimacy; (3) whether the plaintiffs are compelled to admit prior violations of state laws or government regulations, or their intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiffs may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed; and (5) whether the plaintiffs are minors. *Stegall*, 653 F.2d at 185; *Southern Methodist Univ. Ass'n of Women Law Students v. Wynn & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). Courts also consider (6) the public's interest in the litigation. *See Stegall*, 653 F.2d at 185 (discussing public's right to attend trials and right to know the identity of the parties); *see also Femedeer v. Haun*, 227 F.3d 1244, 1246–47 (10th Cir. 2000) ("[T]he public has an important interest in access to legal proceedings, particularly those attacking the constitutionality of popularly enacted legislation. And, without [the plaintiff's] identity in the public record, it is difficult to apply legal principles of res judicata and collateral estoppel.")

In short, "[l]awsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

**B.     Analysis of Factors Pertaining to Proceeding Anonymously**

Plaintiffs seek permission to proceed anonymously to challenge the constitutionality of the Louisiana sex offender registration and notification law as applied to them. Having weighed the following factors in the aggregate, the Court concludes that any potential harm to Plaintiffs resulting from identifying themselves in this litigation is outweighed by the public's direct and personal interest in open and visible litigation.

**1.     Whether Plaintiffs Are Challenging Government Activity**

This factor considers whether Plaintiffs are challenging government activity. "[I]n only a very few cases challenging governmental activity can anonymity be justified." *Stegall*, 653 F.2d at 186.

While it is obvious that this action challenges governmental activity, the Defendants, which are government entities or government officials sued in their official capacities, do not face the same threat of reputational damages that private defendants face. When the Fifth Circuit first articulated and considered this factor, it was in the context of a challenge to the acts of two private law firms. This factor provided an additional reason for affirming the district court's denial of the plaintiff's request to proceed with anonymity:

> [A]ll of the plaintiffs previously allowed in other cases to proceed anonymously were challenging the constitutional, statutory or regulatory validity of government activity. While such suits involve no injury to the Government's "reputation," the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. Defendant law firms stand publicly accused of serious violations of federal law. Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.

*Wynn & Jaffe,* 599 F.2d at 713. Accordingly, the fact that the plaintiffs in this action are challenging the constitutional activity of government entities and officials does not weigh in favor of granting the request for anonymity. *See Frank*, 951 F.2d at 324 ("[B]ecause the

plaintiffs were suing private individuals rather than a government agency, the court [in *Wynne &*
*Jaffe*] found *more* reason *not* to grant the plaintiffs' request for anonymity. *Wynne & Jaffe* does
not stand, however, for the proposition that there is more reason to grant a plaintiff's request for
anonymity if the plaintiff is suing the government."); *see also Freedom From Religion Found.,*
*Inc. v. Emanuel Cty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1357 (S.D. Ga. 2015) ("It is not that suing
the government weighs in *favor* of granting a request for anonymity; rather, the operative
principle is that a suit against a private party weighs *against* a plaintiff's request for
anonymity.").

For the foregoing reasons, this factor does not weigh in favor of anonymity.[5]

## 2. Whether Plaintiffs Would be Required to Disclose Information of the Utmost Intimacy

This factor considers whether Plaintiffs would be required to disclose information of the
utmost intimacy if they revealed their identities in this lawsuit. The Fifth Circuit has observed
that decisions involving highly sensitive matters "such as birth control, abortion, homosexuality,
or the welfare rights of illegitimate children or abandoned families" have merited a finding of
anonymity where the plaintiffs divulged personal information of the utmost intimacy, challenged
the constitutional, statutory or regulatory validity of government activity, and often had to admit
they violated state or laws or government regulations or wished to engage in prohibited conduct.
*See Wynne & Jaffe*, 599 F.2d at 712-13 (citing cases).

Here, Plaintiffs argue that publicly identifying themselves in this action would result in
the disclosure of information of the utmost intimacy because juvenile records are confidential

---

[5] At most, the instant factor is neutral. The Court observes, however, that Plaintiffs have included a restitution claim
for the return of "any funds expended in order to stay in compliance with [the Louisiana Sex Offender and Child
Predator Registration Laws] throughout their registration period." (R. Doc. 15 at 48). Any such restitution award
would be paid through public funds, which arguably heightens the public's interest in Plaintiffs' identities.

under state law, some of the plaintiffs may have suffered sexual abuse, some of the sex offenses

may have involved homosexual and incestual activity, and there is an increased potential for

identification of their victims (particular for those victims who are family members).

