UNITED SATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON NELSON, PARTICK BUSBY, ROBERT RUIZ, BENJAMIN SHERIDAN, SHAWN MOUNCE, JACOB CHIASSON, AND HUNTER CALCIONE,<br><br>*Plaintiffs*<br><br>VERSUS<br><br>JEFFREY LANDRY, in his official capacity as Attorney General of the State of Louisiana; THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS; THE LOUISIANA STATE POLICE; THE LOUISIANA OFFICE OF MOTOR VEHICLES; THE LOUISIANA BUREAU OF CRIMINAL IDENTIFICATION AND INFORMATION,<br><br>*Defendants* | CIVIL ACTION<br><br>NO. 3:20-cv-00837 – JWD-RLB |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LOUISIANA ATTORNEY GENERAL'S
ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND DEFENSES

NOW INTO COURT, through undersigned counsel, Jeff Landry, in his official capacity as Attorney General for the State of Louisiana (Attorney General) who denies each and every allegation contained in Plaintiffs' Amended Complaint, express or implied, to the extent not expressly admitted herein, including any statements contained in the footnotes, to the extent the footnotes and extraneous references may be deemed to be an allegation. Additionally, each response to a numbered paragraph herein, shall equally apply to any and all applicable footnote(s). The Attorney General responds as follows:

1

## DEFENSES

### Incorporation of All Applicable Defenses

The Attorney General asserts all applicable defenses pled and/or to be pled by any and all other defendants to this Action, and hereby incorporates the same herein by reference.

### Failure to Exhaust Non-Administrative Remedies

The Attorney General asserts that the Court should dismiss some or all of Plaintiffs' claims for failure to exhaust administrative remedies.

### Lack of Jurisdiction

The Attorney General asserts that this Court lacks jurisdiction, to the extent *Younger* abstention mitigates against the exercise of jurisdiction, over some or all of the Plaintiffs' claims.

### Lack of Standing

Plaintiffs' Amended Complaint, and each alleged claim and/or form of recovery contained therein, is barred to the extent that some of the Plaintiffs lacks standing to assert any of the claims and/or form of recovery contained in the Amended Complaint because the Plaintiffs are not subject to the Louisiana Sex Offender and Child Predator Registration and Notification Laws (LSOR), La. R.S. 15:540, *et. seq.*, by operation of the relevant statutes.

### Failure to State a Claim Upon Which Relief Can be Granted

The Attorney General asserts that the Plaintiffs' claims should be dismissed in that plaintiff does not allege a violation of Article I, Section 10 or the First, Fourth, Sixth, Eighth, or Fourteenth Amendments of the Constitution of the United States.

### Consent and/or Estoppel

By virtue of entering into a plea agreement and understanding the consequences of the plea, the Amended Complaint and each claim alleged therein are barred, as to some or all of the Plaintiffs because at all relevant times Plaintiffs, expressly or impliedly, assented to or concurred with the sex offender registration requirements for juvenile delinquent sex offenders and must be estopped from asserting any of the claims in the Amended Complaint against the Defendant.

### Sovereign Immunity

The Attorney General asserts that Plaintiffs' claims for damages are barred by the Eleventh Amendment of the Constitution of the United States.

### Res Judicata

The Attorney General asserts that some or all of the Plaintiffs' claims are barred by the doctrine of Res Judicata.

### Prescription

The Amended Complaint as a whole, and each claim alleged and remedy sought therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to Louisiana Civil Code art. 2315.

### Federal Preemption

Plaintiffs' Amended Complaint, and each claim contained therein, is barred to the extent that Plaintiffs' claims are preempted by federal law.

### Laches

Plaintiffs are barred from proceeding with this action to the extent that Plaintiffs are guilty of laches by failing to timely commence this action, which has prejudiced Defendant's ability to discover adequate witnesses, testimony, facts, and evidence to support Defendant's defenses.

<u>Good Faith</u>

All actions taken by the Attorney General with respect to the Plaintiffs, at all times relevant to this action, were taken in good faith for legitimate non-discriminatory reasons.

<u>Failure to Join a Necessary Party</u>

The Attorney General asserts that an initial appraisal of the facts indicates that possibly necessary parties are absent. Plaintiffs have failed to join all of the parties whose presence in this lawsuit is required for the fair and complete resolution of the instant matter, including but not limited to by way of example, judges presiding over prior proceedings involving the Plaintiffs, prosecutors involved in prosecutions or plea arrangements relating to sex offender registration, counsel involved in the representation of these Plaintiffs in prior criminal proceedings or juvenile adjudications and/or others involved in proceedings that resulted in the Plaintiffs obligations relative to sex offender registration.

