# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AARON NELSON, PATRICK BUSBY,** | * | **CIVIL ACTION NO. 20-cv-837** |
| **ROBERT RUIZ, BENJAMIN** | * | |
| **SHERIDAN, SHAWN MOUNCE,** | * | |
| **JACOB CHIASSON, AND HUNTER** | * | |
| **CALCIONE** | * | |
| | * | |
| **VERSUS** | * | **DISTRICT JUDGE DEGRAVELLES** |
| | * | |
| **JEFFREY LANDRY, ET AL.** | * | **MAGISTRATE JUDGE BOURGEOIS** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>MEMORANDUM IN SUPPORT OF DPSC'S MOTION TO DISMISS PURSUANT TO FRCP RULES 12(B)(1) AND 12(B)(6)</u>

This is an action brought by Aaron Nelson, Patrick Busby, Robert Ruiz, Benjamin Sheridan, Shawn Mounce, Jacob Chiasson, and Hunter Calcione (collectively "Plaintiffs") alleging the application of the Louisiana Sex Offender and Child Predator Registration Laws violates their rights under the Constitution of the United States. The instant suit was filed on December 11, 2020,[1] and the complaint was amended on January 28, 2021[2] and again on October 26, 2021.[3] Plaintiffs name Jeffrey Landry, in his official capacity as Attorney General of the State of Louisiana, the Louisiana Department of Public Safety and Corrections, the Louisiana State Police (OSP), the Louisiana Office of Motor Vehicles (OMV), and the Louisiana Bureau of Criminal Identification and Information (BCII) as defendants.[4]

Plaintiffs challenge the Louisiana Sex Offender and Child Predator Registration Laws that apply to juvenile adjudications. These laws only apply to juvenile adjudications where the juvenile has attained the age of fourteen years at the time of the commission of the offense and was

---

[1] R. Doc. 1.
[2] R. Doc. 15.
[3] R. Doc. 39.
[4] R. Docs. 1, 15, and 39.

adjudicated delinquent based upon the perpetration, attempted perpetration, or conspiracy to commit: aggravated or first degree rape as defined in La. R.S. 14:42, aggravated oral sexual battery that occurred prior to August 15, 2001, which was defined in former La. R.S. 14:43.4, forcible or second degree rape as defined in La. R.S. 14:42.1, second degree sexual battery as defined in La. R.S. 14:43.2, aggravated kidnapping of a child who has not attained the age of thirteen years pursuant to either La. R.S. 14:44 or 44.2, second degree kidnapping of a child who has not attained the age of thirteen years old as defined in La. R.S. 14:44.1, aggravated crime against nature as defined by La. R.S. 14:89.1(A)(2) involving circumstances defined by La. R.S. 15:541 as an aggravated offense, and aggravated crime against nature as defined in La. R.S. 14:89.1(A)(1).[5]

Aaron Nelson was adjudicated of La. R.S. 14:78.1[6] (Aggravated Incest) on March 19, 2012. Robert Ruiz was adjudicated of La. 14:42 (Aggravated Rape) on December 9, 2019. Benjamin Sheridan was adjudicated for La. R.S. 14:42 (Aggravated Rape) and La. R.S. 14:78.1[7] (Aggravated

---

[5] La. R.S. 15:542(A)(3) and La. Ch.C. Art. 884.1.

[6] La. R.S. 14:89.1(E) states:

> The provisions of Act No. 177 of the 2014 Regular Session and the provisions of the Act that originated as Senate Bill No. 333 of the 2014 Regular Session1 incorporate the elements of the crimes of incest (R.S. 14:78) and aggravated incest (R.S. 14:78.1), as they existed prior to their repeal by these Acts, into the provisions of the crimes of crime against nature (R.S. 14:89) and aggravated crime against nature (R.S. 14:89.1), respectively. For purposes of the provisions amended by Act No. 177 of the 2014 Regular Session and the Act that originated as Senate Bill No. 333 of the 2014 Regular Session, a conviction for a violation of R.S. 14:89(A)(2) shall be the same as a conviction for the crime of incest (R.S. 14:78) and a conviction for a violation of R.S. 14:89.1(A)(2) shall be the same as a conviction for the crime of aggravated incest (R.S. 14:78.1). Neither Act shall be construed to alleviate any person convicted or adjudicated delinquent of incest (R.S. 14:78) or aggravated incest (R.S. 14:78.1) from any requirement, obligation, or consequence imposed by law resulting from that conviction or adjudication including but not limited to any requirements regarding sex offender registration and notification, parental rights, probation, parole, sentencing, or any other requirement, obligation, or consequence imposed by law resulting from that conviction or adjudication.

[7] La. R.S. 14:89.1(E) states:

> The provisions of Act No. 177 of the 2014 Regular Session and the provisions of the Act that originated as Senate Bill No. 333 of the 2014 Regular Session1 incorporate the elements of the crimes of incest (R.S. 14:78) and aggravated incest (R.S. 14:78.1), as they existed prior to their repeal by these Acts, into the provisions of the crimes of crime against nature (R.S. 14:89) and aggravated crime against nature (R.S. 14:89.1), respectively. For purposes of the provisions amended by Act No. 177 of the 2014 Regular Session and the Act that originated as Senate Bill No. 333 of the 2014 Regular Session, a conviction for a violation of R.S. 14:89(A)(2) shall be the same as a conviction for the crime of incest (R.S. 14:78) and a conviction for a violation of R.S.

