UNITED STAES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON NELSON, PARTICK BUSBY, ROBERT RUIZ, BENJAMIN SHERIDAN, SHAWN MOUNCE, JACOB CHIASSON, AND HUNTER CALCIONE, | CIVIL ACTION<br><br>NO. 3:20-cv-00837 – JWD-RLB |

*Plaintiffs*

VERSUS

JEFFREY LANDRY, in his official capacity
as Attorney General of the State of Louisiana,
THE LOUISIANA DEPARTMENT OF
PUBLIC SAFETY & CORRECTIONS, THE
LOUISIANA STATE POLICE, THE
LOUISIANA OFFICE OF MOTOR
VEHICLES; THE LOUISIANA BUREAU
OF CRIMINAL IDENTIFICATION AND
INFORMATION,

*Defendants*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JOINT STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between the Parties hereto, through their respective counsel, subject to approval of the Court, that a Protective Order as set forth hereinafter be entered.

1.

This joint protective order shall govern and be limited to information and documents exchanged by and between the parties to this litigation.

2.

No information or document that is otherwise a public record, public document or public information shall be rendered confidential by reason of this protective order.

1

3.

Nothing in the protective order entered pursuant hereto shall prevent the State, its agencies or the parties from disseminating public records, public documents and public information.

4.

Only the producing party (or non-party from whom documents are obtained in discovery) may mark documents as "confidential." Before filing documents obtained from a non-party into the court record in this proceeding, the parties shall meet and confer to discuss issues of confidentiality.

5.

With respect to any document made confidential by law, rule or regulation, the parties shall be bound by such law, rule or regulation against disclosure. However, the parties shall not be bound to observe or honor confidentiality beyond the contours of the applicable law, rule or regulation including the Federal Rules of Civil Procedure, and may not be held to maintain confidentiality of any document or information except to the extent the law, rule or regulation affords protection. Nothing in this Order shall be construed to expand or enlarge the protection afforded by any such law, rule or regulation.

6.

The Parties anticipate that they will exchange information and produce and use certain documents in the course of this litigation, which may contain confidential information, ("Confidential Information") relating to plaintiffs and/or defendants.

7.

Any party may designate as "Confidential" (by marking the relevant page or pages) any document or response to discovery, which that party considers in good faith to contain information of

a confidential or protected nature and shall upon so designating documents or discovery responses as "Confidential" provide to the other parties, in writing contemporaneously with the designation, the legal basis for making the document or any part thereof protected or confidential. Any dispute as to the designation shall be resolved in accordance with Paragraph 14.

8.

Any party may designate as "confidential", deposition testimony or attachments thereto to be adduced following the entry of this Order, by marking "CONFIDENTIAL," on each page of the document purporting to contain the confidential information, provided the information or documentation contains: (a) information prohibited from disclosure by law, rule or regulation; (b) medical and mental health information concerning any individual including a potential witness; (c) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (d) information regarding any party's criminal history if not otherwise public, including juvenile adjudications to the extent such information is protected against disclosure by law, rule or regulation; (e) information regarding, concerning, or involving minor children; (f) academic records; (g) the identity of victims of plaintiffs' criminal conduct; or (h) other confidential information as designated by either party pursuant to this agreement, subject to Paragraph 14. The designation of material or documents as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this Order. Any dispute as to the designation shall be resolved in accordance with Paragraph 14.

9.

In the case of a deposition transcript, a party claiming that information contained therein is confidential shall advise all other counsel in writing of the specific pages of the deposition to be treated as confidential within fifteen (15) days following receipt of the deposition transcript. The

portions of the deposition testimony or attachments thereto containing confidential information shall be stamped as "CONFIDENTIAL" by the court reporter, and access thereto shall be limited as provided herein including the procedures set out in Paragraph 14 should any other party object.

10.

Any other party may object to the designation of information or documents as "Confidential," either in writing or on the record. Upon such objection, the parties shall follow the procedures set out in Paragraph 14. After any designation made according to the procedure set out in the paragraphs immediately preceding or following this paragraph, the designated document or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 14.

11.

Except with the prior written of the other parties or upon prior order of the Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person or entity other than:

(a) Counsel for the respective parties to this litigation and counsels' offices;

(b) Employees of such counsel;

(c) Individual plaintiffs or defendants, any representative, officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this case;

(d) Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall sign a commitment to maintain the confidentiality of the document or information before being shown or given any Confidential Information. (See, Attachment A to this Order for the form and substance of the commitment.)

(e) The Court, Court personnel and court reporters; and

(f) Witnesses. A witness shall sign a commitment to maintain Confidential Information and documents before being shown a document. Witnesses shown Confidential Information shall not be allowed to retain copies. (See, Attachment A to this Order for the form and substance of the commitment.)

12.

Any person or entity receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

13.

Nothing contained in this Order will prevent the use of documents covered by this Protective Order at any motion, deposition, trial, hearing or written or oral presentation to or filing with the Court during the above-captioned proceeding, provided that the information disclosed in any such proceeding shall be treated by counsel receiving such documents as confidential pursuant to the provisions of this Order and that the information disclosed is in compliance with the Local Rules of the United States District Court for the Middle District of Louisiana, particularly Local Rule 5.2. If a party seeks to file documents containing Confidential Information with the Court, then the filing party shall label the material "Confidential – Subject to Court Order" and shall file the documents under seal. Nothing contained herein shall be construed as a waiver of any objection, which might be raised as to the admissibility of any material.

14.

A party may object to the designation of any document, information, transcript or any part thereof as Confidential. The objecting party shall have 30 days from the date of disclosure to give written notice of their objection and the reason for their objection to the party who so designated

5

the material.  When a party objects to the designation of a document as "Confidential", the parties shall in good faith confer or attempt to confer with the designating person in an effort to resolve the dispute without court action.  If the parties are not able to resolve the dispute, the objecting party may challenge the objection of confidentiality by motion, which must be filed within thirty (30) days after the parties confer.  If no motion is filed within thirty (30) days after the parties confer, the challenge to the objection of confidentiality is waived.  Until the issue is determined or the designation withdrawn, the designated material shall be treated as confidential.

15.

This Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce or modify this Order.

So ordered this _____ day of _____ 2021, at Baton Rouge, Louisiana.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STAES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON NELSON, PARTICK BUSBY, ROBERT RUIZ, BENJAMIN SHERIDAN, SHAWN MOUNCE, JACOB CHIASSON, AND HUNTER CALCIONE, | CIVIL ACTION<br><br>NO. 3:20-cv-00837 – JWD-RLB |

*Plaintiffs*

VERSUS

JEFFREY LANDRY, in his official capacity as Attorney General of the State of Louisiana, THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, THE LOUISIANA STATE POLICE, THE LOUISIANA OFFICE OF MOTOR VEHICLES; THE LOUISIANA BUREAU OF CRIMINAL IDENTIFICATION AND INFORMATION,

*Defendants*

******************************************************************************

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, have been retained by _____, counsel for _____, to serve as a testifying and/or consulting expert and/or witness in the above-captioned case. I have reviewed the Protective Order entered in this case and specifically noted the provisions regarding the access to confidential information by expert and lay witnesses, and I agree that I am bound by and that I will abide by the terms of the Protective Order as I understand it.

This _____ day of _____, 20\_\_\_\_.

**EXHIBIT 1**