UNITED SATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA


AARON NELSON, ET AL,                         CIVIL ACTION

             *Plaintiffs*          NO. 3:20-cv-00837 – JWD-RLB


VERSUS

JEFFREY LANDRY, in his official capacity as
Attorney General of the State of Louisiana,
ET AL.

          *Defendants*

**************************************************************************

<u>LOUISIANA ATTORNEY GENERAL'S ANSWER AND DEFENSES
TO PLAINTIFFS' SECOND AMENDED COMPLAINT</u>

NOW INTO COURT, through undersigned counsel, Jeff Landry, in his official capacity as Attorney General for the State of Louisiana, (Attorney General), who denies each and every allegation contained in Plaintiffs' Second Amended Complaint, express or implied, to the except as expressly  admitted  herein, including any statements contained in footnotes, to the extent the footnotes and extraneous references may be deemed to be an allegation permitted under FRCP 8.  Additionally, each response to a numbered paragraph herein, shall equally apply to any and all applicable footnote(s) and/or case cites and/or random articles.  The Attorney General more particularly responds as follows:

<u>DEFENSES</u>

<u>Incorporation of All Applicable Defenses</u>

1

The Attorney General asserts all applicable defenses pled and/or to be pled by any and all other defendants to this action, and hereby incorporates the same herein by reference as if copied in extensor and attached hereto.

<u>Lack of Jurisdiction</u>

The Attorney General asserts that this Court lacks jurisdiction, to the extent *Younger* abstention mitigates against the exercise of jurisdiction, over some or all of the Plaintiffs' claims.

<u>Lack of Standing</u>

Plaintiffs' Second Amended Complaint, and each alleged claim and/or form of recovery contained therein, is barred to the extent that the Plaintiffs lacks standing to assert any of the claims and/or forms of recovery contained in the Second Amended Complaint because the Plaintiffs are not subject to the Louisiana Sex Offender Registration statutes (LSOR, at times hereinafter), La. R.S. 15:540, *et seq*., by operation of the relevant statutes.

<u>Failure to State a Claim Upon Which Relief Can be Granted</u>

The Attorney General asserts that the Plaintiffs' claims should be dismissed in that plaintiff does not allege facts that could result in a determination that this Defendant violated Article I, Section 10 or the First, Fourth, Sixth, Eighth, or Fourteenth Amendments of the Constitution of the United States.

<u>Consent and/or Estoppel</u>

By entering into a plea agreement and understanding the consequences of the plea, the Second Amended Complaint and each claim asserted therein are barred, as to some or all of the Plaintiffs, because at all relevant times Plaintiffs, expressly or impliedly, assented to or

concurred with the sex offender registration requirements for juvenile delinquent sex offenders and must be estopped from asserting any of the claims in the Second Amended Complaint against this Defendant.

## Sovereign Immunity

The Attorney General asserts that Plaintiffs' claims for damages are barred by the Eleventh Amendment of the Constitution of the United States.

## Res Judicata

The Attorney General asserts that some or all of the Plaintiffs' claims are barred by the doctrine of Res Judicata.

## Prescription

The Second Amended Complaint as a whole, and each claim alleged and remedy sought therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to Louisiana Civil Code art. 2315.

## Federal Preemption

Plaintiffs' Amended Complaint, and each claim contained therein, is barred to the extent that Plaintiffs' claims are preempted by federal law, which mandates the adoption of sex offender registration laws.

## Laches

Plaintiffs are barred from proceeding with this action to the extent that Plaintiffs, one or all, are guilty of laches by failing to timely commence this action, which has prejudiced Defendant's ability to discover witnesses, testimony, facts, and evidence to support Defendant's defenses.

<u>Good Faith</u>

All actions taken by the Attorney General with respect to the Plaintiffs, at all times relevant to this action, were taken in good faith for legitimate non-discriminatory reasons.

<u>Failure to Join a Required Party</u>

The Attorney General asserts that an initial appraisal of the facts indicates that required parties are absent. Plaintiffs have failed to join all of the parties whose presence in this lawsuit is required for the fair and complete resolution of the instant matter, including but not limited to by way of example, judges presiding over prior proceedings involving the Plaintiffs, prosecutors involved in prosecutions or plea arrangements relating to sex offender registration, parish sheriffs, counsel involved in the representation of these Plaintiffs in prior criminal proceedings or juvenile adjudications and/or others involved in proceedings that resulted in the Plaintiffs obligations relative to sex offender registration.

