UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NELSON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LANDRY, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:20-cv-00837-JWD-RLB |

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER OR, ALTERNATIVELY, MOTION TO QUASH SUBPEONAS

COME NOW, Plaintiffs, by and through undersigned counsel, and pursuant to Rules 26, 37, and 45 of the Federal Rules of Civil Procedure, submits this memorandum in support of their motion for a protective order regarding twelve subpoenas issued by Defendants to: the Sheriff of Madison Parish, the Sheriff of Jefferson Parish, the Sheriff of Avoyelles Parish, the Sheriff of St. Tammany Parish, the Sheriff of Lafourche Parish, the Superintendent of the New Orleans Police Department,[1] the Madison Parish District Attorney, the Avoyelles Parish District Attorney, the Jefferson Parish District Attorney, St. Tammany Parish District Attorney, the Lafourche Parish District Attorney, and the Orleans Parish District Attorney.[2] Alternatively, Plaintiffs request that this court quash the subpoenas because Plaintiffs have a personal and private interest associated with the records requested by the subpoenas.

---

[1] Ex. 1, Subpoenas directed to the Sheriff of Madison Parish, the Sheriff of Jefferson Parish, the Sheriff of Avoyelles Parish, the Sheriff of St. Tammany Parish, the Sheriff of Lafourche Parish, and the Superintendent of the New Orleans Police Department.

[2] Ex. 2, Subpoenas directed to the Madison Parish District Attorney, the Avoyelles Parish District Attorney, the Jefferson Parish District Attorney, the St. Tammany Parish District Attorney, the Lafourche Parish District Attorney, and the Orleans Parish District Attorney.

## I.  INTRODUCTION AND BACKGROUND

Plaintiffs are six individuals who were adjudicated delinquent in Louisiana juvenile court of sex offenses committed when they were children; all were between the ages of 13 and 16 when their crimes occurred, and none was transferred to adult court. Because of these adjudications for crimes that occurred when Plaintiffs were children, and despite Plaintiffs' having completed their custodial sentences, all Plaintiffs remain subject to Louisiana's Sex Offender Registration Laws ("SORNA") for their entire lives. As SORNA registrants, Plaintiffs suffer severe economic, social, familial, and reputational harm. Plaintiffs filed this lawsuit to seek injunctive and declaratory relief against the application of SORNA to them. Importantly, Plaintiffs do not contest the underlying validity of their adjudications.

In order to draw attention away from the claims related to the unconstitutionality of Louisiana's SORNA requirements for juveniles, Defendants are issuing broad subpoenas, apparently hoping to uncover embarrassing or unflattering facts about the Plaintiffs' backgrounds. On September 9, 2022, Defendants issued twelve subpoenas to various District Attorneys, Sheriffs' offices, and the New Orleans Police Department.

Defendants' subpoenas are untimely. This Court's order dated August 16, 2022, ECF No. 87, granted Plaintiffs' request to extend the deadline for filing all discovery motions and completing all discovery except experts until **September 15, 2022**, without extending any other deadlines. *Id.* Plaintiffs requested only a brief 30-day extension to a single deadline at Defendants' request,[3] as Plaintiffs were prepared to depose the Office of Motor Vehicles' 30(b)(6) designee before the August

---

[3] *See* Ex. 3, Email Exchange August 11, 2022.

15, 2022, fact discovery deadline.[4] When counsel for Defendants relayed that their designee would not be prepared in time to be deposed prior to the August 15 deadline, Plaintiffs were amenable to filing a brief extension to allow for that single deposition to proceed.[5] Plaintiffs explicitly did not seek an extension of any other deadlines. ECF No. 80, at 4. Plaintiffs understand that Defendants intend to file a motion to extend the discovery deadlines[6] as the return date for the twelve subpoenas they issued on September 9 is September 19,[7] four days after the close of discovery, and just two weeks before Plaintiffs' October 3, 2022 deadline to produce expert reports that Plaintiffs are working diligently to meet. ECF No. 71.[8]

