

# State of Louisiana
DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. BOX 94005
BATON ROUGE
70804-9005

Jeff Landry
Attorney General

**CONFIDENTIAL**

September 9, 2022

Honorable Warren Montgomery
St. Tammany Parish District Attorney
701 N. Columbia St, #2
Covington, LA 70433

Re:     Juvenile Adjudication and Adult Conviction Record
        Hunter J. Calcione ████████████████

Dear Mr. Montgomery,

The above-named plaintiff has joined five others to challenge Louisiana's sex offender registration laws as applied to juvenile offenders adjudicated on the offenses listed in the applicable statutes under La. R.S. 15:542.

The suit is pending in the United States District Court for the Middle District of Louisiana in the matter entitled *Nelson, et al v. Jeff Landry, as Attorney General, et al* under Civil Action No. 20-827.

In that regard, we are requesting the records of your office pertaining to any juvenile adjudication or adult conviction for the above-named individual.

Attached is a subpoena issued pursuant to Fed. R. Civ. P. art. 45 requesting that you produce a copy of the subject records to our office. We will pay the cost of producing the records promptly upon the receipt of an invoice. Also attached is a Nondisclosure Agreement committing this office to maintain the confidentiality of any juvenile records pursuant to La. Ch. Code art. 412.

If you have any questions or require clarification of any matter relating to this subpoena, please do not hesitate to call Tom Jones at the Attorney General's office at 225 326 6017 or by cell at 225 975 2410.



Otherwise, we appreciate your assistance.

Yours very truly,

JEFF LANDRY
Attorney General

BY: _____
    CAREY T. JONES
    Assistant Attorney General

CTJ/mr
Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | | |
|---|---|---|
| Aaron Nelson, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:20-cv-00837-JWD-RLB |
| Jeff Landry, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     The Honorable Warren Montgomery, St. Tammany Parish District Attorney
        701 N. Columbia Street, No. 2, Covington, LA 70433

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Juvenile records for Hunter J. Calcione (DOB 09/05/1999) related to Juvenile Court Docket No. 9493JJ, Div. G, pursuant to Louisiana Children's Code Article 412(E), and any other adjudication and conviction records for Mr. Calcione including the records identified in Attachment A.

| Place: 1885 North Third Street | Date and Time: |
|---|---|
| Baton Rouge, LA 70802 | 09/19/2022 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **9|9|2022**

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Jeff Landry, Attorney General for the State of Louisiana_____, who issues or requests this subpoena, are:
Carey T. Jones (JonesCar@ag.louisiana.gov); David J. Smith (SmithDa@ag.louisianana.gov)

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-00837-JWD-RLB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A TO RULE 45 SUBPOENA

Any and all records pertaining to Hunter J. Calcione that are in your possession or under your custody and control identified in the following 10 items:

1. Police or investigating officer's arrest report relating to any crime for which Hunter J. Calcione was arrested from 2000 to the present.

2. All narrative reports relating to any crime for which Hunter J. Calcione was arrested or charged from 2000 to the present.

3. All affidavits, information, indictment or delinquency petitions charging Hunter J. Calcione with a criminal offense from 2000 to the present.

4. All informal adjustment agreements entered by or on behalf of Hunter J. Calcione from 2000 to the present.

5. All plea agreements entered and signed by or on behalf of Hunter J. Calcione from 2000 to the present.

6. Court minutes for all juvenile adjudications or adult prosecution involving Hunter J. Calcione from 2000 to the present.

7. All juvenile adjudication or adult conviction transcripts of proceedings for any adjudication or trial involving Hunter J. Calcione from 2000 to the present.

8. Records of any pre-trial diversion program involving Hunter J. Calcione from 2000 to the present.

9. Correspondence concerning Hunter J. Calcione from 2000 to the present.

10. Appellate briefs related to an appeal of any juvenile adjudication or adult conviction concerning Hunter J. Calcione from 2000 to the present.

1

## NONDISCLOSURE AGREEMENT FOR JUVENILE RECORDS

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

BEFORE ME, the undersigned Notary, came and appeared Carey T. Jones, Assistant

Attorney General, Bar Roll No. 07474, who did certify that he is familiar with the applicable

disclosure provisions for juvenile records in the State of Louisiana and agreed not to disclose any

juvenile records and/or information made confidential by state law relating to Hunter J. Calcione,

████████ and further represented that a suit is pending in United States District Court for the

Middle District of Louisiana entitled, *Aaron Nelson, et al., v. Jeffrey Landry, in his official capacity*

*as Attorney General,* Civil Action No. 20-837,  in which the parties have agreed to a *Joint*

*Stipulated Protection Order*, which has been made an Order of the Middle District Court further

ensuring the protection of the confidentiality of the applicable records obtained in discovery.

