# Samantha Bosalavage

| | |
|---|---|
| **From:** | Nishi Kumar |
| **Sent:** | Friday, September 9, 2022 2:41 PM |
| **To:** | Jones, Carey; Samantha Bosalavage; Faye Dysart; Adrienne Aucoin (DOC); Smith, Jeddie; Debbie Rutledge; Gail Holland; Whitford, Scott; Jonathan Vining; INACTIVE - Jeremiah Sams; INACTIVE - Heather Hood; Rebecca Ramaswamy; jnadcock@gmail.com |
| **Subject:** | RE: Nelson v. AG |

Hi Tom,

We just wanted to make clear that we oppose the motion for an extension since there were some different email threads going around. Please also notify us once you serve the subpoenas you indicated you were sending today so we can file a motion to quash.

Best,

Nishi Kumar
Pronouns: she/her/hers
The Promise of Justice Initiative
www.justicespromise.org
nkumar@defendla.org
504.529.5955

Follow us on Instagram, Twitter, & Facebook!



This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law office and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.

**From:** Jones, Carey <JonesCar@ag.louisiana.gov>
**Sent:** Wednesday, September 7, 2022 7:56 AM
**To:** Samantha Bosalavage <SBosalavage@defendla.org>; Faye Dysart <Faye.Dysart@LA.GOV>; Adrienne Aucoin (DOC) <Adrienne.Aucoin@la.gov>; Smith, Jeddie <SmithDa@ag.louisiana.gov>; Debbie Rutledge <Debbie.Rutledge@la.gov>; Gail Holland <Gail.Holland@la.gov>; Whitford, Scott <WhitfordS@ag.louisiana.gov>; Jonathan Vining <Jonathan.Vining@LA.GOV>; INACTIVE - Jeremiah Sams <Jeremiah.Sams@la.gov>; INACTIVE - Heather Hood <Heather.Hood@la.gov>; Nishi Kumar <NKumar@defendla.org>; Rebecca Ramaswamy <RRamaswamy@defendla.org>;

jnadcock@gmail.com
**Subject:** RE: Nelson v. AG

Thanks for responding quickly.

We understand that an extension of discovery will likely be needed to allow for complete responses, but we would note that we have agreed to extensions at your request -- twice. We asked the plaintiffs to produce this material in discovery and some material was produced, but there was certainly not a full production – Jacob Chiasson produced no documents at all -- and we had to wait for the deposition testimony to know what to request and who to request it of.

We will request an extension of discovery. If you oppose the extension, please confirm that so that we can proceed with an opposed motion.

---

**From:** Samantha Bosalavage <SBosalavage@defendla.org>
**Sent:** Tuesday, September 06, 2022 8:33 PM
**To:** Jones, Carey <JonesCar@ag.louisiana.gov>; Faye Dysart <Faye.Dysart@LA.GOV>; Adrienne Aucoin (DOC) <Adrienne.Aucoin@la.gov>; Smith, Jeddie <SmithDa@ag.louisiana.gov>; Debbie Rutledge <Debbie.Rutledge@la.gov>; Gail Holland <Gail.Holland@la.gov>; Whitford, Scott <WhitfordS@ag.louisiana.gov>; Jonathan Vining <Jonathan.Vining@LA.GOV>; INACTIVE - Jeremiah Sams <Jeremiah.Sams@la.gov>; INACTIVE - Heather Hood <Heather.Hood@la.gov>; Nishi Kumar <NKumar@defendla.org>; Rebecca Ramaswamy <RRamaswamy@defendla.org>; jnadcock@gmail.com
**Subject:** Re: Nelson v. AG

**CAUTION:** This email originated outside of Louisiana Department of Justice. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Tom,

Thank you for sending these over for our review. We are opposed to these subpoenas to the extent they seek anything beyond Jacob Chiasson and Shawn Mounce's plea agreements for purposes of confirming they should not have to register under the current law.

