UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NELSON, *et al.*,

    Plaintiffs,

v.

LANDRY, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:20-cv-00837-JWD-RLB

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINE

COME NOW, Plaintiffs, by and through undersigned counsel, who respectfully request this Honorable Court deny the Attorney General's Motion to Extend Discovery Deadline as the Defendants have not demonstrated "good cause" for their requested extension to the deadline for fact discovery under Fed. R. Civ. P. 6(b)(1) and Fed. R. Civ. P. 16(b)(4). Defendants' Motion should be denied.

**I.     BACKGROUND**

This Court's order dated August 16, 2022, ECF No. 87, granted the parties' request to extend the August 15, 2022, deadline for filing all discovery motions and completing all discovery except expert discovery until **September 15, 2022**, without extending any other deadlines. *Id.* Plaintiffs requested that 30-day extension to a single deadline only at Defendants' request.[1] Plaintiffs were prepared to depose OMV's 30(b)(6) designee before the August 15 fact discovery deadline,[2] but counsel for Defendants relayed that they could not prepare their designee in time to be deposed prior

---

[1] *See* Ex. 1, Email Exchange August 11, 2022.
[2] *See id.* Email from Samantha Bosalavage, August 5, 2022.

1

to the August 15 deadline, so Plaintiffs requested a brief extension to allow Defendants flexibility for that single remaining deposition.[3] Plaintiffs explicitly did not seek an extension of any other deadlines. ECF No. 80, at 4. Plaintiffs are working diligently to meet the upcoming deadline to submit their expert reports on October 3, just over two weeks away. ECF No. 71. Defendants are now, on the day that fact discovery is scheduled to close, seeking a last-minute 30-day extension of the fact discovery deadline and cannot show good cause under the circumstances detailed below. ECF No. 89.

After concluding fact depositions, Plaintiffs' counsel reached out to counsel for the Attorney General on August 29 via phone to inquire about two Plaintiffs who were adjudicated delinquent before January 1, 2008, and, per the Attorney General's 30(b)(6) designee's testimony, should therefore not be subject to the registration requirements.[4] Defendants' counsel stated that they would need to check to make sure that neither of these Plaintiffs had separately signed plea agreements regarding the registration requirements. Defendants' counsel raised the possibility of Rule 45 subpoenas for the first time via email on August 30, indicating that they would send the subpoenas for Plaintiffs' review the following day, but omitting that they also intended to issue subpoenas for records of the other four Plaintiffs.[5] When Plaintiffs' counsel did not hear from Defendants the following day, Plaintiffs' counsel called Defendants' counsel on September 1 to inquire about the subpoenas and left a voicemail to that effect.

On September 2, Plaintiffs received the subpoenas and learned for the first time that Defendants would be issuing them for *all* Plaintiffs, that they would be serving ten different expansive record requests for each Plaintiff, and that they would be filing motions in the juvenile court to obtain

---

[3] *See id.* Email Exchange August 11, 2022.
[4] *See* Ex. 2, Email from Samantha Bosalavage, August 29, 2022 (memorializing earlier phone conversation).
[5] *See id.* Email from Carey Jones, August 30, 2022.

additional records.[6] The next business day, Plaintiffs responded, expressing their opposition to the subpoenas, in part due to their untimeliness.[7] On September 9, Defendants served subpoenas on twelve different third-party recipients, requesting ten different items of each party, with a return date of six business days.[8] That same day, Plaintiffs filed a Motion for Protective Order, or Alternatively, Motion to Quash Subpoenas. ECF. No. 88. Plaintiffs' counsel then began reaching out to the non-parties to alert them of the pending Motion.[9]

## II.    LAW & ARGUMENT

Motions for extension of time are governed by Fed. R. Civ. P. 6(b), which reads: "When an act may or must be done within a specified time, the court may, **for good cause**, extend the time… if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1) (emphasis added). Generally, to show "good cause," the moving party must demonstrate that the deadlines "could not 'reasonably be met despite the diligence of the party needing the extension.'" *Robinson v. Babin*, 2013 WL 4499111, at *2 (M.D. La. Aug. 14, 2013) (Bourgeois, Mag. J.) (quoting *S & W Enters., L.L.C.* v. *S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

Defendants' only stated reason for the requested 30-day extension does not satisfy the "good cause" standard. In their Motion, Defendants' only stated reason for why they need these documents is: "[t]he records of the District Attorneys, the Sheriffs and the juvenile court go directly to the material allegations of the federal complaint, and enable the Attorney General to apprise the Court and expert witnesses." ECF. No. 89-1, at 2. Plaintiffs have briefed the lack of need for these records in depth in

---

[6] *See* Ex. 3, Email from Carey Jones, September 2, 2022; As Plaintiffs explained to Defendants, Plaintiffs do not oppose the subpoena for Plaintiffs Jacob Paul Chiasson's and Shawn Mounce's records to the extent that they seek information about the plea agreement each plaintiffs made for their underlying adjudication. *Id.* at Email from Samantha Bosalavage, September 6, 2022.

[7] *See* Ex. 3 Email from Samantha Bosalavage, September 6, 2022.

