UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON NELSON, ET AL                                    CIVIL ACTION

VERSUS

                                                        NO. 20-837-JWD-RLB

JEFFREY LANDRY, ET AL.

### ORDER

Before the Court is Plaintiffs' Motion for Protective Order or, Alternatively, Motion to Quash Subpoenas filed on September 9, 2022. (R. Doc. 88). The deadlines for filing an opposition has not expired. LR 7(f).

Also before the Court is the Louisiana Attorney General Jeffrey Landry's Motion to Extend Discovery Deadline filed on September 15, 2022. (R. Doc. 89). This motion is opposed. (R. Doc. 92).

**I.    Background**

Plaintiffs (seven individuals adjudicated delinquent of sex offenses by Louisiana juvenile courts) commenced this action seeking injunctive and declaratory relief against the application of the Louisiana sex offender registration and notification law, La. R.S. 15:540 *et seq*, to them. (R. Doc. 1). One Plaintiff, Benjamin Sheridan, voluntarily dismissed his claims without prejudice. (R. Doc 81; R. Doc. 86).

Plaintiffs have filed two unopposed motions seeking extension of deadlines in this action. First, Plaintiffs sought 60-day extensions of the deadlines to complete non-expert discovery, to complete expert discovery, and to file all dispositive motions and Daubert motions. (R. Doc. 70). In Court granting this motion, the Court issued a modified Scheduling Order providing that non-expert discovery be completed by August 15, 2022, expert discovery be completed by March 17,

2023, and dispositive motions and *Daubert* motions be filed by April 14, 2023. (R. Doc. 71). Plaintiffs then sought an extension of the non-expert discovery deadline to September 15, 2022 for the purpose of completing the Rule 30(b)(6) deposition of the Louisiana for the Department of Public Safety and Corrections. (R. Doc. 80). The Court extended the deadline to complete all discovery except experts, in its entirety, to September 15, 2022. (R. Doc. 87).

On September 9, 2022, the Louisiana Attorney General Jeff Landry issued twelve subpoenas to the following: the Sheriff of Madison Parish, the Sheriff of Jefferson Parish, the Sheriff of Avoyelles Parish, the Sheriff of St. Tammany Parish, the Sheriff of Lafourche Parish, the Superintendent of the New Orleans Police Department, the Madison Parish District Attorney, the Avoyelles Parish District Attorney, the Jefferson Parish District Attorney, St. Tammany Parish District Attorney, the Lafourche Parish District Attorney, and the Orleans Parish District Attorney. (R. Docs. 88-2, 88-3). Each of the subpoenas seeks compliance on September 19, 2022 in Baton Rouge, Louisiana.

In seeking a Rule 26(c) protective order quashing the subpoenas, Plaintiffs argue that (1) Defendants' subpoenas are untimely because the return date is after the discovery deadline; (2) the subpoenas are overly broad; (3) the subpoenas are disproportionate to the needs of the case and are meant to harass and embarrass the Plaintiffs; and (4) a number of the requested documents violate the Louisiana Children's Code Article 412.

On September 15, 2022, the deadline to complete non-expert discovery, AG Landry filed a Motion to Extend Discovery Deadline. (R. Doc. 89). Through this motion, AG Landry seeks a 30-day extension of the deadline to complete non-expert discovery to October 15, 2022, with no change in the remaining deadlines.

Finally, Plaintiffs have requested a telephone conference with the undersigned to address the timing issues raised by the discovery deadlines and the subpoenas at issue. Given this ruling, the Court finds a telephone conference to be unnecessary.

## II.     Law and Analysis

Rule 45 governs discovery from non-parties through the issuance of subpoenas. As "the court for the district where compliance is required," this Court has the authority to quash or modify the subpoena at issue. Fed. R. Civ. P. 45(d)(3). The Court also has the authority to issue a protective order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

There is no dispute that the subpoenas at issue seek compliance after the non-expert deadline currently set by the Court. This Court's Local Rules provides that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline"

and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." LR 26(d)(2). This Court has expressly held that a subpoena served before the discovery deadline is nevertheless untimely if the date of compliance is beyond the discovery deadline. *See*, *e.g.*, *Sandifer v. Hoyt Archery, Inc.*, No. 12-322, 2015 WL 3465923, at *2 (M.D. La. June 1, 2015) ("Although it was served 4 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the March 31, 2015 deadline."); *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 6474355, at *3 (M.D. La. Nov. 19, 2014) ("Although it was served 6 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the September 2, 2014 deadline."); *see also Hall v. State of Louisiana*, No. 12-657, 2014 WL at 2560715, at *1 (M.D. La. June 6, 2014) (discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests). Accordingly, AG Landry should have sought and obtained an extension of the Court's non-expert discovery deadline prior to issuing and serving subpoenas at issue, or otherwise set a date of compliance within the discovery deadline.

That said, AG Landry timely filed a motion seeking an extension of the discovery deadlines for the purpose of allowing compliance with the subpoenas. (R. Doc. 89). Having considered the record and plaintiff's opposition, and in the interest of managing its docket, the Court finds good cause to extend the non-expert deadline to October 7, 2022, for the sole purpose of setting a new deadline for compliance with the subpoenas at issue. AG Landry has demonstrated that that the information sought is potentially important to the defense in this action, and may even benefit certain Plaintiffs. Plaintiffs, who have sought and obtained two extensions of the discovery deadlines, will not be unduly prejudiced by this extension. To avoid

any potential prejudice, the Court will extend the deadlines for the parties to provide expert reports, a concern raised by Plaintiffs in support of their own motion. The remaining deadlines will not need modification.

Given this narrow extension of the non-expert deadline, the subpoenas at issue are deemed timely. No additional discovery is allowed.

Given the record, the Court finds good cause under Local Rule 7(f) to require AG Landry to file an opposition to Plaintiffs' Motion for Protective Order (R. Doc. 88) on or before September 21, 2022. This opposition shall address the balance of arguments raised by Plaintiffs in seeking to quash the subpoenas, which include overbreadth, disproportionality, and violations of the Louisiana Children's Code Article 412.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Louisiana Attorney General Jeffrey Landry's Motion to Extend Discovery Deadline (R. Doc. 89) is **GRANTED IN PART and DENIED IN PART**. The non-expert discovery deadline is extended to **October 7, 2022** for the sole purpose of modifying the date to comply with the subpoenas at issue. No additional non-expert discovery is allowed. The deadlines to submit expert reports to opposing parties are extended as follows:

> **Plaintiff(s):** November 4, 2022.
>
> **Defendant(s):** December 5, 2022.
>
> **Plaintiffs' Rebuttal:** January 6, 2023.

All other deadlines remain unchanged. (*See* R. Doc. 71).

**IT IS FURTHER ORDERED** that AG Landry must immediately provide a copy of this Order to all recipients of the subpoenas at issue. The recipients of the subpoenas must not

produce any additional documents responsive to the subpoenas served by AG Landry until resolution of Plaintiffs' Motion for Protective Order (R. Doc. 88) and upon further order of the Court.[1]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order (R. Doc. 88) is **DENIED IN PART** to the extent it seeks a finding that the subpoenas at issue are untimely because the return date is after the discovery deadline. AG Landry must file any opposition to the remaining issues raised in Plaintiff's Motion for Protective Order on or before **September 21, 2022.** Plaintiffs may file a reply memorandum, without seeking further leave of court, on or before **September 26, 2022.**

Signed in Baton Rouge, Louisiana, on September 16, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The non-party recipients of the subpoena may seek to quash or modify their respective subpoenas pursuant to Rule 45(d)(3).