UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON NELSON, ET AL                                         CIVIL ACTION

VERSUS

                                                            NO. 20-837-JWD-RLB

JEFFREY LANDRY, ET AL.

### ORDER

Before the Court is Louisiana Attorney General Jeff Landry's Second Motion to Extend Discovery Deadline. (R. Doc. 96). The deadline for filing an opposition has not expired. LR 7(f). For the reasons provided below, the Court will grant the motion.

Plaintiffs (seven individuals adjudicated delinquent of sex offenses by Louisiana juvenile courts) commenced this action seeking injunctive and declaratory relief against the application of the Louisiana sex offender registration and notification law, La. R.S. 15:540 *et seq*, to them. (R. Doc. 1). One Plaintiff, Benjamin Sheridan, voluntarily dismissed his claims without prejudice. (R. Doc 81; R. Doc. 86).

On September 9, 2022, AG Landry issued twelve subpoenas to the following: the Sheriff of Madison Parish, the Sheriff of Jefferson Parish, the Sheriff of Avoyelles Parish, the Sheriff of St. Tammany Parish, the Sheriff of Lafourche Parish, the Superintendent of the New Orleans Police Department, the Madison Parish District Attorney, the Avoyelles Parish District Attorney, the Jefferson Parish District Attorney, St. Tammany Parish District Attorney, the Lafourche Parish District Attorney, and the Orleans Parish District Attorney. (R. Docs. 88-2, 88-3). Each of the subpoenas sought compliance on September 19, 2022 in Baton Rouge, Louisiana.

Plaintiffs filed a Motion for Protective Order or, Alternatively, Motion to Quash Subpoenas. (R. Doc. 88). In that motion, Plaintiffs argue that (1) AG Landry's subpoenas are

untimely because the return date is after the discovery deadline; (2) the subpoenas are overly broad; (3) the subpoenas are disproportionate to the needs of the case and are meant to harass and embarrass the Plaintiffs; and (4) a number of the requested documents violate the Louisiana Children's Code Article 412.

AG Landry's first Motion to Extend Discovery Deadline sought a 30-day extension of the non-expert discovery deadline set to expire on September 15, 2022. (R. Doc. 89). In granting this motion in part, the Court extended the non-expert discovery deadline to October 7, 2022 for the sole purpose of modifying the date to comply with the subpoenas at issue. (R. Doc. 93).

As of the date of this Order, the parties have briefed the remaining issues raised in Plaintiffs' Motion for Protective Order, but the Court has not issued a ruling on that motion.

AG Landry now seeks an extension to October 17, 2022, or alternatively, 10 days beyond the decision date on Plaintiffs' Motion for Protective Order. (R. Doc. 96). AG Landry represents that this extension is required to allow "the Attorney General to receive documents requested from the juvenile courts, the District Attorneys and the Sheriffs in those parishes in which adjudications and other convictions were obtained." (R. Doc. 96 at 3-4). AG Landry does not seek any further extensions.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the

party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Having considered the record, the Court finds good cause to grant the relief sought pursuant to Rule 16(b)(4). The Court has already extended the non-expert discovery deadline for the purposes of allowing compliance with the subpoenas unless they are quashed. The Court is still considering the arguments of the parties raised with respect to Plaintiff's Motion for Protective Order. No party will be prejudiced by the extension, which is required to provide the Court time to adjudicate the pending Motion for Protective Order. Furthermore, the extension provided by this Order is limited to the subpoenas at issue and does not allow any further non-expert discovery.

Based on the foregoing,

**IT IS ORDERED** that AG Landry's Second Motion to Extend Discovery Deadline is **GRANTED**. The non-expert discovery deadline is extended until **October 17, 2022** or alternatively, until 10 days following the Court's ruling on Plaintiff's Motion for Protective Order (R. Doc. 88) should a ruling be issued after October 10, 2022. This extension is limited to allow the third-parties to respond to the subpoenas at issue if required after resolution of Plaintiff's Motion for Protective Order. All other deadlines remain unchanged. (*See* R. Docs. 71, 93).

**IT IS FURTHER ORDERED** that AG Landry must immediately provide a copy of this Order to all recipients of the subpoenas at issue. The recipients of the subpoenas must not produce any additional documents responsive to the subpoenas served by AG Landry until

resolution of Plaintiffs' Motion for Protective Order (R. Doc. 88) and upon further order of the Court.[1]

Signed in Baton Rouge, Louisiana, on October 6, 2022.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The non-party recipients of the subpoena may seek to quash or modify their respective subpoenas pursuant to Rule 45(d)(3).