UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON NELSON, ET AL                                   CIVIL ACTION

VERSUS
                                                      NO. 20-837-JWD-RLB
JEFFREY LANDRY, ET AL.

## ORDER

Before the Court is Plaintiffs' Motion for Protective Order or, Alternatively, Motion to Quash Subpoenas ("Motion for Protective Order"). (R. Doc. 88). Louisiana Attorney General Jeff Landry filed an opposition. (R. Doc. 94). Plaintiffs filed a Reply. (R. Doc. 95).

**I.     Background**

Plaintiffs (seven individuals adjudicated delinquent of sex offenses by Louisiana juvenile courts) commenced this action seeking injunctive and declaratory relief against the application of the Louisiana sex offender registration and notification law ("LSOR"), La. R.S. 15:540 *et seq.*, to them. (R. Doc. 1). One Plaintiff, Benjamin Sheridan, voluntarily dismissed his claims without prejudice. (R. Doc 81; R. Doc. 86).

In relevant part, LSOR requires "[a]ny juvenile, who has attained the age of fourteen years at the time of commission of the offense, who has been adjudicated delinquent based upon the perpetration, attempted perpetration, or conspiracy to commit any of the following offenses" to register and provide notification as a sex offender:

> (a) Aggravated or first degree rape (R.S. 14:42), which shall include those that have been adjudicated delinquent based upon the perpetration, attempted perpetration, or conspiracy to commit aggravated oral sexual battery (formerly R.S. 14:43.4, Repealed by Acts 2001, No. 301, § 2) occurring prior to August 15, 2001.
> (b) Forcible or second degree rape (R.S. 14:42.1).
> (c) Second degree sexual battery (R.S. 14:43.2).

> (d) Aggravated kidnapping of a child who has not attained the age of thirteen years (R.S. 14:44).
> (e) Second degree kidnapping of a child who has not attained the age of thirteen years (R.S. 14:44.1).
> (f) Aggravated crime against nature as defined by R.S. 14:89.1(A)(2) involving circumstances defined by R.S. 15:541 as an "aggravated offense".
> (g) Aggravated crime against nature (R.S. 14:89.1(A)(1)).
> (h) An offense under the laws of another state, or military, territorial, foreign, tribal, or federal law which is equivalent to the offenses listed in Subparagraphs (a) through (g) of this Paragraph.

La. R.S. 15:542(A)(3). These individuals must register with the sheriff of the parishes and the chief of police or police department of the municipalities in which they reside, work, and attend school, as well as the campus law enforcement agency if they attend a postsecondary institution, provide certain identifying information, and pay an annual registration fee. La. R.S. 15:542(B)-(D). With respect to juveniles adjudicated for the enumerated offenses in La. R.S. 15:542(A)(3), the applicable registration and notification requirements are for life, with possible reduction to 25 years. La. R.S. 15:544(B)(2)(b), (E)(2). The public can access a limited set of identifying information regarding these individuals on an internet-based sex offender registry. La. R.S. 15:542.1.5.[1]

Plaintiffs allege that LSOR "makes it almost impossible for its registrants to obtain affordable housing, secure suitable employment, raise families, and participate as active residents of their own communities" and the law's "severe restrictions and requirements hobble individuals financially, socially, and geographically for their entire lives." (R. Doc. 64 at 3). Plaintiffs allege that, as a result of their registration on the sex offender registry, they have lost job opportunities, have been stigmatized by acquaintances, and have been subjected to physical violence and psychological torment. (R. Doc. 64 at 6-8). In light of the foregoing, Plaintiffs assert that subjecting them to the law's "debilitating lifelong restrictions for offenses they

---

[1] In 2008, juvenile offenders were included on the public sex offender registry. 2008 La. Acts, No. 816, § 1.

committed as children violates Plaintiffs' rights under the United States Constitution, including the right to be free from cruel and unusual punishment under the Eighth Amendment, the right not to suffer additional punishment than what was prescribed at the time of the offense under the Ex Post Facto Clause, the rights to fundamental fairness and due process under the Fourteenth Amendment, the right to trial by jury under the Sixth and Fourteenth Amendments, the rights against compelled speech and the chilling of speech under the First Amendment, and the right to intimate association under the First and Fourteenth Amendments." (R. Doc. 64 at 5).

Plaintiffs further allege that the LSOR undermines the sole purpose of the juvenile justice system because the requirements are "punitive, not rehabilitative." (R. Doc. 64 at 34-40). Plaintiffs allege that "sex offender registration schemes do not reduce recidivism or increase public safety, particularly in the case of people required to register for crimes they committed as children." (R. Doc. 64 at 35). Plaintiffs also claim that minors who commit sex offenses "have close to the lowest rates of recidivism among all people for all crimes" and "are unlikely to reoffend as adults." (R. Doc. 64 at 36-37).

