UNITED SATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**AARON NELSON, ET AL,**              **CIVIL ACTION**

*Plaintiffs*                           NO. 3:20-cv-00837 – JWD-RLB

**VERSUS**

**JEFFREY LANDRY, in his official
capacity as Attorney General of the State
of Louisiana, et al.**

*Defendants*

*****************************************************************************

## ATTORNEY GENERAL'S MOTION TO QUASH SUBPOENA DUCES TECUM FOR DR. BRANDON ROMANO AND REQUEST FOR PROTECTIVE ORDER

**NOW INTO COURT**, through undersigned counsel, comes Attorney General Jeff Landry, defendant herein, who moves to quash a subpoena directed to Dr. Brandon P. Romano, on the grounds that the *Subpoena Duces Tecum* exceeds the scope of discovery for expert witnesses, seeks irrelevant, privileged or protected information, and is overly broad and burdensome.

The Attorney General further opposes the Motion to Compel Discovery Responses submitted to the Attorney General on or about January 7, 2023, seeking the production of documents and interrogatories to be responded to by the defense expert, on the grounds that the document request and interrogatories are not authorized by the Federal Rules of Civil Procedure.

1.

Dr. Brandon P. Romano is a clinical psychologist who specializes in forensic psychology. Dr. Romano is not a party to this suit and has been asked by the Attorney General to serve as an expert in this matter.

2.

On Wednesday, February 28, 2023, the *Subpoena Duces Tecum* was served on the front desk coordinator at Dr. Romano's office.

3.

The *subpoena duces tecum* in question orders Dr. Romano to produce documents on March 10, 2023, which is also the date of Dr. Romano's deposition. *See* Exhibit A, <u>Subpoena Duces Tecum</u>.

4.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Rule 26(b)(2)(C) further provides, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

5.

In addition to the general limits on discovery cited above, Rule 26(b)(4) of the Federal Rules of Civil Procedure provides additional limits on what parties may seek in discovery from experts.

6.

Plaintiff's subpoena duces tecum to Dr. Romano consists of twenty-two requests for documents. Many of the requests consist of requests for contracts between state agencies and Dr.

Romano and evaluations performed pursuant to the contracts, as well as "syllabus, reading materials, treatment or course outlines, Power Point Presentations, lecture notes, etc, for all treatment services you provided" pertaining to unrelated contracts between Dr. Romano and the Office of Juvenile Justice, Louisiana State University health Sciences Center, Louisiana State Board of Nursing, Louisiana Physical Therapy Board, Louisiana Department of Corrections and Public Safety.

7.

Plaintiff is seeking from Dr. Romano privileged information that is not relevant to this matter and will not lead to discoverable evidence. The information sought by Plaintiff has no possible bearing on the claim or defense of the Plaintiffs.

8.

The documents requested by Plaintiffs are not proportional to the case nor are the requested documents necessary to test Dr. Romano's qualifications. Plaintiff's *Subpoena Duces Tecum* to Dr. Romano far exceeds the scope of discovery for expert witnesses, as discussed in detail in the accompanying Memorandum in Support of Motion to Quash Subpoena and Request for Protective Order.

9.

Defendant requests that the subpoena duces tecum be quashed and that this Court issue a protective order forbidding the production of the requested documents.

10.

Prior to the service of the *Subpoena Duces Tecum*, plaintiffs emailed a request for the same materials to the Attorney General. See, Exhibit B, attached.

11.

The requests presented to the Attorney General are not authorized by the federal discovery provisions and are null and void and without effect and should be stricken as a nullity by the court and a protective order issue with respect to the requests.

12.

Expedited consideration of this motion is requested given that Dr. Romano's deposition is set for March 10, 2023, leaving the parties little time for a hearing in the district court and ruling on the motion.

**WHEREFORE,** the Attorney General prays that the Motion to Quash Subpoena and Request for Protective Order be granted.

           **JEFF LANDRY**
           **ATTORNEY GENERAL**

BY:   /s/ Carey T. Jones_____
        Carey T. Jones (#7474)
        David Jeddie Smith, Jr. (#27089)
        Alicia Edmond Wheeler (#28803)
        Assistant Attorneys General
        Louisiana Dept. of Justice
        P.O. Box 94005
        Baton Rouge, LA 70802
        Telephone: (225) 326-6000
        Facsimile: (225) 326-6098
        Email: JonesCar@ag.louisiana.gov
               SmithDa@ag.louisiana.gov
               WheelerA@ag.louisiana.gov
*Counsel for Attorney General Jeff Landry*

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 3rd day of March, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

        /s/ Carey T. Jones_____
        CAREY T. JONES