**UNITED SATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**AARON NELSON, ET AL,**                          **CIVIL ACTION**

                            *Plaintiffs*          **NO. 3:20-cv-00837 – JWD-RLB**

**VERSUS**

**JEFFREY LANDRY, in his official**
**capacity as Attorney General of the State**
**of Louisiana, et al.**

                            *Defendants*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF ATTORNEY GENERAL'S MOTION TO QUASH SUBPOENA DUCES TECUM FOR DR. BRANDON ROMANO AND REQUEST FOR PROTECTIVE ORDER

**NOW INTO COURT**, through undersigned counsel, comes Attorney General Jeff Landry, who respectfully submits this Memorandum in Support of the Motion to Quash Subpoena Duces Tecum for Dr. Brandon Romano and Request for Protective Order, as follows:

### I.   BACKGROUND

This motion seeks protection against discovery inquiries misdirected to the Attorney General calling for him to answer interrogatories and produce documents in the custody and possession of a third party expert (Exhibit B) and to quash a *subpoena duces tecum* served on the defense expert witness (Exhibit A). The Attorney General submits that the discovery should not be had under the discovery rules.

Plaintiff's subpoena to Dr. Brandon P. Romano is board-ranging, burdensome on its face, and seeks privileged information, such as:

1.  Contracts and non-party client evaluations for the Office of Juvenile Justice.
    See request No. 3

1

2. Documents associated with evaluation and treatment process with the Louisiana State University Health Sciences Center. See Request No. 5

3. Contracts and Evaluations performed by Dr. Romano for the Louisiana State Board of Nursing and the Louisiana Physical Therapy Board. See Requests 6 and 7.

4. Contracts and Client evaluations performed by Dr. Romano for a law firm specializing in immigration. See requests 8 and 9.

5. Evaluations performed by Dr. Romano for NGRI, contracts and treatment related materials, and provider information. See requests 10 and 11.

6. Contracts and client evaluations performed by Dr. Romano for the Louisiana Department of Corrections and Public Safety. See requests 12 and 13.

7. Client evaluations performed by Dr. Romano and provider information. See requests 14 and 15.

8. Risk assessment instruments and the risk assessments performed on clients by Dr. Romano, as well as the providers which contracted with Dr. Romano. See requests 16, 17, 18, and 19.

9. Risk assessments instruments, client assessments, and provider information for evaluations performed by Dr. Romano on individuals in the seminary and monastery. See requests 20 and 21.

Plaintiffs *Expert Discovery to Defendants Regarding Dr. Brandon P. Romano,* which is the subject of the Plaintiffs' motion to compel, are a set of interrogatories that the Attorney General cannot answer and a set of requests for production of documents that the Attorney General does not possess and cannot produce, many of which are confidential nature that the Attorney General could neither urge nor waive in producing the documents. The discovery requests are virtually identical, if not identical, to the *Subpoena Duces Tecum* that was served on Dr. Romano. Most tellingly, the discovery requests require responses based upon "your report authored for the Defendants dated December 5, 2022 and consisting of 32 pages and several Appendices totaling 21 pages." The discovery sought information and documents that could only be answered and produced by the expert witness. That the discovery is not directed to the Attorney General for a response is patent on the face of the pleading. These requests were sent to counsel for the Attorney General on or about January 7, 2023.

### A. The Plaintiffs' Claims in This Case Allege Constitutional Defects in Louisiana's Sex Offender Registration Statutes as They Pertain to Juveniles

The Plaintiffs' assert a challenge to sex offender registration laws as they pertain to juveniles.   Under several theories, Plaintiffs allege that the statutes requiring sex offender registration are unconstitutional.

Louisiana, pursuant to the federal requirements in SORNA34 USC § 20911, 20912(a), established a regulatory scheme, commonly referred to as Meghan's Law, that governs persons convicted of certain sex offences with the goals of protecting the public, ensuring public safety, and enabling law enforcement to quickly apprehend repeat offenders.  La. R.S. 15:540, *et seq*. Meghan's law in Louisiana and its federal equivalent have been held to establish a legitimate, non-punitive regulatory scheme to account for persons who have been convicted of sex offenses specified in La. R.S. 15:541.  *Moore v. Avoyelles Corr. Ctr.,* 253 F. 3d 870, 872-873 (5th Cir. 2001), cert. denied, 534 U.S. 1008 (2001); *State ex. rel. Olivier v. State*, 00-172 (La. 2/21/01), 179 So. 2d 735; *Jackson v. State*, 11-842 (La. App. 3 Cir. 2/15/12), 102 So. 3d 784. See also, *Smith v. DOE*, 538 U.S. 84 (2003).

