AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

| | | |
|---|---|---|
| Nelson et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:20-cv-839-JWD-RLB |
| | ) | |
| Landry et al | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Dr. Brandon P. Romano
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Romano and Associates, LLC | Date and Time: |
|---|---|
| 10211 Siegen Lane #2a | |
| Baton Rouge, LA 70810 | 03/10/2023 9:00 am |

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Appendix.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/28/2023

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Nelson
_____ , who issues or requests this subpoena, are:
John Adcock, 3110 Canal Street, NOLA 70119; jnadcock@gmail.com, 504-233-3125

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
   **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
   **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON NELSON, et al ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 3:20-cv-00837-JWD-RLB |
| v. ) | |
| ) | |
| JEFFREY LANDRY et al, ) | |
| ) | |
| Defendants. ) | |

## ADDENDUM TO
## SUBPOENA DUCES TECUM
## DIRECTED TO DR. BRANDON P. ROMANO

### Instructions

By "report," or "your report", these discovery requests refer to the report you authored for the Defendants dated December 5, 2022 and consisting of 32 pages and several Appendices totaling 21 pages.

1. On page five of your report, you write that, with Dr. Pellegrin, you "designed and implemented the first ever sex offender evaluation and treatment program for the agency approximately 20 years ago." Please produce the course materials for this program, including the syllabus, power point(s), course outline(s), lecture notes, and reading materials.

2. Please provide any contracts you are a party to with Dr. Pellegrin with respect to the subject matter of Request No. 1.

3. On page five of your report, you write that you have "conducted countless psychosexual evaluations and provided treatment services for juveniles and their families..." for the Office of Juvenile Justice. Please produce all such evaluations for the last five years.

4. Please provide any contracts you are a party to with the Office of Juvenile Justice including the contract with respect to the subject matter of Request No. 3.

Exhibit A
AG0003

5. On page five of your report, you write that you were "part of the team that assisted in the development of the evaluation and treatment process..." for the Louisiana State University Health Sciences Center. Please produce all documents associated with the evaluation and treatment process that you developed, including course materials such as the syllabus, power point(s), course outline(s), lecture notes, and reading materials.

6. On page six of your report, you write that you are "an approved provider for psychological and sex offense evaluations for professionals in safety-sensitive positions for Boards such as, but not limited to, the Louisiana State Board of Nursing and the Louisiana Physical Therapy Board." Please produce all such evaluations for the last five years.

7. Please provide any contracts you are a party to with the Louisiana State Board of Nursing and the Louisiana Physical Therapy Board including the contract with respect to the subject matter of Request No. 6.

8. On page six of your report, you write that you are a "locally identified provider for an out of state law firm specializing in immigration, specifically related to the Secretary of Homeland Security determination for sex offenders and '...whether it is beyond reasonable doubt that the petitioner poses any risk to the safety and well-being of his spouse.'" Please produce any evaluations you have done in this role for the last five years.

9. Please provide any contracts you are a party to with the law firm mentioned in Request No. 8.

10. On pages six and seven of your report, you write that you and your staff "have been the sole evaluation and treatment providers for clients deemed NGRI or via civil commitment [sic] for prior and current sex offenses residing in group homes and other supervised settings for the past three and a half years." Please produce any evaluations you have done in this role for the last five years. Also, please produce all materials related to the "treatment" you and your staff provided pursuant to this contract including syllabus, reading materials, treatment or course outlines, Power Point presentations, lecture notes, etc.

11. Please identify the provider for whom you perform the services referenced in Request No. 10 and provide any contracts you are a party to with each.

12. On page seven of your report, you write that you and your staff "have been providing outpatient evaluation and treatment services for state offenders on probation and parole for the past 20+ years" for "over a thousand individuals" for the Louisiana Department of Corrections and Public Safety. Please produce any evaluations you have done in this role for the last five years as well as the syllabus, reading materials, treatment or course outlines, Power Point presentations, lecture notes, etc, for all treatment services you provided.

2

13. Please provide any contracts you are a party to the DOC with respecting the subject matter referenced in Request No. 12.

14. On page seven of your report, you write that you have "performed hundreds of sex-offense-specific evaluations and provided treatment services for individuals that have not come to the attention of the judicial system...; rather, they are pursuing services related to sexual misbehavior or addiction that has not necessarily risen to a criminal offense." Please produce any evaluations you have done in this role for the last five years as well as the syllabus, reading materials, lecture notes, treatment or course outlines, Power Point presentations, etc, for all treatment services you provided.

15. Please identify the provider(s) for whom you perform the services referenced in Request No. 14 and provide any contracts you are a party to with each.

16. On page seven of your report, you write that you are "regularly appointed...to perform psychosexual risk assessments...on adults and juveniles with sexual offenses." Please produce the risk assessment instrument you use for these assessments and any instructions on how to use them. Also, produce any such assessments you have performed over the last five years.

17. Please identify the appointing authority for the services you perform that are referenced in Request No. 16 and provide any contracts you are a party to with each.

18. On page seven of your report, you write that you are "routinely contacted...to perform psychosexual (risk assessments) [sic] evaluations for adolescents and adults." Please produce the risk assessment instrument you use for these assessments and any instructions on how to use them. Also, produce any assessments you have performed over the last five years.

19. Please identify the entity, provider or vendor for the services you perform that are referenced in Request No. 18 and provide any contracts you are a party to with each.

20. On pages seven and eight of your report, you write that you "conduct[] mental and health evaluations with an emphasis on psychosexual functioning for individuals in the seminary and monastery." Please produce any risk assessment instrument you use for these assessments and any instructions on how to use them. Also, produce any such assessments you have performed over the last five years.

21. Please identify the entity, provider or vendor for the services you perform that are referenced in Request No. 20 and provide any contracts you are a party to with each.

22. On page eight of your report, you write that you have been "asked to render professional opinions regarding the risk for recidivism for individuals incarcerated at the Louisiana State Penitentiary (Angola) engaging in sexually inappropriate mannerisms prior to the Board of Pardons & Committee on Parole hearings for several non-profit

3

organizations." Please produce all written materials generated pursuant to these professional opinions for the last five years.

23. Please identify the entity, provider or vendor who asked you to render these professional opinions that are referenced in Request No. 22 and provide any contracts you are a party to with each.

24. On page eight of your report, you write that you were "involved in a project several years ago to reassess approximately twelve (12) offenders attempting to have their designation of Sexually Violent Predator (SVP) or Child Sexual Predator (SVP) classification removed following determination by the Louisiana Sex Offender Assessment Panel (SOAP)." Please produce the written results of these assessments for the last five years.

25. Please identify the entity, provider or vendor who asked you to render these professional opinions that are referenced in Request No. 24 and provide any contracts you are a party to with each.

26. With regard to the "Legal Testimony" section of your curriculum vitae, that is attached to your report at Appendix C, pages 13-14, please produce all reports you authored as well as transcripts of your testimony (whether at trial or in deposition) in the following cases:

- 18th JDC, *Expert Testimony*, L.S. CASE (Fitness to Parent), New Roads, Louisiana (2013)

- Heggelund Law, Deposition, *Expert Testimony*, A.F. and B.F. Cases (Sexual Abuse), Baton Rouge, Louisiana (2015)

- Breazeale, Sachse, & Wilson, Deposition, *Expert Testimony*, D.O. Case (Dangerousness), Baton Rouge, Louisiana (2016).

- Louisiana State Board of Nursing, *Expert Testimony*, L.B. Case (Ability to Practice Nursing with Reasonable Skill and Safety), Baton Rouge, Louisiana (2017)

- J. Rodney Messina, *Expert Testimony*, A.E. Case (Risk for Sexual Recidivism), United States District Court, Middle District of Louisiana (2018)

- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, Q.R. Case (Violence Risk Assessment), Baton Rouge, Louisiana (2018)

- Denham Springs City Court, *Expert Testimony*, A.L. Case (Risk for Sexual Recidivism and Reunification), Department of Children and Family Services, Denham Springs, Louisiana (2021)

- Parole Hearing, *Expert Testimony*, J.B. Case (Murder and Risk for Sexual Recidivism), Board of Pardons & Committee on Parole, Baton Rouge, Louisiana (2022)

4



**Samantha Bosalavage**

*Legal Fellow*

sbosalavage@defendla.org
(504) 529-5955

1024 Elysian Fields Avenue
New Orleans, LA 70117

www.promiseofjustice.org

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON NELSON, et al ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 3:20-cv-00837-JWD-RLB |
| ) | |
| JEFFREY LANDRY et al, ) | |
| ) | |
| Defendants. ) | |

## EXPERT DISCOVERY TO
## DEFENDANTS REGARDING DR. BRANDON P. ROMANO

COME NOW, Plaintiffs, by and through undersigned counsel, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the corresponding Local Rules, who respectfully submit the following discovery requests to Defendants:

### Instructions

By "report," or "your report", these discovery requests refer to the report you authored for the Defendants dated December 5, 2022 and consisting of 32 pages and several Appendices totaling 21 pages. A copy of this report is attached as Exhibit A to these requests.

### INTERROGATORIES

### INTERROGATORY NO. 1

On page five of your report, you write that you were "part of the team that assisted in the development of the evaluation and treatment process..." for the Louisiana State University Health Sciences Center. Please explain in detail your specific role in the project and the results, outcome, or ultimate recommendations of the project.

## INTERROGATORY NO. 2

On page six of your report, you write that you have "held the sex offender and evaluation and treatment contract with U.S. Probation and Pretrial Services [for the Middle District of Louisiana] for approximately 15 years and ha[ve] seen numerous clients." Please explain what this contract entails and obligates you to do for Probation and Pretrial Services.

## INTERROGATORY NO. 3

On page six of your report, you write that you have "held the sex offender and evaluation and treatment contract with U.S. Probation and Pretrial Services [for the Eastern District of Louisiana] for approximately 5 years and ha[ve] seen numerous clients." Please explain what this contract entails and obligates you to do for Probation and Pretrial Services.

## INTERROGATORY NO. 4

On page six of your report, you write that you are a "locally identified provider for an out of state law firm specializing in immigration, specifically related to the Secretary of Homeland Security determination for sex offenders and '...whether it is beyond reasonable doubt that the petitioner poses any risk to the safety and well-being of his spouse.'" Please describe what your contract with the law firm entails and explain what it obligates you do to.

## INTERROGATORY NO. 5

On pages six and seven of your report, you write that you and your staff "have been the sole evaluation and treatment providers for clients deemed NGRI or via civil commitment for prior and current sex offenses residing in group homes and other supervised settings for the past three and a half years." Please identify these groups homes and facilities that provide "supervised settings"; describe what your contract with them entails and explain what it obligates you do to.

## INTERROGATORY NO. 6

On page seven of your report, you write that you and your staff "have been providing outpatient evaluation and treatment services for state offenders on probation and parole for the past 20+ years" for "over a thousand individuals" for the Louisiana Department of Corrections and Public Safety (DOC). Please describe what your contract with the DOC entails and explain what it obligates you do to.

## INTERROGATORY NO. 7

On page seven of your report, you write that you have "performed hundreds of sex-offense-specific evaluations and provided treatment services for individuals that have not come to the attention of the judicial system...; rather, they are pursuing services related to sexual misbehavior or addiction that has not necessarily risen to a criminal offense." Please identify these providers / entities that asked you to perform this task, describe what your contract with them entails, and explain what it obligates you do to.

**INTERROGATORY NO. 8**

On page seven of your report, you write that you are "regularly appointed...to perform psychosexual risk assessments...on adults and juveniles with sexual offenses." Please identify the authority that makes these appointments, what you are asked to do as part of the appointment.

**INTERROGATORY NO. 9**

On page seven of your report, you write that you are "routinely contacted...to perform psychosexual (risk assessments) [sic] evaluations for adolescents and adults." Please identify these providers / entities that contact you to perform these services, describe what your contract with them entails, and explain what it obligates you do to.

**INTERROGATORY NO. 10**

On pages seven and eight of your report, you write that you "conduct[] mental and health evaluations with an emphasis on psychosexual functioning for individuals in the seminary and monastery."  Please identify the entities that ask you to perform these services, describe what your contract with them entails, and explain what it obligates you do to.

**INTERROGATORY NO. 11**

On page seven of your report, you write that your office is "on the referral list with several treatment facilities and other private / public providers."  Please identify these "treatment facilities" and "other providers / public providers" and describe what your contract with them entails and explain what it obligates you do to.

**INTERROGATORY NO. 12**

On page eight of your report, you write "Dr. Romano was also involved in a project several years ago to reassess approximately twelve (12) offenders attempting to have their designation of Sexually Violent Predator (SVP) or Child Sexual Predator (SVP) classification removed following determination by the Louisiana Sex Offender Assessment Panel (SOAP)." Please identify the specific name of the project, dates of the project, and the institution that sponsored the project. In addition, please explain in detail your specific role in the project and the results, outcome, or ultimate recommendations of the project.

3

**INTERROGATORY NO. 13**

On page eight of your report, you write that you have been "asked to render professional opinions regarding the risk for recidivism for individuals incarcerated at the Louisiana State Penitentiary (Angola) engaging in sexually inappropriate mannerisms prior to the Board of Pardons & Committee on Parole hearings for several non-profit organizations." Please identify the entities that asked you to perform these services, describe your contract with each entity, and explain what your contract with them obligates you do to.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1**

On page five of your report, you write that, with Dr. Pellegrin, you "designed and implemented the first ever sex offender evaluation and treatment program for the agency approximately 20 years ago."  Please produce the course materials for this program, including the syllabus, power point(s), course outline(s), lecture notes, and reading materials.

**DOCUMENT REQUEST NO. 2**

Please provide any contracts you are a party to with Dr. Pellegrin with respect to the subject matter of Request No. 1.

**DOCUMENT REQUEST NO. 3**

On page five of your report, you write that you have "conducted countless psychosexual evaluations and provided treatment services for juveniles and their families..."  for the OJJ.  Please produce all such evaluations for the last five years.

**DOCUMENT REQUEST NO. 4**

Please provide any contracts you are a party to with the Office of Juvenile Justice including the contract with respect to the subject matter of Request No. 3.

**DOCUMENT REQUEST NO. 5**

On page five of your report, you write that you were "part of the team that assisted in the development of the evaluation and treatment process..." for the Louisiana State University Health Sciences Center.  Please produce all documents associated with the evaluation and treatment process that you developed, including course materials such as the syllabus, power point(s), course outline(s), lecture notes, and reading materials.

Exhibit B
AG0011

**DOCUMENT REQUEST NO. 6**

On page six of your report, you write that you are "an approved provider for psychological and sex offense evaluations for professionals in safety-sensitive positions for Boards such as, but not limited to, the Louisiana State Board of Nursing and the Louisiana Physical Therapy Board." Please produce all such evaluations for the last five years.

