UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON NELSON, ET AL.                                             CIVIL ACTION

VERSUS

                                                                 NO. 20-837-JWD-RLB

JEFFREY LANDRY, ET AL.

**ORDER**

Before the Court is Plaintiffs' Motion to Compel Discovery Responses ("Motion to Compel") filed on March 1, 2023. (R. Doc. 103). The motion is opposed. (R. Doc. 110).

Also before the Court is Attorney General Jeffery Landry's Motion to Quash Subpoena Duces Tecum for Dr. Brandon Romano and Request for Protective Order ("Motion for Protective Order") filed on March 3, 2023. (R. Doc. 107). The motion is opposed. (R. Doc. 109).

Also before the Court is a Consent Motion for Expedited Consideration filed on March 3, 2023 (R. Doc. 108), which seeks expedited consideration of the Motion for Protective Order in light of Dr. Romano's deposition set for March 10, 2023.[1]

**I.    Plaintiff's Motion to Compel**

The deadline to complete non-expert discovery closed on September 17, 2022. (R. Doc. 87).[2]

On January 7, 2023, Plaintiffs served on Defendants written discovery titled "Expert Discovery to Defendants Regarding Dr. Brandon P. Romano," which consists of 13 interrogatories and 26 requests for production. (R. Doc. 103-5). This written discovery is actually directed at Dr. Romano, as the document specifically states that "these discovery requests refer

---

[1] It is unclear whether the parties moved forward with this deposition as scheduled.
[2] The Court provide limited extensions of this discovery deadline to address third-party subpoenas. (R. Doc. 93, 98). Those deadlines are likewise expired.

to the report **you** authored **for the Defendants** dated December 5, 2022." (R. Doc. 104-5 at 1) (emphasis added). Dr. Romano authored the report (R. Doc. 103-6) at issue, not the Defendants.

The party-defendants in this action are not experts. Accordingly, this discovery – to the extent it is directed at the Defendants – is untimely because it was served after the non-expert discovery deadline. This Court's Local Rules provides that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline" and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." LR 26(d)(2). This Court has expressly held that discovery requests served prior to the discovery deadline that require compliance after the discovery deadline are untimely. *See*, *e.g.*, *Hall v. State of Louisiana*, No. 12-657, 2014 WL at 2560715, at *1 (M.D. La. June 6, 2014) (discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests); *see also Sandifer v. Hoyt Archery, Inc.*, No. 12-322, 2015 WL 3465923, at *2 (M.D. La. June 1, 2015) ("Although it was served 4 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the March 31, 2015 deadline."); *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 6474355, at *3 (M.D. La. Nov. 19, 2014) ("Although it was served 6 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the September 2, 2014 deadline."). Because the written discovery at issue was served after the discovery deadline, Defendants did not have a duty to respond to the interrogatories and requests for production. LR 26(d)(2); *see McMillan v. J.P. Morgan Chase Bank, N.A.*, No. 15-500, 2017 WL 470901, at *2 (M.D. La. Feb. 3, 2017).

Similarly, Plaintiffs' Motion to Compel is untimely. Local Rule 26(d)(1) provides that the parties may conduct unopposed discovery after the deadline, but that any discovery motion must be filed before the expiration of the discovery deadline. Specifically, the local rules provides:

> Unopposed discovery may continue after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. **Absent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery.**

LR 26(d)(1) (emphasis added). The instant Motion to Compel was filed nearly three months after the close of non-expert discovery. "[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001). For the foregoing reasons, the Court will deny the instant Motion to Compel as untimely. *See* LR 26(d)(1); *see also Wells*, 203 F.R.D. 240, 241; *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed wo weeks after the discovery deadline; motion should have been filed within discovery deadline) (collecting cases).

Finally, even if Plaintiffs intended to serve these discovery requests on Dr. Romano as part of "expert" discovery, the Court will nevertheless deny the Motion to Compel in its entirety. The Court will not compel discovery to a third-party absent a Rule 45 subpoena. Furthermore, interrogatories may only be served on another party. *See* Fed. R. Civ. P. 33(a)(1).

In support of their Motion to Compel, Plaintiffs note that on February 28, 2023, they "served Dr. Romano on February 28 with a deposition subpoena and subpoena duces tecum [pursuant to Rule 45 of the Federal Rules of Civil Procedure] that requests all records sought by

3

the Document Requests." (R. Doc. 103-1 at 3 n.2). This subpoena is the subject of the Attorney General's Motion for Protective Order. (*See* R. Doc. 107-2 at 1-6). The Court will address that motion below.

