**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| NELSON, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>LANDRY, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 3:20-cv-00837-JWD-RLB |

**ATTORNEY GENERAL JEFF LANDRY'S MOTION IN LIMINE**

　　　　NOW INTO COURT, through undersigned counsel, comes Attorney General Jeff Landry, who respectfully submits this *Motion in Limine* as follows:

**I. Introduction**

　　　　Attorney General Jeff Landry respectfully moves in limine for an order preventing the Plaintiffs from introducing certain cumulative and duplicative evidence, and prohibiting the Plaintiffs from introducing evidence, either documentary or testimonial (including expert testimony), or questioning any witness regarding the dangerousness of the individual Plaintiffs. The matter is set for pretrial conference on July 26, 2023 and for trial on the merits on August 28, 2023.

**II. Argument**

　　**a. Cumulative Evidence**

　　　　Pursuant to Rule 403 of the Federal Rule of Evidence, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Moreover, district courts have

discretion to exclude cumulative or duplicative evidence. *Jolley v. Welch,* 904 F.2d 988, 992 (5th Cir.1990), *cert. denied,* --- U.S. ----, 111 S.Ct. 769 (1991).

The fact that the Plaintiffs are registered sex offenders required to register periodically with the Sheriff of their residence is not at issue in the case. Yet, the plaintiffs intend to introduce at trial a substantial number of registration forms of the Plaintiff's demonstrating that Plaintiffs are registered sex offenders and have filed registration forms accordingly. The sex offender registration forms are identified as Plaintiffs' Exhibits 41, 49, 51, 55, 77, 79-81, 84, 86, 89, 94-129, 133, 135-142, 144, 146, 149, 151, 152, 156-169, 171-175, 177-184, 192-202, 204-206, 208-215, 217-222, 224-225, 229, 231, 233-234, 237-242, 244, 245, 247, 248, 250, 252, 262, 267, 271, 281, 285, 293, 295, 305, 307, 309, and 312. In addition to these sex offender registration forms, the Plaintiffs intend to introduce exhibits pertaining to the Plaintiffs registering as sex offenders, such as comprehensive offender reports (Plaintiff's Exhibits 75, 83, 93, 143, 187, 191, 279, 284, and 292) and sex offender appointment forms (Plaintiff's Exhibits 53, 54, 203, 216, 223, 228, 232, 235, 243, 246, 249, and 251). These documents do no more than confirm that Plaintiffs have periodically registered with the Sheriff's office as sex offenders, a fact which is not in dispute nor probative to the merits of the case. The probative values of these exhibits is substantially outweighed by the waste of time of and unnecessary inflation of the record. Sample exhibits in each category are attached as Defendant's Exhibits 1 through 8.

As these exhibits are needlessly cumulative and duplicative, and the introduction of the documents themselves would have little, if any, probative value, the Attorney General seeks an order precluding the Plaintiffs from introducing the full complement of registration forms as proposed, as these exhibits are cumulative and duplicative. One exhibit in each category for each Plaintiff will suffice.

### b. Individual Determination of Dangerousness

In their *Second Amended Complaint* (Doc.119-1), Plaintiffs make allegations regarding "[t]he presumption of dangerousness in the label of "sex offender"", which Plaintiffs allege violate their due process rights under the Fourteenth Amendment. The Attorney General has reason to believe that the Plaintiffs may seek to introduce evidence pertaining to the dangerousness of the Plaintiffs and may attempt to question the expert witnesses, Monica Stevens and Dr. Brandon Romano, about the dangerousness of the individual Plaintiffs. However, the issue of dangerousness is not material under the sex offender registration law, as the law's requirements turn on the offender's conviction alone. *Connecticut v. Doe*, 538 US 1 (2003).

In *Connecticut v. Doe*, the United States Supreme Court established that due process does not entitle a sex offender to an individual determination of dangerousness. In examining Connecticut's sex offender registration scheme the Supreme Court determined that even if the respondent "could prove that he is not likely to be currently dangerous, Connecticut has decided that the registry information of *all* sex offenders—currently dangerous or not—must be publicly disclosed. Unless respondent can show that that substantive rule of law is defective (by conflicting with a provision of the Constitution), any hearing on current dangerousness is a bootless exercise." Like Connecticut, Louisiana requires that all sex offenders, dangerous or not, comply with the state's sex offender registration and notification laws.

In *Duarte v. City of Lewisville, Texas,* 858 F. 3d 348, 352-353 (5th Cir. 2017)**,** the Fifth Circuit Court of Appeals held that "no individual dangerousness determination is available to sex offender under an ordinance prohibiting residency within 1500 feet of a school. If convicted of a sex offense, no further process is due before imposing sex offender conditions. In *King v. McCraw,* 559 F. App'x 278, 282 (5th Cir. 2014), the Fifth Circuit considered the same argument put forward

by the Plaintiffs here. Citing *Meza v. Livingston*, 607 F. 3d 392, 401, the Court explained that "[w]hen an individual is convicted of a sex offense, no further process is due before imposing sex offender conditions." As noted in *Doe*, "the law's requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest."

Federal Courts in other jurisdictions have similarly held that due process does not guarantee an individual assessment of a sex offender's level of danger because a conviction for a relevant offense automatically indicates dangerousness. *Doe v. Cuomo*, 755 F.3d 105 (2d Cir. 2014). *See also Doe v. Miller,* 405 F. 3d 700, 709 (8th Cir. 2005) (holding that residency restriction requirements do not contravene principals of due process and that the restriction applies to all offenders who have been convicted of certain crimes against minors, regardless of what estimates of future dangerousness might be proved in individualized hearings.); and *Millard v. Camper*, 971 F. 3d 1174 (10th Cir. 2020) (the court rejected the argument that sex offender registration violates due process because it creates an irrebuttable presumption that a sex offender will reoffend, finding a rational relation to a legitimate state interest that defeated the due process claim.)

An individual dangerousness determination is foreclosed by settled law. Accordingly, the Attorney General seeks an order barring the Plaintiffs from asking questions or making statements regarding the dangerousness of the Plaintiffs and introducing any evidence to prove the dangerousness of the Plaintiffs.

### III.  Conclusion

Accordingly, the Attorney General requests the court to order:

1. Precluding the Plaintiffs from introducing the aforementioned exhibits pertaining to Plaintiffs registering as sex offenders, as these exhibits are cumulative and duplicative.

2. Prohibiting Plaintiffs from introducing evidence, either documentary or testimonial (including expert testimony), questioning any witness, regarding the dangerousness of the individual Plaintiffs.

                      **JEFF LANDRY**
                      **ATTORNEY GENERAL**

BY:   /s/ *Amanda M. LaGroue*_____
        Carey T. Jones (#7474)
        David Jeddie Smith, Jr. (#27089)
        Amanda M. LaGroue (#35509)
        Assistant Attorneys General
        Louisiana Dept. of Justice
        P.O. Box 94005
        Baton Rouge, LA 70802
        Telephone: (225) 326-6000
        Facsimile: (225) 326-6098
        Email: JonesCar@ag.louisiana.gov
                SmithDa@ag.louisiana.gov
                LaGroueA@ag.louisiana.gov

*Counsel for Attorney General Jeff Landry*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 5th day of July, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

                      /s/ *Amanda M. LaGroue*_____
                      AMANDA M. LAGROUE

## LOCAL RULE 7(h) CERTIFICATE

I do hereby certify that, counsel conferred or attempted to confer in a good faith effort to resolve the issue(s) amicably but was unable to reach an agreement.

                      /s/ *Amanda M. LaGroue*_____
                      AMANDA M. LAGROUE