**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

NELSON, *et al.*,

                Plaintiffs,

      v.

LANDRY, *et al.*,

                Defendants.

Civil Action No. 3:20-cv-00837-JWD-RLB

## ATTORNEY GENERAL LIZ MURRILL'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

1

# TABLE OF CONTENTS

I.    INTRODUCTION AND PROCEDURAL HISTORY.......................................3

II.   FINDINGS OF FACT........................................................................4
        a.  Parties...........................................................................................4

III.  CONCLUSIONS OF LAW.................................................................5

      a.  The Louisiana Sex Offender Registration and Notification Scheme Is a Civil, Non-Punitive Regulatory Scheme That Has Been Repeatedly Upheld Against Constitutional Attack...............................................................................5

      b.  Plaintiff's Count I claim for cruel and unusual punishment under the Eight Amendment to the U.S. Constitution.................................................................9

      c.  Plaintiff's Count II claim for ex post fact laws under Article I, Section 10 of the U.S. Constitution.....................................................................................10

      d.  Plaintiff's Count III claim for due process – irrebuttable presumption under the Fourteenth Amendment to the U.S. Constitution.....................................................11

              1.  Procedural Due Process.........................................................11

              2.  Substantive Due Process.........................................................12

              3.  Courts cannot second guess the legislative choices...................................15

      e.  Plaintiff's Count IV claim for due process – right to reputation under the Fourteenth Amendment to the U.S. Constitution.....................................................15

      f.  Plaintiff's Count V claim for right to trial by jury under the Sixth and Fourteenth Amendments to the U.S. Constitution.................................................................16

      g.  Plaintiffs' Count VIII claim for right to intimate association under the First and Fourteenth Amendments to the U.S. Constitution.....................................................17

      h.  Res Judicata................................................................................18

      i.  Rooker-Feldman Doctrine.................................................................19

      j.  Plea agreements are enforceable........................................................20

IV.   CONCLUSION.................................................................................21

V.    CERTIFICATE OF SERVICE..............................................................22

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

The Plaintiffs challenge the Louisiana Registration of Sex Offenders, Sexually Violent Predators, and Child Predators Act, La. R.S. 15:540, *et seq*., to the extent it applies to those convicted of defined sex offenses as juveniles.

In their Second Amended Complaint, the Plaintiffs allege that Louisiana's Sex Offender Registration Laws at it relates to juveniles, violates the Eight Amendment, Article I, Section 10, the Fourteenth Amendment, the Sixth Amendment, and the First Amendment of the United States Constitution. (Doc. 64).

On July 5, 2023, the Attorney General and Plaintiffs both filed Motions in Limine (Doc. 126 and 127). On January 9, 2024, the Court denied the Attorney General's Motion in Limine and denied as moot the Plaintiffs Motion in Limine (Doc. 143).

The Plaintiffs filed a Motion for Partial Summary Judgment on April 14, 2023 asking the Court to declare La. R.S. 32:412(I), La. R.S. 40:1321(J), and La. R.S. 14:91.5 unconstitutional, and enjoin the State from enforcing these statutes against the Plaintiffs (Doc. 119).

On January 9, 2024, the Court rendered an oral ruling on the Plaintiff's Motion for Partial Summary Judgment (Doc. 143). The Court found as follows: 1) the Plaintiffs' claim under La. R.S. 32:412(I) was granted, and the Court declared La. R.S. 32:412(I) unconstitutional, and enjoined Defendants form enforcing this statute; 2) the Plaintiffs' claim under La. R.S. 14:91.5 was granted, and the Court declared La. R.S. 14:91.5 inapplicable to adjudicated juveniles, and enjoined the Defendants from enforcing this statute against adjudicated juvenile delinquents; and 3) the Plaintiffs' claim under La. R.S. 40:1321(J) is moot and dismissed without prejudice.

## II.  FINDINGS OF FACT

### a.  Parties

*Aaron Christopher Nelson*

(1)  Plaintiff, Aaron Christopher Nelson, was adjudicated guilty of aggravated incest on March 20, 2012 in Orleans Parish Juvenile Court.

(2)  Plaintiff, Aaron Christopher Nelson, first registered as a sex offender in March 2013.