Foremost, Plaintiffs argue that the general requirement that juvenile records in Louisiana

are confidential under the Louisiana Children's Code, *see* La. Ch. Code art. 412(A),[6] compels a

finding that Plaintiffs may proceed anonymously. The Louisiana Children's Code, however, also

expressly provides for juveniles to be subject to the Louisiana sex offender registration and

notification law where applicable. *See* La. Ch. Code art. 884.1.[7] The Louisiana sex offender

registration and notification law governs the disclosure of juvenile records for those who commit

crimes enumerated under La. R.S. 15:542(A)(3) through the registry requirements and public

access requirements of La. R.S. 15:542(C) and La. R.S. 15:542.1.5. Accordingly, that Plaintiffs'

juvenile records are generally confidential under the Louisiana Children's Code does not

preclude the disclosure of the Plaintiffs' identities and offenses to the extent such information is

---

[6] "Records and reports concerning all matters or proceedings before the juvenile court, except traffic violations, are confidential and shall not be disclosed *except as expressly authorized by this Code*. Any person authorized to review or receive confidential information shall preserve its confidentiality unless a court order authorizes them to share with others." La. Ch. Code art. 412(A) (emphasis added).

[7] "When the child has admitted the allegations of the petition or when adjudicated delinquent for any of the following offenses, the court shall provide him with written notice of the requirements for registration as a sex offender:

    (1) Aggravated or first degree rape as defined in R.S. 14:42.
    (2) Forcible or second degree rape as defined in R.S. 14:42.1.
    (3) Second degree sexual battery as defined in R.S. 14:43.2.
    (4) Aggravated kidnapping of a child who has not attained the age of thirteen years pursuant to either R.S. 14:44 or 44.2.
    (5) Second degree kidnapping of a child who has not attained the age of thirteen years as defined in R.S. 14:44.1.
    (6) Aggravated crime against nature defined by R.S. 14:89.1(A)(2) involving circumstances defined by R.S. 15:541 as an aggravated offense.
    (7) Aggravated crime against nature as defined in R.S. 14:89.1(A)(1).

La. Ch. Code art. 884.1(A).

required to be public under the Louisiana sex offender registration and notification law.[8] Any

disclosure in discovery of Plaintiffs' juvenile records and other information not publicly

available can be addressed in this lawsuit through the entry of a protective order governing the

exchange of confidential information.[9]

Plaintiffs further argue that discovery may reveal, among other things, that particular

Plaintiffs have suffered sexual abuse and that the underlying sex offenses involved incestual and

homosexual activity. For example, B.S. states in his declaration: "I expect that private

information concerning my mental and physical health, disability status, and the sexual abuse I

experienced as a child will be part of the information involved in the lawsuit." (R. Doc. 18-6).[10]

It is unclear how Plaintiffs' past history of sexual abuse has any relevance to the claims and

defenses in this action. To the extent necessary, confidentiality regarding prior sexual abuse, as

well as mental and physical health issues, can be properly addressed through a protective order.

Similarly, to the extent Plaintiffs' underlying sex offenses involve incestual and homosexual

activity not indicated by the underlying registration requirements, this information can be

addressed, as merited, through a protective order.

---

[8] At least one Louisiana court has acknowledged that the "mandate of confidentiality under Article 412 applies equally to the sex offender registration requirements for juveniles." *State ex. rel. K.L.A.*, 140 So. 3d 889, 893 (La. App. 3rd Cir. 2014). In that case, the plaintiff, who had been adjudicated delinquent of aggravated incest, was not required to obtain a driver's license or State ID that designates his status as a sex offender because such a requirement would completely undermine the confidentiality requirements and notification exemptions mandated by the Louisiana Children's Code and the Louisiana Revised Statutes, and because the underlying statutory requirement pertained only to registered sex offenders who have been "convicted" of a crime, as opposed to an adjudication of delinquency. The underlying statutory requirement that a convicted sex offender be identified on a drivers license was subsequently found to be an unconstitutional violation of the First Amendment. *See State v. Hill*, No. 2020-0323, 2020 WL 6145294, (La. Oct. 20, 2020).