<u>ANSWER</u>

<u>INTRODUCTION</u>

1.

The allegations contained in Paragraph 1 are denied.

2.

The allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

3.

The allegations contained in Paragraph 3, are denied for lack of sufficient information to justify a belief therein or form a response thereto.

4.

The allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein or form a response thereto. Further, the text of the cited case is the best evidence of the content therein.

5.

The allegations contained in Paragraph 5, which are legal conclusions that do not require a response, are denied for lack of sufficient information to justify a belief therein or form a response thereto. Further, to the extent citation to a reported case is permissible and appropriate under FRCP 8, the text of the cited case is the best evidence of the content therein.

6.

The allegations contained in Paragraph 6, which are legal conclusions that do not require a response, are denied for lack of sufficient information to justify a belief therein or form a response thereto.

7.

The allegations contained in Paragraph 7, alleging that the Louisiana Sex Offender Registration and Notification laws violate the constitutional rights of juvenile delinquent sex offenders, are denied.

## JURISDICTION AND VENUE

8.

The allegations contained in Paragraph 8 are denied as some or all of Plaintiffs claims are not actionable pursuant to 42 U.S.C. §1983.

9.

The allegations contained in Paragraph 9 are denied as some or all of Plaintiffs claims are not properly before this Court.

10.

The allegations contained in Paragraph 10 are denied as some or all of Plaintiffs claims are not properly before this Court.

PARTIES

I.   Plaintiffs

11. - 17.

The allegations contained in Paragraphs 11 - 17 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

II.  Defendants

18.

Defendant Jeff Landry admits that in his official capacity, he is the Attorney General for the State of Louisiana and the Attorney General's domicile is in Baton Rouge, Louisiana. Defendant Jeff Landry, in his official capacity, also admits that the Attorney General for the State of Louisiana is the chief legal officer for the State of Louisiana. The remaining allegations contained in Paragraph 18 are denied. The text of the cited statutes and constitutional provisions are the best evidence of the content therein to the extent they are relevant and appropriate under FRCP 8.

19. - 22.

The allegations contained in Paragraphs 19 - 22 are denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning other defendants.

## FACTUAL ALLEGATIONS

I.  Louisiana's Sex Offender Registration and Notification Scheme

23.

The allegations contained in Paragraph 23, including those contained in the footnotes, are denied and the Attorney General refers the Court to the referenced statutes, which speak for themselves.

24.

The Attorney General denies that LSOR constitutes punishment. The remaining allegations contained in Paragraph 24 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

  A.  Registration Requirements

25. - 26.

The allegations contained in Paragraphs 25 - 26 are denied and the Attorney General refers the Court to the referenced statutes, which speak for themselves.

27.

The allegations contained in Paragraph 27 are denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning other defendants; and the Attorney General refers the Court to the referenced statutes, which speak for themselves.

28.

The allegations contained in Paragraph 28 are denied.

29.

The allegations contained in Paragraph 29 are denied and the Attorney General refers the Court to the referenced statutes, which speak for themselves.

30.

The allegations contained in Paragraph 30 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

31.

The allegations contained in Paragraph 31, including those contained in the footnotes, are denied and the Attorney General refers the Court to the referenced statutes, which speak for themselves. And now further answering, the Attorney General submits that registered sex offenders are assessed a $60 registration fee "to defray the costs of maintaining the offender's record. The payment of the fee shall be made according to the rules of indigency adopted by the judges of the judicial district court in the jurisdiction or as determined by criteria established by the Department of Public Safety and Corrections." The Attorney General also refers the Court to La. R.S. 15:542(D).

      i.      Who Is Required to Register

32.

The Attorney General admits that LSOR sets forth those offenses requiring registration. The remaining allegations contained in Paragraph 32 are denied.

33.

The allegations contained in Paragraph 33 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

      ii.      Duration of Registration

34. – 37.

The allegations contained in Paragraphs 34 - 37 are denied. The text of the referenced statutes is the best evidence of their contents.

      iii.      Duration of Registration

38.

The allegations contained in Paragraph 38 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

39. – 41.

The allegations contained in Paragraphs 39 - 41 are denied.

42.

The allegations contained in Paragraph 42 are denied. The text of the referenced statutes is the best evidence of their contents.