Incest) on March 31, 2010. Shawn Mounce was adjudicated for La. R.S. 14:42 (Aggravated Rape) on October 21, 2011. Jacob Chiasson was adjudicated for La. R.S. 14:42.1 (Forcible Rape) on October 23, 2009. Hunter Calcione was adjudicated for La. R.S. 14:42 (Aggravated Rape) on July 21, 2016.

The State of Louisiana, through the Department of Public Safety and Corrections; the State of Louisiana through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police; the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of Motor Vehicles; and the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information, (collectively "DPSC"), now appear in this *Motion to Dismiss*. For the reasons discussed in detail below, Plaintiffs claims against DPSC fail as a matter of law.

## I.    FRCP RULE 12(B)(1)

### A.  Legal Standard

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.[8]  Under FRCP Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim.[9]  A court should consider a FRCP Rule 12(b)(1) jurisdictional

---

14:89.1(A)(2) shall be the same as a conviction for the crime of aggravated incest (R.S. 14:78.1). Neither Act shall be construed to alleviate any person convicted or adjudicated delinquent of incest (R.S. 14:78) or aggravated incest (R.S. 14:78.1) from any requirement, obligation, or consequence imposed by law resulting from that conviction or adjudication including but not limited to any requirements regarding sex offender registration and notification, parental rights, probation, parole, sentencing, or any other requirement, obligation, or consequence imposed by law resulting from that conviction or adjudication.

[8] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286–87 (5th Cir. 2012); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir.1998).

[9] *Id.*

attack before addressing any attack on the merits.[10]  Considering a FRCP Rule 12(b)(1) motion to dismiss first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[11]

A motion to dismiss under FRCP Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under FRCP Rule 12(b)(6).[12]  A complaint is subject to dismissal under FRCP Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted."[13]  In reviewing a FRCP Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.[14]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15]

In ruling on a RFCP Rule 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."[16]  A motion to dismiss for lack of subject matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief.[17]

However, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[18]  "Accordingly, the plaintiff constantly bears the burden of proof that

---

[10] *Id.*

[11] *Id.*

[12] *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir.1992).

[13] FED. R. CIV. P. 12(b)(6).

[14] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied,* 558 U.S. 1111 (2009); *Ramming v. U.S.,* 281 F.3d 158, 161 (5th Cir. 2001) (stating that a court ruling on a Rule 12(b)(1) motion may evaluate "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

[17] *Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007).

[18] *Celestine v. TransWood, Inc.*, 467 Fed. Appx. 317, 318 (5th Cir.2012).

jurisdiction does in fact exist."[19] A pleading stating a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction[.]"[20] In federal question cases, the party must demonstrate a non-frivolous claim based on federal law.[21] When a district court finds it lacks subject matter jurisdiction, its determination is not on the merits of the case, and does not bar the plaintiff from pursuing the claim in a proper jurisdiction.[22]

> B. Plaintiffs' claims under 42 U.S.C. § 1983 and § 1988 should be dismissed due to Eleventh Amendment Immunity.

Plaintiffs have named DPSC for monetary damages and other relief under 42 U.S.C. § 1983 and § 1988, *inter alia*. Regarding Plaintiffs claims for monetary damages and other relief under 42 U.S.C. § 1983, they are barred by the Eleventh Amendment and should be dismissed pursuant to FRCP Rule 12(b)(1).

Under the Eleventh Amendment of the United States Constitution, an unconsenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her own citizens or by the citizens of another state.[23] Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under §1983.[24] The Eleventh Amendment grants a state, or "arm of the state," sovereign immunity from a suit against it in federal court.[25]

DPSC is an agency of the State of Louisiana.[26] Indeed, the Fifth Circuit has expressly held that DPSC is an arm of the State that is entitled to Eleventh Amendment Immunity.[27] Additionally,

---

[19] *Id.*
[20] *Id.*
[21] *Gibbs v. Buck*, 307 U.S. 66, 72 (1939).
[22] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).
[23] *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).
[24] *Quern v. Jordan*, 440 U.S. 332, 345 (1979).
[25] *Vogt. Bd. Of Comm'rs of Orleans Levee Dist.,* 294 F.3d 684, 688-89 (5th Cir. 2002) (citing *Regents of the Uni. Of Cal v. Doe,* 519 U.S. 425, 429 (1997))
[26] Louisiana Revised Statues 36:401 and 40:1301; *Waldrop v. Bethancourt,* 2010 WL 3312501.
[27] *See Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312 (5th Cir. 1998).

a judgment against DPSC would be paid from the state treasury.[28] The State of Louisiana has not waived its immunity from suit in the federal system.[29] Therefore, Plaintiffs' claims for monetary damages and other relief under 42 U.S.C. § 1983 against DPSC should be dismissed under the Eleventh Amendment.

Plaintiffs also bring claims against DPSC for attorney's fees and costs pursuant to 42 U.S.C. § 1988. 42 U.S.C. § 1988 states

> [in] any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

Here, only Plaintiffs' 1983 claims are covered by this code. Since Plaintiffs' 1983 claims should be dismissed due to Eleventh Amendment Immunity as argued above, their claims for attorneys' fees and costs should be dismissed as well.