<u>ANSWER</u>

In further answering, the Attorney General responds to the particular allegations, averments and claims set out in the Second Amended Complaint as follows:

<u>INTRODUCTION</u>

1.

The allegations contained in Paragraph 1 are denied.

2.

The allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

3.

The allegations contained in Paragraph 3, are denied, in part, and the remainder denied for lack of sufficient information to justify a belief therein or form a response thereto.

4.

The allegations contained in Paragraph 4 are denied, in part, and the remainder denied for lack of sufficient information to justify a belief therein or form a response thereto. Further, the text of the cited case is the best evidence of its content.

5.

The allegations contained in Paragraph 5, which are legal conclusions that do not require a response, but are denied for lack of sufficient information to justify a belief therein or form a response thereto in an abundance of caution. Further, to the extent citation to a reported case is permissible and appropriate under FRCP 8, the text of the cited case is the best evidence of its content.

6.

The allegations contained in Paragraph 6, which are legal conclusions that do not require a response, are nonetheless denied for lack of sufficient information to justify a belief therein or form a response thereto in an abundance of caution.

7.

The allegations contained in Paragraph 7, alleging that the Louisiana Sex Offender Registration laws violate the constitutional rights of juvenile delinquent sex offenders, constitutes legal conclusions that require no response but are denied in an abundance of caution.

JURISDICTION AND VENUE

5

8.

The allegations contained in Paragraph 8 are denied as some or all of Plaintiffs claims are not actionable pursuant to 42 U.S.C. §1983.

9.

The allegations contained in Paragraph 9 are denied as some or all of Plaintiffs claims are not properly before this Court.

10.

The allegations contained in Paragraph 10 are denied as some or all of Plaintiffs claims are not properly before this Court.

<u>PARTIES</u>

I.    Plaintiffs

11 - 17.

The allegations contained in Paragraphs 11-17 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

II.    Defendants

18.

Defendant Jeff Landry admits that in his official capacity, he is the Attorney General for the State of Louisiana and the Attorney General's domicile is in Baton Rouge, Louisiana. Defendant Jeff Landry, in his official capacity, also admits that the Attorney General for the State of Louisiana is the chief legal officer for the State of Louisiana.  The remaining allegations contained in Paragraph 18 are denied.  The text of the cited statutes and constitutional

6

provisions are the best evidence of the content therein to the extent they are relevant and appropriate under FRCP 8.

19 - 26.

The allegations contained in Paragraphs 19-26 are denied for lack of knowledge or information sufficient to form a belief about the truth of the allegations concerning other defendants.

FACTUAL ALLEGATIONS

I.      Louisiana's Sex Offender Registration and Notification Scheme

27.

The Attorney General denies that LSOR (Louisiana Sex Offender Registration) constitutes punishment.  The remaining allegations contained in Paragraph 27, including those contained in footnotes, to the extent the footnotes are relevant to the Second Amended Complaint, are denied and the Attorney General refers the Court to the referenced statutes and orders of the Court, which speak for themselves.

28.

The allegations of Paragraph 28 of the Complaint are denied or denied for lack of sufficient information to justify a belief therein or form a response thereto.

A.      Registration Requirements

29.

The allegations contained in Paragraph 29 attempt to summarize the operation of a statute, which requires no response, but are denied in an abundance of caution, and the Attorney General refers the Court to the referenced statutes, which speak for themselves.

30.

The allegations contained in Paragraph 30 attempt to summarize the operation of a statute, which requires no response, but are denied in an abundance of caution, and the Attorney General refers the Court to the referenced statutes, which speak for themselves.

31.

The allegations contained in Paragraph 31 attempt to summarize the operation of a statute, which requires no response, but are denied or denied for lack of sufficient information in an abundance of caution, and the Attorney General refers the Court to the referenced statutes, which speak for themselves.

32.

The allegations contained in Paragraph 32 attempt to summarize the operation of a statute, which requires no response, but the allegations are denied or denied for lack of sufficient information in an abundance of caution, and the Attorney General refers the Court to the referenced statutes, which speak for themselves.

33.