After concluding fact depositions, Plaintiffs' counsel reached out to counsel for the Attorney General on August 29, 2022, via phone to inquire about two plaintiffs who were adjudicated delinquent before January 1, 2008, and per the Attorney General's 30(b)(6) designee's testimony, should therefore not be subject to the registration requirements.[9] Defendants' counsel raised the issues of preparing Rule 45 subpoenas for the first time via email on August 30, 2022, indicating that they would send the two subpoenas for Plaintiffs' review the following day, but failing to mention that they also intended to issue subpoenas for records of the other four plaintiffs.[10] At that juncture, it was Plaintiffs' counsel's understanding from Defendants' counsel's representations that these subpoenas were only to obtain further information on plea agreements the two Plaintiffs entered into to ensure that they had not agreed to lifetime registration on the Sex Offender Registry as part of a plea

---

[4] *See.* Ex. 3, Email from Samantha Bosalavage, August 5, 2022.
[5] *See* Ex. 3, Email Exchange August 11, 2022.
[6] *See.* Ex. 4, Email from Carey Jones, September 7, 2022
[7] *See e.g.*, Ex. 1, at 3 (listing the date and time of compliance as 9/19/2022 5:00pm).
[8] Plaintiffs intend to oppose Defendants' motion for an extension as they have not demonstrated good cause. Defendants have had ample time to file theses subpoenas during the discovery period.
[9] *See* Ex. 5, Email from Samantha Bosalavage, August 29, 2022 (memorializing earlier phone conversation).
[10] *See* Ex. 5, Email from Carey Jones, August 30, 2022.

agreement. When Plaintiffs' counsel did not hear from Defendants the following day, Plaintiffs' counsel called Defendants' counsel on September 1, 2022, to inquire about the subpoenas and left a voicemail to that effect. On September 2, 2022, Plaintiffs received the attached subpoenas and learned for the first time that Defendants would be issuing them for *all* plaintiffs, that they would be seeking ten different record requests for each plaintiff, and that they would also be filing motions in the juvenile court to obtain additional records.[11]

The subpoenas to the District Attorneys, Sheriffs, and New Orleans Police Department Superintendent all request the following information:

> Any and all records pertaining to [Plaintiff] that are in your possession or under your custody and control identified in the following 10 items:
>
> 1. Police or investigating officer's arrest report relating to any crime for which [Plaintiff] was arrested from 2000 to the present.
>
> 2. All narrative reports relating to any crime for which [Plaintiff] was arrested or charged from 2000 to the present.
>
> 3. All affidavits, information, indictment or delinquency petitions charging [Plaintiff] with a criminal offense from 2000 to the present.
>
> 4. All informal adjustment agreements entered by or on behalf of [Plaintiff] from 2000 to the present.
>
> 5. All plea agreements entered and signed by or on behalf of [Plaintiff] from 2000 to the present.

---

[11] *See* Ex. 4, Email from Carey Jones, September 2, 2022; As Plaintiffs explained to Defendants, Plaintiffs do not oppose the subpoena for Plaintiffs Jacob Paul Chiasson's and Shawn Mounce's records to the extent that they seek information about the plea agreement each plaintiffs made for their underlying adjudication. *Id.* at Email from Samantha Bosalavage, September 6, 2022.

6. Court minutes for all juvenile adjudications or adult prosecution involving [Plaintiff] from 2000 to the present.

7. All juvenile adjudication or adult conviction transcripts of proceedings for any adjudication or trial involving [Plaintiff] from 2000 to the present.

8. Records of any pre-trial diversion program involving [Plaintiff] from 2000 to the present.

9. Correspondence concerning [Plaintiff] from 2000 to the present.

10. Appellate briefs related to an appeal of any juvenile adjudication or adult conviction concerning [Plaintiff] from 2000 to the present.

*See, e.g.*, Ex. 1, at 6, 13, 20, 27, 34, 41. The information sought with these subpoenas is untimely, irrelevant, and disproportionate to the case.

Plaintiffs request that this Court issue a protective order against Defendants' subpoenas or, in the alternative, quash the subpoenas, because the subpoenas are untimely, overbroad, disproportionate to the needs of the case, and in violation of Louisiana Children's Code Article 412. It is clear that Defendants are merely grasping for information to discredit or embarrass Plaintiffs—and they have already had ample opportunity to gather such information through written discovery and through depositions.