CAREY T. JONES

SWORN TO AND SUBSCRIBED before me, the undersigned notary on the 9th day

of September , 2022.

PRINTED NAME: Monica D. Moffett
~~BAR ROLL #~~:
Notary ID# 40003
My commission is for life.

1



**Jeff Landry**
Attorney General

# State of Louisiana
### DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. BOX 94005
BATON ROUGE
70804-9005

September 9, 2022

CONFIDENTIAL

Sammie L. Byrd
Sheriff of Madison Parish
100 North Cedar St.
Tallulah, LA 71282

Re:    Juvenile Adjudication and Adult Conviction Record
       Patrick W. Busby ( ██████████

Dear Sheriff Byrd,

The above-named plaintiff has joined five others to challenge Louisiana's sex offender registration laws as applied to juvenile offenders adjudicated on the offenses listed in the applicable statutes under La. R.S. 15:542.

The suit is pending in the United States District Court for the Middle District of Louisiana in the matter entitled *Nelson, et al v. Jeff Landry, as Attorney General, et al* under Civil Action No. 20-827.

In that regard, we are requesting the records of your office pertaining to any juvenile adjudication or adult conviction for the above-named individual.

Attached is a subpoena issued pursuant to Fed. R. Civ. P. art. 45 requesting that you produce a copy of the subject records to our office. We will pay the cost of producing the records promptly upon the receipt of an invoice. Also attached is a Nondisclosure Agreement committing this office to maintain the confidentiality of any juvenile records pursuant to La. Ch. Code art. 412.

If you have any questions or require clarification of any matter relating to this subpoena, please do not hesitate to call Tom Jones at the Attorney General's office at 225 326 6017 or by cell at 225 975 2410.



Otherwise, we appreciate your assistance.

Yours very truly,

JEFF LANDRY
Attorney General

BY: 
     CAREY T. JONES
     Assistant Attorney General

CTJ/mr
Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| | |
|---|---|
| Aaron Nelson, et al. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. 3:20-cv-00837-JWD-RLB |
| Jeff Landry, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      The Honorable Sammie L. Byrd, Sheriff of Madison Parish
100 North Cedar St, Tallulah, LA 71282

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Juvenile records for Patrick W. Busby (DOB 02/06/1992) related to Juvenile Court Docket No. 2606, pursuant to Louisiana Children's Code Article 412(E), and any other adjudication and conviction records for Mr. Busby including the records identified in Attachment A.

| Place: 1885 North Third Street Baton Rouge, LA 70802 | Date and Time: 09/19/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/9/2022

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Jeff Landry, Attorney General for the State of Louisiana          , who issues or requests this subpoena, are:
Carey T. Jones (JonesCar@ag.louisiana.gov); David J. Smith (SmithDa@ag.louisiana.gov)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:20-cv-00837-JWD-RLB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A TO RULE 45 SUBPOENA

Any and all records pertaining to Patrick W. Busby that are in your possession or under your custody and control identified in the following 10 items:

1. Police or investigating officer's arrest report relating to any crime for which Patrick W. Busby was arrested from 2000 to the present.

2. All narrative reports relating to any crime for which Patrick W. Busby was arrested or charged from 2000 to the present.

3. All affidavits, information, indictment or delinquency petitions charging Patrick W. Busby with a criminal offense from 2000 to the present.

4. All informal adjustment agreements entered by or on behalf of Patrick W. Busby from 2000 to the present.

5. All plea agreements entered and signed by or on behalf of Patrick W. Busby from 2000 to the present.

6. Court minutes for all juvenile adjudications or adult prosecution involving Patrick W. Busby from 2000 to the present.

7. All juvenile adjudication or adult conviction transcripts of proceedings for any adjudication or trial involving Patrick W. Busby from 2000 to the present.

8. Records of any pre-trial diversion program involving Patrick W. Busby from 2000 to the present.

9. Correspondence concerning Patrick W. Busby from 2000 to the present.

10. Appellate briefs related to an appeal of any juvenile adjudication or adult conviction concerning Patrick W. Busby from 2000 to the present.