Among other issues, we oppose these subpoenas for their use in this case based on their timing, relevance, and proportionality. While you say you intend to file the subpoenas before the discovery deadline, they are untimely as the date of compliance is beyond the discovery deadline. *See, e.g.*, *Sandifer v. Hoyt Archery, Inc.*, No. 12-322, 2015 U.S. Dist. LEXIS 70341, 2015 WL 3465923, at *2 (M.D. La. June 1, 2015) ("Although it was served 4 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the March 31, 2015 deadline."); *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 U.S. Dist. LEXIS 162234, 2014 WL 6474355, at *3 (M.D. La. Nov. 19, 2014) ("Although it was served 6 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the September 2, 2014 deadline."). The returns on the subpoenas are set for four days after the end of fact discovery. Moreover, we have been engaging in fact discovery since November 2021 when we sent our first written discovery requests, and have twice extended the deadline with the court, but you are coming to us with these subpoenas less than two weeks before the discovery cutoff. We believe this delay is grounds for a protective order. *See Montross v. United Parcel Service*, 73 Fed. Appx. 757 (5th Cir. 2003) (upholding protective order when party seeking depositions had had 18 months to conduct discovery, including two extensions, and failed to notice depositions on dates witnesses were available); *Aircraft Parts Exchange, Inc. v. Jet Parts at Cost, Inc.*,

2

2013 WL 12181747 (S.D. Fla. 2013) (granting protective order for four depositions to be taken on five days' notice two days before the Thanksgiving holiday and only six days before the close of discovery).

Additionally, the information requested in these subpoenas is irrelevant and confidential. We have already exchanged all the court records in our clients' possession, and as the Court noted, "[g]iven Plaintiffs' allegations, which do not challenge the validity of the underlying adjudications, it is unclear whether Plaintiffs' juvenile records, to the extent not already disclosed to the public, have any relevance to the claims and defenses in this action." Rec. Doc. 25 at fn 9. The ten items requested in each of these subpoenas are disproportionate to the needs of this case. If you intend to move forward with filing these subpoenas, we will move for a protective order or a motion to quash. *See Total Rx Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 594 (N.D. Tex. 2017) ("A party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Federal Rule of Civil Procedure 45(d)(3) if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." (citing *Ass'n of Am. Physicians & Surgs., Inc. v. Tex. Med. Bd.*, No. 5:07CV191, 2008 U.S. Dist. LEXIS 56496, 2008 WL 2944671, at *1 (E.D. Tex. July 25, 2008))).

Thank you,
Samantha

Samantha Bosalavage (she/her/hers)
*Legal Fellow*
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
(504) 529-5955 x749
sbosalavage@defendla.org

Follow our work on Instagram, Twitter, & Facebook!

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law office and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.

---

**From:** Jones, Carey <JonesCar@ag.louisiana.gov>
**Sent:** Friday, September 2, 2022 10:10 AM
**To:** Faye Dysart <Faye.Dysart@LA.GOV>; Adrienne Aucoin (DOC) <Adrienne.Aucoin@la.gov>; Smith, Jeddie <SmithDa@ag.louisiana.gov>; Debbie Rutledge <Debbie.Rutledge@la.gov>; Gail Holland <Gail.Holland@la.gov>; Whitford, Scott <WhitfordS@ag.louisiana.gov>; Jonathan Vining <Jonathan.Vining@LA.GOV>; INACTIVE - Jeremiah Sams <Jeremiah.Sams@la.gov>; INACTIVE - Heather Hood <Heather.Hood@la.gov>; Jones, Carey <JonesCar@ag.louisiana.gov>; Nishi Kumar <NKumar@defendla.org>; Rebecca Ramaswamy <RRamaswamy@defendla.org>; jnadcock@gmail.com <jnadcock@gmail.com>; Samantha Bosalavage <SBosalavage@defendla.org>
**Cc:** Smith, Jeddie <SmithDa@ag.louisiana.gov>; Whitford, Scott <WhitfordS@ag.louisiana.gov>
**Subject:** Nelson v. AG

Attached are Rule 45 subpoenas directed to the Sheriff, NOPD and the District Attorney in the involved parishes seeking the records of Plaintiffs' charges and convictions.

We plan to issue and serve the subpoenas on Friday, September 9, 2022.

We also intend to file a motion with the involved courts to obtain their records at the same time and will provide you with a copy when submitted for filing.

Also, if you have any difficulty opening the attachment to each subpoena, let me know.

If anyone takes exception or has an objection to the subpoenas, please communicate the exception or objection to us before next Friday.

Thanks,



**Carey T. Jones**
Deputy Director Civil Division
Office of Attorney General Jeff Landry
Direct:  225-326-6017; Main:  225-326-6010; Fax:  225-326-6096
www.AGJeffLandry.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.
The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.