[8] ECF Nos. 88-2 & 88-3.

[9] Plaintiffs' intention was not to instruct the non-parties not to comply with the subpoena. Rather, Plaintiffs sought to notify the subpoena recipients of the Motion for Protective Order and Motion to Quash, and to request that they await the resolution of the motion before fulfilling the subpoena.

3

support of their Motion for Protective Order, or Alternatively, Motion to Quash Subpoenas. ECF No. 88-1. As this Court previously recognized, "[g]iven Plaintiffs' allegations, which do not challenge the validity of the underlying adjudications, it is unclear whether Plaintiffs' juvenile records, to the extent not already disclosed to the public, have any relevance to the claims and defenses in this action." ECF No. 25, at 11 n.9. This Court has already indicated that it does not need to be further apprised of the details of Plaintiffs' underlying juvenile adjudications. These records cannot be material when the Court has already indicated their irrelevance. The other potential criminal records requested—dating back twenty-two years—are merely a distraction from the relevant claims, along with the threatened disclosure of potentially embarrassing information.

Along similar lines, Defendants' requested extension also does not meet the "good cause" standard under Fed. R. Civ. P. 16(b)(4), as the four relevant factors mitigate in favor of denying the extension request:

**(1) The Explanation for the Failure to Timely Comply with the Scheduling Order**

The Attorney General's need for an extension is due to their own delay. The Attorney General could have issued the subpoenas at many other points over the course of the discovery period before waiting until the eleventh hour. Plaintiffs are perplexed by Defendants' claim that they had to wait until the conclusion of fact depositions to issue the subpoenas,[10] as all the information requested in the attachments to the subpoenas is identical for each plaintiff and is not specific to any information garnered from the Plaintiffs' deposition testimony.[11] To the extent Defendants needed to know whom to subpoena, Plaintiffs' discovery responses disclosed on November 5, 2021, included the court of

---

[10] *See* Ex. 3, Email from Carey Jones, September 7, 2022 ("[W]e had to wait for the deposition testimony to know what to request and who to request it of.").

[11] *See, e.g.*, ECF. No. 88-2, at 6, 13, 20, 27, 34, 41.

4

adjudication, which would be sufficient for Defendants to identify the sheriffs and district attorneys in the relevant parishes.[12] Furthermore, Plaintiffs are unsure why Defendants had to wait until after the conclusion of all Plaintiffs' depositions, as Plaintiffs produced all the documents in their possession that were responsive to Defendants' discovery requests on July 28, 2022, after the Protective Order was in place.[13] Defendants could also have issued the subpoenas at that point. Plaintiffs' depositions took place between July 29 and August 10, 2022. Again, even if they had to wait until the conclusion of all Plaintiffs' depositions, the Defendants waited a full month after the last Plaintiff deposition before issuing the subpoenas for all Plaintiffs.

The Attorney General makes much of the fact that Plaintiffs have previously requested to extend the discovery deadline twice,[14] but the past two requests were based on dilatory behavior on Defendants' part. The first extension was requested in part because of Defendants' months-long delay in responding to Plaintiffs' discovery requests. *See* ECF No. 70, at 2-3 (describing how the Attorney General did not produce responses originally due on December 6, 2021, until February 28, 2022). The second extension was requested in order to accommodate the Defendants' inability to produce a deponent within the discovery period.[15] The instant extension is not comparable to Plaintiffs' past requests, as this request was filed at the eleventh hour in order to procure documents that are irrelevant and immaterial to the litigation.

---

[12] *See, e.g.*, Ex. 4, Plaintiff Jacob Chiasson's Response to Defendants' First Set of Discovery Requests, at RFA No. 2 Response.
[13] Despite Defendants' representations to the contrary, Plaintiffs disclosed all the documents in their possession. Jacob Chiasson tried to obtain his juvenile court records directly from the court prior to the filing of this lawsuit and they were not able to provide him with any records or other documentation.
[14] The Attorney General also references another "extension" Plaintiffs' requested in the last few days as Defendants' Motion for an Extension was being written, but that mischaracterizes what Plaintiffs were proposing. Plaintiffs were merely trying to avoid the need to file a motion to compel on a couple remaining documents from other defendants' 30(b)(6) depositions, as counsel for those Defendants had indicated she would be able to produce them on what Plaintiffs considered to be a reasonable timeline, and Plaintiffs were trying to accommodate that timeline (and avoid the need for either a motion to compel) by having all parties stipulate that they would not raise timeliness objections to their use. *See* ECF No. 89-2. Plaintiffs' counsel inadvertently left Mr. Jones off that email, but other counsel from the Attorney General's office were included on that email.
[15] *See* Ex. 1, Email Exchange August 11, 2022.

**(2) The Importance of the Extension**

The only rationale the Attorney General provides for the importance of these records is their materiality, which as previously explained is simply nonexistent. Plaintiffs' underlying juvenile adjudications are not the subject matter of this lawsuit, and full and complete records of those adjudications—as well as records related to any other adjudications, arrests, or convictions—are wholly removed from the issues in contention in this case.