In their prayer for relief, Plaintiffs seek: "(a) An order and judgment declaring that the application of [LSOR] to Plaintiffs, who committed their offenses as children, violates Plaintiffs' rights under the United States Constitution, as described in this Complaint; (b) An order and judgment enjoining Defendants from continued enforcement of [LSOR] as it applies to Plaintiffs, who committed their offenses as children; (c) An order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and (e) Any other relief this Court deems proper." (R. Doc. 64 at 50).

AG Landry filed an Answer and Defenses to Plaintiffs' Second Amended Complaint. (R. Doc. 78). Among other things, this pleading asserts that Plaintiffs "are guilty of laches by failing

to timely commence this action, which has prejudiced Defendant's ability to discover witnesses, testimony, facts, and evidence to support Defendant's defenses." (R. Doc. 78 at 4).

On September 9, 2022, AG Landry issued twelve subpoenas to the following: the Sheriff of Madison Parish, the Sheriff of Jefferson Parish, the Sheriff of Avoyelles Parish, the Sheriff of St. Tammany Parish, the Sheriff of Lafourche Parish, the Superintendent of the New Orleans Police Department, the Madison Parish District Attorney, the Avoyelles Parish District Attorney, the Jefferson Parish District Attorney, St. Tammany Parish District Attorney, the Lafourche Parish District Attorney, and the Orleans Parish District Attorney. (R. Docs. 88-2, 88-3). Each of the subpoenas sought compliance on September 19, 2022 in Baton Rouge, Louisiana, which was after the September 15, 2022 deadline to complete non-expert discovery.

Plaintiffs filed the instant Motion for Protective Order on September 9, 2022. (R. Doc. 88). In seeking a Rule 26(c) protective order quashing the subpoenas, Plaintiffs argue that (1) Defendants' subpoenas are untimely because the return date is after the discovery deadline; (2) the subpoenas are overly broad; (3) the subpoenas are disproportionate to the needs of the case and are meant to harass and embarrass the Plaintiffs; and (4) a number of the requested documents violate the Louisiana Children's Code Article 412.

On September 15, 2022, AG Landry filed his first Motion to Extend Discovery Deadline. (R. Doc. 89). Through this motion, AG Landry sought a 30-day extension of the deadline to complete non-expert discovery to October 15, 2022, with no change in the remaining deadlines. The Court granted the motion in part, extending the deadline to complete non-expert discovery to October 7, 2022 for the sole purpose of modifying the date to comply with the subpoenas. (R. Doc. 93).

On October 5, 2022, AG Landry filed his Second Motion to Extend Discovery Deadline. (R. Doc. 96). The Court granted this motion, extending the deadline to comply with the subpoena to within 10 days after the issuance of a ruling on the instant Motion to Quash. (R. Doc. 97). Given the foregoing, the issue of the timeliness of the dates of compliance is moot.

**II.    Law and Analysis**

   **A.    Legal Standards**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific

demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 45 governs the issuance of subpoenas. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court for the district where compliance is required must quash or modify a subpoena that fails to allow a reasonable time to comply or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Subpoenas issued for discovery purposes are subject to the discovery limitations outlined in Rule 26(b). *See Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).").

**B.     Analysis**

The subpoenas at issue seek production of "[a]ny and all records pertaining to [Plaintiff] that are in your possession or under your custody and control identified in the following 10 items":

1. Police or investigating officer's arrest report relating to any crime for which [Plaintiff] was arrested from 2000 to the present.

2. All narrative reports relating to any crime for which [Plaintiff] was arrested or charged from 2000 to the present.

3. All affidavits, information, indictment or delinquency petitions charging [Plaintiff] with a criminal offense from 2000 to the present.

4. All informal adjustment agreements entered by or on behalf of [Plaintiff] from 2000 to the present.

    5.       All plea agreements entered and signed by or on behalf of [Plaintiff] from 2000 to the present.

    6.       Court minutes for all juvenile adjudications or adult prosecution involving [Plaintiff] from 2000 to the present.

    7.       All juvenile adjudication or adult conviction transcripts of proceedings for any adjudication or trial involving [Plaintiff] from 2000 to the present.

    8.       Records of any pre-trial diversion program involving [Plaintiff] from 2000 to the present.

    9.       Correspondence concerning [Plaintiff] from 2000 to the present.

    10.      Appellate briefs related to an appeal of any juvenile adjudication or adult conviction concerning [Plaintiff] from 2000 to the present.

(R. Docs. 88-2, 88-3).