The Louisiana statutes governing the registration and community notification by sex offenders and child predators, as in other jurisdictions, aim to prevent sex offenses from occurring through a non-punitive regulatory scheme designed to notify law enforcement and members of the community of a potential threat, so that the community can take measures to avoid the risk and thus avoid becoming victims of a sex crime. La. R.S. 15:540; *State ex. rel. Olivier v. State*, 00-172 (La. 2/21/01), 179 So. 2d 735; *Jackson v. State*, 11-842 (La. App. 3 Cir. 2/15/12), 102 So. 3d 784. The Louisiana Supreme Court in *State ex rel. Olivier v. State*, *supra,* interpreted the legislative intent of La. R.S. 15:540, et seq. in the following terms:

3

> A careful review of the subjective intent enunciated in La. R.S. 15:540 shows that the Legislature enacted this state's Megan's Laws with an avowedly non-punitive intent. It is clear that the laws were enacted to protect communities, aid police in their investigation of sex offenders, and enable quick apprehension of sex offenders. These enactments were further founded on the findings of the Legislature that this legislation was of paramount governmental interest because: (1) sex offenders pose a high risk of engaging in sex offenses, (2) sex offenders have a high incidence of recidivism, and (3) unless there was a registration and community notification, sex offenders could remain hidden and thereby increase the risk to public safety. Accordingly, it is apparent that the intent of the Legislature was to alert the public for the purpose of public safety, a remedial intent, not to punish convicted sex offenders. *Olivieri,* 779 So. 2d at 747.

This civil regulatory scheme governing sex offender registration and notification should be read "in its entirety according to its paramount governmental interest of protecting the citizens of this state," *State v. Cook*, 2016-1518 (La. 5/3/17), 226 So. 3d 387, 392, citing *State v. Clark*, 12-1296, (La. 5/7/13), 117 So.3d 1246, 1250.

The United States Supreme Court has similarly recognized that "[s]ex offenders are a serious threat to this Nation," *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003), and that the principal effect of sex offender registration and notification is to inform the public for its own safety, not to humiliate or penalize the offender. The Louisiana legislature determined that the registration and notification of sex offenders furthers a paramount governmental interest in public safety. "The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest." La. R.S. 15:540. This state objective has been held by the United States Supreme Court to be a legitimate concern of State government and a constitutionally acceptable means of achieving the state objective. *Smith v. DOE*, 538 U.S. 84 (2003).

4

Louisiana's sex offender law is facially constitutional and does not violate the double jeopardy, excessive sentence and ex post facto prohibitions and the equal protection guarantees set forth in the Constitution. *Dixon v. State*, CA 13-00466 (M.D. La. 2016), 2016 WL 126750. The Louisiana statute cannot be characterized as punishment. *Id*. at *5. Sex offenders are not a suspect or quasi-suspect class, and the statute can pass the rational basis test. *Id*. at *6. Civil regimes may impose criminal penalties for violations of their regulatory requirements without running afoul of the Eighth Amendment. *Id.* at *10, citing *United States v. Under Seal,* 709 F. 3d 257, 264 (4th Cir. 2013).

The registration component for juveniles in Louisiana comports with regulations adopted by the United States Attorney General pursuant to SORNA.  Those regulations were clarified in 76 CFR 1630, 2011 WL 65547, providing in pertinent part:

> First, SORNA's treatment of juvenile sex offenders is very different from its treatment of adult sex offenders. Registration is required on the basis of a juvenile delinquency adjudication only if the juvenile is at least 14 years old at the time of the offense and the adjudication is for an offense comparable to or more severe than aggravated sexual abuse as defined in Federal law or an attempt or conspiracy to commit such a crime. See 42 U.S.C. 16911(8). The SORNA Guidelines explain that it suffices for substantial implementation of SORNA if jurisdictions register individuals in this class who have been adjudicated delinquent for the most serious types of sexually assaultive crimes, which generally limits the required coverage to juveniles adjudicated delinquent for committing nonconsensual sex offenses involving penetration or related attempts or conspiracies. See 73 FR at 38030, 38040-41, 38050. There is no requirement that jurisdictions register juveniles adjudicated delinquent for lesser sexual assaults or for nonviolent sexual conduct whose criminality depends on the age of the victim. See *id*. Moreover, SORNA does not require lifetime registration without qualification even for juveniles adjudicated delinquent for the most serious sexually assaultive crimes, but allows registration to be terminated after 25 years for those maintaining a clean record. See 42 U.S.C. 16915(b)(2)(B), (3)(B); 73 FR at 38068-69.

*Supplemental Guidelines for Sex Offender Registration and Notification*, 76 FR 1630-01.

Consistent with those regulations for juvenile offenders, the Louisiana legislature modified its adult registration and notification statutes to enumerate the offenses for which juveniles 14

5

years and older are adjudicated.  Additionally, the legislature relieved juveniles convicted of sex offenses of the obligation to notify the community of their sex offender status, La. R.S. 15:542.1(C), 543.1(6) and (7).  Juveniles are required to make in person appearances at the parish Sheriff's office to report certain important changes in registration information and for periodic verification as required by SORNA and the U.S. Attorney General regulations.  Thus, both the SORNA regulations and Louisiana law take account of the difference between adult and juvenile offenders in terms of sex offender registration.  Congress, the U.S. Attorney General and the Louisiana legislature have struck a balance in its treatment of juvenile sex offenders in terms of registration.