**DOCUMENT REQUEST NO. 7**

Please provide any contracts you are a party to with the Louisiana State Board of Nursing and the Louisiana Physical Therapy Board including the contract with respect to the subject matter of Request No. 6.

**DOCUMENT REQUEST NO. 8**

On page six of your report, you write that you are a "locally identified provider for an out of state law firm specializing in immigration, specifically related to the Secretary of Homeland Security determination for sex offenders and '...whether it is beyond reasonable doubt that the petitioner poses any risk to the safety and well-being of his spouse.'" Please produce any evaluations you have done in this role for the last five years.

**DOCUMENT REQUEST NO. 9**

Please provide any contracts you are a party to with the law firm mentioned in Request No. 8.

**DOCUMENT REQUEST NO. 10**

On pages six and seven of your report, you write that you and your staff "have been the sole evaluation and treatment providers for clients deemed NGRI or via civil commitment [sic] for prior and current sex offenses residing in group homes and other supervised settings for the past three and a half years." Please produce any evaluations you have done in this role for the last five years. Also, please produce all materials related to the "treatment" you and your staff provided pursuant to this contract including syllabus, reading materials, treatment or course outlines, Power Point presentations, lecture notes, etc.

**DOCUMENT REQUEST NO. 11**

Please identify the provider for whom you perform the services referenced in Request No. 10 and provide any contracts you are a party to with each.

**DOCUMENT REQUEST NO. 12**

On page seven of your report, you write that you and your staff "have been providing outpatient evaluation and treatment services for state offenders on probation and parole for the past 20+ years" for "over a thousand individuals" for the Louisiana Department of Corrections and Public Safety. Please produce any evaluations you have done in this role for the last five years as well as the syllabus, reading materials, treatment or course outlines, Power Point presentations, lecture notes, etc, for all treatment services you provided.

**DOCUMENT REQUEST NO. 13**

Please provide any contracts you are a party to the DOC with respecting the subject matter referenced in Request No. 12.

**DOCUMENT REQUEST NO. 14**

On page seven of your report, you write that you have "performed hundreds of sex-offense-specific evaluations and provided treatment services for individuals that have not come to the attention of the judicial system...; rather, they are pursuing services related to sexual misbehavior or addiction that has not necessarily risen to a criminal offense." Please produce any evaluations you have done in this role for the last five years as well as the syllabus, reading materials, lecture notes, treatment or course outlines, Power Point presentations, etc, for all treatment services you provided.

**DOCUMENT REQUEST NO. 15**

Please identify the provider(s) for whom you perform the services referenced in Request No. 14 and provide any contracts you are a party to with each.

**DOCUMENT REQUEST NO. 16**

On page seven of your report, you write that you are "regularly appointed...to perform psychosexual risk assessments...on adults and juveniles with sexual offenses." Please produce the risk assessment instrument you use for these assessments and any instructions on how to use them. Also, produce any such assessments you have performed over the last five years.

**DOCUMENT REQUEST NO. 17**

Please identify the appointing authority for the services you perform that are referenced in Request No. 16 and provide any contracts you are a party to with each.

6

**DOCUMENT REQUEST NO. 18**

On page seven of your report, you write that you are "routinely contacted...to perform psychosexual (risk assessments) [sic] evaluations for adolescents and adults." Please produce the risk assessment instrument you use for these assessments and any instructions on how to use them.  Also, produce any such assessments you have performed over the last five years.

**DOCUMENT REQUEST NO. 19**

Please identify the entity, provider or vendor for the services you perform that are referenced in Request No. 18 and provide any contracts you are a party to with each.

**DOCUMENT REQUEST NO. 20**

On pages seven and eight of your report, you write that you "conduct[] mental and health evaluations with an emphasis on psychosexual functioning for individuals in the seminary and monastery."  Please produce any risk assessment instrument you use for these assessments and any instructions on how to use them.  Also, produce any such assessments you have performed over the last five years.

**DOCUMENT REQUEST NO. 21**

Please identify the entity, provider or vendor for the services you perform that are referenced in Request No. 20 and provide any contracts you are a party to with each.

**DOCUMENT REQUEST NO. 22**

On page eight of your report, you write that you have been "asked to render professional opinions regarding the risk for recidivism for individuals incarcerated at the Louisiana State Penitentiary (Angola) engaging in sexually inappropriate mannerisms prior to the Board of Pardons & Committee on Parole hearings for several non-profit organizations."  Please produce all written materials generated pursuant to these professional opinions for the last five years.

**DOCUMENT REQUEST NO. 23**

Please identify the entity, provider or vendor who asked you to render these professional opinions that are referenced in Request No. 22 and provide any contracts you are a party to with each.

**DOCUMENT REQUEST NO. 24**

On page eight of your report, you write that you were "involved in a project several years ago to reassess approximately twelve (12) offenders attempting to have their designation of Sexually Violent Predator (SVP) or Child Sexual Predator (SVP) classification removed following determination by the Louisiana Sex Offender Assessment Panel (SOAP)."  Please produce the written results of these assessments for the last five years.

Exhibit B
AG0014

**DOCUMENT REQUEST NO. 25**

Please identify the entity, provider or vendor who asked you to render these professional opinions that are referenced in Request No. 24 and provide any contracts you are a party to with each.

**DOCUMENT REQUEST NO. 26**

With regard to the "Legal Testimony" section of your curriculum vitae, that is attached to your report at Appendix C, pages 13-14 (and attached to these requests as Exhibit A), please produce all reports you authored as well as transcripts of your testimony (whether at trial or in deposition) in the following cases:

- 18th JDC, *Expert Testimony*, L.S. CASE (Fitness to Parent), New Roads, Louisiana (2013)

- Heggelund Law, Deposition, *Expert Testimony*, A.F. and B.F. Cases (Sexual Abuse), Baton Rouge, Louisiana (2015)

- Breazeale, Sachse, & Wilson, Deposition, *Expert Testimony*, D.O. Case (Dangerousness), Baton Rouge, Louisiana (2016).

- Louisiana State Board of Nursing, *Expert Testimony*, L.B. Case (Ability to Practice Nursing with Reasonable Skill and Safety), Baton Rouge, Louisiana (2017)

- J. Rodney Messina, *Expert Testimony*, A.E. Case (Risk for Sexual Recidivism), United States District Court, Middle District of Louisiana (2018)

- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, Q.R. Case (Violence Risk Assessment), Baton Rouge, Louisiana (2018)

- Denham Springs City Court, *Expert Testimony*, A.L. Case (Risk for Sexual Recidivism and Reunification), Department of Children and Family Services, Denham Springs, Louisiana (2021)

- Parole Hearing, *Expert Testimony*, J.B. Case (Murder and Risk for Sexual Recidivism), Board of Pardons & Committee on Parole, Baton Rouge, Louisiana (2022)

8

Date:  January 7, 2023.

Respectfully submitted,

 /s/ John Adcock
JOHN ADCOCK
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 70119
T: (504) 233-3125
F: (504) 308-1266
Email:  jnadcock@gmail.com

Mercedes Montagnes, La. Bar No. 33287
Nishi Kumar, La. Bar No. 37415
Samantha Bosalavage, La. Bar No. 39808
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
Telephone: (504) 529-5955
Email:  mmontagnes@defendla.org
         nkumar@defendla.org
         sbosalavage@defendla.org

*Attorneys for Plaintiffs*

9

**BRANDON P. ROMANO, PSY.D.**
**& ASSOCIATES, L.L.C.**
*CLINICAL AND FORENSIC PSYCHOLOGY*

## EXPERT REPORT FOR THE DEFENDANTS

### December 05, 2022

**Dr. Brandon P. Romano, Psy.D., M.S.C.P.**

*Clinical Psychologist*

*10211 Siegen Lane*

*Suite 2A*

*Baton Rouge, Louisiana 70810*

*225-769-2533 (Main)*

*225-769-2441 (Facsimile)*

*bprassociates@romanopsych.com*

*www.romanopsych.com*

*MAIN CLINIC:*
10211 SIEGEN LN, SUITE 2A
BATON ROUGE, LOUISIANA 70810
WWW.ROMANOPSYCH.COM
BPRASSOCIATES@ROMANOPSYCH.COM
225.769.2533 TELEPHONE   225.769.2441 FACSIMILE
*SATELLITE CLINIC:*
1919 VETERANS BLVD, SUITE 307
KENNER, LOUISIANA 70062

Exhibit B
AG0017

## PROFESSIONAL STATEMENT

Dr. Romano is neither for or against "registration;" rather, the purpose of this report is to address the concerns expressed in the second amended complaint as well as to recognize the research related to this matter.

*MAIN CLINIC:*
10211 SIEGEN LN, SUITE 2A
BATON ROUGE, LOUISIANA 70810

WWW.ROMANOPSYCH.COM
BPRASSOCIATES@ROMANOPSYCH.COM
225.769.2533 TELEPHONE   225.769.2441 FACSIMILE

*SATELLITE CLINIC:*
1919 VETERANS BLVD, SUITE 307
KENNER, LOUISIANA 70062

Exhibit B
AG0018

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CASE**

AARON NELSON; PATRICK BUSBY; ROBERT RUIZ; BENJAMIN SHERIDAN; SHAWN MOUNCE; JACOB CHIASSON; AND HUNTER CALCIONE,

Plaintiffs,

v.

JEFFREY LANDRY, in his official capacity as Attorney General of the State of Louisiana;

JAMES LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections;

LAMAR DAVIS, in his official capacity as Superintendent of the Louisiana State Police;

KAREN ST. GERMAIN, in her official capacity as Commissioner of the Louisiana Office of Motor Vehicles;

JONAS MARTIN, in his official capacity as head of the Louisiana Bureau of Criminal Identification and Information,

Defendants.

MAIN CLINIC:
10211 SIEGEN LN, SUITE 2A        WWW.ROMANOPSYCH.COM        SATELLITE CLINIC:
BATON ROUGE, LOUISIANA 70810    BPRASSOCIATES@ROMANOPSYCH.COM    1919 VETERANS BLVD, SUITE 307
                                                                KENNER, LOUISIANA 70062
225.769.2533 TELEPHONE   225.769.2441 FACSIMILE

## BIOGRAPHY

Dr. Romano, a Clinical Psychologist who specializes in forensic psychology, founded Brandon P. Romano, Psy.D. & Associates in 2005. Dr. Romano has worked in the field of psychology since 1989 in a variety of public and private settings serving in roles ranging from direct care to administration. He obtained his Bachelors in Social Counseling, his Masters in Pre-Clinical Psychology and Psychometrics, and his Doctorate in Clinical Psychology. He completed his doctoral internship at the Mississippi State Hospital and his postdoctoral residency with the LSUHSC Juvenile Corrections Program. Dr. Romano also completed his postdoctoral Master of Science in Clinical Psychopharmacology through Alliant International University. He has been licensed to practice psychology for 18 years. His private practice is focused on the evaluation and treatment of a broad range of private and legal referrals. His expansive career has included serving on local and state committees. He has provided supervision and training on domestic violence, sexual perpetration, and substance use evaluation and treatment to numerous clinicians practicing in the State of Louisiana. He is a consultant for several District Attorney Offices in Louisiana for program development and training. He has received numerous professional accolades including being the sole recipient of the Louisiana Psychological Association's Early Career Award near the beginning of his professional career. He previously served as the Secretary and Public Policy Officer for the Louisiana Association for the Treatment of Sexual Abusers as well as the Chair of Membership for the Louisiana Psychological Association. He has been featured in local and national periodicals as well as on television and radio talk shows discussing topics such as sex offending, parenting, and violence. He prepared an actor for the role of psychologist for the series "The Oath" on Sony Crackle in 2018. He was also a consultant for a brief period of time for the television series "Intervention" on A&E. Dr. Romano was a featured guest on Crime Stories with Nancy Grace in 2021. He was also involved in a three-part Netflix documentary released in August 2022 regarding a high-profile murder case and another professional production scheduled for release and implementation in late 2022 involving an innovative program for gun diversion. Dr. Romano is licensed in Louisiana and Mississippi *(Appendix B: Fee Schedule. Appendix C: Curriculum Vitae).*

MAIN CLINIC:
10211 SIEGEN LN, SUITE 2A                WWW.ROMANOPSYCH.COM              SATELLITE CLINIC:
BATON ROUGE, LOUISIANA 70810     BPRASSOCIATES@ROMANOPSYCH.COM     1919 VETERANS BLVD, SUITE 307
                                                                              KENNER, LOUISIANA 70062
225.769.2533 TELEPHONE    225.769.2441 FACSIMILE

Exhibit B
AG0020

## ADULT AND ADOLESCENT SEX OFFENSE SPECIFIC CLINICAL EXPERIENCE

1.    *Department of Juvenile Services (DJS)*

Dr. Romano and Alicia Pellegrin, Ph.D. designed and implemented the first ever sex offender evaluation and treatment program for the agency approximately 20 years ago. Dr. Romano assumed responsibility for the program a few years later. Our office has evaluated countless juveniles and provided psychotherapeutic services on an individual, family, and group basis. Our program has been recognized by the local juvenile justice system, child and youth advocacy, private attorneys, the District Attorney's Office, the Public Defender's office, and others. Our program was also nominated for a presidential award of excellence in the early 2000s under a larger program at DJS (Operation Eiger). As of this writing, our contract has been renewed again for 2023 and is reportedly the longest running private practice program with DJS.

2.    *Office of Juvenile Justice (OJJ)*

Dr. Romano has been a provider for OJJ for approximately 20 years and has conducted countless psychosexual evaluations and provided treatment services for juveniles and their families in Region I, Region II, Region III, Region IV, Region V, Region VI, and Region VIII. As of this writing, our contract has been renewed again for 2023 and is reportedly one of the longest running private practice programs for community-based services with OJJ.

3.    *Louisiana State University - Health Sciences Center (LSUHSC)*

Dr. Romano was employed at the Juvenile Diagnostic and Reception Center (JDRC) located on the grounds of the Jetson Correctional Center for Youth in Baker, Louisiana approximately 20 years ago. He was the primary clinician responsible for sex offender evaluation and placement recommendations (JUMP at Bridge City, Louisiana) for youth entering the correctional system. Furthermore, Dr. Romano was part of the team that assisted in the development of the evaluation and treatment process alongside nationally recognized psychologists John Hunter, PhD, MP and Keith Cruise, PhD.

MAIN CLINIC:
10211 SIEGEN LN, SUITE 2A
BATON ROUGE, LOUISIANA 70810

WWW.ROMANOPSYCH.COM
BPRASSOCIATES@ROMANOPSYCH.COM
225.769.2533 TELEPHONE    225.769.2441 FACSIMILE

SATELLITE CLINIC:
1919 VETERANS BLVD, SUITE 307
KENNER, LOUISIANA 70062

Exhibit B
AG0021

4. *United States Middle District*

Dr. Romano has held the sex offender evaluation and treatment contract with U.S. Probation and Pretrial Services Office for approximately 15 years and has seen numerous clients. Our office is the primary provider for these services in the Middle District.