## II.     The Attorney General's Motion for Protective Order

The Attorney General seeks a protective order quashing the subpoena directed at Dr. Romano, which seeks both his appearance at a deposition and the production of certain documents on March 10, 2023. (R. Doc. 107; *see* R. Doc. 107-2 at 1-6). In support of this motion, the Attorney General first suggests that expert testimony in this case is "probably unnecessary." (R. Doc. 107-1 at 6-7). The Attorney General then argues that the subpoena exceeds the scope of discovery, the subpoena is overly burdensome, the subpoena seeks documents and information that are irrelevant and privileged, and the subpoena seeks protected health information. (R. Doc. 107-1 at 7-11). The Attorney General does not discuss the Protective Order already entered in this action governing the exchange of "confidential" information by both the parties and non-parties to this action. (*See* R. Doc. 69).

The instant Motion for Protective Order was filed on behalf of a party-defendant, the Attorney General, and the not the third-party expert witness subject to the subpoena, Dr. Romano.[3] Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *See Frazier v. RadioShack Corp.,* No. 10–855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . ., that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."). Nevertheless, a party has

---

[3] The Attorney General did submit a Declaration by Dr. Romano. (R. Doc. 107-3).

4

standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) (citing cases).

Given the record, the Court will deny the instant Motion for Protective Order with leave to refile. Foremost, the instant Motion for Protective Order is confusing as it serves both as a motion seeking to quash the third-party subpoena and as an opposition to Plaintiffs' Motion to Compel. As discussed above, the Motion to Compel has been denied.

Second, a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). No such certification is provided. The sole correspondence between counsel in the record concerns the discovery requests served on the Attorney General, and not the subpoena served on Dr. Romano. Furthermore, the e-mail correspondence in the record does not demonstrate a good faith attempt between the parties to resolve any issues pertaining to discovery without court intervention. At most, the e-mail states Defendants' general positions: "[F]irst, I don't see a provision in Rule 26 on expert witnesses that allow for this kind of document request" and "Second, the requests are too burdensome and out of proportion to the need to question the expert." (R. Doc. 103-4 at 1).

This is not the good faith conference anticipated by Rule 26(c)(1). In addition, the Court's Scheduling Order provides the following: "Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred **in person or by telephone** for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after

5

reasonable notice." (R. Doc. 43 at 1) (emphasis added). Other than the foregoing e-mail exchange, it does not appear that the parties have discussed any of the issues raised by the Attorney General's Motion for Protective Order regarding privilege, undue burden, relevance, or protected health information.

### III.   Conclusion

**IT IS ORDERED** that Plaintiffs' Motion to Compel Discovery Responses (R. Doc. 103) is **DENIED**. Neither Defendants nor Dr. Romano have a duty to respond to Plaintiffs' untimely discovery requests under Rule 33 or Rule 34, which were served on Defendants without a Rule 45 subpoena. (*See* R. Doc. 103-5 at 1-9).

**IT IS FURTHER ORDERED** that the Attorney General's Motion to Quash Subpoena Duces Tecum for Dr. Brandon Romano and Request for Protective Order filed (R. Doc. 107) is **DENIED** without prejudice to refile. The Court is unable to resolve all disputes between the parties prior to Dr. Romano's deposition scheduled to take place on March 10, 2023. Any duties that Dr. Romano may have under the subpoena (R. Doc. 107-2 at 1-6) are **STAYED** until further order of the Court.

**IT IS FURTHER ORDERED** that within **7 days** of the date of this Order, the parties must meet-and-confer, in person or by telephone, regarding the issues raised by the Attorney General's Motion for Protective Order as it pertains to the subpoena directed at Dr. Romano. The Attorney General may refile a Motion for Protective Order pertaining to the subpoena within **14 days** of the date of this Order. Any refiled motion must include a Rule 26(c)(1) certificate detailing who was present at the conference, what issues were discussed and resolved, what issues were discussed and not resolved, and the length of the conference. Plaintiffs must file any opposition within **7 days** of the filing of the renewed Motion for Protective Order. If the

Attorney General does not file a renewed Motion for Protective Order, then Dr. Romano must comply in full with the subpoena within **21 days** of the date of this Order.[4]

**IT IS FURTHER ORDERED** that the Consent Motion for Expedited Consideration (R. Doc. 108) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Attorney General shall immediately provide a copy of this Order to Dr. Romano.

Signed in Baton Rouge, Louisiana, on March 16, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Nothing in this Order precludes Dr. Romano from filing a Motion to Quash pursuant to Rule 45.