(3)  Plaintiff, Aaron Christopher Nelson, appealed his conviction and challenged the constitutionality of the sex offender statutes in the matters of *State in Interest of A.N.,* 123 So. 3d 824, 125 So. 3d 1095, 285 So. 3d 480 and 286 So. 3d 969.

*Roberto Armando Ruiz, Jr.*

(4)  Plaintiff, Roberto Armando Ruiz, Jr., was adjudicated guilty of aggravated rape in Jefferson Parish on or about December 9, 2009.

(5)  Plaintiff, Roberto Armando Ruiz, Jr., first registered as a sex offender in March or April 2011 upon his release from Office of Juvenile Justice custody.

*Shawn Paul Mounce*

(6)  Plaintiff, Shawn Paul Mounce, was adjudicated guilty of forcible rape on or about October 31, 2007.

(7)  Plaintiff, Shawn Paul Mounce, first registered as a sex offender on or about October 21, 2011 upon his release from Office of Juvenile Justice custody.

*Jacob Paul Chaisson*

(8)  Plaintiff, Jacob Paul Chaisson, was adjudicated guilty of forcible rape on September 26, 2005 in Lafourche Parish.

(9)  Plaintiff, Jacob Paul Chaisson, entered into a plea agreement in connection with the forcible rape charge on which he was adjudicated that required him to register as a sex offender.

(10)  Plaintiff, Jacob Paul Chaisson, first registered as a sex offender in October 2009 upon his release from Office of Juvenile Justice custody.

*Hunter J. Calcione*

(11)     Plaintiff, Hunter J. Calcione, was adjudicated guilty of aggravated rape on July 21, 2016.

(12)     Plaintiff, Hunter J. Calcione, entered into a plea agreement in connection with two (2) counts of aggravated rape on which he was adjudicated that required him to register as a sex offender.

(13)     Plaintiff, Hunter J. Calcione, first registered as a sex offender on or about September 28, 2020 upon his release from Office of Juvenile Justice custody.

Plaintiffs challenge the Louisiana Sex Offender and Child Predator Registration Laws that apply to juvenile adjudications.

These laws only apply to juvenile adjudications where the juvenile has attained the age of fourteen years at the time of the commission of the offense and was adjudicated delinquent based upon the perpetration, attempted perpetration, or conspiracy to commit: aggravated or first degree rape as defined in La. R.S. 14:42, aggravated oral sexual battery that occurred prior to August 15, 2001, which was defined in former La. R.S. 14:43.4, forcible or second degree rape as defined in La. R.S. 14:42.1, second degree sexual battery as defined in La. R.S. 14:43.2, aggravated kidnapping of a child who has not attained the age of thirteen years pursuant to either La. R.S. 14:44 or 44.2, second degree kidnapping of a child who has not attained the age of thirteen years old as defined in La. R.S. 14:44.1, aggravated crime against nature as defined by La. R.S. 14:89.1(A)(2) involving circumstances defined by La. R.S. 15:541 as an aggravated offense, and aggravated crime against nature as defined in La. R.S. 14:89.1(A)(1).[1]

## III.    CONCLUSIONS OF LAW

### a.    The Louisiana Sex Offender Registration and Notification Scheme Is a Civil, Non-Punitive Regulatory Scheme That Has Been Repeatedly Upheld Against Constitutional Attack

---

[1] La. R.S. 15:542(A)(3) and La. Ch.C. Art. 884.1

Louisiana has established a regulatory scheme that governs persons convicted of certain sex offences with the goals of protecting the public, ensuring public safety, and enabling law enforcement to quickly apprehend repeat offenders.  La. R.S. 15:540, *et seq.*  Meghan's Law in Louisiana and its federal equivalent have been held to establish a legitimate, non-punitive regulatory scheme to account for persons who have been convicted of sex offenses specified in La. R.S. 15:541.  *Moore v. Avoyelles Corr. Ctr.,* 253 F. 3d 870, 872-873 (5th Cir. 2001), cert. denied, 534 U.S. 1008 (2001); *State ex. rel. Olivier v. State*, 00-172 (La. 2/21/01), 179 So. 2d 735; *Jackson v. State*, 11-842 (La. App. 3 Cir. 2/15/12), 102 So. 3d 784. See also, *Smith v. DOE*, 538 U.S. 84 (2003).