[9] Given Plaintiffs' allegations, which do not challenge the validity of the underlying adjudications, it is unclear whether Plaintiffs' juvenile records, to the extent not already disclosed to the public, have any relevance to the claims and defenses in this action.

[10] B.S. is the only plaintiff to submit a declaration. B.S. does not indicate that his underlying sex offense involved homosexual conduct. Even if it did, none of the plaintiffs challenges the constitutional validity of a statute prohibiting or punishing homosexual activity.

Finally, Plaintiffs argue that their anonymity in this lawsuit would help preserve the anonymity of their victims. In support of this position, Plaintiffs rely on decisions allowing *victims* of alleged sexual assault to proceed anonymously. (R. Doc. 18-1 at 8-9).[11] The Plaintiffs in this case are not victims. They are the perpetrators. Requiring Plaintiffs to disclose their own identities will not reveal the identity of those they victimized. Again, to the extent the identity of Plaintiffs' victims could ever be relevant, the confidentiality of such information can be addressed through a protective order. Given that Plaintiffs' identities and underlying adjudications are already identified to the public, the Court finds no basis for allowing Plaintiffs to cloak their own identities under the auspices of protecting their victims. *Cf. Doe v. Louisiana State Univ.*, No. 20-379, 2020 WL 6493768, at *2 (M.D. La. June 30, 2020) (allowing both the plaintiff, an individual disciplined by the defendant-university for alleged sexual assault, as well as the plaintiff's alleged victim, to proceed anonymously where their identities had presumably not been previously disclosed to the public).

For the foregoing reasons, this factor does not weigh in favor of anonymity. A narrow protective order governing the exchange of confidential information can address the issues raised by Plaintiffs with respect to this factor.

---

[11] *See Plaintiff B v. Francis*, 631 F.3d 1310 (11th Cir. 2011) (allowing plaintiffs to proceed anonymously when seeking damages stemming from films produced by the defendants in which the plaintiffs engaged in sexual acts as minors); *Doe v. Cabrera*, 307 F.R.D. 1 (D.D.C. 2014) (allowing plaintiff to proceed anonymously, up to trial, where she alleged the defendant had raped her); *E.E.O.C. v. Spoa, LLC*, No. 13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (allowing intervenor in EEOC enforcement action, who was allegedly sexually assaulted by the defendant's owner, to proceed anonymously in the pleadings, motions, docket entries, and all written materials filed in the case, but requiring her to appear under her legal name in open court); *Roe v. St. Louis Univ.*, No. 08-1474, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing plaintiff to proceed anonymously where she brought action against the university she attended where she was allegedly raped as a student at a fraternity party); *Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006) (allowing plaintiff to proceed anonymously where he alleged he was abused by the defendant-rabbi when he attended the defendant-private Jewish school as a child); *see also Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (stating that "fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses.").

**3.     Whether Plaintiffs Would Be Compelled to Admit Prior Violations of State Laws or Government Regulations, or Their Intention to Engage in Illegal Conduct, Thereby Risking Criminal Prosecution**

This factor considers whether Plaintiffs would be compelled to admit prior violations of state laws or government regulations, or their intention to engage in illegal conduct, thereby risking criminal prosecution. In their first iteration of this factor, the Fifth Circuit noted that in previous cases where plaintiffs were allowed to proceed anonymously, "many . . . had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct." *Wynne v. Jaffe*, 599 F.2d at 713. The Fifth Circuit subsequently characterized this factor as considering whether "plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Stegall*, 653 F.2d at 185.

Plaintiffs do not allege that they intend to engage in illegal conduct and therefore risk criminal prosecution. Instead, Plaintiffs argue that they should be allowed to proceed anonymously to avoid permanent public disclosure that they have violated state laws in light of their prior adjudications. (R. Doc. 18-1 at 9). In essence, Plaintiffs assert that successful adjudication of this lawsuit, which would provide the injunctive relief of removing their names from the sex offender registry, would be a Pyrrhic victory if they are required to disclose their identities in this lawsuit.