43. – 45.

The allegations contained in Paragraphs 43 - 45 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

B.  SORNA's Requirements and Restrictions Have Lifelong Detrimental Effects on the Lives of People Who Committed Sex Offenses as Children.

46.

The allegations contained in Paragraph 46 are denied.

i.  Social Media Use

47. – 52.

The allegations contained in Paragraphs 47 – 52, to the extent they allege that the statutes comprising LSOR include La. R.S. 14:81 and 14:91.5, are denied.  The Attorney General also denies that neither LSOR nor La. R.S. 14:81 and 14:91.5 prohibit registered juvenile delinquent sex offenders from using social media networking websites, engaging in political speech, using internet websites of a governmental entity, using an internet website that has a primary purpose of the dissemination of news, or an internet website that has as its primary purpose the facilitation of commercial transactions involving goods or services between its members or visitors.

Further answering, the Attorney General represents that La. R.S. 15:542.1(C) exempts juvenile delinquent sex offenders from the notification requirements found in La. R.S. 15:542.1(D), which specifically relate to indicating on the profile of the offender's *networking website* profile that the offender is a *sex offender* or *child predator* (including information regarding the predicate crime), provided the offender is not otherwise prohibited from using a *networking website*.  The Attorney General also refers the Court to La. R.S. 15:542.1(C)-(D).  All

10

other allegations contained in Paragraphs 47 - 52 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

53. – 58.

The allegations contained in Paragraphs 53 - 58 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

ii.   Identification Cards and Driver's Licenses

59.

The allegations contained in Paragraph 59 are denied.

60.

The allegations contained in Paragraph 60 are denied.

61. – 62.

The allegations contained in Paragraphs 61 - 62 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

63.

The allegations contained in Paragraph 63 are denied and/or denied for lack of sufficient information to justify a belief therein or form a response thereto.

iii.   Presence and Residency Restrictions

64. – 80.

The allegations contained in Paragraphs 64 - 80, to the extent they allege the LSOR includes, are denied and the Attorney General refers the Court to the text of the statute as the best

evidence of its content. All other allegations contained in Paragraph 63 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

    iv.    Employment Restrictions

81.

The allegations contained in Paragraph 81 are denied. The text of the referenced statute is the best evidence of its contents.

82. - 89.

The allegations contained in Paragraphs 82 - 89 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

    v.    Supervised Release

90.

The allegations contained in Paragraph 90 are denied. Further answering, the Attorney General represents that La. R.S. 15:561.5(2) is not included in the LSOR provisions and the text of the referenced statute is the best evidence of its contents.

91. - 94.

The allegations contained Paragraphs 91 - 94 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

95.

The allegations contained in Paragraph 95 are denied. Further answering, the Attorney General represents that La. R.S. 15:561.7 is not included in the LSOR provisions and the text of the referenced statute is the best evidence of its contents.

      vi.    Other Effects

96.

The allegations contained in Paragraph 96 are denied.

97.

The allegations contained in Paragraph 97 are denied. The text of the referenced cases is the best evidence of their contents.

98. – 109.

The allegations contained Paragraphs 98 - 109 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

II.    Children are Developmentally and Constitutionally Different from Adults

110. – 116.

The allegations contained Paragraphs 110 - 116 are denied.

117.

The allegations contained Paragraph 117 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

III.    SONRA Undermines the Sole Purpose of the Juvenile Justice System.

118.

The allegations contained in Paragraph 118 are denied.

    A.    Louisiana's Juvenile Justice System Is Meant to be Rehabilitative, Not Punitive.
119. – 121.

The allegations contained in Paragraphs 119 - 121 are denied. The text of the referenced cases and statutes are the best evidence of their contents.

    B.    Subjecting Children to SONRA Requirements is Punitive, not Rehabilitative.

122. – 134.

The allegations contained in Paragraphs 122 - 134 are denied. The text of the referenced cases and statutes are the best evidence of their contents.

CLAIMS FOR RELIEF

COUNT I:
Cruel and Unusual Punishment
Eight Amendment to the United States Constitution

135.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

136. – 141.

14

The allegations contained in Paragraphs 136 - 141 are denied. The text of the referenced cases and statutes are the best evidence of their contents.

## COUNT II:
### Ex Post Facto Laws
### Article I, Section 10 if the United States Constitution

142.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

143.

The allegations contained Paragraph 143 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

144.