For these reasons, Plaintiffs' claims under §1983 and §1988 should be dismissed against DPSC due to Eleventh Amendment Immunity.

## II.   FRCP RULE 12(B)(6)

### A.   Legal Standard

On a motion to dismiss for failure to state a claim under FRCP Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint."[30] These factual

---

[28] *Anderson v. Phelps,* 655 F.Supp. 560, 564 (M.D. La. 1985).

[29] *Holliday v. Board of Supervisors of LSU Agricultural and Mechanical College,* 2014-0585 (La. 10/15/14), 149 So.3d 227, 229 (citing La. Const. Art. 1, §26.)

[30] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

allegations must raise a right to relief above the speculative level.[31] The Supreme Court has explained "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[32] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[33] It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"[34]

> **B.** Louisiana State Police, Louisiana Office of Motor Vehicles, and Louisiana Bureau of Criminal Identification and Information should be dismissed with prejudice because they lack the procedural capacity to be sued.

FRCP Rule 17(b)(3) provide that the law of the state where the court is located determines the capacity to sue or be sued for governmental entities. Under Louisiana law, an entity must qualify as a juridical person to possess the capacity to be sued.[35] La. R.S. 15:575, et seq. creates the Bureau of Criminal Identification and Information. These statutes create the Bureau of Criminal Identification and Information within the Department of Public Safety[36] as part of the Office of State Police and do not provide the Bureau of Criminal Identification and Information the power to sue or be sued. Additionally, La. R.S. 36:408 creates the Office of State Police and the Office of Motor Vehicles within the Department of Public Safety and Corrections and does not provide the Office of State Police or the Office of Motor Vehicles the power to sue or be sued.

---

[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[33] *Id.*
[34] *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).
[35] *Dugas v. City of Breaux Bridge Police Dep't*, 757 So.2d 741, 743 (La.App. 3rd Cir. 2000).
[36] Effective February 1, 1984, the Department of Public Safety was merged with the Department of Corrections to create the Department of Public Safety and Corrections.

However, La. R.S. 36:401 creates the Department of Public Safety and Corrections with the power to sue and be sued.

Therefore, Plaintiffs fail to state a claim against OSP, OMV, and BCII because they lack the capacity to be sued under Louisiana law. For these reasons, OSP, OMV, and BCII should be dismissed with prejudice.

C.  <u>Plaintiffs' §1983 and §1988 claims should be dismissed with prejudiced for failure to state a claim.</u>

To state a claim under §1983, a plaintiff must establish that a *person*, acting under color of law, deprived him of some constitutional right.[37] "State agencies and state officials acting in their official capacity are not "persons" within the meaning of the statute,"[38] and it is a well settled point of law that a state is not capable of being sued under 42 U.S.C. § 1983, as the state is not a "person" under 42 U.S.C. § 1983.[39]

Because DPSC is not a "person" under the meaning of §1983, Plaintiffs cannot, as a matter of law, assert claims under 42 U.S.C. §1983 against it. Accordingly, Plaintiffs' claims for monetary damages and other relief under 42 U.S.C. § 1983 against DPSC should be dismissed with prejudice.

Additionally, Plaintiffs' claims for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 only arise due to their §1983 claims. Therefore, as Plaintiffs cannot assert claims under § 1983 as argued above, Plaintiffs likewise cannot assert claims for attorneys' fees and costs under § 1988. For these reasons, Plaintiffs' claims for attorneys' fees and costs pursuant to 42 U.S.C. §1988 against DPSC should be dismissed with prejudice.

---

[37] 42 U.S.C. § 1983 (emphasis added).
[38] *Lumpkins v. Office of Cmty. Dev.*, No. 14-31216, 2015 WL 4317700, at *2 (5th Cir. 2015)(citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70–71 (1989)("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983")).
[39] *Will v. Michigan*, 491 U.S. at 70.

D. <u>Louisiana Sex Offender and Child Predator Registration Laws are a non-punitive civil regulatory scheme.</u>

Louisiana Sex Offender and Child Predator Registration Laws are non-punitive. In *Dixon v. State*,[40] this Court found Louisiana Sex Offender and Child Predator Registration Laws to be "nonpunitive." In *Moore v. Avoyelles Correctional Center*,[41] the Fifth Circuit Court of Appeals found Louisiana's sex offender neighborhood notification law to be non-punitive. In *State v. ex rel Oliveri*,[42] the Louisiana Supreme Court held that Louisiana Sex Offender and Child Predator Registration Laws were remedial or regulatory rather than punitive and classified Louisiana Sex Offender and Child Predator Registration Laws as a non-punitive civil regulatory scheme. No federal circuit has held that a sex offender neighborhood notification law like Louisiana's impose punishment.[43]

Furthermore, in *Smith v. Doe*,[44] the U.S. Supreme Court overturned the Ninth Circuit Court of Appeals and held that Alaska's sex offender registration requirements, which are similar to those in Louisiana, was a civil regulatory scheme.