The allegations contained in Paragraph 33 attempt to summarize the operation of a statute, in part, which requires no response, and the Attorney General refers the Court to the referenced statutes, which speak for themselves.  To the extent factual allegations are deemed to be contained in this paragraph, the allegations are denied or denied for lack of sufficient information in an abundance of caution.  Further answering, the Attorney General submits that registered sex offenders are assessed a $60 registration fee "to defray the costs of maintaining the offender's record".  The payment of the fee shall be made according to the rules of indigency

adopted by the judges of the judicial district court in the relevant jurisdiction and/or as determined by criteria established by the Department of Public Safety and Corrections. To the extent Plaintiffs challenge decisions, standards and fees imposed by non-defendants, the Attorney General submits that Plaintiff has neglected to name and join parties required for a complete adjudication of the claims asserted and has failed to exercise the benefits and rights of the provisions of La. R.S. 15:542(F), 542.1.3, and 544.1 and other applicable laws, including but not limited to the parish Sheriffs' offices that collect the fee.

34.

The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations contained in Paragraph 35 attempt to summarize the operation of a statute in part, which requires no response, and the Attorney General refers the Court to the referenced statutes, which speak for themselves.  To the extent factual allegations are deemed to be contained in this paragraph, the allegations are denied or denied for lack of sufficient information in an abundance of caution.

i.    Who Is Required to Register

36.

The Attorney General admits that LSOR sets forth those offenses requiring registration thereunder.  The remaining allegations contained in Paragraph 36 are denied.

37.

The allegations contained in Paragraph 37 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

  ii. Duration of Registration

38.

The allegations contained in Paragraph 38 attempt to summarize the operation of statutes which requires no response, and the Attorney General refers the Court to the referenced statutes, which speak for themselves.

39.

The allegations contained in Paragraph 39 attempt to summarize the operation of statutes which requires no response, and the Attorney General refers the Court to the referenced statutes, which speak for themselves.

40.

The allegations contained in Paragraphs 40 attempt to summarize the operation of statutes which requires no response, and the Attorney General refers the Court to the referenced statutes, which speak for themselves.

41.

The allegations contained in Paragraph 41 attempt to summarize the operation of statutes, which requires no response, and the Attorney General refers the Court to the referenced statutes, which speak for themselves.  To the extent factual allegations are deemed to be contained in this paragraph, the allegations are denied or denied for lack of sufficient information in an abundance of caution.

  iii. Penalties for Failure to Register

42.

The allegations contained in Paragraph 42 relating to courts in distant climes rendered some years ago are best determined by resort to the written opinions of those courts to the extent they have some relevance to the present suit.  However, to the extent this paragraph of the Second Amended Complaint may be deemed to contain allegations of fact, the allegations are denied for lack of sufficient information to justify a belief therein or form a response thereto.

43 - 46.

Paragraphs 43-46 contain general statement of the pleaders' understanding of the law and require no response but are denied in an abundance of caution.  The text of the referenced statutes is the best evidence of their contents.

47.

The allegations contained in Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations contained in Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

49.

The allegations contained in Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

B.    SORNA's Requirements and Restrictions Have Lifelong Detrimental Effects on the Lives of People Who Committed Sex Offenses as Children.

50.

The allegations contained in Paragraph 50 are denied to the extent the allegations are deemed to pertain to LSOR.

      i.     Social Media Use

51. – 56.

The allegations contained in Paragraphs 51-56, to the extent they allege that the statutes comprising LSOR include La. R.S. 14:81 and 14:91.5, are denied.  The Attorney General also denies that neither LSOR nor La. R.S. 14:81 and 14:91.5 prohibit registered juvenile delinquent sex offenders from using social media networking websites, engaging in political speech, using internet websites of a governmental entity, using an internet website that has a primary purpose of the dissemination of news, or an internet website that has as its primary purpose the facilitation of commercial transactions involving goods or services between its members or visitors.

Further answering, the Attorney General represents that La. R.S. 15:542.1(C) exempts juvenile delinquent sex offenders from the notification requirements found in La. R.S. 15:542.1(D), which specifically relate to indicating on the profile of the offender's *networking website* profile that the offender is a *sex offender* or *child predator* (including information regarding the predicate crime), provided the offender is not otherwise prohibited from using a *networking website*.  The Attorney General also refers the Court to La. R.S. 15:542.1(C)-(D).  All other allegations contained in Paragraphs 51-56 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

57 – 62.

The allegations contained in Paragraphs 57-62 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

   ii.  Identification Cards and Driver's Licenses

### 63 - 65.

The allegations contained in Paragraphs 63-65 are denied.