## II. LEGAL STANDARD

In order to challenge a subpoena issued to a third party, courts have required parties to show "a personal right or privilege in respect to the subject matter of the subpoena or a sufficient interest in it." *Kiger v. Plaisance Dragline*, No. CIV A 04-3153, 2006 U.S. Dist. LEXIS 80756, 2006 WL 3228289, at *1 (E.D. La. Nov. 2, 2006); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Cruz v. Fulton*, No. CV 14-2015, 2016 U.S. Dist. LEXIS 133246, 2016 WL 5404634, at *2 (E.D. La. Sept. 28, 2016) (extending *Brown* to subpoena's issued under Federal Rule of Civil Procedure 45).

5

For example, a party has standing to challenge a subpoena seeking his financial and medical information because a party "has sufficient personal right and interest" in his financial and medical information. *Mims v. B&J Martin, Inc.*, No. CV 17-07324, 2018 U.S. Dist. LEXIS 29852, 2018 WL 1064411, at *2 (E.D. La. Feb. 25, 2018). Other courts have held that an employee has a personal right to his personnel files, and therefore has standing to challenge a subpoena for his personnel files. *Garcia v. Prof'l Contract Servs.*, 2017 U.S. Dist. LEXIS 5931, *2-3, 2017 WL 187577 (citing *Brown v. Mountainview Cutters, LLC*, No. 7:15-CV-00204, 2016 U.S. Dist. LEXIS 70090, 2016 WL 3045349, *2 (W.D. Va. May 27, 2016) (holding that an employee has a personal right in his employment records); *Rice v. Reliastar Life Ins. Co.*, No. 11-44, 2011 U.S. Dist. LEXIS 130302, 2011 WL 5513181, *1 (M.D. La. Nov. 10, 2011) (same).

Rule 26(c) provides that the Court "may, for good cause," protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by issuing an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. Proc. 26(c)(1)(D). Courts have held that a party "has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218-19 (M.D. La. 2016); *see also Brown v. Mountainview Cutters, LLC*, 2016 U.S. Dist. LEXIS 70090, *6 (W.D. Va. May 27, 2016) ("[E]ven if the court could find that Brown did not have standing to move to quash the subpoenas under Rule 45 of the Federal Rules of Civil Procedure, she would still have standing under Rule 26 to challenge the subpoenas as irrelevant and overbroad.").

While the subpoena rules do not explicitly mention relevance, the undue burden analysis is tied to a relevance inquiry. *Thomas v. Edison Chouest Offshore, LLC*, 2017 U.S. Dist. LEXIS 21076, *6-7 (E.D. La. Feb. 15, 2017). The Fifth Circuit, for example, instructs, "To determine whether the

6

subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Thomas*, 2017 U.S. Dist. LEXIS 21076, *6-7 (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 18 (5th Cir. 2004)).

Moving for a protective order and quashing a subpoena, when it comes to information in the possession of third parties, seem to become one in the same. *Cf. Garcia v. Prof'l Contract Servs., Inc.*, No. A-15-CV-585-LY, 2017 U.S. Dist. LEXIS 5931, 2017 WL 187577, *1 (W.D. Tex. Jan. 17, 2017); *cf. Total Rx Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 594 (N.D. Tex. 2017) ("A party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Federal Rule of Civil Procedure 45(d)(3) if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." (citing *Ass'n of Am. Physicians & Surgs., Inc. v. Tex. Med. Bd.*, No. 5:07CV191, 2008 U.S. Dist. LEXIS 56496, 2008 WL 2944671, at *1 (E.D. Tex. July 25, 2008))).

### III. ARGUMENT

#### A. Defendants' subpoenas are untimely because the return date is after the discovery deadline.

Defendants' subpoenas are untimely, as the date of compliance is beyond the discovery deadline. *See, e.g.*, *Sandifer v. Hoyt Archery, Inc.*, No. 12-322, 2015 U.S. Dist. LEXIS 70341, 2015 WL 3465923, at *2 (M.D. La. June 1, 2015) ("Although it was served 4 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the March 31, 2015 deadline."); *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 U.S. Dist. LEXIS 162234, 2014 WL 6474355, at *3 (M.D. La. Nov. 19, 2014) ("Although it was served 6 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the September 2, 2014 deadline.").