1

## NONDISCLOSURE AGREEMENT FOR JUVENILE RECORDS

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

BEFORE ME, the undersigned Notary, came and appeared Carey T. Jones, Assistant Attorney General, Bar Roll No. 07474, who did certify that he is familiar with the applicable disclosure provisions for juvenile records in the State of Louisiana and agreed not to disclose any juvenile records and/or information made confidential by state law relating to Patrick W. Busby ████████ and further represented that a suit is pending in United States District Court for the Middle District of Louisiana entitled, *Aaron Nelson, et al., v. Jeffrey Landry, in his official capacity as Attorney General,* Civil Action No. 20-837, in which the parties have agreed to a *Joint Stipulated Protection Order*, which has been made an Order of the Middle District Court further ensuring the protection of the confidentiality of the applicable records obtained in discovery.

CAREY T. JONES

SWORN TO AND SUBSCRIBED before me, the undersigned notary on the 9th day of September, 2022.

PRINTED NAME: Monica B. Moffett

BAR ROLL #:

Notary ID # 60003

My commission is for life

1



**State of Louisiana**
DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. BOX 94005
BATON ROUGE
70804-9005

Jeff Landry
Attorney General

September 9, 2022

**CONFIDENTIAL**

Craig Webre
Sheriff of Lafourche Parish
200 Canal Boulevard
Thibodaux, LA 70302

Re:    Juvenile Adjudication and Adult Conviction Record
        Jacob Paul Chiasson ███████████

Dear Sheriff Webre,

The above-named plaintiff has joined five others to challenge Louisiana's sex offender registration laws as applied to juvenile offenders adjudicated on the offenses listed in the applicable statutes under La. R.S. 15:542.

The suit is pending in the United States District Court for the Middle District of Louisiana in the matter entitled *Nelson, et al v. Jeff Landry, as Attorney General, et al* under Civil Action No. 20-827.

In that regard, we are requesting the records of your office pertaining to any juvenile adjudication or adult conviction for the above-named individual.

Attached is a subpoena issued pursuant to Fed. R. Civ. P. art. 45 requesting that you produce a copy of the subject records to our office. We will pay the cost of producing the records promptly upon the receipt of an invoice. Also attached is a Nondisclosure Agreement committing this office to maintain the confidentiality of any juvenile records pursuant to La. Ch. Code art. 412.

If you have any questions or require clarification of any matter relating to this subpoena, please do not hesitate to call Tom Jones at the Attorney General's office at 225 326 6017 or by cell at 225 975 2410.



Otherwise, we appreciate your assistance.

Yours very truly,

JEFF LANDRY
Attorney General

BY: <u>                             </u>
      CAREY T. JONES
      Assistant Attorney General

CTJ/mr
Enclosures



AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Louisiana

| | | |
|---|---|---|
| Aaron Nelson, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:20-cv-00837-JWD-RLB |
| Jeff Landry, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          The Honorable Craig Webre, Sheriff of Lafourche Parish
             200 Canal Boulevard, Thibodaux, LA 70302

*(Name of person to whom this subpoena is directed)*

✎ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Juvenile records for Jacob Paul Chiasson (DOB 01/08/1990) related to Special Juvenile No. 9145 A, pursuant to Louisiana Children's Code Article 412(E), and any other adjudication and conviction records for Mr. Chiasson including the records identified on Attachment A.

| Place: 1885 North Third Street | Date and Time: |
|---|---|
| Baton Rouge, LA 70802 | 09/19/2022 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   9 | 9 | 2022

*CLERK OF COURT*

                                                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
Jeff Landry, Attorney General for the State of Louisiana          , who issues or requests this subpoena, are:
Carey T. Jones (JonesCar@ag.louisiana.gov); David J. Smith (SmithDa@ag.louisinana.gov)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00837-JWD-RLB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A TO RULE 45 SUBPOENA

Any and all records pertaining to Jacob Paul Chiasson that are in your possession or under your custody and control identified in the following 10 items:

1. Police or investigating officer's arrest report relating to any crime for which Jacob Paul Chiasson was arrested from 2000 to the present.

2. All narrative reports relating to any crime for which Jacob Paul Chiasson was arrested or charged from 2000 to the present.

3. All affidavits, information, indictment or delinquency petitions charging Jacob Paul Chiasson with a criminal offense from 2000 to the present.