As Plaintiffs have previously stated "Plaintiffs do not oppose the subpoenas for Plaintiffs Jacob Paul Chiasson's and Shawn Mounce's records to the extent that they seek information about the plea agreement each plaintiffs made for their underlying adjudication." ECF No. 88-1, at 4 n.11. The Attorney General does not address the importance of any other records besides Plaintiffs Jacob Paul Chiasson and Shawn Mounce because they are clearly immaterial.

That these two Plaintiffs are currently required to register seems to be an error of the State's making. In Plaintiffs' original Complaint, as well as the initial disclosures produced on November 5, 2021, Plaintiff Jacob Chiasson, admitted that he was adjudicated delinquent of a registerable offense in 2005,[16] and Plaintiff Shawn Mounce admitted that he was adjudicated delinquent of a registerable offense in 2007,[17] both before the January 1, 2008, change in the law requiring juveniles to register. Defendants have known these dates since the outset of the litigation, but have waited more than a year-and-a-half to serve the subpoenas and file the motions for juvenile records in state court.

**(3) Potential Prejudice in Allowing the Modification**

If the Court grants Defendants' Motion, Plaintiffs will be prejudiced in their inability to incorporate a review of these records in the expert reports due on October 3, 2022, which is before

---

[16] *See* ECF No. 1, at ¶ 16; Ex. 4, Plaintiff Jacob Chiasson's Response to Defendants' First Set of Discovery Requests, at RFA response No. 3.
[17] ECF No. 1, at ¶ 15; Ex. 5, Plaintiff Shawn Mounce's Response to Defendants' First Set of Discovery Requests, at RFA response No. 3.

6

Defendants' proposed extended fact discovery deadline of October 15, 2022. Moreover, it is unlikely that a 30-day extension will suffice for Defendants' requested records. As Defendants acknowledged, "Depending upon the ruling on the motion for protective order recently filed by Plaintiffs with respect to the Rule 45 subpoenas, the discovery deadline might need further adjustment." ECF No. 89-1, at 1 n.1.

Defendants' subpoenas only gave the non-parties 10 days—6 business days—to comply, which this Court has acknowledged is an insufficient time-frame. *See Hall v. Louisiana*, 2014 U.S. Dist. LEXIS 56165, 2014 WL 1652791, at *13 (M.D. La. April 23, 2014) (quashing subpoenas that gave non-parties between 12 and 9 days to comply because the "timeframes are clearly unreasonable, particularly when the 14 day period for serving objections under [Rule 45(d)(2)(B)] is generally considered a reasonable time"); *Dixon v. Greyhound Lines, Inc.*, No. 13-179-JWD-RLB, 2014 U.S. Dist. LEXIS 162234, at *11 (M.D. La. Nov. 19, 2014) (quashing subpoena as unreasonable because it only gave 9 days to comply).[18]

Additionally, the Attorney General's motions filed in state court to obtain the juvenile court records are unlikely to resolve within the requested extension's timeframe. Plaintiffs are opposing these motions. The Louisiana Children's Code Art. 412(E)(3), under which the Attorney General is seeking the records, requires a contradictory hearing.[19] The Attorney General and Plaintiffs will need to conduct six separate hearings in juvenile courts around the state to determine whether the state juvenile courts may release these sealed records.

---

[18] *See also Hernandez v. City of Corpus Christi*, 2011 U.S. Dist. LEXIS 60452, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (quashing subpoena that only gave 10 days for compliance).
[19] "The court shall ensure the juvenile is afforded notice of the hearing and an opportunity to be heard at a contradictory hearing on the petition." La. Ch. C. Art. 412(E)(3).

7

Ultimately, the Attorney General's last-minute attempt to obtain these records is serving as a distraction from the actual claims at issue and presents a risk of undue prejudice against Plaintiffs in both the unnecessary delay and distraction with irrelevant and potentially embarrassing information.

**(4) The Availability of a Continuance to Cure Such Prejudice**

While the State is not currently seeking a continuance, as explained above, it appears likely that a continuance will become necessary should the Court deny Plaintiffs' Motion for Protective Order and allow for these voluminous records from multiple different entities.

### III. CONCLUSION

Plaintiffs would have no opposition to a routine request for extension. As noted above, Plaintiffs were amenable to a 30-day extension when Defendants needed more time to complete the final 30(b)(6) deposition. But what the Attorney General is seeking with this extension is an eleventh-hour attempt to introduce voluminous documents from many state actors that are irrelevant and distracting to the instant litigation.

For these reasons, Plaintiffs respectfully ask that this Court deny Defendants' motion to extend the discovery deadline.

Respectfully submitted this 16th day of September, 2022.

/s/ Mercedes Montagnes
Mercedes Montagnes, La. Bar No. 33287
Nishi Kumar, La. Bar No. 37415
Rebecca Ramaswamy, La. Bar No. 39524
Samantha Bosalavage, La. Bar No. 39808
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
Telephone: (504) 529-5955
Email: mmontagnes@defendla.org

John Adcock, La. Bar No. 30372
Adcock Law LLC
3110 Canal Street
New Orleans, LA 70119
Telephone: (504) 233-3125

8

Email: jnadcock@gmail.com

*Attorneys for Plaintiffs*