AG Landry represents that, through the subpoenas, he is seeking to obtain records of "repeat offenses/convictions, whether adult or juvenile, court orders explicitly directing Plaintiffs to register, and/or plea agreements wherein Plaintiffs consented to register," as well as documentation of "notice of the registration requirement" relevant to his laches defense. (R. Doc. 94 at 3). AG Landry further states that he has partial access to these documents through the State Police registry, "but those records do not seem to be complete having been selectively placed in the registry according to their needs by the local sheriffs or municipal police." (R. Doc. 94 at 3-4). AG Landry asserts that he first attempted to obtain these documents directly from Plaintiffs in written discovery served on February 8, 2021, but was provided responses on July 28, 2022 that "appeared to be insufficient and incomplete." (R. Doc. 94).[2]

Having considered the arguments of the parties, the Court finds no basis for quashing the instant subpoenas based on Plaintiffs' motion. As stated above, the issue of whether the

---

[2] The discovery requests and Plaintiff's production are attached as exhibits to AG Landry's first Motion for Extension. (*See* R. Docs. 91-2, 91-3). AG Landry did not file a motion to compel related to these discovery requests.

7

subpoenas are timely is moot. The Court will turn to Plaintiffs' remaining arguments that the subpoenas are overly broad, that the discovery sought is disproportionate to the needs of the case and would result in undue burden and embarrassment, and that the information is protected under Louisiana Children's Code Article 412.

Plaintiffs argue that the subpoenas are overly broad because they seek "any contact each plaintiff has had with the criminal legal system from 2000 to the present" without limitation to "certain categories of documents." (R. Doc. 88-1 at 8-9). The Court does not find the scope of documents sought to be overly broad. The subpoenas seek information regarding 10 distinct categories of documents relating to the criminal history of each Plaintiff. It appears that some of the Plaintiffs may have been infants or toddlers in 2000.[3] Nevertheless, the time frame sought is reasonable as a practical matter because it is simply designed to obtain all available criminal records regarding each Plaintiff. As discussed below, these documents fall within the scope of discovery as they are relevant and proportional to the needs of the case.

The complete criminal records sought are relevant to Plaintiff's claims that LSOR is "punitive, not rehabilitative" and does not otherwise "reduce recidivism or increase public safety, particularly in the case of people required to register for crimes they committed as children." (R. Doc. 64 at 34-35). The absence or presence of criminal records before and after registration is relevant to these claims. Furthermore, Plaintiffs' criminal records are relevant to AG Landry's laches defense, including a determination of when Plaintiffs were directed to register by court order or otherwise entered plead agreements consenting to register. While Plaintiffs argue that the laches defense "is unpersuasive," they raise no convincing argument that the documents

---

[3] Plaintiffs allege that they were adjudicated delinquent of registerable offenses in juvenile court in 2012 (Aaron Nelson at the age of 13-14), 2008 (Patrick Busby at the age of 15), 2009 (Robert Ruiz at the age of 15), 2007 (Shawn Mounce at the age of 16), 2005 (Jacob Chiasson at the age of 15), and 2016 (Hunter Calcion at the age of 16). (R. Doc. 64 at 6-8). At any rate, Plaintiffs do not argue that the temporal scope of the subpoenas is overly broad.

8

sought are not relevant to that defense, the merits of which have not yet been determined through the resolution of a dispositive motion.

Consistent with the foregoing, Plaintiffs do not directly argue that their criminal records are wholly irrelevant.[4] Instead, Plaintiffs argue that the subpoenas are "disproportionate to the needs of the case and are meant to harass and embarrass the Plaintiffs." (R. Doc. 88-1 at 9-11). The former issue (whether the subpoenas are proportional to the needs of the case) goes to the scope of discovery under Rule 26(b)(1). The latter issue (whether the subpoenas harass or embarrass Plaintiffs) goes to whether there is good cause to issue a protective order under Rule 26(c).

Having already concluded that the information sought is relevant, the Court now finds that the information sought falls within the scope of discovery because it is proportional to the needs of the case. Plaintiffs' conclusory analysis regarding proportionality does not address any of the factors in Rule 26(b)(1), much less how those factors bear upon Plaintiffs. The amount in controversy factor and the parties' resources are neutral factors. The remaining factors, however, support a finding of proportionality. Foremost, the issues at stake – whether Plaintiffs should remain subject to Louisiana's sex offender registration requirements – are important to the public at large. The discovery sought – Plaintiffs' criminal records – are important to resolving the issues of regarding the effectiveness of the LSOR as applied to Plaintiffs, the potential risks involved to the public if the LSOR requirements are removed, and when each Plaintiff became aware of the LSOR requirements. Finally, AG Landry has represented that discovery of

---

[4]Plaintiffs state that "any potential arrests, adjudications, or convictions Plaintiffs experienced bear **little** relevance to the instant claim related to [LSOR's] requirements applied to juveniles." (R. Doc. 88-1 at 10) (emphasis added). In support of this position, Plaintiffs reference a note in a previous order: "Given Plaintiffs' allegations, which do not challenge the validity of the underlying adjudications, it is unclear whether Plaintiffs' juvenile records, to the extent not already disclosed to the public, have any relevance to the claims and defenses in this actions." (R. Doc. 88-1 at 10) (quoting R. Doc. 25 at 11 n.9). As discussed above, the relevance of Plaintiffs' criminal records, including their juvenile records, have been made clear.