### B.  Expert Testimony in This Case is Probably Unnecessary

The question in this case is not whether the Louisiana legislature made could have made a better choice in adopting its sex offender registration for juveniles but rather, whether the legislature violated the Constitution in enacting a law.  This determination is within the purview of the court rather than experts in juvenile behavior.  The constitutionality of laws falls within the expertise of the presiding judge.  The court does not need an expert to second guess the wisdom of decisions made by Congress, the U.S. Attorney, and the Louisiana legislature in striking a balance on sex offender registration.

Experts are frequently overused in modern litigation when their testimony is unnecessary to aid the courts in arriving at a decision.  See, Pamela Louise Johnston, *Court-Appointed Scientific Expert Witnesses: Unfettering Expertise*, 2 High Tech. L.J. 249, 249 (1987).  However, one of the parties retains an expert, and the other party feels constrained to retain an expert when the dispute is of a nature that the trial court has sufficient expert and knowledge to resolve, as here, a legal dispute as to the validity of a statute or set of statutes.  The result is needless expense and time

devoted to the expert witnesses.  Such is the case here where expert testimony does not inform the judge about whether the law-making bodies made constitutional choices.  As so often happens, experts become advocates espousing the cause of the parties who retained them with little benefit to the fact-finder.  Moreover, if experts are burdened with responding to a subpoena duces tecum such as this one, the court will be soon be without legitimate experts to aid them in understanding complex technical matters in the course of litigation.

Against that background, the excessive nature of the discovery requests presently at issue can be determined.

## II.  LAW AND ARGUMENT

a. <u>The Subpoena Duces Tecum and the Discovery Requests to the Attorney General Exceeds the Limits of Discovery from Experts under Rule 26 of the Federal Rules of Civil Procedure</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides,"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." A relevant discovery request seeks information that is "either admissible is reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1484 (5th Cir.1990). Rule 26(b)(2)(c) further provides:

> The court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

In addition to the general limits on discovery cited above, Rule 26(b)(4) provides additional limits on what parties may seek in discovery from experts. Scholarly evaluation of the Federal Rules and the impact of inclusion of the proportionality concept within Rule 26(b)(1)'s threshold scope of discovery indicate that non-parties have greater protections from discovery and that burdens on non-parties will impact the proportionality analysis." E. Laporte and J. Redgrave, A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure 26, 9 Fed. Cts. L. Rev. 57 (2015). "The parameters established by Rule 26 are that permissible discovery extends only to that which is non-privileged, relevant to claims and defenses in the case and within the applicable Rule's proportionality limits." *Hahn v. Hunt*, CA 15-2867 (E.D. La. 2016), 2016 WL 1587405.

      b.   The Subpoena Seeks Documents and Information that are Irrelevant, Privileged and the Request is Overly Burdensome

Plaintiff's subpoena duces tecum directed to Dr. Romano seeks a broad array of material which is excessive, not relevant to the claims in the case, and seeks privileged and protected client information. In *Hume v. Consolidated Grain & Barge, Inc*., CA-15-935 (E.D. La. 2016), 2016 WL 7385699, the plaintiffs served the defendant's expert witness with a subpoena that the court found to be "broad-ranging and burdensome on its face." The subpoena requested detailed time entries and billing pertaining to other cases in which plaintiff's expert served as an expert witness and computer database records maintained by the expert witness. *Id*. at *2. The court, noted that "the party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id*. The court

evaluated the standards set forth in Rule 26 against the subpoena duces tecum issued by plaintiffs, and found that the requests to the defendant's expert witness seeks to "produce the broad array of materials sought in the subpoena are excessive, seek much that is not relevant to the claims and defenses in this case, and are beyond what is necessary and beneficial to resolution of this case." *Id.* at. 3.

The vast majority of the information sought by Plaintiffs from Dr. Romano is protected client information such as evaluations performed by Dr. Romano. These evaluations have no relevancy to this matter nor are the evaluations performed by Dr. Romano and contracts with his clients relevant to test his qualifications as an expert. Further, for Dr. Romano to redact the protected information from the volume of evaluations requested by plaintiff would be time-consuming and excessively burdensome.