5. *United States Eastern District*

Dr. Romano has held a sex offender evaluation and treatment contract with U.S. Probation and Pretrial Services Office for approximately five years and has seen numerous clients.

6. *Professional Licensing Boards*

Dr. Romano is an approved provider for psychological and sex offense evaluations for professionals in safety-sensitive positions for Boards such as, but not limited to, the Louisiana State Board of Nursing (LSBN) and the Louisiana Physical Therapy Board (LPTB).

7. *Allan S. Lolly & Associates, A.P.C. (San Diego, CA and New York, NY)*

Dr. Romano is a locally identified provider for an out of state law firm specializing in immigration, specifically related to the Secretary of Homeland Security (the USCIS) determination for sex offenders and "…whether it is beyond reasonable doubt that the petitioner poses any risk to the safety and well-being of his spouse."

8. *Eastern Louisiana Mental Health System*

*Harmony Center, Inc. (Baton Rouge, Louisiana)*

*Forensic Aftercare Clinic (New Orleans, Louisiana)*

Dr. Romano and staff have been the sole evaluation and treatment providers for clients deemed NGRI or via civil commitment for prior and current sex offenses residing in

Main Clinic:                                                                           Satellite Clinic:
10211 Siegen Ln, Suite 2A            www.romanopsych.com            1919 Veterans Blvd, Suite 307
Baton Rouge, Louisiana 70810    bprassociates@romanopsych.com        Kenner, Louisiana 70062
225.769.2533 Telephone    225.769.2441 Facsimile

Exhibit B
AG0022

group homes and other supervised settings for the past three and a half years. As of this writing, our contract was extended for another three years.

9.    *Louisiana Department of Public Safety & Corrections*
       *Division of Probation & Parole*

Dr. Romano and staff have been providing outpatient evaluation and treatment services for state offenders on probation or parole for the past 20+ years. Our office has provided services to over a thousand individuals at our main clinic, satellite clinic, and outreach sites spanning six parishes.

10.    *Private Sector*

Dr. Romano has performed hundreds of sex-offense-specific evaluations and provided treatment services for individuals that have not come to the attention of the judicial system (i.e., allegations, attorney-client privilege, etc.); rather, they are pursuing services related to sexual misbehavior or addiction that has not necessarily risen to a criminal offense.

11.    *Court Appointed*

Dr. Romano is regularly appointed by local, state, and federal courts to perform psychosexual risk assessments and sanity/competency evaluations on adults and juveniles with sexual offenses.

12.    *Other*

Dr. Romano is routinely contacted by private individuals, lawyers, and probation and parole offices in other states such as, but not limited to, Colorado, Texas, Mississippi, California, and Florida to perform psychosexual (risk assessments) evaluations for adolescents and adults. Our office is also on the referral list with several treatment facilities and other private/public providers. Furthermore, Dr. Romano conducts mental health evaluations with an emphasis on psychosexual functioning for individuals in the

MAIN CLINIC:
10211 SIEGEN LN, SUITE 2A
BATON ROUGE, LOUISIANA 70810
                                                   WWW.ROMANOPSYCH.COM
                                    BPRASSOCIATES@ROMANOPSYCH.COM
                            225.769.2533 TELEPHONE    225.769.2441 FACSIMILE

SATELLITE CLINIC:
1919 VETERANS BLVD, SUITE 307
KENNER, LOUISIANA 70062

Exhibit B
AG0023

seminary and monastery. Dr. Romano is also asked to render professional opinions regarding the risk for recidivism for individuals incarcerated at the Louisiana State Penitentiary (Angola) engaging in sexually inappropriate mannerisms prior to the Board of Pardons & Committee on Parole hearings for several non-profit organizations. Dr. Romano was also involved in a project several years ago to reassess approximately twelve (12) offenders attempting to have their designation of Sexually Violent Predator (SVP) or Child Sexual Predator (SVP) classification removed following determination by the Louisiana Sex Offender Assessment Panel (SOAP).

*MAIN CLINIC:*                                                                                          *SATELLITE CLINIC:*
10211 SIEGEN LN, SUITE 2A              WWW.ROMANOPSYCH.COM              1919 VETERANS BLVD, SUITE 307
BATON ROUGE, LOUISIANA 70810       BPRASSOCIATES@ROMANOPSYCH.COM          KENNER, LOUISIANA 70062
                        225.769.2533 TELEPHONE    225.769.2441 FACSIMILE

Exhibit B
AG0024

**RISK ASSESSMENT PROCESS AND PROCEDURES**

The best practice for the determination of risk should include at a minimum, a comprehensive clinical interview (including psychosexual functioning), record review, mental status examination, collateral interviews, psychological and psychosexual testing, and sexual and non-sexual actuarial risk assessment. Commonly utilized instruments for determining risks, strengths and needs, and sexual deviancy include the following, which offer an estimated risk for recidivism as a category (low, moderate, high) or as a percentage for reoffending over the course of time (e.g., one year, five years, seven years, ten years, etc.). Although risk assessment is not without criticism, it serves as a useful tool to aid courts as well as probation and parole in determining sentencing, community supervision, risk management, and so forth.

1. *Juvenile Sex Offender Assessment Protocol - II (JSOAP-II)*. The JSOAP-II is a checklist designed to be used with males ages 12 to 18 who have been adjudicated for sexual offenses as well as non-adjudicated males with a history of sexually coercive behavior.

2. *Structured Assessment of Violence Risk in Youth (SAVRY)*. The SAVRY is composed of 24 items in three risk domains (Historical Risk Factors, Social/Contextual Risk Factors, and Individual/Clinical Factors), drawn from existing research and the professional literature on adolescent development as well as on violence and aggression in youth.

3. *Child and Adolescent Needs and Strengths - Sexual Development (CANS-SD)*. The results of the CANS-SD are used to identify areas of need and strength for adolescents who have engaged in sexually abusive behavior. The results are used to manage and plan services with the objective of permanency, safety, and improved quality of life.

4. *Static-99*. The Static-99 is a 10-item actuarial assessment instrument used for adult males with a history of sexual offending who are at least 18 years of age at time of release to the community.

5. *Multiphasic Sex Inventory II (MSI II)*. The MSI-II is designed to measure the sexual characteristics of adult males and females alleged to have committed a sex offense or sexual misconduct. It can be used to perform a sexual deviance evaluation and to also measure treatment progress.

*MAIN CLINIC:*
10211 SIEGEN LN, SUITE 2A
BATON ROUGE, LOUISIANA 70810

WWW.ROMANOPSYCH.COM
BPRASSOCIATES@ROMANOPSYCH.COM
225.769.2533 TELEPHONE   225.769.2441 FACSIMILE

*SATELLITE CLINIC:*
1919 VETERANS BLVD, SUITE 307
KENNER, LOUISIANA 70062

Exhibit B
AG0025

6.  *Violence Risk Appraisal Guide (VRAG)*. The VRAG is a 12-item actuarial risk assessment instrument for the prediction of violent recidivism among male forensic psychiatric patients.

Evidence-based risk assessment for sexual violence can be defined as the specific process of gathering information about an individual using current scientific and professional guidelines to determine the person's potential for engaging in inappropriate sexual behaviors in the future and to determine how to prevent those behaviors.

Risk assessment instruments are developed on groups of individuals, and the resulting risk profile for any given individual is derived from groups of individuals with those risk characteristics. Therefore, a specific individual's risk may be higher or lower than the estimated probabilities depending on other risk factors not measured by the risk assessment instrument(s).

Evidence-based assessment of risk for sexual violence can improve public protection by providing sound information concerning the risks posed by individuals and aiding to determine the steps that can be taken to manage those risks. However, risk assessment is imperfect. The evidence-base used to develop risk assessment procedures is constantly evolving as advances in research and theory occur. Additionally, it is impossible to directly measure or calculate an exact probability or absolute likelihood with professional certainty that a person will commit sexual violence.

*MAIN CLINIC:*
10211 SIEGEN LN, SUITE 2A            WWW.ROMANOPSYCH.COM
BATON ROUGE, LOUISIANA 70810        BPRASSOCIATES@ROMANOPSYCH.COM
225.769.2533 TELEPHONE   225.769.2441 FACSIMILE

*SATELLITE CLINIC:*
1919 VETERANS BLVD, SUITE 307
KENNER, LOUISIANA 70062

Exhibit B
AG0026

**RECORDS REVIEWED**

1. Aaron Nelson, et al. v. Jeffrey Landry, et al.

   Civil Action No. 3:20-cv-00837-JWD-RLB

   Second Amended Complaint

2. Report of Vincent Schiraldi, MSW

   Plaintiff's Expert

3. Report of Monica L. Stevens, Ph.D.

   Plaintiff's Expert

4. Offender Watch, Deposition, and District Attorney Records

   Patrick Busby

5. Offender Watch and Deposition Records

   Hunter J. Calcione

6. Offender Watch and Deposition Records

   Jacob Paul Chiasson

7. Offender Watch, Deposition, and Sheriff's Records

   Shawn Paul Mounce

8. Offender Watch and Deposition Records

   Aaron Nelson

9. Offender Watch and Deposition Records

   Roberto A. Ruiz, Jr.

10. Plaintiff Aaron Nelson's Response to Defendants' First Set of Discovery Requests

11. Plaintiff Hunter Calcione's Response to Defendants' First Set of Discovery Requests

12. Plaintiff Jacob Chiasson's Response to Defendants' First Set of Discovery Requests

13. Plaintiff Patrick Busby's Response to Defendants' First Set of Discovery Requests

14. Plaintiff Robert Ruiz's Response to Defendants' First Set of Discovery Requests

15. Plaintiff Shawn Mounce's Response to Defendants' First Set of Discovery Requests

Main Clinic:
10211 Siegen Ln, Suite 2A          www.romanopsych.com          Satellite Clinic:
Baton Rouge, Louisiana 70810    bprassociates@romanopsych.com    1919 Veterans Blvd, Suite 307
                                                                   Kenner, Louisiana 70062
225.769.2533 Telephone   225.769.2441 Facsimile

Exhibit B
AG0027

**SORNA**

Louisiana's SORNA requirements are contained in several provisions within the Louisiana Revised Statutes and Children's Code. Article 884.1 of the Louisiana Children's Code requires that, upon adjudication, the court must provide written notice to the juvenile of the requirements of registration as a sex offender and provides a sample form for such notice. The provided form lists all the information that the juvenile must provide to law enforcement at the time of initial registration. The form additionally lists the instances in which the juvenile would be required to notify law enforcement of updates to the initially provided information as well as any changes in the juvenile's residency, name, employment, or enrollment in school.

The offender shall pay to the appropriate law enforcement agencies with whom he is required to register, except for the campus law enforcement agency of an institution of postsecondary education, an annual registration fee of sixty dollars to defray the costs of maintaining the record of the offender. The deadline for the $60 registration fee is technically three days, however, the law affords the offender 30 days following his initial registration to pay the $60 before the state can bring criminal sanctions. La. Rev. Stat. § 15:542 (D) (2018).

A juvenile adjudicated delinquent for the enumerated offenses in R.S. 15:542 (A)(3) is required to register and provide notification for the duration of their lifetime. La. Rev. Stat. Ann. § 15:544 (B)(2)(b). The lifetime registration period may be reduced to twenty-five years if the juvenile offender maintains a clean record for twenty-five years and files a motion to be relieved of the registration requirements. La. Rev. Stat. Ann. § 15:544 (E)(2). The offender must provide documentation of completion and a clean record to support such a motion.

The sex offender registration and notification requirements in Louisiana are mandatory and cannot be waived or suspended by any court, although the law provides one exception. Upon joint written motion by the district attorney and the petitioner, the court of conviction may waive sex offender registration and notification requirements imposed by the provisions of this Chapter for a person convicted of felony carnal knowledge of a juvenile (R.S. 14:80) on, before,

*Main Clinic:*
10211 Siegen Ln, Suite 2A
Baton Rouge, Louisiana 70810

www.romanopsych.com
bprassociates@romanopsych.com

*Satellite Clinic:*
1919 Veterans Blvd, Suite 307
Kenner, Louisiana 70062

225.769.2533 Telephone    225.769.2441 Facsimile

Exhibit B
AG0028

or after January 1, 2008, when the victim is at least thirteen years of age and the offender was not more than four years older than the victim at the time of the commission of the offense. La. Rev. Stat. Ann. § 15:542 (F)(1-2). This exception is also known as a "Romeo and Juliet" law and covers typical sexual encounters occurring between adolescent peers, allowing high school age youth to avoid the legal consequences of being labeled as a sex offender.

Juveniles required to register as sex offenders in Louisiana are prohibited from holding certain occupations throughout the time they are registered. The following occupations are unlawful: operator of a taxicab, bus, or limousine for hire; service worker who enters a residence to provide any type of service; operator of a carnival or amusement ride; and door-to-door solicitor, peddler, or itinerant vendor selling any type of goods or services including magazines or periodicals or subscriptions to magazines or periodicals.

Juvenile sex offenders are exempt from almost all notification requirements imposed on adult sex offenders. "Active" community notification is not imposed on juvenile sex offenders, with one exception. La. Rev. Stat. Ann. § 15:542.1 (C). A juvenile sex offender is not required to mail notices to persons near him, but he must post notice of his sex offender status if he "provides recreational instruction to persons under the age of seventeen." Id. § 15:542.1(B)(1). "Recreational instruction" is defined as "instruction or lessons on noneducational activities." Id. § 15:542.1(B)(2).

Juveniles adjudicated delinquent of certain sex offenses may be prohibited from using networking websites. That prohibition does not include websites that have the primary purpose of "the facilitation of commercial transactions involving goods or services between its members or visitors" or "the dissemination of news" or websites of any governmental entities. La. Rev. Stat. Ann. § 15:542.1 (D)(2)(b). Additionally, the exemption of juveniles from notification requirements (excluding the enumerated exception in La. R.S. 15:542.1 (B)(2)) appears to exclude juveniles from having to provide notice of his conviction, his address, and physical characteristics on any profiles created on a social networking site.

MAIN CLINIC:                                                                          SATELLITE CLINIC:
10211 SIEGEN LN, SUITE 2A                    WWW.ROMANOPSYCH.COM           1919 VETERANS BLVD, SUITE 307
BATON ROUGE, LOUISIANA 70810         BPRASSOCIATES@ROMANOPSYCH.COM        KENNER, LOUISIANA 70062
                              225.769.2533 TELEPHONE    225.769.2441 FACSIMILE

The intent of the Louisiana legislature in establishing the juvenile justice system is stated within the provisions of the Louisiana Children's Code. La. Child. Code Art. 801 provides that the purpose of "this Title is to accord due process to each child who is accused of having committed a delinquent act and ensure that he shall receive, preferably in his own home, the care, guidance, and control that will be conducive to his welfare and the best interests of the state." The main goal of the juvenile justice system is, undoubtedly, the rehabilitation of the state's offending youth. This goal has shifted at times, like a pendulum, between rehabilitative to punitive throughout the last century. Kathryn Monahan, Laurence Steinberg & Alex R. Piquero, *Juvenile Justice Policy and Practice: A Developmental Perspective*, 44 CRIME & Just. 577, 578 (2015).