The Louisiana statutes governing the registration and community notification by sex offenders and child predators, as in other jurisdictions, aim to prevent sex offenses from occurring through a non-punitive regulatory scheme designed to notify law enforcement and members of the community of a potential threat, so that the community can take measures to avoid the risk and thus avoid becoming victims of a sex crime. La. R.S. 15:540; *State ex. rel. Olivier v. State*, 00-172 (La. 2/21/01), 179 So. 2d 735; *Jackson v. State*, 11-842 (La. App. 3 Cir. 2/15/12), 102 So. 3d 784. The Louisiana Supreme Court in *State ex rel. Olivier v. State*, *supra,* interpreted the legislative intent of La. R.S. 15:540, et seq. in the following terms:

> A careful review of the subjective intent enunciated in La. R.S. 15:540 shows that the Legislature enacted this state's Megan's Laws with an avowedly non-punitive intent. It is clear that the laws were enacted to protect communities, aid police in their investigation of sex offenders, and enable quick apprehension of sex offenders. These enactments were further founded on the findings of the Legislature that this legislation was of paramount governmental interest because: (1) sex offenders pose a high risk of engaging in sex offenses, (2) sex offenders have a high incidence of recidivism, and (3) unless there was a registration and community notification, sex offenders could remain hidden and thereby increase the risk to public safety. Accordingly, it is apparent that the intent of the Legislature

was to alert the public for the purpose of public safety, a remedial intent, not to punish convicted sex offenders. *Olivieri,* 779 So. 2d at 747.

This civil regulatory scheme governing sex offender registration and notification should be read "in its entirety according to its paramount governmental interest of protecting the citizens of this state," *State v. Cook*, 2016-1518 (La. 5/3/17), 226 So. 3d 387, 392, citing *State v. Clark*, 12-1296, (La. 5/7/13), 117 So.3d 1246, 1250.

The United States Supreme Court has similarly recognized that "[s]ex offenders are a serious threat to this Nation," *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003), and that the principal effect of sex offender registration and notification is to inform the public for its own safety, not to humiliate or penalize the offender. The Louisiana Legislature determined that the registration and notification of sex offenders furthers a paramount governmental interest in public safety. "The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest." La. R.S. 15:540. This state objective has been held by the United States Supreme Court to be a legitimate concern of State government and a constitutionally acceptable means of achieving the state objective. *Smith v. DOE*, 538 U.S. 84 (2003).

Louisiana's sex offender law is facially constitutional and does not violate the double jeopardy, excessive sentence and ex post facto prohibitions and the equal protection guarantees set forth in the Constitution. *Dixon v. State*, CA 13-00466 (M.D. La. 2016), 2016 WL 126750. The Louisiana statute cannot be characterized as punishment. *Id*. at *5. Sex offenders are not a suspect or quasi-suspect class, and the statute can pass the rational basis test. *Id*. at *6. Civil regimes may impose criminal penalties for violations of their regulatory requirements without running afoul of

the Eighth Amendment. *Id.* at \*10, citing *United States v. Under Seal,* 709 F. 3d 257, 264 (4th Cir. 2013).

Under Louisiana's regulatory scheme, sex offenders and child predators, among other obligations, are required to pay a fee and register with local law enforcement authorities pursuant to La. R.S. 15:542, by providing and updating personal information including their name, aliases, physical address, employment, a current photograph, the crime they committed, and other information to help identify and account for the offender. Adult sex offenders and child predators must also give notice of their sex offender status to persons residing within a specified vicinity of their residence under La. R.S. 15:542.1. Community notice is generally presented as an announcement by law enforcement that a convicted offender resides in the community.

Juvenile sex offenders in Louisiana were required to register beginning with adjudication occurring after January 1, 2008, when Acts 2007, No. 437, Regular Session, La. R.S. 15:542(A)(3) became effective. Louisiana courts have upheld the validity of juvenile registration as non-punitive and thus not excessive. *State in Int. of A.N.*, 2012-1144 (La. App. 4 Cir. 8/28/13), 123 So. 3d 824, 831, *writ denied,* 2013-2287 (La. 11/8/13), 125 So. 3d 1095. With respect to juvenile sex offenders, the registration laws distinguish between juvenile and adult offenders by limiting juvenile registration for conviction of the most serious sex offenses. Additionally, juvenile offenders are relieved from certain registration requirements. For instance, juveniles required to register are exempt from any notification requirements of La. R.S. 15:542.1(C) so that juveniles are not required to send notices of their conviction to persons living in the vicinity of their residence nor publish the record of their conviction in a local newspaper as otherwise required by La. R.S. 15:542.1(2).