Plaintiffs fail to place sufficient emphasis on the fact that their adjudications are already public knowledge in light of online sex offender registry. *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (in refusing to allow plaintiff, a sex offender, to proceed anonymously in a constitutional challenge to a state sex offender notification scheme, the Court noted that his status as a sex offender was presumably public knowledge); *see also Gautier v. Dep't of Corr. of OK*, No. 08-445, 2008 WL 1925066, at *1 (W.D. Okla. Apr. 29, 2008) ("As in *Femedeer*, the harm that

Plaintiff is seeking to avoid by filing his claim – a lifetime registration requirement – is not coterminous with the purported publicity he wishes to avoid while filing his lawsuit. Plaintiff has not shown that this is an exceptional case, and his claimed right to privacy is outweighed by the public interest in access to these proceedings.").

The public can run online searches to obtain the identity of any sex offenders on the sex offender registry. *See* La. R.S. 15:542.1.5. The searchable online registry, as Plaintiffs point out, "includes the photograph, address, race, height, weight, age, sex, physical description, and description of the offense of every person required to register." (R. Doc. 15 at 11). [12] Allowing Plaintiffs to proceed anonymously in this action will not preclude the public dissemination of their prior adjudications. The information is already public and such disclosure cannot be undone.

Plaintiffs focus on the speculative potential of obtaining the declaratory and injunctive relief sought in this action. In addition to the general confidentiality of juvenile records, which the Court has discussed above, Plaintiffs argue that their continued identification with this lawsuit will potentially cost them job opportunities, increased social ostracization, and harassment and retaliatory harm even if they are removed from the sex offender registry. But the removal of Plaintiffs from the sex offender registry will not necessarily erase public knowledge of their adjudications. Plaintiffs identify no specific laws that currently preclude individuals and private entities from disseminating information to other members of the community regarding Plaintiffs' identities and sex offenses.

---

[12] *See* Louisiana Department of Public Safety and Corrections, Louisiana State Police, Bureau of Criminal Identification and Information, State Sex Offender and Child Predator Registry, http://www.lsp.org/socpr/default.html ("Using this Website, the public has access to public information regarding the reported physical whereabouts or location of convicted sex offenders, sexually violent predators, and child predators. Information provided in this Website is intended to increase public awareness about the presence of sex offenders in local communities, and thus, heighten public safety.").

That said, the Court agrees with Plaintiffs that this factor weighs somewhat in favor of anonymity, given that identification of the plaintiffs in this lawsuit may result in increased ease of access to knowledge of their sex offenses. *See E.B. v. Landry*, No. 19-862, 2020 WL 5775148, at *3 (M.D. La. Sept. 28, 2020) ("The Court agrees with Plaintiffs that proceeding under their full names would forever link their names with the expungement of criminal records sought in this civil litigation, thereby putting the exact information they seek to expunge within reach of a simple internet search by an employer or landlord.") (internal punctuation and citation omitted);[13] *Doe v. Harris*, 640 F.3d 972, 974 (9th Cir. 2011) ("We have allowed Doe to continue to proceed under a pseudonym because drawing public attention to his status as a sex offender is precisely the consequence that he seeks to avoid by bringing this suit."). Nevertheless, this factor cannot stand alone to modify "the almost universal practice of disclosure." *See Stegall*, 653 F.2d at 186.[14]

### 4.    Whether Plaintiffs May Expect Extensive Harassment or Violent Reprisals

This factor considers whether Plaintiffs may expect extensive harassment or violent reprisals if their identities are revealed in this lawsuit. In *Stegall*, the Fifth Circuit observed that while the plaintiffs did not confess either illegal acts or purposes, by filing their suit challenging the constitutionality of prayer and Bible reading exercises in public schools, the plaintiffs "made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior." *Stegall*, 653 F.2d at 186. The Fifth Circuit noted that evidence indicated that the plaintiffs "may expect extensive

---

[13] Plaintiffs rely heavily in their briefing on this ruling, which allowed the plaintiffs to proceed anonymously in a challenge to the constitutionality of Louisiana expungement laws. The defendants have moved the district judge to vacate this ruling. *See Landry*, No. 19-862, ECF No. 47 (M.D. La. Oct. 13, 2020).