The allegations contained in Paragraph 144 are denied. The text of the referenced constitutional provisions are the best evidence of their contents.

145. – 147.

The allegations contained Paragraphs 145 – 147 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

## COUNT III:
### Due Process – Irrebuttable Presumption
### Fourteenth Amendment to the United States Constitution

148.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

149. – 157.

The allegations contained in Paragraphs 149 – 157 are denied. The text of the referenced cases and constitution provisions are the best evidence of their contents.

COUNT IV:
Due Process – Right to Reputation
Fourteenth Amendment to the United States Constitution

158.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

159. – 166.

The allegations contained in Paragraphs 159 - 166 are denied. The text of the referenced cases and constitutional provisions are the best evidence of their contents.

COUNT V:
Right to Trial by Jury
Sixth and Fourteenth Amendments to the United States Constitution

167.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

168. – 170.

The allegations contained in Paragraphs 168 - 170 are denied. The text of the referenced cases and constitutional provisions are the best evidence of their contents.

171. – 173.

The allegations contained Paragraphs 171 - 173 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

## COUNT VI:
Compelling Speech
First Amendment to the United States Constitution

174.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

175. – 178.

The allegations contained in Paragraphs 175 - 178 are denied. The text of the referenced cases and constitutional provisions are the best evidence of their contents.

179. – 181.

The allegations contained Paragraphs 179 - 181 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

## COUNT VII:
Chilling Free Speech
First Amendment to the United States Constitution

182.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

183.

The allegations contained in Paragraphs 183 are denied.

184. – 185.

The allegations contained Paragraphs 184 - 189 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

COUNT VIII:
Right to Intimate Association
First and Fourteenth Amendments to the United States Constitution

186.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

187.

The allegations contained in Paragraph 187 are denied.  The text of the referenced cases and constitutional provisions are the best evidence of their contents.

188. – 189.

The allegations contained Paragraphs 188 - 189 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

PRAYER FOR RELIEF

The allegations contained in Plaintiffs' Prayer for Relief, to the extent a lack of an adequate legal remedy and irreparable injury are alleged, are denied.  All other allegations contained in Plaintiffs' prayer for relief are denied.

And now further answering Plaintiffs' Complaint, the Attorney General submits the following:

1.

To the extent the Attorney General has not sufficiently answered the allegations constituting the Plaintiffs' arguments that LSOR is unconstitutional, as applied to juvenile delinquent sex offenders, those allegations are denied.

2.

Plaintiffs are not entitled to injunctive relief because he cannot establish that he will suffer an irreparable injury nor are Plaintiffs likely to succeed on the merits.

3.

Additional defenses have not been alleged herein due to the unavailability of all facts, after reasonable inquiry, necessary to determine what additional defenses may be available; the Attorney General, therefore, expressly reserves the right to amend this Answer to assert additional defenses, as further investigation and discovery shall warrant.

4.

The Attorney General will submit additional memoranda in support of the constitutionality of La. R.S. 15:540 *et seq* when directed by this Honorable Court.

5.

The footnoted material in the Amended Answer does not conform to the pleading requirements of FRCP 8, and the citations to extraneous opinions, journal articles and the like contained therein have no place in the pleadings and should be stricken from the Complaint.

WHEREFORE, Defendant Jeff Landry, in his official capacity as Attorney General for the State of Louisiana, prays that the Attorney General's Answer to Plaintiffs' Amended Complaint and Affirmative Defenses be deemed good and sufficient, and after due proceedings that the demands of the Plaintiff be dismissed with prejudice, at Plaintiffs' cost.

                          Respectfully submitted,

                          **JEFF LANDRY**
                          **ATTORNEY GENERAL**

BY:    /s/ *Carey T. Jones*_____
         Carey T. Jones (#07474)
         David Jeddie Smith, Jr. (#27089)
         Alicia Edmond Wheeler (#28803)
         Assistant Attorneys General
         Louisiana Department of Justice
         P.O. Box 94005
         Baton Rouge, LA 70802
         Telephone: (225) 326-6060
         Facsimile: (225) 326-6098
         Email: JonesCar@ag.louisiana.gov
                  smithda@ag.louisiana.gov
                  WheelerA@ag.louisiana.gov

<u>CERTIFICATE OF SERVICE</u>

     I do hereby certify that, on this 8th day of October, 2021, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of filing to all counsel of record.

                          _____/s/ *Carey T. Jones*_____
                            Carey T. Jones (#07474)