For these reasons, it is well-settled law that Louisiana Sex Offender and Child Predator Registration Laws are a non-punitive civil regulatory scheme. Additionally, it is well settled that sex offender registration laws regarding adults and juveniles throughout the country are non-punitive civil regulatory schemes. *See Russell v. Gregoire*,[45] (Washington's sex offender notification provisions are regulatory and non-punitive); *Artway v. Attorney General of State of N.J.*,[46] (registration under New Jersey's sex offender registration laws do not constitute

---

[40] 2016 WL 126750.
[41] 253 F.3d 870, 872 (5th Cir. 2001).
[42] 2000-0172 (La. 2/21/01); 779 So.2d 735.
[43] *Moore v. Avoyelles Correctional Center*, 253 F.3d 870, 872 (5th Cir. 2001).
[44] 538 U.S. 84 (2002).
[45] 124 F.3d 1079 (9th Cir. 1997).
[46] 81 F.3d 1235 (3rd Cir. 1996).

punishment); *Doe v. Pataki*,[47] (New York's sex offender registration and notification requirements are non-punitive); *U.S. v. Under Seal*,[48] (federal sex offender registration laws are a non-punitive, civil regulatory scheme as applied to juveniles); *Doe v. Bredesen*,[49] (Tennessee's sex offender registration laws are a civil, non-punitive regime); *Mueller v. Raemisch*,[50] (Wisconsin's sex offender registration laws are non-punitive); *Doe v. Miller*,[51] (Iowa's sex offender residency law is non-punitive); *Millard v. Camper*,[52] (Colorado's sex offender registration laws are non-punitive); *Holland v. Governor of Georgia*,[53] (Georgia's sex offender registration laws are non-punitive); and *Anderson v. Holder*, (District of Columbia's sex offender registration laws are not a form of punishment).

E. <u>Plaintiffs' Count I claim for cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution should be dismissed with prejudice for failure to state a claim.</u>

"A statute can violate the Ex Post Facto Clause, the Eighth Amendment, or the Double Jeopardy Clause only if the statute is punitive."[54] As argued above, Louisiana Sex Offender and Child Predator Registration Laws are non-punitive.

Additionally, in *Dixon v. State*,[55] this Court held that Louisiana Sex Offender and Child Predator Registration Laws do not satisfy the high threshold for cruel and unusual punishment set forth in the Eighth Amendment citing *U.S. v. Juvenile Male*. In *U.S. v. Juvenile Male*,[56] the Ninth

---

[47] 120 F.3d 1263 (2nd Cir. 1997).
[48] 709 F.3d 257 (4th Cir. 2013).
[49] 507 F.3d 998 (6th Circ. 2007).
[50] 740 F.3d 1128 (7th Cir. 2014).
[51] 405 F.3d 700 (8th Cir. 2005).
[52] 971 F.3d 1174 (10th Cir. 2020).
[53] 781 Fed.Appx. 941 (11th Cir. 2019).
[54] *Does 1-7 v. Abbott*, 945 F.3d 307, 313 (5th Cir. 2019).
[55] 2016 WL 126750.
[56] 670 F.3d 999 (9th Cir. 2012).

Circuit Court of Appeals held that the federal sex offender registration requirements did not violate the Eight Amendment's prohibition on cruel and unusual punishment.

For these reasons, Plaintiffs fail to state a plausible claim for cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution, and the claim should be dismissed with prejudice.

F. <u>Plaintiffs' Count II claim for ex post facto laws under Article I, Section 10 of the U.S. Constitution should be dismissed with prejudice for failure to state a claim.</u>

"A statute can violate the Ex Post Facto Clause, the Eighth Amendment, or the Double Jeopardy Clause only if the statute is punitive."[57] As argued above, Louisiana Sex Offender and Child Predator Registration Laws are non-punitive.

In *Moore v. Avoyelles Correctional Center*,[58] the Fifth Circuit Court of Appeals held that "Louisiana's sex offender neighborhood notification law does not violate the Constitution's proscription of ex post facto laws. Additionally, in an unpublished opinion on point, the Fifth Circuit Court of Appeal, in *Kirschenhunter v. Sheriff's Office, Beauregard Parish*,[59] held that appealing the district court's determination that La. R.S. 15:542's registration requirement does not violate the Ex Post Facto Clause lacks merit citing *Moore* and *State ex rel Oliveri v. State*.[60] In *State v. ex rel Oliveri*,[61] the Louisiana Supreme Court held that Louisiana Sex Offender and Child Predator Registration Laws were remedial or regulatory rather than punitive and were not an infringement of the ex post facto principle recognized in the federal and state constitutions.

---

[57] *Does 1-7 v. Abbott*, 945 F.3d 307, 313 (5th Cir. 2019).
[58] 253 F.3d 870, 872 (5th Cir. 2001).
[59] 165 Fed.Appx. 362 (5th Cir.), *cert. denied*, 549 U.S. 913, 127 S.Ct. 913 (2016).
[60] 2000-0172 (La. 2/21/01); 779 So.2d 735.
[61] 2000-0172 (La. 2/21/01); 779 So.2d 735.

Furthermore, in *Smith v. Doe*,[62] the U.S. Supreme Court overturned the Ninth Circuit Court of Appeals and held that Alaska's sex offender registration requirements, which is similar to those in Louisiana, was a civil regulatory scheme whose retroactive application does not violate the Ex Post Facto Clause.

For these reasons, Plaintiffs fail to state a plausible claim for ex post facto laws under Article I, Section 10 of the U.S. Constitution, and the claim should be dismissed with prejudice.

G. Plaintiffs' Count III claim for due process – irrebuttable presumption under the Fourteenth Amendment to the U.S. Constitution should be dismissed with prejudice for failure to state a claim.