### 66.

The allegations of Paragraph 66 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

### 67.

The allegations of Paragraph 67 are denied or denied for lack of sufficient information to justify a belief therein or form a response thereto.

   iii.  Presence and Residency Restrictions

### 64 - 71.

The allegations contained in Paragraphs 64-71, to the extent they allege that the LSOR includes the residency requirements as alleged therein, are denied and the Attorney General refers the Court to the text of the statute as the best evidence of its content.

### 72 - 84.

The allegations contained in Paragraphs 72-84 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

   iv.  Employment Restrictions

### 85.

The allegations contained in Paragraph 85 attempt to summarize the operation of statutes, which requires no response, and the Attorney General refers the Court to the referenced statutes, which speak for themselves.  To the extent factual allegations are deemed to be contained in this paragraph, the allegations are denied or denied for lack of sufficient information in an abundance of caution.

86.

The allegations of Paragraph 86 is denied and denied for lack of sufficient information to justify a belief therein or form a response thereto.

87.

The allegations of Paragraph 87 are denied to the extent they are deemed to pertain to the LSOR.

88.

The allegations of Paragraph 88 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

89.

The allegations of Paragraph 89 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

90 - 93.

The allegations of Paragraphs 90-93 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

v.    Supervised Release

94.

The allegations contained in Paragraph 94 are denied.  Further answering, the Attorney General represents that La. R.S. 15:561.5(2) is not a part of the LSOR regime, and the text of the referenced statute is the best evidence of its contents.

95 - 99.

The allegations contained Paragraphs 95-99 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

vi.      Other Effects

100.

The allegations contained in Paragraph 100 are denied to the extent the allegations are deemed to pertain to the LSOR.

101.

The allegations contained in Paragraph 101 are denied.  The text of the referenced cases from other jurisdiction presumably based upon the laws of those other states is the best evidence of their contents.

102 - 113.

The allegations contained Paragraphs 102-113 are denied for lack of sufficient information to justify a belief therein or form a response thereto.

II.    Children are Developmentally and Constitutionally Different from Adults

114 – 121.

The allegations contained Paragraphs 114-121 are denied.  The text of the referenced cases pertaining to punishment and sentences, to the extent it might have some relevance to the LSOR is the best evidence of their contents.

III.   SONRA Undermines the Sole Purpose of the Juvenile Justice System.

122.

The allegations contained in Paragraph 122 are denied to the extent they may be deemed to pertain to LSOR.

A.   Louisiana's Juvenile Justice System Is Meant to be Rehabilitative, Not Punitive.

123 – 125.

The allegations contained in Paragraphs 123-125 are denied.  The text of the referenced cases and statutes are the best evidence of their contents.

B.   Subjecting Children to SONRA Requirements is Punitive, not Rehabilitative.

126 – 138.

The allegations contained in Paragraphs 126-138 are denied to the extent the allegations are deemed to pertain to LSOR, whose provisions are a non-punitive civil scheme of laws.  The text of the referenced cases and statutes are the best evidence of their contents.

CLAIMS FOR RELIEF

COUNT I:
Cruel and Unusual Punishment
Eight Amendment to the United States Constitution

139.

16

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

140 – 145.

The allegations contained in Paragraphs 140-145 are denied to the extent the allegations are deemed to pertain to LSOR, whose provisions are a non-punitive civil scheme of laws.  The text of the referenced cases and statutes are the best evidence of their contents.

COUNT II:
Ex Post Facto Laws
Article I, Section 10 if the United States Constitution

146.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

147 - 151.

The allegations contained Paragraph 147-151 are denied to the extent the allegations are deemed to pertain to the LSOR, which is a non-punitive civil scheme of laws.

COUNT III:
Due Process – Irrebuttable Presumption
Fourteenth Amendment to the United States Constitution

152.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

153 – 161.

The allegations contained Paragraph 147-151 are denied to the extent the allegations are deemed to pertain to the LSOR, which is a non-punitive civil scheme of laws.  The text of the referenced cases and constitution provisions are the best evidence of their contents.

COUNT IV:
Due Process – Right to Reputation
Fourteenth Amendment to the United States Constitution

162.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

163 – 170.

The allegations contained in Paragraphs 163-170 are denied to the extent the allegations are deemed to pertain to the LSOR, which is a non-punitive civil scheme of laws.  The text of the referenced cases and constitutional provisions are the best evidence of their contents.