The returns on the subpoenas are set for September 19, 2022, four days after the end of the fact discovery deadline on September 15, 2022. As Plaintiffs intend to argue in their opposition to the Defendants' forthcoming request for an extension, Defendants have not demonstrated good cause for their requested extension. Defendants have no valid reason for waiting until the eleventh hour to serve these subpoenas. That they chose to wait this late should not inure to their favor. Defendants' last-minute effort to issue these subpoenas after almost a year of discovery is grounds for a protective order. *See Montross v. United Parcel Service*, 73 Fed. Appx. 757 (5th Cir. 2003) (upholding protective order when party seeking depositions had had 18 months to conduct discovery, including two extensions, and failed to notice depositions on dates witnesses were available); *Aircraft Parts Exchange, Inc. v. Jet Parts at Cost, Inc.*, 2013 WL 12181747 (S.D. Fla. 2013) (granting protective order for four depositions to be taken on five days' notice two days before the Thanksgiving holiday and only six days before the close of discovery). Moreover, Plaintiffs' expert reports are currently due on October 3, 2022 – only two weeks after the returns on the subpoenas are set – and this does not give Plaintiffs' experts sufficient time to review the voluminous information that Defendants have requested, even assuming the District Attorneys, Sheriffs' Office, and New Orleans Police Department are able to comply in such a short period to requests for 22 years' worth of records.

### B. The subpoenas are overbroad.

The scope of the subpoenas is also improper. In all twelve subpoenas, Defendants request "[a]ny and all records" in ten different categories of records related not only to the underlying adjudication, but any contact each plaintiff has had with the criminal legal system from 2000 to the present. Blanket requests of this kind are plainly overbroad and impermissible. *See, e.g., Gropper v. David Ellis Real Estate*, L.P., No. 13-CV-2068 (ALC) (JCF), 2014 U.S. Dist. LEXIS 16849, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents ... is inherently overbroad"); *Rice v. Reliastar Life Insurance Co.*, No. 1 1-CV-44 (BAJ) (CN), 2011 U.S. Dist. LEXIS

8

130302, 2011 WL 5513181, at *2 (M.D. La. Nov. 10, 2011) (finding that "a request for 'any and all documents' relating to a particular subject is overbroad and amounts to little more than a fishing expedition"); *Badr v. Liberty Mutual Group, Inc.*, No. 06-CV-1208, 2007 U.S. Dist. LEXIS 73437, 2007 WL 2904210, at *3 (D. Conn. Sept. 28, 2007) (finding request for "any and all" documents "overly broad").

By failing to limit their subpoena to certain categories of documents, Defendants are "merely trying to engage in a fishing expedition." *Lewin v. Nackard Bottling Co.*, No. 10-CV-8041 (PCT) (FJM), 2010 U.S. Dist. LEXIS 123738, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010). The overbreadth of the subpoenas is thus an independent basis to quash them.

### C. The subpoenas are disproportionate to the needs of the case and are meant to harass and embarrass the Plaintiffs.

Plaintiffs' underlying juvenile adjudications are not the subject matter of this lawsuit, and full and complete records of those adjudications—as well as records related to any other adjudications, arrests, or convictions—are wholly removed from the issues in contention in this case. Plaintiffs already underwent depositions probing into these areas of their lives. Defendants already have much of this information in their possession, including any court records that Plaintiffs had in their possession or were able to access directly from the juvenile courts. These subpoenas do not seek relevant information, but are meant to harass and embarrass the Plaintiffs.

The disproportionate scope is significant because the Court must maintain relevancy boundaries to guard against abuse of the kind evidenced in the subpoenas at issue. "The amended Rule [26] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry v. Morgan's Hotel Grp., Inc.*, 2016 U.S. Dist. LEXIS 8406, *9, 2016 WL 303114 (S.D.N.Y. Jan. 25, 2016) (citing Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment)).