4. All informal adjustment agreements entered by or on behalf of Jacob Paul Chiasson from 2000 to the present.

5. All plea agreements entered and signed by or on behalf of Jacob Paul Chiasson from 2000 to the present.

6. Court minutes for all juvenile adjudications or adult prosecution involving Jacob Paul Chiasson from 2000 to the present.

7. All juvenile adjudication or adult conviction transcripts of proceedings for any adjudication or trial involving Jacob Paul Chiasson from 2000 to the present.

8. Records of any pre-trial diversion program involving Jacob Paul Chiasson from 2000 to the present.

9. Correspondence concerning Jacob Paul Chiasson from 2000 to the present.

10. Appellate briefs related to an appeal of any juvenile adjudication or adult conviction concerning Jacob Paul Chiasson from 2000 to the present.

## NONDISCLOSURE AGREEMENT FOR JUVENILE RECORDS

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

BEFORE ME, the undersigned Notary, came and appeared Carey T. Jones, Assistant Attorney General, Bar Roll No. 07474, who did certify that he is familiar with the applicable disclosure provisions for juvenile records in the State of Louisiana and agreed not to disclose any juvenile records and/or information made confidential by state law relating to Jacob Paul Chiasson ████████ and further represented that a suit is pending in United States District Court for the Middle District of Louisiana entitled, *Aaron Nelson, et al., v. Jeffrey Landry, in his official capacity as Attorney General,* Civil Action No. 20-837,   in which the parties have agreed to a *Joint Stipulated Protection Order*, which has been made an Order of the Middle District Court further ensuring the protection of the confidentiality of the applicable records obtained in discovery.

CAREY T. JONES

SWORN TO AND SUBSCRIBED before me, the undersigned notary on the 9th day of September, 2022.

PRINTED NAME: Monica D. Moffett

~~BAR ROLL #:~~

Notary ID # 60003

My Commission is for life.

1



**State of Louisiana**
DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. BOX 94005
BATON ROUGE
70804-9005

Jeff Landry
Attorney General

September 9, 2022

CONFIDENTIAL

Joseph P. Lopinto, III
Sheriff of Jefferson Parish
1233 Westbank Expressway
Harvey, LA 70058

Re:     Juvenile Adjudication and Adult Conviction Record
        Roberto A. Ruiz, Jr. ███████████

Dear Sheriff Lopinto,

The above-named plaintiff has joined five others to challenge Louisiana's sex offender registration laws as applied to juvenile offenders adjudicated on the offenses listed in the applicable statutes under La. R.S. 15:542.

The suit is pending in the United States District Court for the Middle District of Louisiana in the matter entitled *Nelson, et al v. Jeff Landry, as Attorney General, et al* under Civil Action No. 20-827.

In that regard, we are requesting the records of your office pertaining to any juvenile adjudication or adult conviction for the above-named individual.

Attached is a subpoena issued pursuant to Fed. R. Civ. P. art. 45 requesting that you produce a copy of the subject records to our office. We will pay the cost of producing the records promptly upon the receipt of an invoice. Also attached is a Nondisclosure Agreement committing this office to maintain the confidentiality of any juvenile records pursuant to La. Ch. Code art. 412.

If you have any questions or require clarification of any matter relating to this subpoena, please do not hesitate to call Tom Jones at the Attorney General's office at 225 326 6017 or by cell at 225 975 2410.



Otherwise, we appreciate your assistance.

Yours very truly,

JEFF LANDRY
Attorney General

BY: _____
    CAREY T. JONES
    Assistant Attorney General

CTJ/mr
Enclosures



AO 88B (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Louisiana

| | |
|---|---|
| Aaron Nelson, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00837-JWD-RLB |
| Jeff Landry, et al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        The Honorable Joseph P. Lopinto, III, Sheriff of Jefferson Parish
           1233 Westbank Expressway, Harvey, LA 70058

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Juvenile records for Roberto A. Ruiz, Jr. (DOB 09/23/1993) related to Juvenile Court Docket No. 2008-JU-00913, Section C, pursuant to Louisiana Children's Code Article 412(E), and any other adjudication and conviction records for Mr. Ruiz, including the records identified on Attachment A.

| Place: 1885 North Third Street | Date and Time: |
|---|---|
| Baton Rouge, LA 70802 | 09/19/2022 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9|9|2022

CLERK OF COURT                                              OR

_____                                  _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Jeff Landry, Attorney General for the State of Louisiana                , who issues or requests this subpoena, are:
Carey T. Jones (JonesCar@ag.louisiana.gov); David J. Smith (SmithDa@ag.louisianana.gov)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:20-cv-00837-JWD-RLB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A TO RULE 45 SUBPOENA

Any and all records pertaining to Roberto A. Ruiz, Jr. that are in your possession or under your custody and control identified in the following 10 items:

1. Police or investigating officer's arrest report relating to any crime for which Roberto A. Ruiz, Jr. was arrested from 2000 to the present.