9

Plaintiffs' criminal records (despite his access to state records and discovery from Plaintiffs) is incomplete. Any remaining documents to be discovered are in the possession, custody, or control of the third parties. This third-party discovery will not subject Plaintiffs to any burden or expense (other than the expenses incurred in attempting to quash the subpoenas). To the extent Plaintiffs are arguing that compliance with the subpoenas would subject the responding third-parties to undue burden, they lack standing to raise this argument on behalf of the third-party law enforcement entities. *Payne v. Forest River, Inc.*, No. 13-679, 2014 WL 7359059, at *4 (M.D. La. Dec. 23, 2014).

Plaintiffs suggest that AG Landry has obtained all the discovery needed: "Defendants were able to ask Plaintiffs about these areas in their depositions, and Defendants already have **much** of this information in their possession, as evidenced by their discovery disclosures, which included Plaintiffs' rap sheets, warrant histories, court minutes from other criminal charges, etc." (R. Doc. 88-1 at 10-11) (emphasis added). In reply, Plaintiffs further argue that Defendants "already have access to all of the information they need" and that AG Landry does not present any evidence in support of the claim that the documents are incomplete. (R. Doc. 95 at 1-4).

AG Landry need not rely solely on the documents already in the State Police registry or that have been produced by Plaintiffs. To the extent that Plaintiffs are arguing that seeking additional documents from the third parties is a waste of time and expenses, it is nevertheless unclear how the third-party discovery would result in any burden or embarrassment to Plaintiffs. As discussed below, any concerns regarding the confidentiality of the information sought is addressed by the Joint Stipulated Protective Order entered in this action. (*See* R. Doc. 69)

Finally, Plaintiffs argue that at least some of the documents requested are subject to Louisiana Children's Code Article 412, which provides that "[r]ecords and reports concerning all

10

matters or proceedings before the juvenile court, except traffic violations, are confidential and shall not be disclosed except as expressly authorized by [the Louisiana Children's] Code." La. Ch. C. Art. 412(A). The statute further provides that "[f]or good cause when the information is material and necessary to a specific investigation or proceeding, the court may order the release of individual records and reports, or certain information contained therein, to a petitioner, limited to the specific purpose for which the court authorizes release." La. Ch. C. Art. 412(E)(1). The statute further provides that "[t]he court shall ensure the juvenile is afforded notice of the hearing and an opportunity to be heard at a contradictory hearing on the petition." La. Ch. C. Art. 412(E)(3). Finally, the statute provides that "[e]very person, other than the juvenile, parents of the juvenile, and attorney for the juvenile, to whom a juvenile record or information from a juvenile is disclosed pursuant to this Article shall execute a non-disclosure agreement that certifies the person is familiar with the applicable disclosure provisions and agrees not to disclose any information to unauthorized persons." La. Ch. C. Art. 412(K).

As stated above, this Court has issued a Joint Stipulated Protective Order to govern the exchange of confidential information in this matter. (R. Doc. 69). This Joint Stipulated Protective Order specifically governs the exchange of "information regarding any party's criminal history if not otherwise public, including juvenile adjudications to the extent such information is protected against disclosure by law, rule or regulation." (R. Doc. 69 at 4). Furthermore, each subpoena includes a "Nondisclosure Agreement for Juvenile Records" consistent with Article 412(K) of the Louisiana Children's Code. To the extent necessary and applicable, this Court finds that the information sought is material and necessary to this litigation and its release would be consistent with Article 412(E)(1) of the Louisiana Children's Code and the Joint Stipulated Protective Order in this action. The Court takes no position on whether any of the information sought by the

subpoenas remain subject to a contradictory hearing in state court prior to disclosure by a state or local government entity or official. *See* La. Ch. C. Art. 412(E)(3). The Court's decision here, rather, is that the subpoenas are not being quashed.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion for Protective Order or, Alternatively, Motion to Quash Subpoenas (R. Doc. 88) is **DENIED**. In accordance with the Court's previous order, the non-expert discovery deadline is extended **10 days** following the date of this Order for the limited purpose of allowing the third-parties to respond to the subpoenas at issue. (*See* R. Doc. 97). All other deadlines remain unchanged. (*See* R. Docs. 71, 93).

**IT IS FURTHER ORDERED** that AG Landry must immediately provide a copy of this Order to all recipients of the subpoenas at issue.

Signed in Baton Rouge, Louisiana, on October 19, 2022.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**