To determine whether the subpoena presents an undue burden, the court considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co*., 392 F.3d 812, 818 (5th Cir. 2004). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." *Id.*

The information requested by Plaintiffs in their subpoena duces tecum bears no relevance on this matter. The Plaintiffs are requesting evaluations and contracts from patients and companies that have no involvement with this lawsuit. The documents requested in the subpoena duces tecum are not alleged with particularity and broadly reference unrelated contracts and patient information. Dr. Romano would have to not only comb through excessive amounts of client files to locate such

evaluations, but also spend a substantial amount of time redacting any privileged or protected information. The Plaintiffs have no need for the documents requested from Dr. Romano nor are these documents important to this instant litigation.

    c.   <u>A Protective Order is Necessary as the Subpoena and Discovery Requests Seeks the Disclosure of Protected Health Information</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order. *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3rd Cir. 1994). In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information. *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at \*5 (E.D. La. Apr. 5, 2004).

The information sought by Plaintiffs in their subpoena duces tecum encompasses protected health information of Dr. Romano's clients, who are not parties to this suit. The documents sought by Plaintiffs are of such marginal relevance that the potential harm that would arise from discovery outweighs the ordinary presumption in favor of broad disclosure. Further, no good causes exists to require Dr. Romano to produce contracts between him and various public and private entities to evaluate patients, when the patients and entities are not involved in this instant lawsuit.

    d.   <u>The Particular Requests for Information and Documents is So Burdensome and Excessive That It Amounts to Harrassment Under Rule 21(g)</u>

Turning to the particular discovery request and Subpoena Duces Tecum, the Attorney General submits that the items requested by the Plaintiffs are excessive, not relevant or calculated to lead to relevant evidence and not proportionate to the needs of the case.

With respect to the discovery requests (interrogatories and requests for production – Exhibit B to the Attorney General's motion) to the Attorney General, the preamble to the request makes it clear that the discovery was misdirected. The discovery request is governed by the preamble that provides: "By "report," or "your report", these discovery requests refer to the report you authored for the Defendants dated December 5, 2022 and consisting of 32 pages and several Appendices totaling 21 pages." A copy of this report is attached as Exhibit A to these requests. The Attorney General did not generate a report, and cannot and should not explain, elaborate or comment on the expert's report and cannot and should not elicit such explanations. To respond to these discovery requests would be tantamount to producing a second expert report.

As to the individual interrogatories, the Attorney General objects to Interrogatory No. 1-13 with the same response that is adopted for each and every interrogatory.

## OBJECTION TO INTERROGATORIES

The Attorney General obviously cannot respond to this request. The Attorney General did not prepare a report and cannot elaborate or explain the report of the expert. The interrogatories are misdirected to the Attorney General who cannot and should not interpret or elaborate on the expert's report. Second, as to the expert, this question can easily be posed and answered in a deposition, and questions about the report may be asked there. As the preamble to the discovery request and subpoena duces tecum point out, the expert's report is 32 pages in length with a 21 page Appendix. Moreover, Rule 33 limits interrogatories to parties. This interrogatory has no legitimate purpose beyond burdening the litigation unnecessarily. These requests are not proportionate to the needs of the case. The methods of expert discovery under Rule 26 are the preparation of a report and deposition. Nor is the expert is not required to respond to discovery requests through one of the defendants.

Responding to the Requests for Production of Documents individually, the Attorney General respectfully avers:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### DOCUMENT REQUEST NO. 1

On page five of your report, you write that, with Dr. Pellegrin, you "designed and implemented the first ever sex offender evaluation and treatment program for the agency approximately 20 years ago." Please produce the course materials for this program, including the syllabus, power point(s), course outline(s), lecture notes, and reading materials.

**OBJECTION**: The Attorney General does not possess these documents. Even if documents relating to the development of 20 year old curriculum were relevant or calculated to lead to evidence about the constitutionality of the sex offender registration statute, the burden of searching for and producing records to test the qualifications of the expert unduly wastes time and expense and can only be understood to constitute harassment of the defendant and the expert under Rule 26(g).

### DOCUMENT REQUEST NO. 2

Please provide any contracts you are a party to with Dr. Pellegrin with respect to the subject matter of Request No. 1.

**OBJECTION**: The Attorney General does not possess or control these documents. Even if documents relating to the development of 20 year old contract relating to the development of a curriculum were relevant or calculated to lead to evidence about the constitutionality of the sex offender registration statutes, the burden of searching for and producing records to test the qualifications of the expert unduly wastes time and expense and can only be understood to constitute harassment of the defendant and the expert under Rule 26(g).

### DOCUMENT REQUEST NO. 3

On page five of your report, you write that you have "conducted countless psychosexual evaluations and provided treatment services for juveniles and their families..." for the OJJ. Please produce all such evaluations for the last five years.

**OBJECTION:**  Not only is this request overburdensome, it calls for the disclosure of confidential records of juveniles and their families going back 5 years when those juveniles and their families are not part in this case and have not asserted a claim that would make individual evaluations relevant to the case.  If the plaintiffs think that one of the plaintiffs has been subject to an evaluation by Dr. Romano, those records may be relevant or proportionate to the case, but as the request stands it is objectionable.  Moreover, the documents requested are protected against disclosure to the Attorney General, and the Attorney General cannot either urge privilege or confidentiality on the part of Dr. Romano or his patients nor redact the documents for purposes of production.