In establishing Louisiana's sex offender registration and notification, the Louisiana legislature has satisfactorily complied with the requirements and mandate of federal legislation that has sought to establish a national statutory standard in registering sex offenders. *See* Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, Pub. L. No. 103-322, § 170101, 108 Stat. 1796, 2038-42 (1994); Megan's Law, Pub. L. No. 104-145, sec. 2, § 170101(d), 110 Stat. 1345, 1345 (1996); SORNA, Pub. L. No. 109-248, § 129, 120 Stat. 587, 600-01 (2006). The legislature's intent in creating the registration scheme is provided in the following statutes:

La. Rev. Stat. Ann. § 15:540 (A).

The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest. The legislature further finds that local law enforcement officers' efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses and crimes against victims who are minors, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders, sexually violent

*Main Clinic:*
10211 Siegen Ln, Suite 2A
Baton Rouge, Louisiana 70810

www.romanopsych.com
bprassociates@romanopsych.com
225.769.2533 Telephone   225.769.2441 Facsimile

*Satellite Clinic:*
1919 Veterans Blvd, Suite 307
Kenner, Louisiana 70062

Exhibit B
AG0030

predators, and child predators who live within the agency's jurisdiction, and the penal and mental health components of our justice system are largely hidden from public view and that lack of information from either may result in failure of both systems to meet this paramount concern of public safety. Restrictive confidentiality and liability laws governing the release of information about sex offenders, sexually violent predators, and child predators have reduced willingness to release information that could be appropriately released under the public disclosure laws and have increased risks to public safety. Persons found to have committed a sex offense or a crime against a victim who is a minor have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Release of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals.

La. Rev. Stat. Ann. § 15:561.

A. The Legislature of Louisiana has long recognized the need to protect our most innocent and defenseless citizens from sex offenders, sexually violent predators, and child predators and has enacted statutory provisions to provide some of the strictest criminal penalties for the commission of sex offenses, and one of the most extensive sex offender registration and notification provisions in the United States.

B. The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses and crimes against victims who are minors even after being released from incarceration or commitment and that the protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest.

MAIN CLINIC:
10211 SIEGEN LN, SUITE 2A
BATON ROUGE, LOUISIANA 70810
WWW.ROMANOPSYCH.COM
BPRASSOCIATES@ROMANOPSYCH.COM
225.769.2533 TELEPHONE    225.769.2441 FACSIMILE
SATELLITE CLINIC:
1919 VETERANS BLVD, SUITE 307
KENNER, LOUISIANA 70062

Exhibit B
AG0031

C. In consideration of the potential high rate of recidivism and the harm which can be done to the most defenseless members of the public by sex offenders, sexually violent predators, and child predators, the state has a compelling interest in ensuring compliance with the provisions of law regarding sex offender registration and notification to protect the public from harm as those offenders are released from incarceration and are returned to their communities.

D. It is, therefore, the policy of this state to assist local law enforcement agencies' efforts to protect the citizens of this state by facilitating compliance with the requirements of registration and notification for sex offenders and sexually violent predators and to ensure that compliance by requiring sex offenders to be placed upon supervised release following release from incarceration.

Louisiana courts, as well as the United States Supreme Court, have repeatedly defended sex offender registration schemes as nonpunitive due to the regulatory nature of the laws. The U.S. Supreme Court has stated that merely "invoking the criminal process in aid of a statutory regime does not render the statutory scheme itself punitive." *Smith v. Doe*, 538 U.S. 84; 123 S.Ct. 1140, 1149; 155 L.Ed.2d 164 (2003). Further, the purposes of the sex offender registry laws in Louisiana are primarily related to the government's interests in promoting and protecting the community and in aiding law enforcement in the investigation and apprehension of sex offenders.

The Louisiana Supreme Court has ruled that "the subjective intent enunciated in La. Rev. Stat. § 15:540 shows that the Legislature enacted this state's Megan's Laws with an avowedly non-punitive intent." *State v. I.C.S.*, 2013-1023 (La. 7/1/14, 9–10); 145 So.3d 350, 355–56. The court held that the requirements of the sex offender registration laws do not impose punishments, rather they are sentencing consequences as a result of a crime. *Id*. The court held that Louisiana's SORNA laws were enacted to protect communities, to aid police in their investigation of sex offenders, and to enable quick apprehension of sex offenders. *Id*. The court

*Main Clinic:*
10211 Siegen Ln, Suite 2A
Baton Rouge, Louisiana 70810

www.romanopsych.com
bprassociates@romanopsych.com
225.769.2533 Telephone    225.769.2441 Facsimile

*Satellite Clinic:*
1919 Veterans Blvd, Suite 307
Kenner, Louisiana 70062

further stated that the intent to alert the public of sex offenders was remedial in nature, not punitive, due to the rational relation to public safety. *Id.*

The concept of rehabilitation in law is "imprecise" and many scholars continue to debate its "utility and proper implementation." *Graham v. Florida*, 560 U.S. 48, 73–74; 130 S.Ct. 2011, 2029; 176 L.Ed.2d 825 (2010), as modified (July 6, 2010) (citing See, e.g., Cullen & Gendreau, Assessing Correctional Rehabilitation: Policy, Practice, and Prospects, 3 Criminal Justice 2000, pp. 119–133 (2000) (describing scholarly debates regarding the effectiveness of rehabilitation over the last several decades)). The prevailing sentiment of the United States Supreme Court is that it should be left to "legislatures to determine what rehabilitative techniques are appropriate and effective." *Id.*

The unfortunate reality that compliance with registration may pose some hardships on juvenile sex offenders does not negate the legitimate governmental interests of the state in aiding law enforcement in the supervision of sex offenders and in providing information to the public so that individuals may make informed decisions for themselves or their children.

Studies of perception of sex offender registration schemes provide some insight into how the state may be satisfying its goal of public safety. Kernsmith, Craun, and Foster (2009) found that all types of sex offenders, including pedophiles (97%), incest offenders (96%), juvenile sex offenders (86%), date rape offenders (84%), sex offenders with a sex offense more than ten years old (86%), spousal rapists (71%), and statutory rapists (65%), were seen as appropriately subjected to SORNA. Kernsmith, P. D., Craun, S. W., & Foster, J. (2009). Public attitudes toward sexual offenders and sex offender registration. Journal of Child Sexual Abuse, 18(3), 290-301. After surveying 115 community members from 15 different states, Katz-Schiavone and Jeglic (2009) found that a majority believed that high risk sex offenders (89%), moderate risk sex offenders (82%), and low risk sex offenders (51%) were acceptable recipients of public exposure through SORNA. Katz-Schiavone, S., & Jeglic, E. L. (2009). Public perceptions of sex offender social policies and the impact on sex offenders. International Journal of Offender Therapy and

*Main Clinic:*                                                                                                      *Satellite Clinic:*
10211 Siegen Ln, Suite 2A                    www.romanopsych.com                    1919 Veterans Blvd, Suite 307
Baton Rouge, Louisiana 70810        bprassociates@romanopsych.com                Kenner, Louisiana 70062
                        225.769.2533 Telephone    225.769.2441 Facsimile

Exhibit B
AG0033

Comparative Criminology, 35(6), 679-695. David Patrick Connor & Richard Tewksbury, Public and Professional Views of Sex Offender Registration and Notification, 18 CRIMINOLOGY, CRIM. Just. L & Soc'y 1 (2017). A summary of these and similar studies found that the American public largely endorses SORNA laws and almost always expresses a desire to have information about all types of convicted sex offenders. Notably, the studies showed the public frequently considers SORNA as fair for managing sex offenders in communities even while simultaneously recognizing the drawbacks of such programs for sex offenders. Additionally, with the registry in effect, the public's sense of safety is improved by the access to the potential risks of danger in their community. Jill S. Levenson, et al., Public Perceptions About Sex Offenders and Community Protection Policies, 7 ANALYSES OF SOC. ISSUES & PUB. POL'Y 137, 139 (2007).

### *Adolescent Development and Culpability*

Experienced providers are cognizant of the differences between juvenile and adult biopsychosocial development as well as the consequences (i.e., outcomes) associated with sexual offending.

The mere fact that someone is young is not sufficient to determine whether there is culpability for his actions. Instead, we must consider what he knows, understands, and believes.

Maturity depends on functioning rather than actual age. Maturity is commonly conceptualized as being when certain biological, psychological, and social characteristics developing during childhood and adolescence have begun to represent the level of those characteristics that will be present for the individual during adulthood. An individual does not mature at the same rate across all abilities and characteristics, and all individuals do not mature along the same timeline.

Studies conducted on those as young as age three (3) reflect that some brain differences can be found between those who commit crimes versus those who do not. In seven (7) to twelve (12) year-olds, a tendency toward being callous and unemotional reflects increased risk of future

MAIN CLINIC:                                                          SATELLITE CLINIC:
10211 SIEGEN LN, SUITE 2A              WWW.ROMANOPSYCH.COM           1919 VETERANS BLVD, SUITE 307
BATON ROUGE, LOUISIANA 70810    BPRASSOCIATES@ROMANOPSYCH.COM         KENNER, LOUISIANA 70062
                    225.769.2533 TELEPHONE    225.769.2441 FACSIMILE

Exhibit B
AG0034

antisocial behavior. Although traits are not fixed at a young age and development is still occurring, evidence of risk for these behaviors can be present at young age. One of the last areas of the brain to develop is the prefrontal cortex which, in addition to other executive functions, assists a person in considering consequences of his actions. This often leads to over-generalization that an adolescent cannot be culpable for his actions due to his underdeveloped brain. Rather, it is imperative that the individual be considered; every person's development does not follow the same timeline. We must consider what the individual knows, understands, and believes to accurately determine culpability for his actions and successfully prevent similar actions by that individual in the future.

### *Competency and Sanity*

The **Bennett Criteria: [State v. Bennett, 345 So. 2d 1129, at 1138, La. 1977]** assesses a defendant's awareness of the nature of the proceedings as well as his or her ability to assist in his or her defense (i.e., competency). Assessing one's sanity at the time of an offense involves the determination of whether there was some form of severe psychopathology present at the time of the index offense(s), which would have impaired one's ability to appreciate the nature, seriousness, or quality of their behavior or to have clouded their knowledge of wrongfulness.

Based on approximately 25 evaluations conducted on juveniles (sex- and non-sex-related offenses) by Dr. Romano over the course of approximately 14 years, juvenile offenders were more often than not deemed both competent and sane, and those who were not, typically had a favorable prognosis for successful restoration whether thru psychotropic medication and/or psychoeducation.

### *Sex Offender Designation on License/Special Identification Card*

According to the Office of Motor Vehicles, under the Louisiana Department of Public Safety, "Effective January 4, 2021, the sex offender designation will no longer be displayed on the credential card but will be displayed on the customer's record." Any license obtained after January 4th, 2021 will not contain the **"SEX OFFENDER"** designation.

---

MAIN CLINIC:
10211 SIEGEN LN, SUITE 2A                    WWW.ROMANOPSYCH.COM                    SATELLITE CLINIC:
BATON ROUGE, LOUISIANA 70810         BPRASSOCIATES@ROMANOPSYCH.COM         1919 VETERANS BLVD, SUITE 307
                                                                                                        KENNER, LOUISIANA 70062
225.769.2533 TELEPHONE   225.769.2441 FACSIMILE

Exhibit B
AG0035

## *Social Media's Lack of Necessity/Negative Impacts*

Listed in the complaint are grievances concerning plaintiffs' lack of access to social media, pursuant to La. R.S. § 14:81. Individuals that committed sexual crimes against juveniles are prohibited from accessing social media until they are no longer SORNA registrants, even if they were also juveniles at the time of the offense, effectively banning these individuals from social media for life. While this aspect of SORNA registration does pose clear inconveniences, offenders such as Plaintiff Aaron Nelson are not "without a way to stay in touch," with acquaintances or family members as is claimed in the complaint. SORNA does not restrict the plaintiffs' from exchanging phone numbers with individuals they meet, nor does it impact their ability to ask a family member for an out-of-state relative's phone number, perhaps the most common form of communication. Furthermore, while it may be true that many businesses now hire exclusively through social media, it is also true that a number of businesses' in an amalgam of industries maintain hiring processes accessible to SORNA registrants. The plaintiffs seem to mistake inconvenience for inability. Additionally, a lack of access to social media may prove beneficial to SORNA registrants. Social media has been attributed as a leading cause for a number of negative societal trends, including rising rates of depression, anxiety, loneliness, and more, but may additionally pose unique problems to at-risk individuals. According to a report by Dr. Mustafa Savci and Dr. Ferda Aysan, "social media usages directly, positively, and significantly predicts loneliness"—loneliness is a trait associated with the development of depression. The Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (SMART) lists both loneliness and depression as top contributors to the etiology of adult sex crimes, and both traits are heavily associated with social media usage. While the social media ban serves to remove access to possible victims (82% of child sex crimes are initiated over social media), it may also benefit the mental health of the offender.

## *Education*

Inability to seek higher education due to proximity to schools and acceptance of SORNA registrants was addressed a number of times throughout the complaint. Plaintiff Aaron Nelson claimed he was unable to receive higher education due to local colleges' proximity to public

*MAIN CLINIC:*                                                                                          *SATELLITE CLINIC:*
10211 SIEGEN LN, SUITE 2A            WWW.ROMANOPSYCH.COM           1919 VETERANS BLVD, SUITE 307
BATON ROUGE, LOUISIANA 70810    BPRASSOCIATES@ROMANOPSYCH.COM         KENNER, LOUISIANA 70062
                    225.769.2533 TELEPHONE   225.769.2441 FACSIMILE

Exhibit B
AG0036

parks and schools, as it would violate SORNA registrants' 1000 foot limit injunction. However, in a post-COVID world, online education options are more plentiful than ever, with approximately 44% of college undergraduate students in the United States taking exclusively distance learning courses in 2020, according to the National Center for Education Statistics (NCES). Even today, about 15% of undergraduates are enrolled at primarily online universities, and 43% of colleges surveyed will be offering online options for the next school year. Additionally, Plaintiff Hunter Calcione expresses concerns about his acceptance to postsecondary schooling, given his registration status. According to the Department of Education, 34% of postsecondary education institutions do not look into the criminal history of their applicants in any manner. These two statistics show an abundance of educational opportunities for SORNA registrants.