The primary purpose for requiring the provision of information to the registry in the case of juveniles is tracking and monitoring by law enforcement with the release of information about juvenile sex offender, child predators and sexually violent predators by criminal justice agencies only as deemed necessary for public protection.[2] See also, La. R.S. 15:546. La. R.S. 15:542.1 protects the public by allowing the general public and state law enforcement to track sex offenders who move from another neighborhood, city, and/or parish. It does so by compiling information from every jurisdiction about convicted sex offenders into a statewide database, creating standards for the type of information municipalities must collect, and requiring convicted sex offenders to provide that information to the proper officials when they move to another jurisdiction.

**b. Plaintiff's Count I claim for cruel and unusual punishment under the Eight Amendment to the U.S. Constitution**

"A statute can violate the Ex Post Facto Clause, the Eighth Amendment, or the Double Jeopardy Clause only if the statute is punitive." *Does 1-7 v. Abbott*, 945 F.3d 307, 313 (5th Cir. 2019). As outlined above, Louisiana Sex Offender and Child Predator Registration Laws are non-punitive.

Additionally, in *Dixon v. State*, 2016 WL 126750, *4, this Court held that Louisiana Sex Offender and Child Predator Registration Laws do not satisfy the high threshold for cruel and unusual punishment set forth in the Eighth Amendment citing *U.S. v. Juvenile Male,* 670 F.3d 999 (9th Cir. 2012). In *U.S. v. Juvenile Male*, the Ninth Circuit Court of Appeals also held that the federal sex offender registration requirements did not violate the Eight Amendment's prohibition on cruel and unusual punishment.

The Court finds and concludes that Louisiana Sex Offender and Child Predator Registration Laws are non-punitive and do not violate the Eighth Amendment to the U.S. Constitution.

---

[2] See Plaintiff's Exhibit I, (Dep. Dr. Brandon Romano, March 10, 2023), at 52:2 through 53:5.

c.  **Plaintiff's Count II claim for ex post fact laws under Article I, Section 10 of the U.S. Constitution**

"A statute can violate the Ex Post Facto Clause, the Eighth Amendment, or the Double Jeopardy Clause only if the statute is punitive." *Does 1-7 v. Abbott*, 945 F.3d 307, 313 (5th Cir. 2019).

As stated in subsection "a", Louisiana Sex Offender and Child Predator Registration Laws are non-punitive. In *Moore v. Avoyelles Correctional Center*, 253 F.3d 870, 872 (5th Cir. 2001),  the Fifth Circuit Court of Appeals held that "Louisiana's sex offender neighborhood notification law does not violate the Constitution's proscription of ex post facto laws." The Fifth Circuit Court of Appeal, in *Kirschenhunter v. Sheriff's Office, Beauregard Parish*, 165 Fed.Appx 362 (5th Cir.), *cert. denied*, 549 U.S. 913, 127 S.Ct. 913 (2016), held that appealing the district court's determination that La. R.S. 15:542's registration requirement does not violate the Ex Post Facto Clause lacks merit citing *Moore* and *State ex rel Oliveri v. State*, 2000-0172 (La. 2/21/01); 779 So.2d 735. In *State v. ex rel Oliveri*, 2000-0172 (La. 2/21/01); 779 So.2d 735, the Louisiana Supreme Court held that Louisiana Sex Offender and Child Predator Registration Laws were remedial or regulatory rather than punitive and were not an infringement of the ex post facto principle recognized in the federal and state constitutions.

Furthermore, in *Smith v. Doe*, 538 U.S. 84 (2003), the U.S. Supreme Court overturned the Ninth Circuit Court of Appeals and held that Alaska's sex offender registration requirements, which are similar to those in Louisiana, was a civil regulatory scheme whose retroactive application does not violate the Ex Post Facto Clause.

The Court finds and concludes that Louisiana Sex Offender and Child Predator Registration Laws are non-punitive and do not violate the Ex Post Facto Clause of the Eighth Amendment to the U.S. Constitution.