[14] Indeed, a successful litigation will often bring a result that vindicates some potential reputational harm, yet the fact of litigation and identity of the parties remains public.

harassment and perhaps even violent reprisals if their identities are disclosed" to a community hostile to their viewpoints, further stating, however, that the "threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Id.*

Here, Plaintiffs argue that they will face harassment and violence in light of the disclosure of their adjudications for sex offenses: "Requiring Plaintiffs to disclose their identities in connection with litigation which names, among others, the Attorney General of the State of Louisiana as a defendant, would subject them to a significantly greater level of public exposure and place them at substantially increased risk of hostile reaction from the public, social ostracization, considerable harassment, serious retaliatory harm, and violence." (R. Doc. 18-1 at 12). Again, Plaintiffs' identities and adjudications are already public knowledge. Any harassment or violent reprisals faced by Plaintiffs at the time they filed their motion and the date of this ruling, have nothing to do with the filing of this lawsuit, as the plaintiffs in this lawsuit have yet to be identified to the public. The Court is unconvinced that Plaintiffs' identification in this lawsuit would result in unique harassment or violent reprisals separate from the alleged harassment and violent reprisals resulting from information obtained from the online sex offender registry.

For the foregoing reasons, this factor does not weigh in favor of anonymity.

### 5.      Whether Plaintiffs are Minors

This factor does not weigh in favor of anonymity because none of the plaintiffs is a minor.

### 6.      The Public's Interest in the Litigation

"The public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). The Court finds that the public's interest in this litigation is particularly heightened given the public's right to access information regarding

sex offenders on the sex offender registry. *See* La. R.S. 15:542.1.5. The Louisiana legislature has

articulated the public interest in the registration and notification requirements as follows:

> A. The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest. The legislature further finds that local law enforcement officers' efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses and crimes against victims who are minors, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders, sexually violent predators, and child predators who live within the agency's jurisdiction, and the penal and mental health components of our justice system are largely hidden from public view and that lack of information from either may result in failure of both systems to meet this paramount concern of public safety. Restrictive confidentiality and liability laws governing the release of information about sex offenders, sexually violent predators, and child predators have reduced willingness to release information that could be appropriately released under the public disclosure laws, and have increased risks to public safety. Persons found to have committed a sex offense or a crime against a victim who is a minor have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Release of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals.

> B. Therefore, this state's policy is to assist local law enforcement agencies' efforts to protect their communities by requiring sex offenders, sexually violent predators, and child predators to register with state and local law enforcement agencies and to require the exchange of relevant information about sex offenders, sexually violent predators, and child predators among state, local, and federal public agencies and officials and to authorize the release of necessary and relevant information about sex offenders, sexually violent predators, and child predators to members of the general public as provided in this Chapter.

La. R.S.15:540. In short, "[t]he registration and notification law is . . . a civil regulatory scheme

that is intended to alert the public and law enforcement for purposes of public safety; it is not

part of a sex offender's punishment." *State v. Cook*, 226 So. 3d 387, 392 (La. 2017) (citing *State*

*ex rel. Olivieri v. State*, 779 So.2d 735, 747 (La. 2001) ("[I]t is apparent that the intent of the

Legislature was to alert the public for the purpose of public safety, a remedial intent, not to punish convicted sex offenders.").

The public has a specific interest in the identity of individuals who seek to deprive them of their access to information regarding sex offenders. Public access to information regarding sex offenders allows members of the community to potentially avoid risk to themselves and their families. The public, including Plaintiffs' victims and neighbors, have a significant interest in their identities in this lawsuit

**C.    Plaintiffs Must Disclose their Identities to Defendants and the Court**

Unless review is sought from the district judge, within 14 days of the date of this Order, Plaintiffs are to file a document revealing their full names to Defendants and the Court. If Plaintiffs take any further action in this litigation, the caption shall bear their full names unless Plaintiffs seek voluntary dismissal of this action to avoid the disclosure of their identities.

**D.    Plaintiffs' Proposed Protective Order**

Given this Order's disclosure requirements, the Court does not find good cause under Rule 26(c) for entry of Plaintiffs' unilaterally drafted proposed protective order. (*See* R. Doc. 14-1). To the extent Plaintiffs seek to proceed with this litigation, they are to meet-and-confer with Defendants for the purposes of seeking entry of a joint protective order governing the exchange of confidential information in this action.

**III.    Conclusion**

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Proceed Anonymously (R. Doc. 18) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 30, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**