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law."[63] This protection has been viewed as having both a procedural and substantive component when a state action is challenged. Procedural due process promotes fairness in government decisions by requiring the government to follow appropriate procedures when its agents decide to deprive any person of life, liberty, or property.[64] Substantive due process bars certain government actions regardless of the fairness of the procedures used to implement them and serves to prevent governmental power from being used for purposes of oppression.[65]

a. *Procedural Due Process*

"Plaintiffs who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme."[66] "Procedural due process challenges to state sex-offender registry statutes that mandate the registration of all

---

[62] 538 U.S. 84 (2003).
[63] U.S. Const., amend. 14, § 1.
[64] *John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000).
[65] *Id.*
[66] *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 8 (2003).

convicted sex offenders have been foreclosed by the Supreme Court's decision in *Department of Public Safety* [*Connecticut Dept. of Public Safety v. Doe*]."[67] "When an individual is convicted of a sex offense, no further process is due before imposing sex offender conditions."[68] "The individual 'convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process.'"[69]

In *Connecticut Dept. of Public Safety v. Doe*,[70] the U.S. Supreme Court overturned the Second Circuit Court of Appeals and held that due process did not entitle the plaintiff to a hearing to establish a fact that is not material under the statute. The plaintiff argued that he should have a hearing to determine whether he is "dangerous" before he should be required to register as a sex offender under Connecticut's sex offender registration laws. The U.S. Supreme Court held that whether the plaintiff was "dangerous" is of no consequence to Connecticut's sex offender registration laws as all sex offenders must register. The Court further stated that the law's requirement was determined by the sex offender's conviction alone, which a convicted sex offender already had a procedurally safeguarded opportunity to contest.

Here, Plaintiffs seek a process to make the determination of dangerousness. However, like Connecticut's sex offender registration laws in *Connecticut Dept. of Public Safety v. Doe*, Louisiana Sex Offender and Child Predator Registration Laws require all sex offenders to register, and whether a sex offender is dangerous is of no consequence. Additionally, Louisiana Sex Offender and Child Predator Registration Laws determine registration solely on the sex offender's conviction or adjudication like Connecticut's sex offender registration laws.

---

[67] *Doe v. Michigan Dept. of State Police*, 490 F.3d 491, 502 (6th Cir. 2007).
[68] *Meza v. Livingston*, 607 F.3d 392, 401. (5th Cir. 2010).
[69] *Id.*
[70] 538 U.S. 1, 8 (2003).

Furthermore, Plaintiffs were adjudicated in a prior adversarial setting where they received the minimum protections of due process.

Therefore, Plaintiffs' fail to state a claim for violations of their procedural due process rights.

### b. *Substantive Due Process*

State legislation that infringes on a fundamental right is subject to strict scrutiny and will be invalidated unless it "narrowly tailored to serve a compelling state interest."[71] If no fundamental right is involved, the state statute need only be "rationally related at legitimate government interests."[72] In additional to the specific freedoms protected by the Bill of Rights, the fundamental rights protected by the Due Process Clause are the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, to abortion, and to refuse unwanted lifesaving medical treatment.[73] The Supreme Court has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this area are scarce and open-ended."[74]

Since courts are reluctant to expand the concept of substantive due process, courts routinely reject substantive due process challenges to state or federal sex offender registry laws when the plaintiff fails to articulate a right that falls within the types of substantive due process rights the Supreme Court has already recognized. *See Doe v. Cuomo*,[75] (New York's Sex Offender Registration Act does not implicate the fundamental right to privacy); *Does v. Munoz*,[76] (plaintiffs have no fundamental right to privacy regarding expunged sex offense convictions); *Doe v. Mich.*

---

[71] *Reno v. Flores*, 507 U.S. 292, 302 (1993).
[72] *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997).
[73] *Id*. at 720.
[74] *Id.*
[75] 755 F.3d 105, 114 (2nd Cir. 2014).
[76] 507 F.3d 961, 964-65 (6th Cir. 2007).

*Dep't of State Police*,[77] (rejecting sex offenders' fundamental rights arguments based on right to privacy and interests in nondisclosure of private information); *Doe v. Moore*,[78] (rejecting allegations that Florida's Sex Offender Act violated plaintiffs' "rights to family association, to be free of threats to their persons and members of their immediate families, to be free of interference with their religious practices, to find and/or keep any housing, and to a fundamental right to find and/or keep any employment"); *Doe v. Miller*,[79] (Iowa's sex offender residency restrictions do not implicate fundamental right to personal choice in family matters); *Doe v. Tandeske*,[80] (sex offenders do not have a fundamental right to be free from state registration and notification requirements); *Gunderson v. Hvass*,[81] (Minnesota's sex offender registry law does not implicate the fundamental right to the presumption of innocence); *Paul P. v. Verniero*,[82] (effects of sex offender community notification on family relationships does not "fall within the penumbra of constitutional privacy protection"); and *Doe v. Jindal*,[83] (sex offender plaintiffs fail to state a substantive due process claim based on the right to privacy). In order to trigger substantive due process protection, sex offender registration laws must directly or unduly burden the fundamental rights claimed.[84]

Sex offender registration laws have been subject to the rational basis review and almost always upheld as constitutional. *See Doe v. Cuomo*,[85] (upholding New York's Sex Offender Registration Act under rational basis review); *Does v. Munoz*,[86] (upholding Michigan's registration