COUNT V:
Right to Trial by Jury
Sixth and Fourteenth Amendments to the United States Constitution

171.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

172 – 177.

The allegations contained in Paragraphs 172-177 are denied to the extent the allegations are deemed to pertain to the LSOR, which is a non-punitive civil scheme of laws.  The text of the referenced cases and constitutional provisions are the best evidence of their contents.

COUNT VI:

Compelling Speech
First Amendment to the United States Constitution

178.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

179 – 185.

The allegations contained in Paragraphs 179-185 are denied to the extent the allegations are deemed to pertain to the LSOR, which is a non-punitive civil scheme of laws. Insofar as Paragraphs 179-185 contain any allegations of fact, the allegations are denied for lack of information to justify a belief therein or form a response thereto.  The text of the referenced cases and constitutional provisions are the best evidence of their contents.

COUNT VII:
Chilling Free Speech
First Amendment to the United States Constitution

186.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

187 – 189.

The allegations contained in Paragraphs 187-189 are denied to the extent the allegations are deemed to pertain to the LSOR, which is a non-punitive civil scheme of laws. Insofar as Paragraphs 187-189 contain any allegations of fact, the allegations are denied for lack of information to justify a belief therein or form a response thereto.  The text of the referenced cases and constitutional provisions are the best evidence of their contents.

COUNT VIII:
Right to Intimate Association
First and Fourteenth Amendments to the United States Constitution

190.

To the extent Plaintiffs repeat and re-allege all prior paragraphs as if fully set forth in this count, the Attorney General reiterates all prior responses.

191 – 193.

The allegations contained in Paragraphs 191-193 are denied to the extent the allegations are deemed to pertain to the LSOR, which is a non-punitive civil scheme of laws. Insofar as Paragraphs 191-193 contain any allegations of fact, the allegations are denied for lack of information to justify a belief therein or form a response thereto. The text of the referenced cases and constitutional provisions are the best evidence of their contents.

PRAYER FOR RELIEF

The allegations contained in Plaintiffs' Prayer for Relief, to the extent a lack of an adequate legal remedy and irreparable injury are alleged, are denied. All other allegations contained in Plaintiffs' prayer for relief are denied.

And now further pleading defenses in answer to the Plaintiffs' Complaint, the Attorney General submits the following:

1.

To the extent the Attorney General has not sufficiently answered the allegations constituting the Plaintiffs' arguments that LSOR is unconstitutional, as applied to juvenile delinquent sex offenders, those allegations are denied.

2.

Plaintiffs are not entitled to injunctive relief because none of the plaintiffs can establish that he will suffer an irreparable injury nor are any of the Plaintiffs likely to succeed on the merits.

3.

Additional defenses have not been alleged herein due to the unavailability of all facts, after reasonable inquiry, necessary to determine what additional defenses may be available; the Attorney General, therefore, expressly reserves the right to amend this Answer to Second Amended Complaint to assert additional defenses, as further investigation and discovery shall warrant.

4.

The Attorney General will submit additional memoranda in support of the constitutionality of La. R.S. 15:540 *et seq.* when directed by this Honorable Court.

5.

The footnoted material in the Answer to Second Amended Complaint does not conform to the pleading requirements of FRCP 8, and the citations to extraneous opinions, journal articles and the like contained therein have no place in the pleadings and should be stricken.

WHEREFORE, Defendant Jeff Landry, in his official capacity as Attorney General for the State of Louisiana, prays that the Attorney General's Answer to Plaintiffs' Second Amended Complaint and Affirmative Defenses be deemed good and sufficient, and after due proceedings that the demands of the Plaintiff be dismissed with prejudice, at Plaintiffs' cost.

21

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:     /s/ *Carey T. Jones*
Carey T. Jones (#07474)
David Jeddie Smith, Jr. (#27089)
Assistant Attorneys General
Louisiana Department of Justice
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6060
Facsimile: (225) 326-6098
Email: JonesCar@ag.louisiana.gov
        smithda@ag.louisiana.gov

*Attorneys for Defendant, Jeff Landry, in his*
*official Capacity*

CERTIFICATE OF SERVICE

I do hereby certify that, on this 4th day of August, the foregoing was filed electronically

with the Clerk of Court using the CM/ECF system which gives notice of filing to all counsel of

record.

        /s/ *Carey T. Jones*
Carey T. Jones (#07474)