As this Court previously recognized, "[g]iven Plaintiffs' allegations, which do not challenge the validity of the underlying adjudications, it is unclear whether Plaintiffs' juvenile records, to the extent not already disclosed to the public, have any relevance to the claims and defenses in this action." ECF No. 25, at 11 n.9. Moreover, Plaintiffs have already disclosed to Defendants all of the records they previously had in their possession or were able to obtain from the juvenile courts. Additional records from the sheriffs and district attorneys on the underlying juvenile adjudication are disproportionate to the needs of the case.

The *Henry* court's observations about the subpoenas in an employment discrimination and retaliation case are pertinent here with respect to the records requested unrelated to the underlying adjudication:

> The Court finds this explanation to be an insufficient basis to warrant the subpoenas served on the prior employers. Defendant predicates these subpoenas on wholesale speculation that Henry was untruthful about some of the events of his prior employment.
> Even if Henry was not an "exceptional" waiter at his prior jobs (whatever that may mean), it is not remotely apparent what difference that would make regarding the allegations of discrimination and retaliation he has made in this case. The issue presented here is whether Defendant's actions directed toward Henry were based on valid considerations or violated the discrimination laws. Henry's prior employment has little if any bearing on that issue. In addition, as Henry notes, Defendant has not offered sufficient (indeed any) evidence that he made misrepresentations to Defendant regarding his prior employment to justify production of any of the records that Defendant seeks, or satisfied the Court that its production is proportional to the needs of the case.

*Henry*, 2016 U.S. Dist. LEXIS 8406, *10-11.

Similar to an employee's prior jobs bearing no relevance to a claim of discrimination and retaliation in a certain employment setting, any other potential arrests, adjudications, or convictions Plaintiffs experienced bear little relevance to the instant claim related to Louisiana's SORNA requirements applied to juveniles. Moreover, Defendants were able to ask Plaintiffs about these areas in their depositions, and Defendants already have much of this information in their possession, as

10

evidenced by their discovery disclosures, which included Plaintiffs' rap sheets, warrant histories, court minutes from other criminal charges, etc.

### D. A number of the requested documents violate Louisiana Children's Code Article 412.

Louisiana Children's Code Article 412(A) stipulates that "[r]ecords and reports concerning all matters or proceedings before the juvenile court, except traffic violations, are confidential and shall not be disclosed except as expressly authorized by this Code." "This mandate of confidentiality under Article 412 applies equally to the sex offender registration requirements for juveniles." *State ex rel. K.L.A.*, 14-153 (La. App. 3 Cir 06/04/14), 140 So. 3d 889, 893. A number of the items requested in the subpoenas include records that fall under this confidential mandate.[12] Defendants seek these records under La. Ch. C. art. 412(E)(1), which provides: "For good cause when the information is **material and necessary** to a specific investigation or proceeding, the court may order the release of individual records and reports, or certain information contained therein, to a petitioner, limited to the specific purpose for which the court authorizes release." (emphasis added). For the reasons previously discussed, these records are not material and necessary to the instant litigation as they bear little, if any, relevance, and they are overbroad.

### IV.   CONCLUSION

For these reasons, Plaintiffs respectfully ask that this Court either grant a protective order or quash the subpoenas.

Respectfully submitted this 9th day of September, 2022.

/s/ Mercedes Montagnes
Mercedes Montagnes, La. Bar No. 33287

---

[12] Within each of the ten items requested, there might be documents that fall under this mandate, if they occurred in the years the Plaintiff was still a juvenile as Defendants simply request all records from 2000 to the present and all of the Plaintiffs were juveniles during some of that timespan. Some of the items explicitly request juvenile court records, such as items 3, which requests "delinquency petitions," item 6, which requests "court minutes for all juvenile adjudications," item 7, which requests "[a]ll juvenile adjudication…transcripts of proceedings for any adjudication. *See, e.g.*, Ex. 1, at 6.

11

Nishi Kumar, La. Bar No. 37415
Rebecca Ramaswamy, La. Bar No. 39524
Samantha Bosalavage, La. Bar No. 39808
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
Telephone: (504) 529-5955
Email: mmontagnes@defendla.org

John Adcock, La. Bar No. 30372
Adcock Law LLC
3110 Canal Street
New Orleans, LA 70119
Telephone: (504) 233-3125
Email: jnadcock@gmail.com

*Attorneys for Plaintiffs*