2. All narrative reports relating to any crime for which Roberto A. Ruiz, Jr. was arrested or charged from 2000 to the present.

3. All affidavits, information, indictment or delinquency petitions charging Roberto A. Ruiz, Jr. with a criminal offense from 2000 to the present.

4. All informal adjustment agreements entered by or on behalf of Roberto A. Ruiz, Jr. from 2000 to the present.

5. All plea agreements entered and signed by or on behalf of Roberto A. Ruiz, Jr. from 2000 to the present.

6. Court minutes for all juvenile adjudications or adult prosecution involving Roberto A. Ruiz, Jr. from 2000 to the present.

7. All juvenile adjudication or adult conviction transcripts of proceedings for any adjudication or trial involving Roberto A. Ruiz, Jr. from 2000 to the present.

8. Records of any pre-trial diversion program involving Roberto A. Ruiz, Jr. from 2000 to the present.

9. Correspondence concerning Roberto A. Ruiz, Jr. from 2000 to the present.

10. Appellate briefs related to an appeal of any juvenile adjudication or adult conviction concerning Roberto A. Ruiz, Jr. from 2000 to the present.

1

## NONDISCLOSURE AGREEMENT FOR JUVENILE RECORDS

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

      BEFORE ME, the undersigned Notary, came and appeared Carey T. Jones, Assistant Attorney General, Bar Roll No. 07474, who did certify that he is familiar with the applicable disclosure provisions for juvenile records in the State of Louisiana and agreed not to disclose any juvenile records and/or information made confidential by state law relating to Roberto A. Ruiz, Jr. ███████ and further represented that a suit is pending in United States District Court for the Middle District of Louisiana entitled, *Aaron Nelson, et al., v. Jeffrey Landry, in his official capacity as Attorney General,* Civil Action No. 20-837,  in which the parties have agreed to a *Joint Stipulated Protection Order*, which has been made an Order of the Middle District Court further ensuring the protection of the confidentiality of the applicable records obtained in discovery.

CAREY T. JONES

      SWORN TO AND SUBSCRIBED before me, the undersigned notary on the 9th day of September, 2022.

PRINTED NAME: Monica D. Moffett

BAR ROLL #:

Notary ID # 60003

My commission is for life.

1



# State of Louisiana
### DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. BOX 94005
BATON ROUGE
70804-9005

Jeff Landry
Attorney General

September 9, 2022                    CONFIDENTIAL

David L. Dauzat
Sheriff of Avoyelles Parish
675 Government St.
Marksville, LA 71351

Re:   Juvenile Adjudication and Adult Conviction Record
      Shawn Paul Mounce (███████████

Dear Sheriff Dauzat,

The above-named plaintiff has joined five others to challenge Louisiana's sex offender registration laws as applied to juvenile offenders adjudicated on the offenses listed in the applicable statutes under La. R.S. 15:542.

The suit is pending in the United States District Court for the Middle District of Louisiana in the matter entitled *Nelson, et al v. Jeff Landry, as Attorney General, et al* under Civil Action No. 20-827.

In that regard, we are requesting the records of your office pertaining to any juvenile adjudication or adult conviction for the above-named individual.

Attached is a subpoena issued pursuant to Fed. R. Civ. P. art. 45 requesting that you produce a copy of the subject records to our office. We will pay the cost of producing the records promptly upon the receipt of an invoice. Also attached is a Nondisclosure Agreement committing this office to maintain the confidentiality of any juvenile records pursuant to La. Ch. Code art. 412.

If you have any questions or require clarification of any matter relating to this subpoena, please do not hesitate to call Tom Jones at the Attorney General's office at 225 326 6017 or by cell at 225 975 2410.

Otherwise, we appreciate your assistance.