## DOCUMENT REQUEST NO. 4

Please provide any contracts you are a party to with the Office of Juvenile Justice including the contract with respect to the subject matter of Request No. 3.

**RESPONSE:**  To the extent this request is not confidential, the contracts may be relevant and subject to a production provided the contracts may be producible by the expert although their contribution to determining the qualifications of Dr. Romano is marginal at best.

## DOCUMENT REQUEST NO. 5

On page five of your report, you write that you were "part of the team that assisted in the development of the evaluation and treatment process..." for the Louisiana State University Health Sciences Center. Please produce all documents associated with the evaluation and treatment process that you developed, including course materials such as the syllabus, power point(s), course outline(s), lecture notes, and reading materials.

**OBJECTION**:  The Attorney General does not possess these documents. Even if documents relating to the development of a curriculum were relevant or calculated to lead to evidence about the constitutionality of the sex offender registration statute,  the burden of searching for and

producing records to test the qualifications of the expert unduly wastes time and expense and can

only be understood to constitute harassment of the defendant and the expert under Rule 26(g).

**DOCUMENT REQUEST NO. 6**

On page six of your report, you write that you are "an approved provider for psychological
and sex offense evaluations for professionals in safety-sensitive positions for Boards such as, but
not limited to, the Louisiana State Board of Nursing and the Louisiana Physical Therapy
Board." Please produce all such evaluations for the last five years.

**OBJECTION:** Not only is this request overburdensome, it calls for the disclosure of confidential

records going back 5 years when the evaluations to be produced are not part of this case and those

persons who have been evaluated have not asserted a claim that would make individual evaluations

relevant to the case.    Moreover, the documents requested are protected against disclosure to the

Attorney General, and the Attorney General cannot either urge privilege or confidentiality on the

part of Dr. Romano or persons who may have undergone an evaluation.

**DOCUMENT REQUEST NO. 7**

Please provide any contracts you are a party to with the Louisiana State Board of Nursing
and the Louisiana Physical Therapy Board including the contract with respect to the subject matter
of Request No. 6.

**RESPONSE:**  To the extent this request is not confidential, the contracts may be relevant and

subject to a production provided the contracts may be producible by the expert although their

contribution to determining the qualifications of Dr. Romano is marginal at best.

**DOCUMENT REQUEST NO. 8**

On page six of your report, you write that you are a "locally identified provider for an out
of state law firm specializing in immigration, specifically related to the Secretary of Homeland
Security determination for sex offenders and '...whether it is beyond reasonable doubt that the
petitioner poses any risk to the safety and well-being of his spouse.'" Please produce any
evaluations you have done in this role for the last five years.

**OBJECTION:** Not only is this request overburdensome, it calls for the disclosure of confidential

records going back 5 years when the evaluations to be produced are not part of this case and those

persons who have been evaluated have not asserted a claim that would make individual evaluations relevant to the case.  Moreover, the documents requested are protected against disclosure to the Attorney General, and the Attorney General cannot either urge privilege or confidentiality on the part of Dr. Romano or persons who may have undergone an evaluation.  The production of these records and the records requested in prior and following discovery requests are not proportionate to the needs of the case.

**DOCUMENT REQUEST NO. 9**

Please provide any contracts you are a party to with the law firm mentioned in Request No. 8.

**OBJECTION:**  Not only is this request overburdensome, it calls for the production of a contract that is likely confidential and/or work product of a law firm on whose behalf Dr. Romano has performed evaluations.  The contractual relationship between Dr. Romano and a private law firm is irrelevant and not calculated to lead to evidence relevant to the constitutionality of the sex offender registration statutes as they apply to juvenile offenders.  Moreover, the production of these records are not proportionate to the needs of the case.

**DOCUMENT REQUEST NO. 10**

On pages six and seven of your report, you write that you and your staff "have been the sole evaluation and treatment providers for clients deemed NGRI or via civil commitment [sic] for prior and current sex offenses residing in group homes and other supervised settings for the past three and a half years." Please produce any evaluations you have done in this role for the last five years.  Also, please produce all materials related to the "treatment" you and your staff provided pursuant to this contract including syllabus, reading materials, treatment or course outlines, Power Point presentations, lecture notes, etc.

**OBJECTION:**  Not only is this request overburdensome, it calls for the disclosure of confidential records going back 5 years when the evaluations to be produced are not part of this case and those persons who have been evaluated have not asserted a claim that would make individual evaluations relevant to the case.  Moreover, the documents requested are protected against disclosure to the

Attorney General, and the Attorney General cannot either urge privilege or confidentiality on the part of Dr. Romano or persons who may have undergone an evaluation. Finally, the production of these records and the records requested in prior and following discovery requests are not proportionate to the needs of the case.