### *Employment*

Inability to obtain employment and restrictions on acceptable employment options are referenced a number of times in the complaint. One such complaint refers to Plaintiff Benjamin Sheridan, who alleges a number of employers have denied him job opportunities due to the "**SEX OFFENDER**" designation on his personal driver's license. As stated above, the Louisiana OMV changed their policy in accordance with the ruling of *State v. Hill, No. 2020-KA-0323 (La. 2020)*, effective January 4th, 2021, so incidences like these should not theoretically occur again. A broader complaint is lodged with the restrictions against SORNA registrants prospective jobs. Registrants may not drive cars for hire or provide in-home services due to risks associated with the vulnerability of clientele. This is the extent of legal restrictions on employment, all complaints are associated with the decision of many private business owners not to hire registered sex offenders. A number of the plaintiffs reference an inability to pursue careers due to employers' unwillingness to hire a SORNA registrant. Our office has been providing a "felony friendly" employer list for years to our clients that offers opportunities for employment without discrimination. There are also a number of resources available that aid registered sex offenders in finding employment, chiefly Louisiana Rehabilitation Services (LRS), found under the Louisiana Workforce Commission. Through its vocational rehabilitation program, LRS will direct;

*Main Clinic:*                                                                                                      *Satellite Clinic:*
10211 Siegen Ln, Suite 2A                  www.romanopsych.com                  1919 Veterans Blvd, Suite 307
Baton Rouge, Louisiana 70810        bprassociates@romanopsych.com          Kenner, Louisiana 70062
225.769.2533 Telephone    225.769.2441 Facsimile

Exhibit B
AG0037

aid; and in some cases, pay for education, job training, and job exploration for those with mental health issues.

## Housing and Other Needs

Louisiana has a plethora of state agencies, non-profits, and other organizations that assist individuals with housing. Volunteers of America (VOA) offers a number of services that stand to benefit offenders in difficult situations. These services include halfway houses, residential treatment, work-release programs, and even low-moderate income housing options for individuals facing financial struggles. One Touch Ministry (OTM) is dedicated to the reduction of recidivism by providing housing, food, clothing, employment readiness and assistance, and counseling to recently released ex-offenders. Other than returning to their respective homes (in the event of restrictions), offenders are often capable of securing housing on their own that meet registration requirements. Many offenders do, however, return to their own home, reside with a family member, or reside with a significant other or with a friend(s).

## Registration as a Deterrent

Sex offender registration was implemented for monitoring and tracking sex offenders following their release into the community for the goal of public safety - although it may be perceived as a punitive measure by some offenders.

## Risk of Victimization

Although there has been a few instances of harassment, intimidation, and so forth noted by our clients as having occurred within the community, place of employment, and so forth, this is an extremely rare occurrence. Furthermore, clients who are activity engaged in psychotherapeutic and other supportive services have learned coping mechanisms and developed adequate social support systems necessary to deal with these issues.

MAIN CLINIC:                                                                          SATELLITE CLINIC:
10211 SIEGEN LN, SUITE 2A          WWW.ROMANOPSYCH.COM          1919 VETERANS BLVD, SUITE 307
BATON ROUGE, LOUISIANA 70810     BPRASSOCIATES@ROMANOPSYCH.COM     KENNER, LOUISIANA 70062
225.769.2533 TELEPHONE    225.769.2441 FACSIMILE

Exhibit B
AG0038

### *Interpersonal Relationships*

Although many of our clients have expressed concerns about the impact their sex offense and related requirements have had on their relationships (e.g., family, friends, acquaintances, coworkers), the majority of offenders are capable of navigating these circumstances with the assistance of their probation and parole officers, counselors, case managers, and so forth.


### *Fees*

It is not an uncommon practice for Probation & Parole to waive supervision fees in order for offenders to apply those fees to psychotherapeutic and other services if an offender can provide evidence of their financial needs.


### *Juvenile and Parental Response Regarding Registration*

"Registration," if required to do so, has rarely, if ever, been expressed as a concern by the juvenile, their parent(s), guardian(s), or caregiver(s) of this practice. Given the majority of the offenses committed by juveniles involve a younger familial member, the primary concern by the juvenile or guardian is the impact the offense has had on the relationship between the perpetrator and the victim, specifically related to the change in the dynamics of their relationship and living arrangements - if the court requires that the victim and perpetrator reside in separate residences. However, the court has often allowed the minors to remain within the same home as long as there are professional services and a formal safety plan in place.


There were approximately twenty-five (25) juvenile arrests for sexual offenses in East Baton Rouge Parish in 2022. There were reportedly no cases that remained in the juvenile court that were required to register. Out of that number, approximately 13 of those were cases that would have required registration if convicted as charged. Many cases result in informal adjustment agreements, non-sex-offense pleas, dismissal, etc. One case was transferred to the adult court *(Office of the District Attorney for the 19th Judicial District - East Baton Rouge, 2022).*

MAIN CLINIC:
10211 SIEGEN LN, SUITE 2A
BATON ROUGE, LOUISIANA 70810

WWW.ROMANOPSYCH.COM
BPRASSOCIATES@ROMANOPSYCH.COM
225.769.2533 TELEPHONE   225.769.2441 FACSIMILE

SATELLITE CLINIC:
1919 VETERANS BLVD, SUITE 307
KENNER, LOUISIANA 70062

Exhibit B
AG0039

## _Underreporting of Juvenile and Adult Sex Crimes_

The United States Department of Justice estimates that nearly 80% of rapes and sexual assaults go unreported and only approximately 12% of child sexual abuse is reported. Although there is a greater likelihood of a juvenile or adult committing a non-sexual offense than a sexual offense, there are undeniably juveniles and adults that pose a greater than not risk for committing another sexual offense. It is known by professionals in this field, law enforcement, and courts that sexual offenses are underreported in both juvenile and adult offenders, especially when the victim and perpetrator are within the same home. Often times, the offending behaviors are addressed within the families as opposed to law enforcement or the Department of Children and Family Service (DCFS) as a means of avoiding possible legal, social, educational, career, housing, and other consequences for the offenders.

## _Victim Impact_

Although there was no discussion regarding the severe psychosocial consequences of sex crimes on victims in the available documents, child victims of sexual abuse often experience sleep disturbances, become withdrawn, display angry outbursts, suffer with anxiety and/or depression, develop academic problems, and possess sexual knowledge beyond what is developmentally appropriate. During adolescence, they may be more likely to abuse substances, engage in high-risk sexual and other behaviors, or engage in self-harm. Longer-term effects can include problems with physical and mental health that persist into adulthood.

Adult victims of child sexual abuse have higher rates of health care utilization and report more health complaints compared to other adults. They are at greater risk of a wide range of non-life threatening conditions that can sometimes be psychosomatic in nature: fibromyalgia, severe premenstrual syndrome, chronic headaches, irritable bowel syndrome, and reproductive and sexual health complaints. They are also more likely to develop serious medical conditions such as diabetes, cancer, heart problems, stroke, or hypertension.

MAIN CLINIC:                                                                    SATELLITE CLINIC:
10211 SIEGEN LN, SUITE 2A          WWW.ROMANOPSYCH.COM          1919 VETERANS BLVD, SUITE 307
BATON ROUGE, LOUISIANA 70810   BPRASSOCIATES@ROMANOPSYCH.COM        KENNER, LOUISIANA 70062
                    225.769.2533 TELEPHONE   225.769.2441 FACSIMILE

Exhibit B
AG0040

Adult females who were sexually abused as children are more likely than their peers to become obese or to be diagnosed with an eating disorder.

Adult victims of child sexual abuse are more likely to report substance use problems than other adults. Adults with a history of child sexual abuse are more than twice as likely to report a suicide attempt. Adult women who were sexually abused as children are more likely to suffer from depression or to develop psychiatric disorders than other women. The majority of males who were sexually abused as children seek psychological treatment for issues such as substance abuse, suicidal thoughts, and attempted suicide.

Adults who were sexually abused as children are more likely to be arrested than the general population.

## *Mental Health*

Individual, family (or couples) and/or group counseling utilizing evidence-based practices are effective modalities for addressing the stress and stigma associated with sex offenses. These services can also offer insight and direction related to the offender's circumstances; aid in reducing the risk for recidivism; provide a means of emotional support; enhance effective decision making; and to process their depression, anxiety, frustration and anger, embarrassment, and other psychosocial stressors.

## *Religious and Spiritual*

Many offenders, regardless of their denomination or belief system, have found solace in the services and support offered by churches. More specifically, megachurches have been described a safe haven for offenders regardless of their criminal offenses. A countless number of our clients attend Bethany Church and Healing Place Church.

MAIN CLINIC:                                                          SATELLITE CLINIC:
10211 SIEGEN LN, SUITE 2A              WWW.ROMANOPSYCH.COM        1919 VETERANS BLVD, SUITE 307
BATON ROUGE, LOUISIANA 70810      BPRASSOCIATES@ROMANOPSYCH.COM      KENNER, LOUISIANA 70062
225.769.2533 TELEPHONE    225.769.2441 FACSIMILE

Exhibit B
AG0041

## _Conclusion_

It is the position of the Association for the Treatment of Sexual Abusers (ATSA) that sex offender registration and notification laws should not be applied to children and adolescents convicted of a sexual crime. ATSA's stance is that efforts should focus on research-based interventions that will prevent re-offense, facilitate healthier lives for these youth, and improve health and safety within their communities.

This writer accepts the reported challenges by the plaintiffs regarding "registration." There are also individual differences and varying degree of access to resources that impact a person's outcomes. It is not reasonable to claim that "registration" alone has led to these plaintiffs' difficulties. Every offender's life circumstances are different, and personal success or a lack thereof cannot be attributed solely to any one variable. It is also not plausible to assert that the absence of "registration" requirements would have resulted in completely different outcomes for these plaintiffs. As noted in this report, the vast majority of offenders seen through this practice do not report "registration" as an insurmountable barrier to their quality of life.

_MAIN CLINIC:_
10211 SIEGEN LN, SUITE 2A                WWW.ROMANOPSYCH.COM
BATON ROUGE, LOUISIANA 70810      BPRASSOCIATES@ROMANOPSYCH.COM
225.769.2533 TELEPHONE    225.769.2441 FACSIMILE

_SATELLITE CLINIC:_
1919 VETERANS BLVD, SUITE 307
KENNER, LOUISIANA 70062

# APPENDIX A

_MAIN CLINIC:_                                                                                      _SATELLITE CLINIC:_
10211 SIEGEN LN, SUITE 2A                WWW.ROMANOPSYCH.COM              1919 VETERANS BLVD, SUITE 307
BATON ROUGE, LOUISIANA 70810      BPRASSOCIATES@ROMANOPSYCH.COM      KENNER, LOUISIANA 70062
                        225.769.2533 TELEPHONE    225.769.2441 FACSIMILE

Exhibit B
AG0043

## REFERENCES

Moskowitz, Clara. "Criminal Minds Are Different from Yours, Brain Scans Reveal." *LiveScience*, Purch, 4 Mar. 2011, https://www.livescience.com/13083-criminals-brain-neuroscience-ethics.html.

Hart, Stephen. "Evidence-Based Assessment of Risk for Sexual Violence." *ResearchGate*, https://www.researchgate.net/publication/265188795_Evidence-Based_Assessment_of_Risk_for_Sexual_Violence.

Grisso, Thomas. *Evaluating Juveniles' Adjudicative Competence: A Guide for Clinical Practice*. Professional Resource Press, 2005.

"Risk Assessment for Males Who Have Engaged in Harmful or Illegal... - ATSA." *Association for the Treatment and Prevention of Sexual Abuse*, Nov. 2016, https://www.atsa.com/pdfs/ATSA_Risk_Assessment_for_Males_(2016).pdf.

"Registration and Community Notification of Children and Adolescents..." *Narsol*, Dec. 2020, https://narsol.org/wp-content/uploads/2020/07/ATSA-registration-of-minors.pdf.

*MAIN CLINIC:*
10211 SIEGEN LN, SUITE 2A
BATON ROUGE, LOUISIANA 70810

WWW.ROMANOPSYCH.COM
BPRASSOCIATES@ROMANOPSYCH.COM
225.769.2533 TELEPHONE   225.769.2441 FACSIMILE

*SATELLITE CLINIC:*
1919 VETERANS BLVD, SUITE 307
KENNER, LOUISIANA 70062

# APPENDIX B

_Main Clinic:_                                                                  _Satellite Clinic:_
10211 Siegen Ln, Suite 2A              www.romanopsych.com         1919 Veterans Blvd, Suite 307
Baton Rouge, Louisiana 70810      bprassociates@romanopsych.com      Kenner, Louisiana 70062
                        225.769.2533 Telephone    225.769.2441 Facsimile

Exhibit B
AG0045

## <u>FEE SCHEDULE FOR DR. BRANDON P. ROMANO, PSY.D., M.S.C.P.</u>
### <u>*Via Office Accounting Software*</u>

Miscellaneous forensic services by a doctoral level clinician - research, record review, case conference, phone calls, and preparation for court appearance: $500/hr.

Deposition with psychologist - first hour: $1,500.00

Deposition with psychologist - per additional hour: $1,000.00

Psycho legal services- expert testimony for psychologist - full day (additional days will be charged in full day increments): $5,000.00

*Contractor shall be reimbursed for out of pocket expenses in accordance with the Division of Administration Travel Rules and Regulations as set forth in PPM 49.