**d.  Plaintiff's Count III claim for due process – irrebuttable presumption under the Fourteenth Amendment to the U.S. Constitution**

Plaintiffs argue that the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const., amend 14, § 1. This protection has been viewed as having both a procedural and substantive component when a state action is challenged. Procedural due process promotes fairness in government decisions by requiring the government to follow appropriate procedures when its agents decide to deprive any person of life, liberty, or property. *John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000). Substantive due process bars certain government actions regardless of the fairness of the procedures used to implement them and serves to prevent governmental power from being used for purposes of oppression. *Id.*

**1.  Procedural Due Process**

"Plaintiffs who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme." *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 8 (2003). "Procedural due process challenges to state sex-offender registry statutes that mandate the registration of all convicted sex offenders have been foreclosed by the Supreme Court's decision in *Department of Public Safety* [*Connecticut Dept. of Public Safety v. Doe*]." *Doe v. Michigan Dept. of State Police*, 490 F.3d 491, 502 (6th Cir. 2007). "When an individual is convicted of a sex offense, no further process is due before imposing sex offender conditions." *Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010). "The individual convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process." *Id.*

In *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 8 (2003), the U.S. Supreme Court overturned the Second Circuit Court of Appeals and held that due process did not entitle the

plaintiff to a hearing to establish a fact that is not material under the statute. The plaintiff argued that he should have a hearing to determine whether he is "dangerous" before he should be required to register as a sex offender under Connecticut's sex offender registration laws. The U.S. Supreme Court held that whether the plaintiff was "dangerous" is of no consequence to Connecticut's sex offender registration laws as all sex offenders must register. *Id*. at 7. The Court further stated that the law's requirement was determined by the sex offender's conviction alone, which a convicted sex offender already had a procedurally safeguarded opportunity to contest. *Id*.

Here, Plaintiffs ask the Court to create a process to make a determination of dangerousness. However, like Connecticut's sex offender registration laws in *Connecticut Dept. of Public Safety v. Doe*, Louisiana Sex Offender and Child Predator Registration Laws require all sex offenders to register, and whether a sex offender is dangerous is of no consequence and thus has no relevance to this proceeding. Additionally, Louisiana Sex Offender and Child Predator Registration Laws determine registration solely on the sex offender's conviction or adjudication like Connecticut's sex offender registration laws.

Furthermore, Plaintiffs were adjudicated in a prior adversarial setting where they received the minimum protections of due process.

### 2. Substantive Due Process

State legislation that infringes on a fundamental right is subject to strict scrutiny and will be invalidated unless it "narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993). If no fundamental right is involved, the state statute need only be "rationally related at legitimate government interests." *Washington v. Glucksberg*, 521 U.S. 702, 738 (1997). In addition to the specific freedoms protected by the Bill of Rights, the fundamental rights protected by the Due Process Clause are the rights to marry, to have children, to direct the

education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, to abortion, and to refuse unwanted lifesaving medical treatment. *Id*. at 720. The Supreme Court has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decision-making in this area are scarce and open-ended." *Id*.

    Since courts are reluctant to expand the concept of substantive due process, courts routinely reject substantive due process challenges to state or federal sex offender registry laws when the plaintiff fails to articulate a right that falls within the types of substantive due process rights the Supreme Court has already recognized. *See Doe v. Cuomo*, 755 F.3d 105, 114 (2nd Cir. 2014). (New York's Sex Offender Registration Act does not implicate the fundamental right to privacy); *Does v. Munoz*, 507 F.3d 961, 964-65 (6th Cir. 2007), (plaintiffs have no fundamental right to privacy regarding expunged sex offense convictions); *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 500 (6th Cir. 2007) (rejecting sex offenders' fundamental rights arguments based on right to privacy and interests in nondisclosure of private information); *Doe v. Moore*, 410 F.3d 1337, 1343-44 (11th Cir. 2005) (rejecting allegations that Florida's Sex Offender Act violated plaintiffs' "rights to family association, to be free of threats to their persons and members of their immediate families, to be free of interference with their religious practices, to find and/or keep any housing, and to a fundamental right to find and/or keep any employment"); *Doe v. Miller*, 405 F.3d 700, 709-10 (8th Cir. 2005) (Iowa's sex offender residency restrictions do not implicate fundamental right to personal choice in family matters); *Doe v. Tandeske*, 361 F.3d 594, 596-97 (9th Cir. 2004) (sex offenders do not have a fundamental right to be free from state registration and notification requirements); *Gunderson v. Hvass*, (339 F.3d 639, 644 (8th Cir. 2003) (Minnesota's sex offender registry law does not implicate the fundamental right to the presumption of innocence); *Paul P. v. Verniero*, 170 F.3d 396, 404-05 (3rd Cir. 1999) (effects of sex offender community notification on