---

[77] 490 F.3d 491, 500 (6th Cir. 2007).
[78] 410 F.3d 1337, 1343-44 (11th Cir. 2005).
[79] 405 F. 3d 700, 709-10 (8th Cir. 2005).
[80] 361 F.3d 594, 596-97 (9th Cir. 2004).
[81] 339 F.3d 639, 644 (8th Cir. 2003).
[82] 170 F.3d 396, 404-05 (3rd Cir. 1999).
[83] No. 11-388, 2011 WL 3925042, at *10 (E.D. La. Sept. 7, 2011).
[84] *Doe v. Moore*, 410 F.3d 1337, 1342 (11th Cir. 2005).
[85] 755 F.3d 105, 114 (2nd Cir. 2014).
[86] 507 F.3d 961, 964-65 (6th Cir. 2007).

requirement for sex offenders with expunged convictions under rational basis review); *Doe v. Mich. Dep't of State Police*,[87] (upholding Michigan's registration requirement for juvenile sex offenders under rational basis review); *Doe v. Moore*,[88] (upholding Florida's Sex Offender Act under rational basis review); *Doe v. Miller*,[89] (upholding Iowa's sex offender residency restriction under rational basis review); *Doe v. Tandeske*,[90] (upholding Alaska's sex offender registry law under rational basis review); and *Gunderson v. Hvass*,[91] (upholding Minnesota's sex offender registry law under rational basis review). Courts will not overturn government action unless it "is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [government's] actions were irrational."[92]

The findings and purpose of Louisiana Sex Offender and Child Predator Registration Laws are as follows:

> A. The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest. The legislature further finds that local law enforcement officers' efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses and crimes against victims who are minors, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders, sexually violent predators, and child predators who live within the agency's jurisdiction, and the penal and mental health components of our justice system are largely hidden from public view and that lack of information from either may result in failure of both systems to meet this paramount concern of public safety. Restrictive confidentiality and liability laws governing the release of information about sex offenders, sexually violent predators, and child predators have reduced willingness to release information that could be appropriately released under the public disclosure laws, and have increased risks to public safety. Persons found to have committed a sex offense or a crime against a victim who is

---

[87] 490 F.3d 491, 500 (6th Cir. 2007).
[88] 410 F.3d 1337, 1343-44 (11th Cir. 2005).
[89] 405 F. 3d 700, 709-10 (8th Cir. 2005).
[90] 361 F.3d 594, 596-97 (9th Cir. 2004).
[91] 339 F.3d 639, 644 (8th Cir. 2003).
[92] *Kimel v. Fla. Brd. of Regents*, 528 U.S. 62, 84 (2000).

a minor have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Release of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals.

B. Therefore, this state's policy is to assist local law enforcement agencies' efforts to protect their communities by requiring sex offenders, sexually violent predators, and child predators to register with state and local law enforcement agencies and to require the exchange of relevant information about sex offenders, sexually violent predators, and child predators among state, local, and federal public agencies and officials and to authorize the release of necessary and relevant information about sex offenders, sexually violent predators, and child predators to members of the general public as provided in this Chapter.[93]

Here, the only fundamental right Plaintiffs allege Louisiana Sex Offender and Child Predator Registration Laws violate is the right to raise children. However, Louisiana Sex Offender and Child Predator Registration Laws do not directly or unduly burden the right to raise children as that is not the intent of the law and the law does not expressly regulate the raising of children. Since Louisiana Sex Offender and Child Predator Registration Laws do not unreasonably burden a fundamental right, the rational basis review is proper.

Under the rational basis review, Louisiana Sex Offender and Child Predator Registration Laws are constitutional because as stated in La. R.S. 15:540, Louisiana has an interest in protecting the public from sex offenders in the interest of public safety. The public can use the registration to determine where any sex offenders live in their neighborhood, make an individual assessment of risk, and take any precautions appropriate under the circumstances. Additionally, Louisiana Sex Offender and Child Predator Registration Laws are used to aid law enforcement.

---

[93] La. R.S. 15:540.

Therefore, Louisiana Sex Offender and Child Predator Registration Laws are rationally related to a legitimate government interest, and Plaintiffs' fail to state a claim for failure of their substantive due process rights.

For these reasons, Plaintiffs fail to state a plausible claim for due process – irrebuttable presumption under the Fourteenth Amendment to the U.S. Constitution, and the claim should be dismissed with prejudice.

      H. <u>Plaintiffs' Count IV claim for due process – right to reputation under the Fourteenth Amendment to the U.S. Constitution should be dismissed with prejudice for failure to state a claim.</u>

For the reasons argued in subsection G and that the right to reputation is not a fundamental right, Plaintiffs fail to state a plausible claim for due process – right to reputation under the Fourteenth Amendment to the U.S. Constitution, and the claim should be dismissed with prejudice for failure to state a claim.

      I. <u>Plaintiffs' Count V claim for right to trial by jury under the Sixth and Fourteenth Amendments to the U.S. Constitution should be dismissed with prejudice for failure to state a claim.</u>

Plaintiffs argue that registration pursuant to Louisiana Sex Offender and Child Predator Registration Laws is punishment without a right to a trial by jury. However, as argued above, Louisiana Sex Offender and Child Predator Registration Laws are non-punitive. Additionally, as argued above, Louisiana Sex Offender and Child Predator Registration Laws do not violate the Due Process Clause. Therefore, Plaintiffs fail to state a plausible claim for right to trial by jury under the Sixth and Fourteenth Amendments to the U.S. Constitution, and the claim should be dismissed with prejudice for failure to state a claim.