Yours very truly,

JEFF LANDRY
Attorney General

BY: 
      CAREY T. JONES
      Assistant Attorney General

CTJ/mr
Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Louisiana

| | | |
|---|---|---|
| Aaron Nelson, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:20-cv-00837-JWD-RLB |
| Jeff Landry, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           The Honorable David L. Dauzat, Sheriff of Avoyelles Parish
             675 Government St, Marksville, LA 71351

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Juvenile records for Shawn Paul Mounce (DOB 10/21/1990) related to Juvenile Court Docket No. 2007-JU-007394, pursuant to Louisiana Children's Code Article 412(E), and any other adjudication and conviction records for Mr. Mounce including the records identified in Attachment A.

| Place: 1885 North Third Street | Date and Time: |
|---|---|
| Baton Rouge, LA 70802 | 09/19/2022 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/9/2022

         *CLERK OF COURT*

                                     OR

| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
|---|---|

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Jeff Landry, Attorney General for the State of Louisiana         , who issues or requests this subpoena, are:
Carey T. Jones (JonesCar@ag.louisiana.gov); David J. Smith (SmithDa@ag.louisinana.gov)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00837-JWD-RLB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A TO RULE 45 SUBPOENA

Any and all records pertaining to Shawn Paul Mounce that are in your possession or under your custody and control identified in the following 10 items:

1. Police or investigating officer's arrest report relating to any crime for which Shawn Paul Mounce was arrested from 2000 to the present.

2. All narrative reports relating to any crime for which Shawn Paul Mounce was arrested or charged from 2000 to the present.

3. All affidavits, information, indictment or delinquency petitions charging Shawn Paul Mounce with a criminal offense from 2000 to the present.

4. All informal adjustment agreements entered by or on behalf of Shawn Paul Mounce from 2000 to the present.

5. All plea agreements entered and signed by or on behalf of Shawn Paul Mounce from 2000 to the present.

6. Court minutes for all juvenile adjudications or adult prosecution involving Shawn Paul Mounce from 2000 to the present.

7. All juvenile adjudication or adult conviction transcripts of proceedings for any adjudication or trial involving Shawn Paul Mounce from 2000 to the present.

8. Records of any pre-trial diversion program involving Shawn Paul Mounce from 2000 to the present.

9. Correspondence concerning Shawn Paul Mounce from 2000 to the present.

10. Appellate briefs related to an appeal of any juvenile adjudication or adult conviction concerning Shawn Paul Mounce from 2000 to the present.

1

## NONDISCLOSURE AGREEMENT FOR JUVENILE RECORDS

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

      BEFORE ME, the undersigned Notary, came and appeared Carey T. Jones, Assistant Attorney General, Bar Roll No. 07474, who did certify that he is familiar with the applicable disclosure provisions for juvenile records in the State of Louisiana and agreed not to disclose any juvenile records and/or information made confidential by state law relating to Shawn Paul Mounce ▮▮▮▮▮▮▮ and further represented that a suit is pending in United States District Court for the Middle District of Louisiana entitled, *Aaron Nelson, et al., v. Jeffrey Landry, in his official capacity as Attorney General,* Civil Action No. 20-837, in which the parties have agreed to a *Joint Stipulated Protection Order*, which has been made an Order of the Middle District Court further ensuring the protection of the confidentiality of the applicable records obtained in discovery.

_____
CAREY T. JONES

      SWORN TO AND SUBSCRIBED before me, the undersigned notary on the 9th day of September, 2022.

_____
PRINTED NAME: Monica D. Moffett
~~BAR ROLL #:~~
Notary ID # 60008
My commission is for life

I



**State of Louisiana**
DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. BOX 94005
BATON ROUGE
70804-9005

Jeff Landry
Attorney General

CONFIDENTIAL

September 9, 2022

Shaun D. Ferguson,
Superintendent of the New Orleans Police Department
715 South Broad Street
New Orleans, LA 70119

Re:   Juvenile Adjudication and Adult Conviction Record
      Aaron Christopher Nelson ███████████

Dear Superintendent Ferguson,

The above-named plaintiff has joined five others to challenge Louisiana's sex offender registration laws as applied to juvenile offenders adjudicated on the offenses listed in the applicable statutes under La. R.S. 15:542.

The suit is pending in the United States District Court for the Middle District of Louisiana in the matter entitled *Nelson, et al v. Jeff Landry, as Attorney General, et al* under Civil Action No. 20-827.