**DOCUMENT REQUEST NO. 11**

Please identify the provider for whom you perform the services referenced in Request No. 10 and provide any contracts you are a party to with each.

**OBJECTION:** Not only is this request overburdensome, it calls for the production of a contract that may well be confidential. The contractual relationship between Dr. Romano and third parties is irrelevant and not calculated to lead to evidence relevant to the constitutionality of the sex offender registration statutes as they apply to juvenile offenders. Moreover, the production of these records are not proportionate to the needs of the case. Again, this request can only be understood as harassment under Rule 26(g).

**DOCUMENT REQUEST NO. 12**

On page seven of your report, you write that you and your staff "have been providing outpatient evaluation and treatment services for state offenders on probation and parole for the past 20+ years" for "over a thousand individuals" for the Louisiana Department of Corrections and Public Safety. Please produce any evaluations you have done in this role for the last five years as well as the syllabus, reading materials, treatment or course outlines, Power Point presentations, lecture notes, etc, for all treatment services you provided.

**OBJECTION:** Not only is this request overburdensome, it calls for the disclosure of confidential records for more than a thousand individuals going back 5 years when the evaluations to be produced are not part of this case and those persons who have been evaluated have not asserted a claim that would make individual evaluations relevant to the case. Moreover, the documents requested are protected against disclosure to the Attorney General, and the Attorney General cannot either urge privilege or confidentiality on the part of Dr. Romano or persons who may have

undergone an evaluation.  Finally, the production of these records and the records requested in

prior and following discovery requests are not proportionate to the needs of the case.  This request

can only be understood to be designed to harass the Attorney General and/or Dr. Romano.

**DOCUMENT REQUEST NO. 13**

Please provide any contracts you are a party to the DOC with respecting the subject matter
referenced in Request No. 12.

**OBJECTION:**  Not only is this request overburdensome, it calls for the production of a contract

that may well be confidential.  The contractual relationship between Dr. Romano and third parties

irrelevant and not calculated to lead to evidence relevant to the constitutionality of the sex offender

registration statutes as they apply to juvenile offenders.  Moreover, the production of these records

are not proportionate to the needs of the case.  Again, this request can only be understood as

harassment under Rule 26(g).

**DOCUMENT REQUEST NO. 14**

On page seven of your report, you write that you have "performed hundreds of sex-offense-
specific evaluations and provided treatment services for individuals that have not come to the
attention of the judicial system...; rather, they are pursuing services related to sexual misbehavior
or addiction that has not necessarily risen to a criminal offense."  Please produce any evaluations
you have done in this role for the last five years as well as the syllabus, reading materials, lecture
notes, treatment or course outlines, Power Point presentations, etc, for all treatment services you
provided.

**OBJECTION:**  Not only is this request overburdensome, it calls for the disclosure of confidential

records for hundreds of individuals going back 5 years when the evaluations to be produced are

not part of this case and those persons who have been evaluated have not asserted a claim that

would make individual evaluations relevant to the case.  Moreover, the documents requested are

protected against disclosure to the Attorney General, and the Attorney General cannot either urge

privilege or confidentiality on the part of Dr. Romano or persons who may have undergone an

evaluation.  Finally, the production of these records and the records requested in prior and

following discovery requests are not proportionate to the needs of the case.  This request can only

be understood to be designed to harass the Attorney General and/or Dr. Romano.

## DOCUMENT REQUEST NO. 15

Please identify the provider(s) for whom you perform the services referenced in Request No. 14 and provide any contracts you are a party to with each.

**OBJECTION:**  Not only is this request overburdensome, it calls for the disclosure of persons or

entities for whom evaluations were performed.  The identity of the person or entity for whom Dr.

Romano performed evaluations is likely to be privileged or confidential.  The identity of persons

and entities for whom evaluations were conducted is irrelevant and not calculated to lead to

evidence relevant to the constitutionality of the sex offender registration statutes as they apply to

juvenile offenders.  Moreover, the production of these records are not proportionate to the needs

of the case.  Again, this request can only be understood as harassment under Rule 26(g).

## DOCUMENT REQUEST NO. 16

On page seven of your report, you write that you are "regularly appointed...to perform psychosexual risk assessments...on adults and juveniles with sexual offenses." Please produce the risk assessment instrument you use for these assessments and any instructions on how to use them.  Also, produce any such assessments you have performed over the last five years.

**OBJECTION:**  Disclosing this information is irrelevant and not calculated to lead to relevant

evidence.  Dr. Romano does not in his report purport to have tested any of the Plaintiffs and

particular psychological tests performed on third parties who are not party to this suit has no

bearing on Dr. Romano's expertise and qualifications as they relate to this case.  The production

of these records are not proportionate to the needs of the case.  Again, this request can only be

understood as harassment under Rule 26(g).

## DOCUMENT REQUEST NO. 17

Please identify the appointing authority for the services you perform that are referenced in Request No. 16 and provide any contracts you are a party to with each.