MAIN CLINIC:                                                                                    SATELLITE CLINIC:
10211 SIEGEN LN, SUITE 2A              WWW.ROMANOPSYCH.COM          1919 VETERANS BLVD, SUITE 307
BATON ROUGE, LOUISIANA 70810      BPRASSOCIATES@ROMANOPSYCH.COM        KENNER, LOUISIANA 70062
                        225.769.2533 TELEPHONE    225.769.2441 FACSIMILE

Exhibit B
AG0046

# APPENDIX C

*Main Clinic:*                                                                                              *Satellite Clinic:*
10211 Siegen Ln, Suite 2A                    www.romanopsych.com                  1919 Veterans Blvd, Suite 307
Baton Rouge, Louisiana 70810          bprassociates@romanopsych.com          Kenner, Louisiana 70062
                            225.769.2533 Telephone    225.769.2441 Facsimile

Exhibit B
AG0047

## CURRICULUM VITAE FOR DR. BRANDON P. ROMANO, PSY.D., M.S.C.P.

*See Attached.*

*MAIN CLINIC:*                                                                                                    *SATELLITE CLINIC:*
10211 SIEGEN LN, SUITE 2A          WWW.ROMANOPSYCH.COM          1919 VETERANS BLVD, SUITE 307
BATON ROUGE, LOUISIANA 70810     BPRASSOCIATES@ROMANOPSYCH.COM     KENNER, LOUISIANA 70062
225.769.2533 TELEPHONE   225.769.2441 FACSIMILE

Exhibit B
AG0048

**Branden P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*
10211 Siegen Lane, Suite 2A
Baton Rouge, Louisiana 70810
225.769.2533 - Office
225.769.2441 - Facsimile
bpromano@romanopsych.com
www.romanopsych.com

*EDUCATION*

| | |
|---|---|
| **M.S.C.P.** | **Alliant International University** |
| **2010** | San Francisco, CA / Baton Rouge, LA |
| | Postdoctoral Master of Science in Clinical Psychopharmacology |

| | |
|---|---|
| **Psy.D.** | **Forest Institute of Professional Psychology** |
| **2001** | Springfield, Missouri |
| | Clinical Psychology |
| | Dissertation:  An Orientation and Procedure Manual for Greene County |
| | Jail; Special Emphasis:  Mental Health Department |
| | APA Accredited Program |

| | |
|---|---|
| **M.S.** | **Northeast Louisiana University** |
| **1996** | Monroe, Louisiana |
| | Clinical Psychology (Psychometrics) |
| | Thesis:  A Survey of Theoretical Orientations Among Licensed Clinical and |
| | Counseling Psychologists in Louisiana |

| | |
|---|---|
| **1993** | **University of New Orleans** |
| | New Orleans, Louisiana |

| | |
|---|---|
| **B.S.** | **Our Lady of Holy Cross College** |
| **1992** | New Orleans, Louisiana |
| | Social Counseling |

*POSTDOCTORAL TRAINING*

**Louisiana State University Health Science Center**                                    **08/01 to 08/02**
**Department of Public Health & Preventative Medicine**
**Division of Forensics**
Louis Jetson Correctional Center for Youth (JCCY)
Post Office Box 97527; Baton Rouge, LA 70874
Responsibilities –

- Providing services to meet the mental health, behavioral, and substance abuse needs of newly incarcerated youth
- Conducting psychological screening evaluations and full psychological evaluations (court-ordered, early release, sex-offender, facility placement)
- Assessing psychological functioning, substance abuse problems, and identifying specific psychological problems at time of admission and during incarceration
- Developing individualized treatment plans for youth housed in the facility
- Making appropriate recommendations for services needed following release from incarceration
- Providing crisis management services and psychological treatment for youth

### Branden P. Romano, Psy.D., M.S.C.P.
#### Clinical Psychologist

*PREDOCTORAL INTERNSHIP*
**Mississippi State Hospital (MSH)**                                    **08/00 to 08/01**
Psychology Department, Building 51
Post Office Drawer 157-A; Whitfield, Mississippi 39193
601.351.8010
APA Accredited Internship

Major Rotations

- **MSH Intermediate Treatment Services**                        **04/01 to 08/01**
  **MSH Continued Treatment Services**
  Buildings 35, 37, and 72 (chronically mentally ill males)
  Responsibilities –
  - Providing psychotherapy for a case load of six patients
  - Conducting psychology general assessments, suicide risk assessments and anger assessments
  - Writing treatment plans and progress notes
  - Case management
  - Attending family conferences
  - Leading three therapy/psycho-educational groups a week
  - Conducting personality and intellectual assessments for patients as needed
  - Attending weekly treatment teams and doctors' rounds
  - Consulting with psychologists, psychiatrists, nurses, counselors and direct care staff regarding the treatment and progress of patients
  - Making treatment recommendations

- **MSH Oak Circle Center**                                    **12/00 to 04/01**
  Building 23 (children and adolescents)
  Responsibilities –
  - Providing psychotherapy and/or play therapy for a caseload of five patients
  - Conducting admissions with a multidisciplinary treatment team
  - Writing integrated summaries, treatment plans and progress notes
  - Co-leading an adolescent psychotherapy group four times a week
  - Conducting personality and intellectual assessments for patients as needed
  - Attending weekly treatment teams and family conferences
  - Consulting with psychologists, psychiatrists, nurses, counselors and direct care staff regarding the treatment and progress of patients
  - Making treatment recommendations

- **MSH Chemical Dependency Units**                            **08/00 to 12/00**
  Buildings 81 (adult female) and 83 (adult male MICA)
  Responsibilities –
  - Providing psychotherapy and case management for a case load of two to four patients
  - Assisting patients with 12-step work
  - Conducting admissions with a multidisciplinary treatment team
  - Writing treatment plans and progress notes
  - Contacting legal systems (courts/probation officers/jails) regarding patients' progress in treatment
  - Co-leading an A/D process group four times a week
  - Conducting a recovery skills/relapse prevention group three times a week on the Mentally Ill/Chemically Addicted (MICA) unit
  - Providing weekly supervision for a third-year doctoral practicum student on two psychotherapy cases and psychological assessments
  - Conducting personality and intellectual assessments for patients as needed
  - Attending daily screening rounds and weekly treatment teams
  - Attending family conferences

**Brandon P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*

- Consulting with psychologists, psychiatrists, nurses, counselors and direct care staff regarding the treatment and progress of patients
- Making treatment recommendations

<u>Supplemental Experience</u>
- **MSH Forensics Unit**                                                08/00 to 08/01
  Building 43 (adult male)
  Responsibilities –
  - Attending screenings, assessing competency, and assisting in diagnosis of insanity acquities, dangerous civils, and pre-trial evaluations

<u>Mini Rotations / Assignments</u>
- **MSH Psychology Department**                                         08/00 to 08/01
  Building 51
  Responsibilities –
  - Maintaining a caseload of three long-term therapy patients from the Aggressive Male, Forensics, and Intermediate / Continued Treatment Services Units
  - Completing at least one psychological battery every other month for the Assessment Team
  - Constructing behavioral management protocols and assisting in their implementation for the Behavioral Management Team
  - Carrying the beeper once every three months for 24 hours/day, 7 days/week for the Crisis Team
  - Assisting in the intern applicant review process for 2001
  - Being titled Chief Resident for three months (informing fellow interns of pertinent hospital information and attending various meetings for the Special Treatment Procedures Committee, Institutional Research Review Board, Internship Committee, Discharge Advisory Board, and the Ethics Committee)
  - Attending weekly Professional Development Seminars on various topics pertinent to the practice of psychology
  - Attending Psychlink satellite presentations; attending occasional Grand Rounds at the University of Mississippi Medical Center
  - Attending weekly Assessment Seminars at the Mississippi State Hospital pertaining to intellectual, personality, and neurological assessments
  - Delivering a Case Presentation
  - Delivering a Professional Development Seminar to the Psychology Department

*DOCTORAL PRACTICUM EXPERIENCE*
**Forest Institute of Professional Psychology**                        09/98 to 07/00
**Forest Human Services Center**
1322 South Campbell Avenue; Springfield, Missouri 65807
Responsibilities –
- Outpatient psychotherapy and psychological assessment with adolescents, adults, and couples
- Diagnostic interviewing
- Client staffings
- Treatment planning
- Collaborating with such departments as the Division of Family Services, the Division of Aging, Social Security (Disability Determinations) and local schools

**Lester Bland, Psy.D. & Associates**                                  01/99 to 09/99
2200 East Sunshine; Springfield, Missouri 65804
Responsibilities –
- Assisting with the administration, scoring, interpretation and report writing of vocational rehabilitation and forensic evaluations
- Assisting with pre-employment interviews and psychological assessments for new firefighters for the City of Springfield, Missouri

Exhibit B
AG0051

**Branden P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*

**Greene County Sheriff's Office**                                          04/99 to 09/99
**Jail Division – Psychology Department**
929 North Robberson Avenue; Springfield, Missouri 65807
Responsibilities –
- Assessing suicide and homicide potential of new inmates
- Making cell/housing recommendations
- Conducting weekly individual therapy with assigned inmates with mental health and substance abuse issues
- Conducting initial interviews and gathering social histories on new inmates

*DOCTORAL PRACTICE MANAGEMENT*
**Forest Institute of Professional Psychology**                                          1997
**Forest Human Services Center**
1322 South Campbell Avenue; Springfield, Missouri 65804
Responsibilities –
- Operational management of daily activities for an outpatient clinic
- Training clerks regarding standard operation procedures
- Filing charts
- Answering incoming calls to the clinic
- Conducting intake procedures
- Tracking billing procedures
- Establishing financial arrangements with clients

*DOCTORAL GRADUATE ASSISTANTSHIP*
**Forest Institute of Professional Psychology**                                          1998 to 1999
**Forest Human Services Center**
1322 South Campbell Avenue; Springfield, Missouri 65804
Responsibilities –
- Assisting interns and postdoctoral residents with registration and orientation of new students to the Forest Clinic and assisting in the arrangement of practice management schedules

*MASTERS INTERNSHIP*
**Lakeview Regional Hospital**                                          1996
West Monroe, Louisiana
Responsibilities –
- Administering and scoring as well as report writing on psychological and psychoeducational tests for patients with a wide range of ages and cultural backgrounds
- Attending of daily staffings under the weekly supervision of a licensed psychologist

**Monroe Community Mental Health Center**                                          1996
Monroe, Louisiana
Responsibilities –
- Administering and interpreting as well as report writing on intellectual and personality assessment instruments for a wide range of patients including minority, developmentally disabled and gang-affiliated individuals

**Psychological Associates, Inc.**                                          1996
Monroe, Louisiana
Responsibilities –
- Assessment of clients
- Administering and scoring intellectual and personality instruments
- Disability determinations, school and academic evaluations, court-ordered evaluations, and assessment of juvenile offenders

Exhibit B
AG0052

**Branden P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*

*MASTERS GRADUATE ASSISTANTSHIP*
**Northeast Louisiana University**                                    **1995 to 1996**
**Department of Psychology**
Monroe, Louisiana
Responsibilities –
- Preparing materials for undergraduate and graduate level psychology courses
- Gathering research articles for class instruction; scoring tests and recording grades
- Assisting in classroom lectures, videos, and presentations

*TEACHING EXPERIENCE*
**Baton Rouge Community College**                                    **08/02 to PRN**
5310 Florida Boulevard; Baton Rouge, Louisiana 70806
Adjunct Instructor
Instructor for Psychology of Adjustment

**Northeast Louisiana University**                                   **08/97 to 12/97**
Department of Psychology
700 University Avenue; Monroe, Louisiana 71201
Adjunct Instructor
Instructor for Introduction to Psychology

*ADMINISTRATIVE EXPERIENCE*
**Louisiana Department of Health and Hospitals**                     **12/08 to 12/09**
**Office for Addictive Disorders**                                   **02/10 to 10/10**
**The Springs of Recovery Adolescent Program**
Greenwell Springs, Louisiana
Facility Manager / Administrator
Responsibilities –
- Administrative and budgetary oversight of a 54 bed, state-operated inpatient adolescent substance abuse treatment facility

**Louisiana Department of Health and Hospitals**                     **05/05 to 12/08**
**Office of Mental Health**
628 N 4th Street, Bienville Building; Baton Rouge, Louisiana 70821
Coordinator of Child, Youth, and Family Services / State Child Planner
Responsibilities –
- Coordinator of child, youth, and family state mental health services
- CMHS Block Grant Manager: Child, Youth and Family Services Section
- Contract Manager
- Member, Juvenile Justice Clearinghouse
- Office liaison to child, youth and family serving agencies
- Appointed Member, SPF-SIG (State Substance Abuse Prevention Committee)
- Appointed Member, SICC (State Interagency Coordinating Council)
- Past Appointed Legislative Subcommittee Member, Senator Mount's Sexually Violent Predator Taskforce
- Project Director: Alternatives to Seclusion and Restraint Grant
- Program Supervisor: Juvenile Competency Restoration Provider

**Louisiana Department of Health and Hospitals**                     **12/03 to 05/05**
**Office of Mental Health**
1201 Capital Access Road; PO Box 4049, Bin 12; Baton Rouge, Louisiana 70821
Officer, Bureau of Planning, Performance Partnerships and Stakeholder Involvement
Responsibilities –

Exhibit B
AG0053

**Branden P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*

- Providing ongoing and direct support for various planning and performance measurement systems, including the federal Block Grant Plan, the Louisiana Performance Appraisal System (LAPAS)
- Liaison with the state mental health planning council, with a special focus on the development of programs for children/youth and families
- Conducting planning and development for juvenile forensic programs
- Providing liaison with state child/youth-serving agencies, and supports inter-agency coordination
- Tracking legislative issues that could have direct financial impact on the Office of Mental Health or on the delivery of mental health services

**Lakeview Regional Hospital**                                                                 10/97 to 12/97
6200 Cypress Street; West Monroe, Louisiana 71291
Director of Clinical Services
Responsibilities –
- Overseeing the operation and functioning of the Departments of Social Work, Activity Therapy, Medical Records, Psychology and Utilization Review
- Developing unit programming and schedules as well as updating policies and procedures for the Adult, Chemical Dependency and Geriatric Units, and Clinical Services

**JoEllen Smith Psychiatric Hospital**                                                        02/94 to 12/94
4601 Patterson Road; New Orleans, Louisiana 70131
Staffing Coordinator
Nursing Administration
Responsibilities –
- Completing personnel and check requisitions
- Logging admits and discharges
- Filling out mental health advocacy forms
- Filing expense reports
- Interviewing clinical associates
- Creating daily and monthly staff schedules
- Handling call-ins and days requested off
- Calculating time cards
- Recording daily census audit
- Recording agency profiles and contracts
- Orientation of new employees
- Logging staffing agency use and dollar amount
- Completing purchasing/payroll requests
- Assigning general practitioners to psychiatric patients

*CLINICAL EXPERIENCE*
**Behavioral Health Consultants, L.L.C.**                                                    08/16 to Present
10211 Siegen Lane, Suite 2A; Baton Rouge, Louisiana 70810
Partner
Responsibilities –
- Professional education, training, and consultation

**Criminal Justice Solutions, L.L.C.**                                                       10/13 to 10/19
8894 Airline Highway, Suite H, Baton Rouge, Louisiana 70815
Partner / Co-Owner
Responsibilities –
- Administrative and fiscal oversight of a behavioral health diversion program for clients involved in the judicial system
- Program development
- Mental health and substance abuse screenings
- Drug and alcohol testing
- Educational programming

*UPDATED 12/05/2022*                                                                          *PAGE 6 OF 15*

**Brandon P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*

**Behavioral Health Innovations, Inc.**                                      **06/13 to Present**
10211 Siegen Lane, Suite 2A; Baton Rouge, Louisiana 70810
President
Responsibilities –
- Administrative and budgetary oversight of a nonprofit organization serving at-risk youth and their families


**The Office of the District Attorney, 18th Judicial District**              **08/10 to 12/14**
**Prosecutor's Early Intervention Program**
West Baton Rouge Parish, Port Allen, Louisiana
Program Clinical Counselor / Psychologist (contractor)
Responsibilities –
- Consultation on behavioral health problems with school-aged children
- Psychological evaluations of school-aged children