family relationships does not "fall within the penumbra of constitutional privacy protection"); and *Doe v. Jindal*, No. 11-388, 2001 WL 3925042, at *10 (E.D. La. Sept. 7, 2011) (sex offender plaintiffs fail to state a substantive due process claim based on the right to privacy).

In order to trigger substantive due process protection, sex offender registration laws must directly or unduly burden the fundamental rights claimed. *Doe v. Moore*, 410 F.3d 1337, 1342 (11th Cir. 2005).

Sex offender registration laws have been subject to rational basis review and almost always upheld as constitutional. *See Doe v. Cuomo*, 755 F.3d 105, 114 (2nd Cir. 2014) (upholding New York's Sex Offender Registration Act under rational basis review); *Does v. Munoz*, 507 F.3d 961, 964-65 (6th Cir. 2007) (upholding Michigan's registration requirement for sex offenders with expunged convictions under rational basis review); *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 500 (6th Cir. 2007) (upholding Michigan's registration requirement for juvenile sex offenders under rational basis review); *Doe v. Moore*, 410 F.3d 1337, 1343-44 (11th Cir. 2005) (upholding Florida's Sex Offender Act under rational basis review); *Doe v. Miller*, 405 F.3d 700, 709-10 (8th Cir. 2005) (upholding Iowa's sex offender residency restriction under rational basis review); *Doe v. Tandeske*, 361 F.3d 594, 596-97 (9th Cir. 2004) (upholding Alaska's sex offender registry law under rational basis review); and *Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003) (upholding Minnesota's sex offender registry law under rational basis review).

Courts will not overturn government action unless it "is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [government's] actions were irrational." *Kimel v. Fla. Brd. of Regents*, 528 U.S. 62, 84 (2000).

Louisiana Sex Offender and Child Predator Registration Laws do not unreasonably burden a fundamental right, as such the rational basis review is proper.

Under the rational basis review, Louisiana Sex Offender and Child Predator Registration Laws are constitutional because as stated in La. R.S. 15:540, Louisiana has an interest in protecting the public from sex offenders in the interest of public safety. The public can use the registration to determine where any sex offenders live in their neighborhood, make an individual assessment of risk, and take any precautions appropriate under the circumstances. Additionally, Louisiana Sex Offender and Child Predator Registration Laws are used to aid law enforcement.

### 3.  Courts cannot second guess the legislative choices

"Rational basis review is guided by the principle that [courts] don't have a license to judge the wisdom, fairness, or logic of legislative choices." *Hines v. Quillivan*, 982 F.3d 266 (5th Cir. 2020). With regard to the Fourteenth Amendment's Equal Protection Clause, under rational basis review, a legislative choice is not subject to courtroom fact finding, nor should courts in reviewing challenged classifications (1) second guess the wisdom, fairness, or logic of legislative choices; (2) insist on "razor-sharp" legislative classifications; or (3) inquire into legislative motivations. *Schutz v. Thorne*, 415 F.3d 1128 (10th Cir. 2005).

Therefore, Louisiana Sex Offender and Child Predator Registration Laws are rationally related to the legitimate government interest in protecting the community against persons who have demonstrated their capability, if not propensity, to commit sex crimes.  It is well within the legislature's purview and defined police powers to safeguard its citizens from harm.

The Court finds and concludes that Louisiana Sex Offender and Child Predator Registration Laws do not violate substantive or procedural due process.

### e.  Plaintiff's Count IV claim for due process – right to reputation under the Fourteenth Amendment to the U.S. Constitution

The fundamental rights protected by the Due Process Clause are the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use

contraception, to bodily integrity, to abortion, and to refuse unwanted lifesaving medical treatment. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). The right to reputation is not a fundamental right.