      J. <u>Plaintiffs' Count VI claim for compelling speech under the First Amendment to the U.S. Constitution should be dismissed with prejudice for failure to state a claim.</u>

"A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement. But one does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough."[94]

In *State v. Hill*,[95] the Louisiana Supreme Court held unconstitutional the statutory requirement that persons convicted of sex offenses carry an identification card or license branded with the words "SEX OFFENDER." This ruling occurred on October 20, 2020.

Plaintiffs allege without providing dates that they tried to obtain new identification cards or licenses without the labeling but were denied. However, a rehearing and a stay was filed in this matter, which was not denied until December 9, 2020.[96] Additionally, a petition of certiorari along with a stay was filed with the U.S. Supreme Court, and the stay was not denied until December 30, 2020.[97]

While the stays were pending, new identifications and licenses without the labeling were not being processed. However, once the stay by the U.S. Supreme Court was denied, new identifications and licenses without the labeling began being processed. Therefore, currently, OMV does not brand identification cards or licenses with "SEX OFFENDER" as the statute is currently unenforceable. Since the statute is currently unenforceable, Plaintiffs are in no realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement.

For these reasons, Plaintiffs fail to state a plausible claim for compelling speech under the First Amendment to the U.S. Constitution, and the claim should be dismissed with prejudice for failure to state a claim.

---

[94] *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979).
[95] 2020-0323 (La. 10/1/20).
[96] *State v. Hill*, 2020-00323 (La. 12/9/20).
[97] *Louisiana v. Hill*, 141 S.Ct. 1232 (2020).

K.  Plaintiffs' Count VII claim for chilling free speech under the First Amendment to the U.S. Constitution should be dismissed with prejudice for failure to state a claim.

"A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement. But one does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough."[98]

La. R.S. 14:91.5 states:

A. The following shall constitute unlawful use of a social networking website:
(1) The intentional use of a social networking website by a person who is required to register as a sex offender and who was convicted of R.S. 14:81 (indecent behavior with juveniles), R.S. 14:81.1 (pornography involving juveniles), R.S. 14:81.3 (computer-aided solicitation of a minor), or R.S. 14:283 (video voyeurism) or was convicted of a sex offense as defined in R.S. 15:541 in which the victim of the sex offense was a minor.
(2) The provisions of this Section shall also apply to any person convicted for an offense under the laws of another state, or military, territorial, foreign, tribal, or federal law which is equivalent to the offenses provided for in Paragraph (1) of this Subsection, unless the tribal court or foreign conviction was not obtained with sufficient safeguards for fundamental fairness and due process for the accused as provided by the federal guidelines adopted pursuant to the Adam Walsh Child Protection and Safety Act of 2006.1
B. For purposes of this Section:
(1) "Minor" means a person under the age of eighteen years.
(2)(a) "Social networking website" means an Internet website, the primary purpose of which is facilitating social interaction with other users of the website and has all of the following capabilities:
(i) Allows users to create web pages or profiles about themselves that are available to the general public or to any other users.
(ii) Offers a mechanism for communication among users.
(b) "Social networking website" shall not include any of the following:
(i) An Internet website that provides only one of the following services: photo-sharing, electronic mail, or instant messaging.
(ii) An Internet website the primary purpose of which is the facilitation of commercial transactions involving goods or services between its members or visitors.
(iii) An Internet website the primary purpose of which is the dissemination of news.
(iv) An Internet website of a governmental entity.

---

[98] *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979).

(3) "Use" shall mean to create a profile on a social networking website or to contact or attempt to contact other users of the social networking website.

C. (1) Whoever commits the crime of unlawful use of a social networking website shall, upon a first conviction, be fined not more than ten thousand dollars and shall be imprisoned with hard labor for not more than ten years without benefit of parole, probation, or suspension of sentence.

(2) Whoever commits the crime of unlawful use of a social networking website, upon a second or subsequent conviction, shall be fined not more than twenty thousand dollars and shall be imprisoned with hard labor for not less than five years nor more than twenty years without benefit of parole, probation, or suspension of sentence.

Here, Plaintiffs allege that La. R.S. 14:91.5 applies to them as they challenge the constitutionality of the statute. However, they are incorrect. La. R.S. 14:91.5 specifically applies to registered sex offenders that are convicted of La. R.S. 14:81, La. R.S. 14:81.1, La. R.S. 14:81.3, or La. R.S. 14:283 or was convicted of a sex offense as defined in R.S. 15:541 in which the victim of the sex offense was a minor. Plaintiffs were adjudicated and not convicted. Louisiana statutes make a distinction between conviction and adjudication as shown in La. R.S. 15:544(B)(2)(b), which requires Plaintiffs to register under Louisiana Sex Offender and Child Predator Registration Laws, by stating "[a] juvenile adjudicated for the enumerated offenses in R.S. 15:542(A)(3)." Therefore, Plaintiffs are in no realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement.

For these reasons, Plaintiffs fail to state a plausible claim for chilling speech under the First Amendment to the U.S. Constitution, and the claim should be dismissed with prejudice for failure to state a claim.