In that regard, we are requesting the records of your office pertaining to any juvenile adjudication or adult conviction for the above-named individual.

Attached is a subpoena issued pursuant to Fed. R. Civ. P. art. 45 requesting that you produce a copy of the subject records to our office. We will pay the cost of producing the records promptly upon the receipt of an invoice. Also attached is a Nondisclosure Agreement committing this office to maintain the confidentiality of any juvenile records pursuant to La. Ch. Code art. 412.

If you have any questions or require clarification of any matter relating to this subpoena, please do not hesitate to call Tom Jones at the Attorney General's office at 225 326 6017 or by cell at 225 975 2410.



Otherwise, we appreciate your assistance.

Yours very truly,

JEFF LANDRY
Attorney General

BY:   _____
       CAREY T. JONES
       Assistant Attorney General

CTJ/mr
Enclosures

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | |
|---|---|
| Aaron Nelson, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:20-cv-00837-JWD-RLB |
| Jeff Landry, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Shaun D. Ferguson, Superintendent of the New Orleans Police Department
               715 South Broad Street, New Orleans, LA 70119

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Juvenile records for Aaron Christopher Nelson (DOB 05/13/1992) related to Juvenile Court Case No. 2011-250-02-DQ-C, Section C, pursuant to Louisiana Children's Code Article 412(E), and any other adjudication and conviction records for Mr. Nelson, including the records identified on Attachment A.

| Place: 1885 North Third Street | Date and Time: |
|---|---|
| Baton Rouge, LA 70802 | 09/19/2022 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  9/9/2022

                CLERK OF COURT

                                        OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Jeff Landry, Attorney General for the State of Louisiana                    , who issues or requests this subpoena, are:
Carey T. Jones (JonesCar@ag.louisiana.gov); David J. Smith (SmithDa@ag.louisinana.gov)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:20-cv-00837-JWD-RLB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A TO RULE 45 SUBPOENA

Any and all records pertaining to Aaron Christopher Nelson that are in your possession or under your custody and control identified in the following 10 items:

1. Police or investigating officer's arrest report relating to any crime for which Aaron Christopher Nelson was arrested from 2000 to the present.

2. All narrative reports relating to any crime for which Aaron Christopher Nelson was arrested or charged from 2000 to the present.

3. All affidavits, information, indictment or delinquency petitions charging Aaron Christopher Nelson with a criminal offense from 2000 to the present.

4. All informal adjustment agreements entered by or on behalf of Aaron Christopher Nelson from 2000 to the present.

5. All plea agreements entered and signed by or on behalf of Aaron Christopher Nelson from 2000 to the present.

6. Court minutes for all juvenile adjudications or adult prosecution involving Aaron Christopher Nelson from 2000 to the present.

7. All juvenile adjudication or adult conviction transcripts of proceedings for any adjudication or trial involving Aaron Christopher Nelson from 2000 to the present.

8. Records of any pre-trial diversion program involving Aaron Christopher Nelson from 2000 to the present.

9. Correspondence concerning Aaron Christopher Nelson from 2000 to the present.

10. Appellate briefs related to an appeal of any juvenile adjudication or adult conviction concerning Aaron Christopher Nelson from 2000 to the present.

1

NONDISCLOSURE AGREEMENT FOR JUVENILE RECORDS

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

BEFORE ME, the undersigned Notary, came and appeared Carey T. Jones, Assistant

Attorney General, Bar Roll No. 07474, who did certify that he is familiar with the applicable

disclosure provisions for juvenile records in the State of Louisiana and agreed not to disclose any

juvenile records and/or information made confidential by state law relating to Aaron Christopher

Nelson, ███████████ and further represented that a suit is pending in United States District

Court for the Middle District of Louisiana entitled, *Aaron Nelson, et al., v. Jeffrey Landry, in his*

*official capacity as Attorney General,* Civil Action No. 20-837,  in which the parties have agreed

to a *Joint Stipulated Protection Order*, which has been made an Order of the Middle District Court

further ensuring the protection of the confidentiality of the applicable records obtained in

discovery.

CAREY T. JONES

SWORN TO AND SUBSCRIBED before me, the undersigned notary on the 9th day

of September , 2022.

NAME AND NUMBER OF NOTARY
Monica R. Moffett
Notary ID # 60008
My commission is for life.

1