**OBJECTION:** This is not a request to produce documents and the Attorney General is not required to respond. Even if there were documents to produce, the request is irrelevant and not calculated to lead to relevant evidence. The request is not proportionate to the needs of the case.

## DOCUMENT REQUEST NO. 18

On page seven of your report, you write that you are "routinely contacted...to perform psychosexual (risk assessments) [sic] evaluations for adolescents and adults." Please produce the risk assessment instrument you use for these assessments and any instructions on how to use them. Also, produce any such assessments you have performed over the last five years.

**OBJECTION:** Disclosing this information is irrelevant and not calculated to lead to relevant evidence. Dr. Romano does not in his report purport to have tested any of the Plaintiffs and particular psychological tests performed on third parties who are not party to this suit has no bearing on Dr. Romano's expertise and qualifications as they relate to this case. The production of these records are not proportionate to the needs of the case. Again, this request can only be understood as harassment under Rule 26(g).

## DOCUMENT REQUEST NO. 19

Please identify the entity, provider or vendor for the services you perform that are referenced in Request No. 18 and provide any contracts you are a party to with each.

**OBJECTION:** This is not a request to produce documents and the Attorney General is not required to respond. Even if there were documents to produce, the request is irrelevant and not calculated to lead to relevant evidence. The request is not proportionate to the needs of the case.

## DOCUMENT REQUEST NO. 20

On pages seven and eight of your report, you write that you "conduct[] mental and health evaluations with an emphasis on psychosexual functioning for individuals in the seminary and monastery." Please produce any risk assessment instrument you use for these assessments and any instructions on how to use them. Also, produce any such assessments you have performed over the last five years.

**OBJECTION:** This is not a request to produce documents and the Attorney General is not required to respond. Even if there were documents to produce, the request is irrelevant and not calculated to lead to relevant evidence. The request is not proportionate to the needs of the case.

## DOCUMENT REQUEST NO. 21

Please identify the entity, provider or vendor for the services you perform that are referenced in Request No. 20 and provide any contracts you are a party to with each.

**OBJECTION:** This is not a request to produce documents and the Attorney General is not required to respond. Even if there were documents to produce, the request is irrelevant and not calculated to lead to relevant evidence. The request is not proportionate to the needs of the case.

## DOCUMENT REQUEST NO. 22

On page eight of your report, you write that you have been "asked to render professional opinions regarding the risk for recidivism for individuals incarcerated at the Louisiana State Penitentiary (Angola) engaging in sexually inappropriate mannerisms prior to the Board of Pardons & Committee on Parole hearings for several non-profit organizations." Please produce all written materials generated pursuant to these professional opinions for the last five years.

**OBJECTION:** Not only is this request overburdensome, it calls for the disclosure of persons or entities for whom evaluations were performed as well as the opinions in connection with each such assessment. The identity of the person or entity for whom Dr. Romano performed evaluations is privileged and confidential. The identity of persons and entities for whom evaluations were conducted is irrelevant and not calculated to lead to evidence relevant to the constitutionality of the sex offender registration statutes as they apply to juvenile offenders. Moreover, the production of these records are not proportionate to the needs of the case. Again, this request can only be understood as harassment under Rule 26(g).

## DOCUMENT REQUEST NO. 23

Please identify the entity, provider or vendor who asked you to render these professional opinions that are referenced in Request No. 22 and provide any contracts you are a party to with each.

**OBJECTION:** This is not a request to produce documents and the Attorney General is not required to respond. Even if there were documents to produce, the request is irrelevant and not calculated to lead to relevant evidence. The request is not proportionate to the needs of the case.

## DOCUMENT REQUEST NO. 24

On page eight of your report, you write that you were "involved in a project several years ago to reassess approximately twelve (12) offenders attempting to have their designation of Sexually Violent Predator (SVP) or Child Sexual Predator (SVP) classification removed following determination by the Louisiana Sex Offender Assessment Panel (SOAP)." Please produce the written results of these assessments for the last five years.

**OBJECTION:** Not only is this request overburdensome, it calls for the disclosure of evaluations and assessments that are privileged and confidential in nature and cannot be shared with the Attorney General. The identity of the person or entity for whom Dr. Romano performed evaluations is likewise privileged and confidential. The identity of persons and entities for whom evaluations were conducted is irrelevant and not calculated to lead to evidence relevant to the constitutionality of the sex offender registration statutes as they apply to juvenile offenders. Moreover, the production of these records are not proportionate to the needs of the case. Again, this request can only be understood as harassment under Rule 26(g).

## DOCUMENT REQUEST NO. 25

Please identify the entity, provider or vendor who asked you to render these professional opinions that are referenced in Request No. 24 and provide any contracts you are a party to with each.

**OBJECTION:** This is not a request to produce documents and the Attorney General is not required to respond. Even if there were documents to produce, the request is irrelevant and not calculated to lead to relevant evidence. The request is not proportionate to the needs of the case.