**The Office of the District Attorney, 19th Judicial District**              **02/13 to Present**
East Baton Rouge Parish, Baton Rouge, Louisiana
PTI Clinical Director (contractor)
Responsibilities –
- Suicide assessments
- Providing consultation on mental health and substance use criminal cases
- Behavioral health trainings
- Program development
- Assisting in the establishment of clinical protocols


**Brandon P. Romano, Psy.D. & Associates, L.L.C.**                          **02/05 to Present**
10211 Siegen Lane, Suite 2A; Baton Rouge, Louisiana 70810 (Main Clinic)
1919 Veterans Memorial Boulevard, Suite 305; Kenner, Louisiana 70062 (Satellite Clinic)
Private Practice / Director of Psychological Services
Responsibilities –
- Evaluating and treating children, adolescents, and adults
- Conducting psychological, psychosexual, substance use, and other evaluations for private and forensic (legal) cases
- Providing individual, group, and family therapy
- Guest psychologist for local and national radio and television shows
- Approved and/or contracted provider for numerous local, state, and federal private and governmental agencies and Boards as well as insurance companies


**Louisiana State University Health Science Center**                        **08/02 to 12/03**
**Department of Public Health & Preventative Medicine**
**Division of Forensics**
Louis Jetson Correctional Center for Youth (JCCY)
Post Office Box 97527; Baton Rouge, Louisiana 70874
Responsibilities –
- Providing services to meet the mental health, behavioral, and substance abuse needs of newly incarcerated youth
- Conducting psychological screening evaluations and full psychological evaluations (court-ordered, early release, sex-offender, facility placement)
- Assessing psychological functioning and identifying specific psychological problems at time of admission and during incarceration
- Developing individualized treatment plans for youth   housed in the facility
- Making appropriate recommendations for services needed following release from incarceration
- Providing crisis management services and psychological treatment for youth

**Brandon P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*

**Greene County Sheriff's Office**                                         09/99 to 06/00
**Jail Division – Psychology Department**
929 Robberson Avenue; Springfield, Missouri 65807
Psychological Assistant
Responsibilities –
- Assisting a licensed psychologist in consulting with doctoral level practicum students regarding assigned responsibilities for the county jail
- Assessing suicide and homicide potential of inmates
- Making cell/housing recommendations
- Conducting weekly individual therapy with assigned inmates with mental health and substance abuse problems
- Conducting initial interviews and gathering social histories on new inmates
- Monitoring and logging vital statistics in the Psychology Department

**Burrell Behavioral Health**                                             04/98 to 09/99
**Crisis Assist Team**
908 Robberson Avenue; Springfield, Missouri 65807
Crisis Worker
Responsibilities –
- Handling face-to-face screenings and crisis calls for a 24-hour crisis/suicide hotline covering 45 counties in the State of Missouri

**Lakeview Regional Hospital**                                            07/97 to 10/97
6200 Cypress Street; West Monroe, Louisiana 71291
Assistant Department Head of Psychology
Responsibilities –
- Administration and scoring of intellectual, psychological, and psychoeducational tests
- Daily billing of psychological services
- Assisting masters level interns recording continuous performance improvement indicators

**Lakeview Regional Hospital**                                            10/96 to 07/97
6200 Cypress Street; West Monroe, Louisiana 71291
Psychological Assistant
Responsibilities –
- Administration, scoring, and report writing psychological and psycho-educational tests
- Reporting testing results at daily staffings under the weekly supervision of a licensed psychologist

**Psychological Assessments**                                             02/97 to 01/98
6200 Cypress Street, Doctor's Bldg; West Monroe, Louisiana 71291
Private Practice
Responsibilities –
- Arranging appointments, pre-certifying health insurance making, collection arrangements for reimbursement
- Administration and scoring of various intellectual, psychological, and psychoeducational tests

**Psychological Associates, Inc.**                                        10/96 to 12/97
2213 Justice Street; Monroe, Louisiana 71201
Psychological Assistant
Responsibilities –
- Initial assessment of clients
- Administration and scoring of intellectual and personality instruments
- Initial assessment of juvenile offenders and administration and scoring of intellectual and personality instruments at Tallulah Correctional Center for Youth

Exhibit B
AG0056

**Branden P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*

**JoEllen Smith Psychiatric Hospital**                                          05/93 to 02/94
4601 Patterson Road; New Orleans, Louisiana 70131
Clinical Associate
Responsibilities –
- Working with patients on the Adult, Adolescent, and Chemical Dependency Units
- Chart documentation; implementing the proper use of restraints
- Conducting face to face interventions with patients
- Attending hospital in-services
- Treatment planning
- Assisting with therapeutic activities
- Leading community meetings
- Coordinating admission and discharge information
- Acquiring basic knowledge of medications and side effects

**Touro Infirmary**                                                             05/92 to 12/93
1401 Foucher Street; New Orleans, Louisiana 70118
Psychiatric Technician
Responsibilities –
- Chart documentation
- Knowledge of verbal and physical restraint
- Presenting an in-service on verbal and physical restraint
- Assisting with therapeutic activities
- Leading and co-leading group therapy with a BCSW
- Measuring vital signs
- Acquiring knowledge of medications and side effects
- Setting up unit activities and break times
- Administering the Folstein Mini Mental Status Exam
- Assisting nurses with minor medical tasks

**Rehabilitation Living Center**                                                07/91 to 12/91
3434 Canal Street; New Orleans, Louisiana 70118
Team Coordinator
Responsibilities –
- Working with brain injured residents with mental health, behavioral, and substance abuse problems while promoting independent living
- Assisting nurses with minor medical tasks
- Planning three meals a day for the residents
- Organizing field trips
- Housekeeping and yard work with residents
- Chart documentation
- Overseeing the performance of four clinical care coordinators
- Coordinating future living arrangements for the residents with other treatment team members

**Rehabilitation Living Center**                                                05/91 to 07/91
3434 Canal Street; New Orleans, Louisiana 70118
Clinical Care Coordinator
Responsibilities –
- Working with brain injured residents
- Assisting with physical therapy
- Preparing meals for residents
- Supervising outings
- Chart documentation
- Leading group activities
- Promoting independent living

Exhibit B
AG0057

**Branden P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*

- Assisting nurses with minor medical tasks

**River Oaks Psychiatric Hospital**                                      05/89 to 05/91
1525 River Oaks Road West; Harahan, Louisiana 70123
Psychiatric Attendant
Responsibilities –
- Working with patients on adolescent, adult, chemical dependency, and sexual trauma units
- Planning outings
- Chart documentation
- Conducting face to face interventions with patients
- Observing group therapy and community meetings
- Setting regiments for the children's unit; attending seminars and lectures on mental illness

### RESEARCH EXPERIENCE
**Louisiana State University Medical Center**                            04/93 to 12/94
1542 Tulane Avenue; New Orleans, Louisiana 70119
Volunteer, Research Assistant, Child Psychiatry
Julie A. Larrieu, Ph.D., Principal Investigator
Responsibilities –
- Scoring and coding data
- Reviewing literature
- Assisting with manuscript preparation and presentation of results

### PROFESSIONAL SEMINARS
**Romano, B.** (October 2022). An Autopsy of a Substance Use Evaluation: Dissecting the Critical Components. Baton Rouge Bar Association - Family Law CLE Conference. Baton Rouge, Louisiana.

**Romano, B.** & Chapoton, A. (November 2021). Substance Use Evaluation, Diagnosis, and Recommendations in Child Custody Cases. LSU Family Law CLE Conference. Baton Rouge, Louisiana.

**Romano, B.** & Chapoton, A. (May, 2018). Juvenile Sexual Development: Normalcy vs. Deviancy. Presented at the 2018 Child Well-Being Summit, Baton Rouge, Louisiana.

**Romano, B.** & Cataldie, L. (April, 2016). Boundary Violations by Healthcare Professionals. Presented at the Louisiana State Board of Nursing - Board Meeting, Baton Rouge, Louisiana.

**Romano, B.** (November, 2015). Critiques of Assessment Analysis. Presented at the Baton Rouge Bar Association Family Law Section, Baton Rouge, Louisiana.

**Romano, B.** (November, 2015). An Overview of Sex Offender Treatment: A Non-Clinical Introduction. Presented at the Louisiana Rehabilitation Association 2015 Annual Training Conference, Baton Rouge, Louisiana.

**Romano, B.** (August, 2014). DSM-5: A Brief Overview. Presented at Louisiana Rehabilitation Services, Baton Rouge, Louisiana.

**Romano, B.** (July, 2014). Evaluation of Clients Entering a Diversion Program: A Look at Determining Risk Factors for Diversion Defendants. Presented at the 2014 34th Annual Conference on Pretrial Services, Pensacola Beach, Florida.

**Romano, B.** & Chapoton, A. (June, 2014). Domestic Violence: Risk Assessment and Intervention. Presented at the Baton Rouge Bar Association and the Association of Family and Conciliation Courts - Domestic Violence CLE, Baton Rouge, Louisiana.

**Romano, B.** (May, 2014). Transitioning from Grandparent to Parent: Fostering Healthy Relationships. Keynote Speaker. Presented at the 2014 15th Annual Grandparents Raising Grandchildren Conference, Baton Rouge, Louisiana.

**Romano, B.** (November, 2013). DSM-5: What's New? Presented at the South Central Region of the National Rehabilitation Association's 2014 Training Conference, Baton Rouge, Louisiana.

**Romano, B.** (October, 2012). Adult Sex Offenders: Risk Assessment & Relapse Prevention. Presented at the 2012 6th Annual Sex Offender / Child Predator Enforcement Conference, Baton Rouge, Louisiana.

Exhibit B
AG0058

**Branden P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*

**Romano, B.** (November 2010). <u>An Introduction to Adolescent Development - Special Emphasis: Normative and Cognitive Development; Learning, Emotional, and Behavioral Disorders; and Sleep Deprivation</u>. Presented at the 2010 Louisiana Public Defenders Criminal Litigation Seminar, Baton Rouge, Louisiana.

**Romano, B.** (October, 2010). <u>An Overview of Juvenile Sex Offenders</u>. Presented at the 2010 4th Annual Sex Offender / Child Predator Enforcement Conference, Baton Rouge, Louisiana.

**Romano, B.** (November, 2009). <u>An Autopsy of a Psychological Evaluation: Dissecting and Examining the Critical Components</u>. Presented at the 2009 Louisiana Public Defenders Criminal Litigation Seminar, Lafayette, Louisiana.

**Romano, B.** (October, 2009). <u>An Introduction to Adult Sex Offenders: Offender Profile, Victim Selection, Risk Assessment, and Best Practices</u>. Presented at the 2009 3rd Annual Sex Offender / Child Predator Enforcement Conference, Baton Rouge, Louisiana.

**Romano, B.** & Polozola, G. (June, 2008). <u>Recognizing Child Abuse and Neglect: Signs, Symptoms, and the Law</u>. A Continuing Education Credit In-Service for State Mental Health Regions and Districts. Presented at the State Office of Mental Health, Baton Rouge, Louisiana.

**Romano, B.** (April, 2008). <u>An Overview of School-Based Mental Health Services: Current and Future Activities</u>. Presented at the Department of Education Annual School Conference, Baton Rouge, Louisiana.

**Romano, B.** (April, 2008). <u>The State Mental Health and Addictive Disorder Systems</u>. Presented at the Public Information / Cooperation with the Professional Community Annual Meeting, Baton Rouge, Louisiana.

**Romano, B.** (November, 2007). <u>An Introduction to Juvenile Sex Offenders</u>. Presented at the statewide juvenile detention officers conference, Baton Rouge, Louisiana.

**Romano, B.** & Burnette, D. (May, 2007). <u>Juvenile Competency Restoration: Legal and Clinical Practice</u>. Presented at the 59th annual Louisiana Psychological Association convention, Baton Rouge, Louisiana.

**Romano, B.** (February, 2007). <u>Infant and Early Childhood Mental Health in Louisiana</u>. Presented at the 3rd annual Tulane infant mental health conference, New Orleans, Louisiana.

**Romano, B.** (January, 2003). <u>Anger Management</u>. Lecture presented to Correctional Officers at the Jetson Correctional Center for Youth (JCCY), Baton Rouge, Louisiana.

**Romano, B.** (October, 2002). <u>Anger and Stress Management</u>. Lecture presented to Correctional Officers at the Jetson Correctional Center for Youth (JCCY), Baton Rouge, Louisiana.

**Romano, B.** (January, 2001). <u>Suicide detection and intervention - special emphasis: Inpatient psychiatric facilities and forensic settings</u>. Professional Development Seminar presented to the Psychology Department at Mississippi State Hospital.

McLain, S., Dabbit, J., **Romano, B.** & Freiert, J. (February, 2001). <u>Advanced track: Relapse: Prevention and Postmortem</u>. Presented at beyond the barriers: 6th annual conference on co-occurring mental health and substance abuse disorders conference, Jackson, Mississippi.

**Romano, B.** (March, 2001). <u>Suicide detection and intervention - special emphasis: Inpatient psychiatric facilities</u>. Educational seminar presented to the Rehabilitation Services Department at Mississippi State Hospital.

Powers, B. & **Romano, B.** (April, 2000). <u>Suicide detection and intervention in jail settings</u>. Presented at the annual training for the Missouri – Kansas Jail Officers Training Task Force, Syracuse, Kansas.

*POSTER PRESENTATION*

**Romano, B.**, Goodwyn, M., McCown, W., & Dunn, C. (April, 1997). <u>A survey of psychotherapy models practiced by Louisiana psychologists</u>. Poster session presented at the annual conference for the Southwestern Psychological Association, Fort Worth, Texas.

*PAPER PRESENTATIONS*

Nemeth, D.G., Meyer, B., **Romano, B.**, Jaber, N., Schexnayder, M., Walters, K., & Vogelpohl, K. (July, 2002). <u>The Use of Anger and Stress Management to Reduce Depression in MS Patients</u>. Presented at the 25th Annual Mid-year Meeting of the International Neuropsychology Society in Stockholm, Sweden.

Nemeth, D.G., Meyer, B., Schexnayder, M., Walters, K., & **Romano, B.** (February, 2003). <u>The Use of Group Intervention to Reduce Depression in MS Patients</u>. Presented at the American Group Psychotherapy Association 2003 Annual Meeting in New Orleans, Louisiana.

Exhibit B
AG0059

**Brandon P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*

Larrieu, J., Fick, A., **Romano, B.**, & Gootee, P.  (December, 1993).  <u>Homeless female adolescents and AIDS:  Beliefs, attitudes, and behaviors</u>.  Presented at the Delta Region AIDS Conference:  Women Face to Face with HIV, New Orleans, Louisiana.