As outlined above in subsection "d", Louisiana Sex Offender and Child Predator Registration Laws as it relates to juveniles are rationally related to a legitimate governmental interest and does not violate substantive due process.

f.  **Plaintiff's Count V claim for right to trial by jury under the Sixth and Fourteenth Amendments to the U.S. Constitution**

Any potential claim that the requirement of registration was not accompanied by due process lacks merit since the requirements of due process were presumptively satisfied in connection with plaintiff's underlying conviction.

In *Fowlkes v. Parker*, 2010 U.S. Dist. LEXIS 138390 (N.D.N.Y. Dec. 9, 2010), the court reasoned that an inmate who has been convicted of a sex crime in a previous adversarial proceeding, whether through a bench trial, jury trial, or plea agreement, has received the necessary minimum protections mandated by due process.

In *Greenwald v. Cantrell*, 2023 U.S. Dist. LEXIS 96990 (E.D. La. June 5, 2023), the Court reasoned that additional facts (plaintiff's competence to stand trial or ability to be prosecuted for failing to register as a sex offender) are not relevant to Louisiana's Sex Offender Registration and Notification Act ("SORNA") requirements. The Court held that the plaintiff must adhere to SORNA due to her conviction, which was arrived at  through proper due process.

"When an individual is convicted of a sex offense, no further process is due before imposing sex offender conditions." *Meza v. Livingston*, 607 F. 3d 392, on rehearing 2010 WL 6511727, (5th Cir. 2010). Further, "The individual 'convicted of a sex crime in an adversarial setting, whether as

the result of a bench trial, or plea agreement, has received the minimum protections required by due process." *Id.* at *6.

This Court concludes and finds that Louisiana Sex Offender and Child Predator Registration Laws are non-punitive. When a juvenile offender has been convicted or adjudicated of a sex offense in an adversarial setting, due process is satisfied.

**g.** **Plaintiffs' Count VIII claim for right to intimate association under the First and Fourteenth Amendments to the U.S. Constitution**

None of the plaintiffs allege actual injury and the state's interest in protecting the public is sufficient for the modest restrictions on relationships imposed by the sex offender statutes.

In *Doe v. Lee*, 2021 U.S. Dist. LEXIS 90631 (M.D. Tenn. May 12, 2021), the plaintiff, a convicted sex offender, alleged that the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act violated his First Amendment rights by preventing him from participating in associations due to restrictions and the associated stigma of being branded as a registered sex offender. The Court acknowledged that the First Amendment has long been recognized to encompass the right to associate for the purpose of speech, but found no legal precedent indicating that accurately listing an individual on a sexual offender registry, in accordance with a valid conviction that met the registry's criteria, posed a significant concern for freedom of association. The Court reasoned that simply facing difficulties in forming relationships due to the attached stigma did not create a substantial issue regarding freedom of association.

Louisiana Sex Offender and Child Predator Registration Laws do not directly or unduly burden the right to intimate association since it is not the intent of the law and the law does not expressly regulate intimate association.

The Court finds and concludes that Louisiana Sex Offender and Child Predator Registration Laws do not violate the right to intimate association under the First and Fourteenth Amendments to the U.S. Constitution.

### h.  Res Judicata

The Full Faith and Credit Clause Act mandates that judicial proceedings of state courts "have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such state ... from which they were taken." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996) (citing 28 U.S.C. § 1738). "A final judgment in one state, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *Baker v. General Motors Corp.*, 522 U.S. 222 (1998).

"The doctrine of res judicata, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004). When a federal court is asked to determine the effect of a state court judgment for res judicata purposes, it must give the judgment the same preclusive effect that it would have in another court of the same state. *Portillo v. Cunningham*, 872 F.3d 728, 735 (5th Cir. 2017)(citing *Richardson v. Wells Fargo Bank*, N.A., 839 F.3d 442, 449 (5th Cir. 2016)).

"[R]es judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.,* 718 F.3d 460, 466–67 (5th Cir.2013) (quoting *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir.2005)). True res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit," *Test Masters,* 428 F.3d at 571, while collateral estoppel "precludes relitigation of only those issues actually litigated in the

original action, whether or not the second suit is based on the same cause of action," *Moch v. E. Baton Rouge Par. Sch. Bd.,* 548 F.2d 594, 596 (5th Cir.1977)

"Res judicata 'has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer,* 718 F.3d at 467 (quoting *Test Masters,* 428 F.3d at 571).