> L.  Plaintiffs' Count VIII claim for right to intimate association under the First and Fourteenth Amendments to the U.S. Constitution should be dismissed with prejudice for failure to state a claim.

For the reasons argued in subsection G and that Louisiana Sex Offender and Child Predator Registration Laws do not directly or unduly burden the right to intimate association since it is not the intent of the law and the law does not expressly regulate intimate association, Plaintiffs fail to

state a plausible claim for the right to intimate association under the First and Fourteenth Amendments to the U.S. Constitution, and the claim should be dismissed with prejudice for failure to state a claim.

### III.   **CONCLUSION**

DPSC's *Motion to Dismiss* should be granted as follows:

1. Dismissing with prejudice, due to Eleventh Amendment Immunity, Plaintiffs' claims under §1983 and §1988 against the State of Louisiana, through the Department of Public Safety and Corrections; the State of Louisiana through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police; the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of Motor Vehicles; and the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information;

2. Dismissing with prejudice, for lack of procedural capacity to be sued, Plaintiffs' claims against Louisiana State Police, Louisiana Office of Motor Vehicles, and Louisiana Bureau of Criminal Identification and Information;

3. Dismissing with prejudice, for failure to state a claim, Plaintiffs' §1983 and §1988 claims against the State of Louisiana, through the Department of Public Safety and Corrections; the State of Louisiana through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police; the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of Motor Vehicles; and the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information;

4. Dismissing with prejudice, for failure to state a claim, Plaintiffs' Count I claim for cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution against the State of Louisiana, through the Department of Public Safety and Corrections; the State of Louisiana through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police; the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of Motor Vehicles; and the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information;

5. Dismissing with prejudice, for failure to state a claim, Plaintiffs' Count II claim for ex post facto laws under Article I, Section 10 of the U.S. Constitution against the State of Louisiana, through the Department of Public Safety and Corrections; the State of Louisiana through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police; the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of Motor Vehicles; and the State of Louisiana, through the Department of Public Safety and Corrections, Public

Safety Services, Office of State Police, Bureau of Criminal Identification and Information;

6. Dismissing with prejudice, for failure to state a claim, Plaintiffs' Count III claim for due process – irrebuttable presumption under the Fourteenth Amendment to the U.S. Constitution against the State of Louisiana, through the Department of Public Safety and Corrections; the State of Louisiana through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police; the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of Motor Vehicles; and the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information;

7. Dismissing with prejudice, for failure to state a claim, Plaintiffs' Count IV claim for due process – right to reputation under the Fourteenth Amendment to the U.S. Constitution against the State of Louisiana, through the Department of Public Safety and Corrections; the State of Louisiana through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police; the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of Motor Vehicles; and the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information;

8. Dismissing with prejudice, for failure to state a claim, Plaintiffs' Count V claim for right to trial by jury under the Sixth and Fourteenth Amendments to the U.S. Constitution against the State of Louisiana, through the Department of Public Safety and Corrections; the State of Louisiana through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police; the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of Motor Vehicles; and the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information;

9. Dismissing with prejudice, for failure to state a claim, Plaintiffs' Count VI claim for compelling speech under the First Amendment to the U.S. Constitution against the State of Louisiana, through the Department of Public Safety and Corrections; the State of Louisiana through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police; the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of Motor Vehicles; and the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information;

10. Dismissing with prejudice, for failure to state a claim, Plaintiffs' Count VII claim for chilling free speech under the First Amendment to the U.S. Constitution against the State of Louisiana, through the Department of Public Safety and Corrections; the State of Louisiana through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police; the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of Motor Vehicles; and the State of Louisiana, through the Department of Public Safety and Corrections, Public

Safety Services, Office of State Police, Bureau of Criminal Identification and Information; and

11. Dismissing with prejudice, for failure to state a claim, Plaintiffs' Count VIII claim for right to intimate association under the First and Fourteenth Amendments to the U.S. Constitution against the State of Louisiana, through the Department of Public Safety and Corrections; the State of Louisiana through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police; the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of Motor Vehicles; and the State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information.

RESPECFULLY SUBMITTED:

*s/Jeremiah J. Sams*
JEREMIAH J. SAMS (Bar Roll No. 36274)
Department of Public Safety & Corrections, Public Safety Services
7979 Independence Blvd., Suite 307 (70806)
P.O. Box #66614
Baton Rouge, LA  70896
Telephone: (225) 925-6103
Facsimile: (225) 925-4624
Jeremiah.Sams@la.gov

JONATHAN R. VINING (Bar Roll No. 30781)
DEBRA A. RUTLEDGE (Bar Roll No. 8432)
Department of Public Safety & Corrections, Corrections Services
P.O. Box 94304, Capitol Station
Baton Rouge, LA 70804
Telephone: (225) 342-6728
Facsimile: (225) 342-3278
Jonathan.Vining@la.gov
Debbie.Rutledge@la.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 9th day of November, 2021, the foregoing was filed

electronically with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be

sent to all parties and/or counsel of record who participate in electronic filing by operation of the

court's electronic filing system. Notice will be mailed to any party or counsel of record not

participating in the Court's CM/ECF system by this date depositing same in the United States Mail,

first class postage prepaid, and properly addressed.


       *s/Jeremiah J. Sams*
       Jeremiah J. Sams