## DOCUMENT REQUEST NO. 26

21

With regard to the "Legal Testimony" section of your curriculum vitae, that is attached to your report at Appendix C, pages 13-14 (and attached to these requests as Exhibit A), please produce all reports you authored as well as transcripts of your testimony (whether at trial or in deposition) in the following cases:

- 18th JDC, *Expert Testimony*, L.S. CASE (Fitness to Parent), New Roads, Louisiana (2013)

- Heggelund Law, Deposition, *Expert Testimony*, A.F. and B.F. Cases (Sexual Abuse), Baton Rouge, Louisiana (2015)

- Breazeale, Sachse, & Wilson, Deposition, *Expert Testimony*, D.O. Case (Dangerousness), Baton Rouge, Louisiana (2016).

- Louisiana State Board of Nursing, *Expert Testimony*, L.B. Case (Ability to Practice Nursing with Reasonable Skill and Safety), Baton Rouge, Louisiana (2017)

- J. Rodney Messina, *Expert Testimony*, A.E. Case (Risk for Sexual Recidivism), United States District Court, Middle District of Louisiana (2018)

- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, Q.R. Case (Violence Risk Assessment), Baton Rouge, Louisiana (2018)

- Denham Springs City Court, *Expert Testimony*, A.L. Case (Risk for Sexual Recidivism and Reunification), Department of Children and Family Services, Denham Springs, Louisiana (2021)

- Parole Hearing, *Expert Testimony*, J.B. Case (Murder and Risk for Sexual Recidivism), Board of Pardons & Committee on Parole, Baton Rouge, Louisiana (2022)

**OBJECTION:** This document request is overly burdensome and not calculated to lead to relevant evidence. The nature of the request calls for the production of documents that are privileged, work product of an attorney or confidential. The Attorney General does not have transcripts of testimony or reports rendered on behalf of the named entities and attorneys. Certainly, Plaintiffs are entitled to obtain transcripts of testimony and reports to the extent they are not privileged in the same way that the Attorney General can.

     e.   <u>The Subpoena Duces Tecum Suffers From Deficiencies Similar to the Discovery Requests and are Similarly Objectionable</u>

The Subpoena Duces Tecum calls for documents in certain categories, and the objections are made by category:

**ITEM NOS. 3, 6, 10, 12, 14, 16, 22 and 24**:

These items call for the disclosure of assessments and evaluations most going back 5 years. Not only is this request overburdensome, it calls for the disclosure of confidential records of and psychological assessments most going back 5 years when those evaluations and assessments are not part in this case and plaintiffs have not asserted a claim that would make individual evaluations relevant to the case. If the plaintiffs think that one of the plaintiffs has been subject to an evaluation by Dr. Romano, those records may be relevant or proportionate to the case, but as the request stands it is objectionable. Asking for the production of these records can only be understood as harassment under Rule 26(g). The request serves no legitimate purpose.

**ITEM NOS. 1, 21, 4, 5, 7, 9, 10, 12, 13, 14 and 15:**

This items demands the production of contracts and program development materials that have nothing to do with this case. The requests are irrelevant and not calculated to lead to relevant evidence and are not proportionate to the needs of the case. The burden of production on the face of these requests is evident and unnecessary. These requests can be understood as harassment under Rule 26(g).

**ITEM NOS. 11, 15, 17, 19, 21 and 23:**

These items are not documents. Rather, they ask for the identity of persons and entities.

**ITEM NOS. 18 and 20:**

These items call for the production of psychological assessment tools and the like that Dr. Romano may have used in the past to test persons other than the Plaintiffs. If Plaintiffs think that Dr. Romano has tested or assessed them, this request might have relevance. As is, it has no

relevance and is not calculated to lead to admissible evidence and is not proportionate to the needs of the case.  Again, this item can be understood as nothing other than harassment prohibited by Rule 26(g).

## CONCLUSION

Taken as a whole, the discovery requests to the Attorney General and the Subpoena Duces to Dr. Romano are abusive and obviously designed to harass.  Protection against responding is indicated.  The Defendant's Motion to Quash Subpoena and Request for Protective Order should be granted.

**JEFF LANDRY**

**ATTORNEY GENERAL**

BY:    /s/ Carey T. Jones_____
        Carey T. Jones (#7474)
        David Jeddie Smith, Jr. (#27089)
        Assistant Attorneys General
        Louisiana Dept. of Justice
        P.O. Box 94005
        Baton Rouge, LA 70802
        Telephone: (225) 326-6000
        Facsimile: (225) 326-6098
        Email: JonesCar@ag.louisiana.gov
              SmithDa@ag.louisiana.gov
        *Counsel for Attorney General Jeff Landry*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 3rd day of March, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

        /s/ Carey T. Jones_____
        CAREY T. JONES