Larrieu, J., Fick, A., **Romano, B.**, & Gootee, P. (October, 1993).  <u>Homeless adolescents and AIDS: Beliefs, attitudes, and behaviors</u>.  Presented at the annual meeting of the Louisiana Psychological Association, New Orleans, Louisiana.

*PUBLICATION*

Nemeth, D., Meyer, B., **Romano, B.**, Jaber, N., Schexnayder, M., Walters, K., et al. (2002).  <u>Abstract: The use of anger and stress management to reduce depression in MS patients</u>.  *Journal of the International Neuropsychological Society, 8(4),* 498.

*FEATURED ARTICLES & APPEARANCES*

**Romano, B.** (March 2021). Hero Mom, 34, Shot Dead Pretending to be Daughter. Nancy Grace Crime Stories, National Audience.

**Romano, B.**, et. al. (April 2020). Mental Health and Covid-19. Geaux Rouge Webinar. Baton Rouge, Louisiana.

**Romano, B.** (January 2020). Making Baton Rouge Safer through Mental Health. Geaux Rouge. Baton Rouge, Louisiana.

**Romano, B.** (November, 2017). Louisiana: The State We're In. Inappropriate Sexual Advances in the Workplace. Louisiana Public Broadcasting, Baton Rouge, Louisiana.

**Romano, B.** (November, 2015). The Investigators:  Are Your Children Protected from Predators While at School?  WAFB, Baton Rouge, Louisiana.

**Romano, B.**  (July, 2015).  Mental Health and Violence: Lafayette Theatre Shootings.  WJBO, Baton Rouge, Louisiana.

**Romano, B.**  (July, 2015).  Sexually Inappropriate Relationships Between Educators and Students: Iberville Teacher of the Year.  WJBO, Baton Rouge, Louisiana.

**Romano, B.**  (June, 2015).  Racial Deception and Mental Health.  WJBO, Baton Rouge, Louisiana.

**Romano, B.**  (June, 2015).  Racial Deception and Mental Health.  WAFB, Baton Rouge, Louisiana.

**Romano, B.**  (June, 2015).  Sexually Inappropriate Relationships Between Educators and Students.  WJBO, Baton Rouge, Louisiana.

**Romano, B.**  (June, 2015).  Mental Health and Violence: Charleston Church Massacre.  WJBO, Baton Rouge, Louisiana.

**Romano, B.**, et. al.  (December 2013).  Holiday Stress.  Baton Rouge Parents Magazine, Baton Rouge, Louisiana.

**Romano, B.**  (July, 2012).  Mental Health & Violence.  Jim Engster Show, WRKF Public Radio, Baton Rouge, Louisiana.

**Romano, B.**  (August, 2011).  Parenting:  Discipline.  The Around Town Show, Baton Rouge, Louisiana.

**Romano, B.**  (July, 2011).  Parenting:  Types.  The Around Town Show, Baton Rouge, Louisiana.

**Romano, B.**, et. al.  (July, 2009).  Will You Be My Buddy?  Teaching Children Safety in Numbers.  Baton Rouge Parents Magazine, Baton Rouge, Louisiana.

**Romano, B.**, et. al.  (August, 2007).  Katrina Kids.  USA Today, Life, Los Angeles Division, California.

**Romano, B.** & Pellegrin, A.  (January, 2005).  Homebound Program for Juvenile Sex Offenders.  The Advocate, Life, Baton Rouge, Louisiana.

*AWARDS & HONORS*

- Louisiana Psychological Association's Early Career Award
  2008
- Psi Chi, The National Honor Society for Psychology Students
  1995
- Lakeview Regional Hospital Employee of the Quarter
  October 1997
- Peer/Resident Award for Practicum Student of the Month, Forest Institute of Professional Psychology

Exhibit B
AG0060

**Branden P. Romano, Psy.D., M.S.C.P.**
*Clinical Psychologist*

May 1995

*LEGAL TESTIMONY*

- Denham Springs City Court, *Factual Testimony*, T.M. Case, Office of Community Services, Denham Springs, Louisiana (2006)
- Livingston Parish Court, *Factual Testimony*, S.B. Case, Office of Community Services, Livingston, Louisiana (2006)
- 18th JDC, *Factual Testimony*, R.G. Case, Office of Youth Development, New Roads, Louisiana (2006)
- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, C.S.M. Case, Office of Community Services, Baton Rouge, Louisiana, (2007)
- East Baton Rouge Parish Juvenile Court, Division B, *Expert Testimony*, A.S. Case, Office of Youth Development, Baton Rouge, Louisiana, (2007)
- Livingston Parish Court, *Expert Testimony*, C.C. Case, Office of Community Services, Livingston, Louisiana (2008)
- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, A.P. Competency Case, Department of Juvenile Services, Baton Rouge, Louisiana, (2008)
- Denham Springs City Court, *Expert Testimony*, C.C. Case, Office of Community Services, Denham Springs, Louisiana (2008)
- 18th JDC, *Expert Testimony*, S.R. Case, Office of Community Services, New Roads, Louisiana (2008)
- Livingston Parish Court, *Expert Testimony*, V.B. Case, Office of Community Services, Livingston, Louisiana (2009)
- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, T.C. Case, Department of Juvenile Services, Baton Rouge, Louisiana, (2010)
- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, J.T. Case, Department of Juvenile Services, Baton Rouge, Louisiana, (2010)
- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, A.S. Case, Department of Juvenile Services, Baton Rouge, Louisiana, (2010)
- East Baton Rouge Parish Juvenile Court, Division B, *Expert Testimony*, C.H. Case, Department of Juvenile Services, Baton Rouge, Louisiana, (2010)
- East Baton Rouge Parish Juvenile Court, Division B, Expert Testimony, M.C. Case, Department of Juvenile Services, Baton Rouge, Louisiana, (2010)
- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, Q.A. Case, Department of Juvenile Services, Baton Rouge, Louisiana, (2010)
- Hammond City Court, *Expert Testimony*, D.H. Case, Hammond, Louisiana, (2011)
- Denham Springs City Court, *Expert Testimony*, J.D. Case, Denham Springs, Louisiana, (2011)
- 19th JDC, Expert Testimony, J.W. Case, Baton Rouge, Louisiana (2011)
- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, B.O. Competency Case, Baton Rouge, Louisiana, (2011)
- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, J.W. Competency Case, Baton Rouge, Louisiana, (2011)
- 19th JDC, *Expert Testimony*, D.D. Case, Baton Rouge, Louisiana (2011)
- Orleans JDC, Juvenile Court, *Expert Testimony*, B.D. Transfer Case, New Orleans, Louisiana (2011)
- 19th JDC, Expert Testimony, T.H. Competency Case, Baton Rouge, Louisiana (2013)
- Walters, Papillion, Thomas, Cullens, LLC, Written Deposition and Trial Video, *Expert Testimony*, R.R. Case (Negligent Homicide), Baton Rouge, Louisiana (2013)
- 18th JDC, *Expert Testimony*, L.S. Case (Fitness to Parent), New Roads, Louisiana (2013)
- Tyler & Possa, Written Deposition, *Expert Testimony*, D.M. Case (Negligent Injury), Baton Rouge, Louisiana (2014)
- Orleans JDC, *Expert Testimony*, D.M. Case (Competency/Sanity), New Orleans, Louisiana (2015)
- 19th JDC, *Expert Testimony*, L.C. Case (Substance Use and Parenting), Baton Rouge, Louisiana (2015)
- Manasseh, Gill, Knipe & Belanger, Deposition, *Expert Testimony*, G.B. Case (Liability, Vehicular Homicide and PTSD), Baton Rouge, Louisiana (2015)
- Heggelund Law, Deposition, *Expert Testimony,* A.F. and B.F. Cases (Sexual Abuse), Baton Rouge, Louisiana (2015)
- 19th JDC, *Expert Testimony*, M.C. Case (Competency / Sanity, Second Degree Murder), Baton Rouge, Louisiana (2015)

Exhibit B
AG0061

## Brandon P. Romano, Psy.D., M.S.C.P.
### Clinical Psychologist

- Dudley DeBosier Injury Lawyers, Deposition, *Expert Testimony*, S.H. Case (Liability, Personal Injury), Baton Rouge, Louisiana (2015)
- Bagwell & Bagwell, Deposition, *Expert Testimony,* C.T. Case (Negligent Homicide and Trauma), Baton Rouge, Louisiana (2016)
- Robert B. Landry III, Deposition, *Expert Testimony,* D.W. Case (Employment Discrimination), Baton Rouge, Louisiana (2016)
- Robert B. Landry III, Deposition, *Expert Testimony,* S.B. Case (Wrongful Termination), Baton Rouge, Louisiana (2016)
- Breazeale, Sachse, & Wilson, Deposition, *Expert Testimony*, D.O. Case (Dangerousness), Baton Rouge, Louisiana (2016)
- Taylor, Wellons, Politz, & Duhe, Deposition, *Expert Testimony*, L.B. Case (Personal Injury), Baton Rouge, Louisiana (2016)
- Adams and Reese, Deposition, *Expert Testimony*, S.L. Case (Personal Injury), Baton Rouge, Louisiana (2016)
- Smith, Shanklin & Sosa, *Expert Testimony*, R.F. Case (Personal Injury), Baton Rouge, Louisiana (2016)
- Powers, Sellers, Mixon & Chapoton, *Expert Testimony,* D.W. Case (Employment Discrimination), United States District Court, Middle District of Louisiana (2017)
- Javier Law Firm, Deposition, *Expert Testimony*, O.M. Case (Personal Injury), Baton Rouge, Louisiana (2017)
- 19th JDC, *Expert Testimony*, A.J. Case (Mental Health: Custody), Baton Rouge, Louisiana (2017)
- Louisiana State Board of Nursing, *Expert Testimony*, L.B. Case (Ability to Practice Nursing with Reasonable Skill and Safety), Baton Rouge, Louisiana (2017)
- 18th JDC, *Expert Testimony*, K.T. Case (Competency / Sanity, Second Degree Attempted Murder), Pointe Coupee, Louisiana (2017)
- 23rd JDC, *Expert Testimony*, J.S. Case (Competency / Sanity), St. James, Louisiana (2017)
- Taylor, Wellons, Politz, & Duhe, Video Trial Deposition, *Expert Testimony*, L.B. Case (Personal Injury), Baton Rouge, Louisiana (2018)
- J. Rodney Messina, *Expert Testimony,* A.E. Case (Risk for Sexual Recidivism), United States District Court, Middle District of Louisiana (2018)
- Orleans Parish District Attorney's Office, *Expert Testimony*, J.M. Case (Sanity), New Orleans, Louisiana
- East Baton Rouge Parish Juvenile Court, Division A, *Expert Testimony*, Q.R. Case (Violence Risk Assessment), Baton Rouge, Louisiana (2018)
- Joseph K. Scott, III, *Expert Testimony,* M.A. Case (Competency / Sanity), United States District Court, Middle District of Louisiana (2019)
- Brent M. Stockstill, *Expert Testimony,* L.B. Case (Competency / Sanity), United States District Court, Middle District of Louisiana (2019)
- Marci Blaize, *Expert Testimony,* K.H. Case (Competency / Sanity), United States District Court, Middle District of Louisiana (2021)
- Rusty Messer, *Expert Testimony,* E.W. Case (Competency / Sanity), United States District Court, Middle District of Louisiana (2021)
- 19th JDC, Family Court, *Expert Testimony,* S.M. and S.M. Case (Substance Use and Custody), Baton Rouge, Louisiana (2021)
- 18th JDC, *Expert Testimony,* I.D. Case (Juvenile Sanity / Competency - Murder), Port Allen, Louisiana (2021)
- Denham Springs City Court, *Expert Testimony*, A.L. Case (Risk for Sexual Recidivism and Reunification), Department of Children and Family Services, Denham Springs, Louisiana (2021)
- Parole Hearing, *Expert Testimony,* J.B. Case (Murder and Risk for Sexual Recidivism), Board of Pardons & Committee on Parole, Baton Rouge, Louisiana (2022)
- 19th JDC, *Expert Testimony,* B.T. Case (Competency / Sanity, 1st Degree Murder and Attempted 2nd Degree Murder), Baton Rouge, Louisiana (2022)
- 23rd JDC, *Expert Testimony*, L.U. Case (Competency / Sanity, Animal Cruelty), Gonzales, Louisiana (2022)
- 19th JDC, *Expert Testimony*, A.P. Case (Custody / Mental Health Evaluation), Baton Rouge, Louisiana (2022)
- 18th JDC, *Expert Testimony,* L.R. Case (Article 862: Transfer Hearing; Juvenile Sanity / Competency - Murder), Plaquemine, Louisiana (2022)
- 23rd JDC, *Expert Testimony*, T. vs. G. Case (Medical / Mental Health Record Review / Custody), Gonzales, Louisiana (2022).

Exhibit B
AG0062

**Brandon P. Remane, Psy.D., M.S.C.P.**
*Clinical Psychologist*

*MEDICAL REVIEW PANEL*
- B.T. (Patient) vs. E.E. (Psychologist) (Ethical Violations and Related Damages), Houma, Louisiana (2019-2020)

*LICENSES, CERTIFICATIONS, & TRAININGS*
- Louisiana State Board of Examiners of Psychologists, Clinical Psychologist
- Mississippi Board of Psychology, Clinical Psychologist
- Association of State and Provincial Psychology Boards, Certificate of Professional Qualification in Psychology (CPQ)
- Certified Correctional Health Professional, National Commission on Correctional Health Care (former)
- Crisis Intervention Training (Burrell Behavioral Health) MANDT System
- Critical Incident Stress Management (CISM)
- Louisiana Act 848 Registered Sex Offender Treatment Provider
- National Health Service Corp (NHSC) (former)
- National Register of Health Service Providers in Psychology
- Psychology and Religion Certification (Forest Institute of Professional Psychology)
- RESPONSE Training
- Satori Alternatives to Managing Aggression (SAMA)
- Techniques for the Management for Aggressive Behaviors (TMAB)
- Therapeutic Options (TO)

*PROFESSIONAL ORGANIZATIONS*
- American Association of Correctional and Forensic Psychology (past member)
- American Psychological Association
- Association for the Treatment of Sexual Abusers, Clinical Member (renewal pending)
- Louisiana Association for the Treatment of Sexual Abusers, Member (renewal pending)
- Louisiana Association for the Treatment of Sexual Abusers, Board Member – Public Policy Officer (past position)
- Louisiana Association for the Treatment of Sexual Abusers, Board Member – Secretary (past position)
- Louisiana Association of Medical Psychologists, Clinical Member
- Louisiana Psychological Association (past member)
- Louisiana Psychological Association, Chair of Membership (past position)
- Missouri Society of Clinical Hypnosis, Treasurer (past member)
- National Commission on Correctional Healthcare (past member)
- Society for Psychologists in the Media (past member)

*PROFESSIONAL REFERENCES*
References can be provided upon request.

Exhibit B
AG0063