Each Plaintiff was adjudicated delinquent of an offense enumerated in La. R.S. 15:542(A)(3) and a valid final judgment was rendered pertaining to the offense committed by each Plaintiff. The requirement of each Plaintiff to register as a sex offender arose by operation of law as a result of their adjudication. Each Plaintiff is subjected to mandatory, lifetime registration as a sex offender.

The Court finds and concludes that the Plaintiffs are barred by res judicata from re-litigating claims and issues made in connection with their prosecutions, adjudications, and appeals therefrom.

### i.  Rooker-Feldman Doctrine

The Rooker-Feldman Doctrine divests a court of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The underlying principle for this doctrine is "that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cnty. Bd. Of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005). The doctrine deprives the federal courts of subject-matter jurisdiction only in "suits that are, in substance, appeals from state court judgments." *Id.* at 84.

There are four requirements for the application of the doctrine: (1) the plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by [a] state-court judgment; (3) the plaintiff must invit[e] district court review and rejection of [that] judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced. *Id.* at 85 (quotation marks and citation omitted). The core requirement of the doctrine is that the injury plaintiff complains of was caused by the state judgment in question. *Id*. at 87.

Each Plaintiff was adjudicated delinquent of an offense enumerated in La. R.S. 15:542(A)(3) in state court. The Plaintiffs complain of the requirement contained in La. R.S. 15:542, which requires them to register for life as sex offenders. The Plaintiffs are requesting this Court to review this requirement. The adjudications of the Plaintiffs occurred before the matter before this Court commenced.  Plaintiffs do not get a second bite at the apple on claims that were or could have been brought in their adjudication proceedings.

Accordingly, this Court concludes and finds that the claims asserted by the Plaintiffs are barred by the Rooker-Feldman Doctrine.

### j.  Plea agreements are enforceable

Under Louisiana law, plea agreements are "subject to specific performance." *State v. Louis*, 94-0761 (La. 11/30/94), 645 So.2d 1144, 1149.

This applies to both criminal case and juvenile delinquency cases. *See State in the Interest of E.C.,* 13-2483 (La. 6/13/14), 141 So.3d 785 (where the plea agreement required a juvenile to obtain vocational/technical training, and the juvenile failed to get such training, the Louisiana Supreme Court ordered that the juvenile "be remanded to the Bridge City Center facility...[and] that he be placed in the Culinary Arts Program upon the next opening in the program").

In *United States v. McLeod*, 972 F.3d 637, 639 (4th Cir. 2020), the Plaintiff sought to modify the conditions of his supervised release, contending that the sex offender registration condition was illegal as applied to his offense of conviction. The court found that the Plaintiff's challenge was impermissible because "it rests on the factual and legal premises that existed at the time of his sentencing. Having not objected at sentencing — even when the district court specifically drew his attention to this issue — and having failed to file a direct appeal, McLeod's current challenge would undermine Congress's detailed scheme of appellate and collateral review." *Id.* at 644.

Accordingly, this Court finds and concludes that the claims asserted by Plaintiffs, Hunter Calcione and Jacob Chaisson, are barred by the plea agreements reached between Plaintiffs and the State.

## IV. **CONCLUSION**

In light of the findings of fact and conclusions of law, the Court ORDERS that Judgment on behalf of Defendants be entered.

**LIZ MURRILL**
**ATTORNEY GENERAL**

BY:    /s/ *Amanda M. LaGroue*
           Carey T. Jones (#7474)
           David Jeddie Smith, Jr. (#27089)
           Amanda M. LaGroue (#35509)
           Assistant Attorneys General
           Louisiana Dept. of Justice
           P.O. Box 94005
           Baton Rouge, LA 70802
           Telephone: (225) 326-6000
           Facsimile: (225) 326-6098
           Email: JonesCar@ag.louisiana.gov
                   SmithDa@ag.louisiana.gov
                   LaGroueA@ag.louisiana.gov

           *Counsel for Attorney General Liz Murrill*

**<u>CERTIFICATE OF SERVICE</u>**

      I do hereby certify that, on this 30th day of January, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

                        /s/ *Amanda M. LaGroue*
                        AMANDA M. LAGROUE